1

2

3

4

5

6

7          IN THE UNITED STATES DISTRICT COURT

8        FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10    RAYNARD B. HILL, JR.,                    )
                                               )
11            Plaintiff(s),                     )     No. C 07-3165 CRB (PR)
                                               )
12        v.                                    )     ORDER OF SERVICE
                                               )
13    JOSEPH CHUDY, et al.,                     )     (Doc # 12)
                                               )
14            Defendant(s).                     )
     _____          )

15

16          Plaintiff, a prisoner at the California Correctional Institution in Tehachapi

17    ("CCC"), has filed a First Amended Complaint ("FAC") for damages under 42

18    U.S.C. § 1983 alleging deliberate indifference to his medical needs while he was

19    incarcerated at the Correctional Training Facility in Soledad ("CTF") and denial

20    of equal protection.  Plaintiff specifically alleges that the named doctor

21    defendants failed to treat his shoulder pain adequately for years, routinely

22    prescribing him ineffective Motrin and denying/delaying him magnetic resonance

23    imaging and surgery, and that the care other inmates received was much better.

                              **DISCUSSION**

25    A.      Standard of Review

26          Federal courts must engage in a preliminary screening of cases in which

27    prisoners seek redress from a governmental entity or officer or employee of a

28    governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable

1  claims or dismiss the complaint, or any portion of the complaint, if the complaint

2  "is frivolous, malicious, or fails to state a claim upon which relief may be

3  granted," or "seeks monetary relief from a defendant who is immune from such

4  relief." Id. § 1915A(b).  Pro se pleadings must be liberally construed, however.

5  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

6        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two

7  essential elements: (1) that a right secured by the Constitution or laws of the

8  United States was violated, and (2) that the alleged violation was committed by a

9  person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48

10  (1988).

11  B.    Legal Claims

12        Deliberate indifference to serious medical needs violates the Eighth

13  Amendment's proscription against cruel and unusual punishment.  See Estelle v.

14  Gamble, 429 U.S. 97, 104 (1976).  Liberally construed, plaintiff's allegations that

15  the named doctor defendants failed to provide adequate medical care for his

16  shoulder pain state a cognizable damages claim under § 1983 for deliberate

17  indifference to serious medical needs.

18        Plaintiff's claim of denial of equal protection on the ground that the

19  medical treatment he received was not as good as that received by other prisoners

20  is dismissed, however.  It is well-established that in order to state an equal

21  protection claim based on the treatment a prisoner received in contrast to that

22  received by other prisoners, the prisoner must allege that his treatment was

23  invidiously dissimilar to that received by other inmates.  See More v. Farrier,

24  984 F.2d 269, 271-72 (8th Cir. 1993) (absent evidence of invidious

25  discrimination, federal courts should defer to judgment of prison officials); Timm

26  v. Gunter, 917 F.2d 1093, 1099 (8th Cir. 1990) (same).

27

28                                          2

1

C.    Motion for Clarification

2

Plaintiff has filed a "motion for clarification" seeking an advisory opinion

3

as to whether he must file a "letter of intent" to exhaust available administrative

4

remedies under 42 U.S.C. § 1997e(a).  The motion (doc # 12) is GRANTED IN

5

PART.  Although courts should not give advisory opinions, it is well-established

6

in this circuit that a prisoner need not go beyond the director's level denial of his

7

prisoner appeal to satisfy the exhaustion requirement under § 1997e(a).  See

8

Rumbles v. Hill, 182 F.3d 1064, 1070 (9th Cir. 1999) (prisoner not required to

9

comply with California Tort Claims Act and present his claims to State Board of

10

Control in order to fulfill exhaustion requirement), overruled on other grounds by

11

Booth v. Churner, 532 U.S. 731 (2001).

12

**CONCLUSION**

13

For the foregoing reasons and for good cause shown,

14

1.    The clerk shall issue summons and the United States Marshal shall

15

serve, without prepayment of fees, copies of the FAC in this matter, all

16

attachments thereto, and copies of this order on the following defendants at CTF:

17

Dr. Joseph Chudy, Dr. Cesar Sinnaco, Dr. I. Grewal and Dr. Pompan.  The clerk

18

also shall serve a copy of this order on plaintiff.

19

2.    In order to expedite the resolution of this case, the court orders as

20

follows:

21

a.    No later than 90 days from the date of this order, defendants

22

shall file a motion for summary judgment or other dispositive motion.  A motion

23

for summary judgment shall be supported by adequate factual documentation and

24

shall conform in all respects to Federal Rule of Civil Procedure 56, and shall

25

include as exhibits all records and incident reports stemming from the events at

26

issue.  If defendants are of the opinion that this case cannot be resolved by

27

28

3

summary judgment or other dispositive motion, they shall so inform the court prior to the date their motion is due. All papers filed with the court shall be served promptly on plaintiff.

b.       Plaintiff's opposition to the dispositive motion shall be filed with the court and served upon defendants no later than 30 days after defendants serve plaintiff with the motion.

c.       Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App A).

Plaintiff is also advised that a motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in

4

1   your opposition in order to dispute any "factual record" presented by the

2   defendants in their motion to dismiss.  Wyatt v. Terhune, 315 F.3d 1108, 1120

3   n.14 (9th Cir. 2003).

4           d.      Defendants shall file a reply brief within 15 days of the date

5   on which plaintiff serves them with the opposition.

6           e.      The motion shall be deemed submitted as of the date the

7   reply brief is due.  No hearing will be held on the motion unless the court so

8   orders at a later date.

9       3.      Discovery may be taken in accordance with the Federal Rules of

10  Civil Procedure.  No further court order is required before the parties may

11  conduct discovery.

12      4.      All communications by plaintiff with the court must be served on

13  defendants, or defendants' counsel once counsel has been designated, by mailing

14  a true copy of the document to defendants or defendants' counsel.

15      5.      It is plaintiff's responsibility to prosecute this case.  Plaintiff must

16  keep the court and all parties informed of any change of address and must comply

17  with the court's orders in a timely fashion.  Failure to do so may result in the

18  dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

19  SO ORDERED.

20  DATED:  April 8, 2008        _____

                                CHARLES R. BREYER
21                              United States District Judge

22

23

24

25

26

27

28  G:\PRO-SE\CRB\CR.07\Hill, R1.serve.wpd                        5