# EXHIBIT A

Hill v. Chudy, et al.
C 07-3165-CRB (PR)
Declaration of Jennifer C. Addams

FILED

APR - 8 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYNARD B. HILL, JR., | ) |
| Plaintiff(s), | ) No. C 07-3165 CRB (PR) |
| v. | ) ORDER OF SERVICE |
| JOSEPH CHUDY, et al., | ) (Doc # 12) |
| Defendant(s). | ) |

Plaintiff, a prisoner at the California Correctional Institution in Tehachapi ("CCC"), has filed a First Amended Complaint ("FAC") for damages under 42 U.S.C. § 1983 alleging deliberate indifference to his medical needs while he was incarcerated at the Correctional Training Facility in Soledad ("CTF") and denial of equal protection. Plaintiff specifically alleges that the named doctor defendants failed to treat his shoulder pain adequately for years, routinely prescribing him ineffective Motrin and denying/delaying him magnetic resonance imaging and surgery, and that the care other inmates received was much better.

## DISCUSSION

A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable

claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.    Legal Claims

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). Liberally construed, plaintiff's allegations that the named doctor defendants failed to provide adequate medical care for his shoulder pain state a cognizable damages claim under § 1983 for deliberate indifference to serious medical needs.

Plaintiff's claim of denial of equal protection on the ground that the medical treatment he received was not as good as that received by other prisoners is dismissed, however. It is well-established that in order to state an equal protection claim based on the treatment a prisoner received in contrast to that received by other prisoners, the prisoner must allege that his treatment was invidiously dissimilar to that received by other inmates. See More v. Farrier, 984 F.2d 269, 271-72 (8th Cir. 1993) (absent evidence of invidious discrimination, federal courts should defer to judgment of prison officials); Timm v. Gunter, 917 F.2d 1093, 1099 (8th Cir. 1990) (same).

C.  Motion for Clarification

Plaintiff has filed a "motion for clarification" seeking an advisory opinion as to whether he must file a "letter of intent" to exhaust available administrative remedies under 42 U.S.C. § 1997e(a). The motion (doc # 12) is GRANTED IN PART. Although courts should not give advisory opinions, it is well-established in this circuit that a prisoner need not go beyond the director's level denial of his prisoner appeal to satisfy the exhaustion requirement under § 1997e(a). See Rumbles v. Hill, 182 F.3d 1064, 1070 (9th Cir. 1999) (prisoner not required to comply with California Tort Claims Act and present his claims to State Board of Control in order to fulfill exhaustion requirement), overruled on other grounds by Booth v. Churner, 532 U.S. 731 (2001).

## CONCLUSION

For the foregoing reasons and for good cause shown,

1.  The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the FAC in this matter, all attachments thereto, and copies of this order on the following defendants at CTF: Dr. Joseph Chudy, Dr. Cesar Sinnaco, Dr. I. Grewal and Dr. Pompan. The clerk also shall serve a copy of this order on plaintiff.

2.  In order to expedite the resolution of this case, the court orders as follows:

    a.  No later than 90 days from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion. A motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If defendants are of the opinion that this case cannot be resolved by

summary judgment or other dispositive motion, they shall so inform the court prior to the date their motion is due. All papers filed with the court shall be served promptly on plaintiff.

  b. Plaintiff's opposition to the dispositive motion shall be filed with the court and served upon defendants no later than 30 days after defendants serve plaintiff with the motion.

  c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App A).

  Plaintiff is also advised that a motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in

4

your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

       d.    Defendants shall file a reply brief within 15 days of the date on which plaintiff serves them with the opposition.

       e.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

    3.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

    4.    All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

    5.    It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

SO ORDERED.

DATED: April 8, 2008

CHARLES R. BREYER
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

RAYNARD B. HILL,

    Plaintiff,

v.

JOSEPH CHUDY et al,

    Defendant.

Case Number: CV07-03165 CRB

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 8, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Raynard B. Hill H-43428
California Correctional Institution
Dorm 2, Bed 82Low
2490 Hwy202
P.O. Box 608
Tehachapi, CA 93581

Dated: April 8, 2008

    Richard W. Wieking, Clerk
    By: Barbara Espinoza, Deputy Clerk