1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  PAUL T. HAMMERNESS
   Supervising Deputy Attorney General
3  JENNIFER C. ADDAMS, State Bar No. 209355
   Deputy Attorney General
4   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
5   Telephone:     (415) 703-5382
    Facsimile:      (415) 703-5480
6   Email:  Jennifer.Addams@doj.ca.gov

7  Attorneys for Defendants J. Chudy, M.D.;
   D. Pompan, M.D.; and I. Grewal, M.D.

8

9              IN THE UNITED STATES DISTRICT COURT

10            FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12  **RAYNARD B. HILL, JR.,**                    Case No. C 07-3165-CRB (PR)

13                                Plaintiff,

14         **v.**

15  **JOSEPH CHUDY, et al.,**

16                               Defendants.

17

18              **NOTICE OF MOTION AND
                MOTION FOR SUMMARY JUDGMENT**
19              **OR, IN THE ALTERNATIVE,
                SUMMARY ADJUDICATION**
20
                Judge: The Honorable Charles R. Breyer
21

22

23

24

25

26

27

28

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  PAUL T. HAMMERNESS
   Supervising Deputy Attorney General
3  JENNIFER C. ADDAMS, State Bar No. 209355
   Deputy Attorney General
4    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA  94102-7004
5    Telephone:     (415) 703-5382
     Facsimile:      (415) 703-5480
6    Email:  Jennifer.Addams@doj.ca.gov

7  Attorneys for Defendants J. Chudy, M.D.;
   D. Pompan, M.D.; and I. Grewal, M.D.

8

9              IN THE UNITED STATES DISTRICT COURT

10            FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12  **RAYNARD B. HILL, JR.,**                    Case No. C 07-3165-CRB (PR)

13                              Plaintiff,       **NOTICE OF MOTION AND
                                                 MOTION FOR SUMMARY
14        **v.**                                 JUDGMENT OR, IN THE
                                                 ALTERNATIVE, SUMMARY
15  **JOSEPH CHUDY, et al.,**                    ADJUDICATION**

16                              Defendants.      The Honorable Charles R. Breyer

17

18        **NOTICE IS HEREBY GIVEN** that Defendants J. Chudy, M.D., D. Pompan, M.D., and

19  I. Grewal, M.D., will move the above-entitled Court to enter, pursuant to Federal Rules of Civil

20  Procedure, Rule 56, a judgment in their favor dismissing the action on the grounds that there is no

21  genuine issue of material fact and that Defendants are entitled to dismissal of the complaint, or in

22  the alternative, summary adjudication of the issues.

23  ///

24  ///

25  ///

26

27

28

Defendants' Motion for Summary Judgment                    *HILL, Raynard B. v. Joseph Chudy, et al.*
                                                            C 07-3165-CRB (PR)

1               **MOTION FOR SUMMARY JUDGMENT**

2      Defendants move the above-entitled Court to enter, pursuant to Rule 56, Federal Rules of

3   Civil Procedure, for judgment in their favor, dismissing the above-entitled action on the grounds

4   that there is no genuine issue as to any material fact and that Defendants are entitled to judgment

5   as a matter of law.

6      This motion is brought upon this notice of motion and motion; the memorandum of points

7   and authorities and declarations in support hereof; the pleadings, files, and records on file in this

8   action; such further written and oral documentation as may be requested; and matters of which

9   the court may take judicial notice.

10     **WHEREFORE**, Defendants pray that the motion for summary judgment be granted, and

11   that Defendants be awarded such other and further relief as the Court deems proper.

12      Dated:    July 7, 2008.

13                   Respectfully submitted,

14                   EDMUND G. BROWN JR.
                     Attorney General of the State of California

15

16                    */s/ Jennifer C. Addams*

17                   JENNIFER C. ADDAMS
                     Deputy Attorney General

18                   Attorneys for Defendants

19                   J. Chudy, M.D.; D. Pompan, M.D.;
                     and I. Grewal, M.D.

20

21

22

23

24

25

26

27

28

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2    **PRELIMINARY STATEMENT**

3        Plaintiff, Raynard B. Hill, was an inmate at California State Prison, California Training

4    Facility ("CTF"), Soledad, and lawfully confined therein from November 20, 1996, to

5    September 8, 2006.[1/]  He was then transferred to California Medical Facility ("CMF"), Vacaville,

6    and then to the California Substance Abuse Treatment Facility ("CSA"), Corcoran, where he

7    currently is in custody.

8        In September of 2000, plaintiff Hill underwent rotator cuff surgery on his right shoulder.

9    In November of 2001, he re-injured the same shoulder.  The First Amended Complaint alleges in

10   essence that the pain medication for his shoulder was ineffective and that there was an

11   unnecessary delay in giving him further rotator cuff surgery.  Plaintiff disagrees with the

12   promptness of his surgery, as well as the effectiveness of the pain medications he was given.

13       Plaintiff was prescribed ibuprofen and Tylenol with codeine for his shoulder pain.

14   Codeine is a strong, opiate pain medication and appropriate in a case such as plaintiff's.

15   (Declaration of J. Chudy, M.D. (Chudy Declaration"), ¶ 28.)

16       As to the promptness of his surgery, the medical records show that, although he sought

17   medical attention for many other ailments after his alleged re-injury in 2001, plaintiff did not

18   complain about pain in his shoulder and he did not begin requesting further surgery until early

19   2005.  (Chudy Declaration, ¶ 10.)  Once plaintiff requested medical care for his shoulder pain, he

20   was examined by C. Sinnaco, M.D. on multiple occasions and referred to an orthopedic surgeon.

21   (Chudy Declaration, ¶¶ 10-26.)  The doctors were not certain that further surgery would help

22   plaintiff's condition.  (Chudy Declaration, ¶¶ 16, 26.)  X-rays were taken to monitor plaintiff's

23   condition and all revealed no abnormalities in the shoulder.  (Chudy Declaration, ¶¶ 8, 12.)  In

24   June of 2005, because there was a backlog of MRI's and thus plaintiff could not be seen

25

26   _____

27       1. The Superior Court in Ventura County sentenced the plaintiff to State Prison in October
     1996 for a term of three years for Second Degree Robbery and Assault (Penal Code section 211 and
28   Penal Code section 245(a)(1), with a one-year enhancement under Penal Code section 12022(b)).

1   immediately, arrangements were made for a mobile unit to take an MRI image of plaintiff's

2   shoulder because the x-rays had shown no discernable injury.  (Chudy Declaration, ¶ 14.)

3          In his First Amended Complaint, plaintiff makes it sound as if he had been requiring

4   surgery since he re-injured his shoulder in 2001.  However, there was no additional tearing seen

5   in a November 21, 2005 MRI.  (Chudy Declaration ¶ 26.)  Doctors at CTF, none the less,

6   continued to monitor plaintiff's shoulder and attempt to schedule him for surgery.  (Id.)  In July

7   of 2006, additional rotator cuff surgery was ordered and approved.  (Chudy Declaration, ¶ 22.)

8   Plaintiff's surgery was then canceled because plaintiff had not shown up for a pre-op.  Surgery

9   had to be rescheduled.  (Chudy Declaration, ¶ 24.)   A tendon tear was seen in a MRI taken on

10  September 12, 2007.  Thus, plaintiff had re-injured his shoulder sometime between November

11  21, 2005 and September 12, 2007.  (Chudy Declaration, ¶ 26.)  He had not been suffering from

12  the same injury since 2001 as he alleges.  As he re-injured himself, he was continuously given

13  care at CTF.

14         Plaintiff was moved to the California Medical Facility, Vacaville,  in September of 2005

15  before the re-scheduled surgery could be performed.  At no time was plaintiff's condition

16  considered an emergency, and it did not require immediate surgery or other treatment.  (Chudy

17  Declaration, ¶ 27.)

18         The pro se plaintiff's First Amended Complaint does not allege the existence of a

19  competent medical opinion in support of his assertion of inadequate medical care or deliberate

20  indifference.  In contrast, the expert medical opinion of Dr. Chudy (who is a defendant and the

21  Chief Medical Officer of the facility) is that the prison medical staff was not deliberately

22  indifferent and that plaintiff received medical care that meets the standard of care in the

23  community.  (Chudy Declaration, ¶¶ 28-33.)  Dr. Chudy's review of medical records verifies that

24  plaintiff was treated extensively and given adequate medication and consultation with outside

25  sources.  (Chudy Declaration, ¶¶ 28-33.)

26  ///

27  ///

28

Defendants' Motion for Summary Judgment                          *HILL, Raynard B. v. Joseph Chudy, et al.*
                                                                  C 07-3165-CRB (PR)

1

**ARGUMENT**

2

**I. STANDARD OF REVIEW**

3

**A.    Summary Judgment**

4      Summary judgment is proper where the pleadings and declarations show that there is "no

5   genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

6   of law." Fed. R. Civ. P. 56(c).  Material facts are those which may affect the outcome of the

7   case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact

8   is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the

9   nonmoving party. *Id.*  The party moving for summary judgment bears the initial burden of

10  identifying those portions of the pleadings, discovery, and affidavits that demonstrate the

11  absence of a genuine issue of material fact.  *Celotex Corp. v. Cattrett,* 477 U.S. 317, 323 (1986).

12      Where the moving party would have the burden of proof on an issue at trial, it must

13  affirmatively demonstrate that no reasonable trier of fact could find other than for the moving

14  party.  But on an issue for which the opposing party would have the burden of proof at trial, as is

15  the case here, the moving party need only point out "that there is an absence of evidence to

16  support the nonmoving party's case." *Id.*  Once the moving party meets its initial burden, the

17  nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, "set forth

18  specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  If the

19  nonmoving party fails to make this showing, "the moving party is entitled to judgment as a

20  matter of law." *Celotex Corp., supra*, 477 U. S. at 323.

21  **B.    Deliberate Indifference**

22      Deliberate indifference to serious medical needs violates the Eighth Amendment's

23  proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

24  A "serious medical need" exists if the failure to treat a prisoner's condition could result in further

25  significant injury or the "unnecessary and wanton infliction of pain." *McGuckin v. Smith*, 974

26  F.2d 1050, 1059 (9th Cir. 1992) (citing *Estelle*, 429 U.S., at 104) overruled in part on other

27  grounds by *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A

28

1   prison official is "deliberately indifferent" if he knows that a prisoner faces a substantial risk of

2   serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v.*

3   *Brennan*, 511 U.S. 825, 837 (1994).

4   **C.    Medical Malpractice; Physician-Patient Differences Of Opinion**

5          Negligence is not enough for liability under the Eighth Amendment. *Farmer*, 511 U.S.,

6   at 835-36, n. 4.  An "official's failure to alleviate a significant risk that he should have perceived

7   but did not, ... cannot under our cases be condemned as the infliction of punishment." *Id.* at 838.

8   Instead, "the  official's conduct must have been 'wanton,' which turns not upon its effect on the

9   prisoner, but rather, upon the constraints facing the official."  *Frost v. Agnos*, 152 F.3d 1124,

10  1128 (9th Cir. 1998) (citing *Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991)).  Prison officials

11  violate their constitutional obligation only by "intentionally denying or delaying access to

12  medical care." *Estelle*, 429 U.S., at 104-05.

13         A difference of opinion between a prisoner-patient and prison medical authorities

14  regarding treatment does not give rise to a Section 1983 claim.  *Franklin v. Oregon*, 662 F.2d

15  1337, 1344 (9th Cir. 1981).  Similarly, a showing of nothing more than a difference of medical

16  opinion as to the need to pursue one course of treatment over another is generally insufficient to

17  establish deliberate indifference. *Toguchi v. Chung*, 391 F.3d 1051, 1058, 1059-60 (9th Cir.

18  2004); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

19                    **II.    DEFENDANTS HAVE NOT VIOLATED
                              PLAINTIFF'S EIGHTH AMENDMENT  RIGHTS BY**
20                            **THEIR RESPONSE TO HIS ALLEGED NEED FOR
                              MEDICAL TREATMENT**
21

22  **A.    Refusal To Prescribe Medication Of The Plaintiff's Choice Is Not Deliberate
           Indifference**
23

24         The uncontradicted evidence is that, over a six-year period, plaintiff was treated with

25  appropriate medication, including pain medication.  Plaintiff disagrees with his doctor's choice

26  of medication. (First Amended Complaint, p. 5.)  Plaintiff claims that he was given "massive

27  amounts of ineffective" medication for his injury.  (First Amended Complaint, p. 5.)  What

28

Defendants' Motion for Summary Judgment                          *HILL, Raynard B. v. Joseph Chudy, et al.*
                                                                 C 07-3165-CRB (PR)

plaintiff does not mention, and is fully recorded in the records, is that he was prescribed Tylenol with codeine, a strong opiate pain medication. (Chudy Declaration, ¶ 28.) When plaintiff continued to complain of pain that reasonably would have been well-controlled by Tylenol with codeine, his physicians did not want to give him additional opiates. (Chudy Declaration, ¶ 28.) All of the doctors plaintiff saw prescribed ibuprofen (a non-opiate) for plaintiff's pain. This was an appropriate medication to prescribe to try to help plaintiff with the pain he complained about. (Chudy Declaration, ¶ 28.) Plaintiff, however, as a lay person of no demonstrable medical expertise, is not authorized to diagnose illness or to prescribe medications for himself. Title 15, Cal. Code Regs., section 3354. The physicians' choice of medication in the plaintiff's care was, according to the uncontradicted evidence, entirely appropriate; the plaintiff's lay opinion to the contrary does not rise to the level of a cognizable claim of deliberate indifference.

Under these facts, defendants were not deliberately indifferent to plaintiff's serious medical needs. That plaintiff disagrees with the physicians' choice of medications does not show deliberate indifference. See *Franklin*, *supra*, 662 F.2d at 1344. In order to prevail on a claim involving choices between alternative courses of treatment, a prisoner-plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that they chose this course in conscious disregard of an excessive risk to plaintiff's health. *Toguchi, supra,* 391 F.3d at 1058; *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). Plaintiff cannot show this level of unacceptable treatment.

**B.    There Was No Delay In Plaintiff's Surgery**

Deliberate indifference to a prisoner's serious medical needs is cruel and unusual punishment prohibited by the Eighth Amendment. *Estelle*, supra, 429 U.S.at 104-105. Prison officials show deliberate indifference to serious medical needs if prisoners are unable to make their medical problems known to medical staff. *Hunt v. Dental Department*, 865 F.2d 198, 200 (9th Cir. 1989). Plaintiff claims that Dr. Pompan denied treatment and delayed in giving him additional surgery to repair a torn rotator cuff in his right shoulder. However, plaintiff Hill was seen on numerous occasions by Drs. Sinnaco, Pompan, and Grewal, prescribed medication

1  (including prescription pain killers), provided access to specialists outside the prison system, and

2  provided x-rays and MRI's.   He was then scheduled for surgery but transferred to another

3  facility before any additional surgery could take place.

4         The gravamen of the complaint is that elective surgery was not offered to plaintiff as

5  soon as he would have liked; however, this is not the denial of necessary medical care or

6  deliberate indifference.  Mere allegations of delay in surgery are not sufficient to state a claim,

7  absent an allegation that the delay resulted in a cognizable harm.  *McGuckin*, 974 F.2d 1050,

8  1060 (overruled on other grounds, *WMX Technologies,* 104 F.3d 1133) (citing *Shapley v.*

9  *Nevada Board of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam)).  No

10  allegation of actual harm is, or can truthfully be, made in the instant case.  Brief delays, or delays

11  necessitated by an evaluation process, generally fail to state a cognizable claim.  *Toussaint v.*

12  *McCarthy*, 801 F.2d 1080, 1112 (9th Cir. 1986), cert. denied, 481 U.S. 1069 (1987); *Franklin,*

13  *supra,* 662 F.2d at 1334.  Plaintiff was seen by Dr. Pompan, and it was unclear whether surgery

14  would be effective for the pain in his shoulder.  (Chudy Declaration, ¶ 18.)  He was then

15  scheduled for surgery but transferred to another facility before another surgical procedure could

16  take place.   The time Plaintiff waited while diagnostic tests were being done to fully access the

17  injury to his shoulder is not a cognizable claim.

18  **C.    Plaintiff's Condition Was Not A Medical Emergency, And He Received Adequate**
       **Medical Care For His Condition**
19

20         The surgery for a re-injured rotator cuff such as plaintiff underwent was not an

21  emergency.  (Chudy Declaration, ¶ 26.)  Plaintiff, an inmate of no demonstrable medical

22  expertise, is not authorized to diagnose illness or to prescribe treatment for himself.  Title 15,

23  Cal. Code Regs., section 3354.  The physicians did not find that surgery on plaintiff's shoulder

24  was an emergency.  In fact, it was unclear after evaluating plaintiff's MRI, whether additional

25  surgery would be helpful in this case because it did not show evidence of a re-torn tendon.

26  (Chudy Declaration, ¶ 16, 26.)  A difference in medical opinion between a prisoner-patient and

27

28

Defendants' Motion for Summary Judgment                         *HILL, Raynard B. v. Joseph Chudy, et al.*
                                                                 C 07-3165-CRB (PR)

the prison doctors as to what treatment is indicated does not give rise to a Section 1983 claim. (*Mayfield v. Craven*, 433 F.2d 873, 874 (9th Cir. 1970); *Franklin, supra,* 662 F.2d, 1337, 1344.)

In a case where a plaintiff was suffering from a painful condition that prevented him from normal activities such as standing or walking, it would be cruel and unusual punishment to fail to provide any medical treatment. Here, however, plaintiff had a stable medical condition. As soon as he began complaining of pain, he was evaluated by multiple doctors. (Chudy Declaration, ¶¶ 10-26.) In addition, pain medication was provided to plaintiff. (Chudy Declaration, ¶ 28.) The facts do not support plaintiff's claims that any of his medical needs were ignored or that the defendants were deliberately indifferent to his medical needs.

Plaintiff claims that Dr. Chudy, as Chief Medical Officer, failed to supervise or direct plaintiff's treatment. In addition, he states Dr. Chudy denied treatment. (First Amended Complaint, p.6, lines 4-6.) The medical records show, however, that when plaintiff requested medical attention, he received it. The records show that each time he received medical attention, the doctors evaluated the proper treatment for plaintiff's shoulder injury. ((Chudy Declaration, ¶¶ 28-33.)

Even if plaintiff's allegations had shown medical malpractice or negligence, that would be insufficient to show a violation of the Eighth Amendment. See *Toguchi*, 391 F.3d, at 1060-61; *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002). Medical negligence, even if it were established here by expert medical opinion, is not the same as the constitutional tort of deliberate indifference. Only deliberate indifference is actionable under Section 1983 in the prison context. Plaintiff has set forth no evidence whatsoever showing a genuine issue for trial as to the treatment decisions that defendants made being medically unacceptable under the circumstances facing the defendants, or that defendants made them in conscious disregard of an excessive risk to plaintiff's health. See *Toguchi*, 391 F.3d at 1058; *Jackson*, 90 F.3d. at 332. Defendants are entitled to summary judgment on plaintiff's deliberate indifference to serious medical needs claim. See *Celotex Corp.*, 477 U.S. at 323.

1    Not only is there no showing of deliberate indifference to serious medical need, it is the

2    uncontradicted expert medical opinion in this case that the plaintiff's medical treatment met the

3    standard of care (Chudy Declaration, ¶¶ 28-33). Plaintiff was seen at least 13 times in 19 months

4    by defendant doctors, other doctors, radiologists, physician assistants, and nurses; prescribed

5    appropriate medication; and provided specialized evaluations when necessary. The pro se First

6    Amended Complaint does not allege that any competent medical opinion supports plaintiff's

7    assertion of inadequate medical care or deliberate indifference. Prison officials who respond

8    reasonably to a risk to the inmate's health or safety are not deliberately indifferent, even if the

9    harm ultimately was not averted. *Farmer, supra,* 511 U.S. at 844. Here, however, plaintiff was

10   given care and medication, and suffered no harm.

11   **D.    Defendant J. Chudy, M.D., Cannot Be Vicariously Liable Under Section 1983**

12   The First Amended Complaint names Dr. Chudy, the Chief Medical Officer at CTF, as a

13   defendant. However, as shown in his declaration, defendant Chudy had no personal involvement

14   in plaintiff's medical care and, therefore, cannot be vicariously liable under 42 U.S.C. § 1983.

15   (Chudy Declaration, ¶ 30.) The complaint fails to allege that Dr. Chudy had any personal

16   involvement in plaintiff's care, as indeed he did not.

17   There is no respondeat superior or vicarious liability for individual defendants under

18   Section 1983. See *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978); *Collins v.*

19   *City of San Diego*, 841 F.2d 337, 340 (9th Cir. 1988). No defendant can be held liable under

20   Section 1983 unless he personally "caused" or "participated in" conduct violating a plaintiff's

21   federally protected rights. *McBride v. Soos*, 679 F.2d 1223, 1227 (7th Cir. 1982).

22   Not every tort rises to the level of a federal civil rights cause of action. Mere negligence

23   is not a sufficient basis to impose liability on a defendant under Section 1983. *Davidson v.*

24   *Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327 (1986); *Buckey v. County*

25   *of Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

26   In order to state a claim against supervisory-level defendants, a plaintiff must set out

27   detailed allegations focusing on each defendant's duties and responsibilities showing their

28

Defendants' Motion for Summary Judgment                          *HILL, Raynard B. v. Joseph Chudy, et al.*
                                                                  C 07-3165-CRB (PR)

10

1  connection to the alleged deprivation.  *Leer v. Murphy*, 844 F.2d 629 (9th Cir. 1988).  See also,

2  *Vega v. Parsley*, 700 F.Supp. 879 (N.D.Tex. 1988) [supervisory prison officials are not liable for

3  denial of medical care to prisoner absent identification of a specific policy which caused the

4  deprivation; conclusory allegations of policy insufficient].  Plaintiff states only that Dr. Chudy

5  acted as Chief Medical Officer  and that it was "his duty to deny, delay, approve or disapprove

6  any and all physician prescribed treatments for the plaintiff and all inmate population at C.T.F. in

7  Soledad, Ca."  (First Amended Complaint, p. 6, lines 1-4.)  Because of this, plaintiff argues,

8  Dr. Chudy "failed to supervise, direct or denied the plaintiff 's treatment when having

9  knowledge of the injury..."  (First Amended Complaint, p. 6, lines 4-7.)  Plaintiff fails to show

10  how Dr. Chudy had personal knowledge or how he alleges Dr. Chudy personally participated.

11  He does not set out any detailed allegations focusing on each defendant's duties and

12  responsibilities, and he does not show Dr. Chudy's connection to the alleged deprivation as

13  needed under *Leer, supra*, 844 F.2d 637.

14  ### III.    CONCLUSION

15          In this case, defendants observed the standard of care in the relevant medical community

16  and acted reasonably.  They prescribed appropriate palliative care and appropriately scheduled

17  plaintiff's surgery.  Notwithstanding plaintiff's dissatisfaction with the scheduling of his surgery

18  and his perceived lack of care by certain staff members, the defendants were not deliberately

19  indifferent to his medical needs.  For these reasons, this action should be dismissed with

20  prejudice.

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

1    Dated: July 7, 2008.

2                              Respectfully submitted,

3                              EDMUND G. BROWN JR.
                              Attorney General of the State of California

4                              PAUL T. HAMMERNESS
                              Supervising Deputy Attorney General
5

6                                  */s/ Jennifer C. Addams*

7                              JENNIFER C. ADDAMS
                              Deputy Attorney General
8
                              Attorneys for Defendants
9
     40268300.wpd
10   SF2008401759

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendants' Motion for Summary Judgment                *HILL, Raynard B. v. Joseph Chudy, et al.*
                                                       C 07-3165-CRB (PR)

1

# TABLE OF CONTENTS

2
**Page**

3
NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT
OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION                        1

4
MOTION FOR SUMMARY JUDGMENT                                        2

5
MEMORANDUM OF POINTS AND AUTHORITIES                               3

6
    PRELIMINARY STATEMENT                                     3

7
    ARGUMENT                                                  4

8
      I.  STANDARD OF REVIEW                                 4

9
        A.   Summary Judgment                              4

10
        B.   Deliberate Indifference                        5

11
        C.    Medical Malpractice; Physician-Patient Differences Of Opinion   5

12
      II.   DEFENDANTS HAVE NOT VIOLATED PLAINTIFF'S EIGHTH
13
AMENDMENT  RIGHTS BY THEIR RESPONSE TO HIS ALLEGED
NEED FOR MEDICAL TREATMENT                                         6

14
        A.   Refusal To Prescribe Medication Of The Plaintiff's Choice Is Not
15
Deliberate Indifference                                            6

16
        B.   There Was No Delay In Plaintiff's Surgery         7

17
        C.   Plaintiff's Condition Was Not A Medical Emergency, And He
Received Adequate Medical Care For His Condition                   8

18
        D.   Defendant J. Chudy, M.D., Cannot Be Vicariously Liable Under
19
Section 1983                                                       9

20
      III.   CONCLUSION                                       11

21

22

23

24

25

26

27

28

1

**TABLE OF AUTHORITIES**

2

**Page**

3

**Cases**

4

*Anderson v. Liberty Lobby, Inc.*
    477 U.S. 242 (1986) ........................ 4

5

*Buckey v. County of Los Angeles*
    968 F.2d 791 (9th Cir. 1992) .............. 10

6

7

*Celotex Corp. v. Cattrett*
    477 U.S. 317 (1986) ................... 4, 5, 9

8

*Collins v. City of San Diego*
    841 F.2d 337 (9th Cir. 1988) .............. 10

9

*Daniels v. Williams*
    474 U.S. 327 (1986) ...................... 10

10

11

*Davidson v. Cannon*
    474 U.S. 344 (1986) ...................... 10

12

*Estelle v. Gamble*
    429 U.S. 97 (1976) ...................... 5, 7

13

14

*Farmer v. Brennan*
    511 U.S. 825 (1994) ..................... 5, 9

15

*Franklin v. Oregon*
    662 F.2d 1337 (9th Cir. 1981) ............ 6-8

16

17

*Frost v. Agnos*
    152 F.3d 1124, 1128 (9th Cir. 1998) ........ 5

18

*Hallett v. Morgan*
    296 F.3d 732 (9th Cir. 2002) .............. 9

19

20

*Hunt v. Dental Department*
    865 F.2d 198 (9th Cir. 1989) .............. 7

21

*Jackson v. McIntosh*
    90 F.3d 330 (9th Cir. 1996) ............. 7, 9

22

23

*Leer v. Murphy*
    844 F.2d 629 (9th Cir. 1988) ............. 10

24

*Mayfield v. Craven*
    433 F.2d 873 (9th Cir. 1970) .............. 8

25

26

*McBride v. Soos*
    679 F.2d 1223 (7th Cir. 1982) ............ 10

27

28

**TABLE OF AUTHORITIES  (continued)**

1

**Page**

2

*McGuckin v. Smith*
     974 F.2d 1050 (9th Cir. 1992)                                     5, 7

3

*Monell v. Department of Social Services*
     436 U.S. 658 (1978)                                                 10

4

5

*Sanchez v. Vild*
     891 F.2d 240 (9th Cir. 1989)                                         6

6

7

*Shapley v. Nevada Board of State Prison Commissioners*
     766 F.2d 404, 407 (9th Cir. 1985)                                    7

8

*Toguchi v. Chung*
     391 F.3d 1051, 1058, 1059-60 (9th Cir. 2004)                   6, 7, 9

9

10

*Toussaint v. McCarthy*
     801 F.2d 1080, 1112 (9th Cir. 1986)                               7-8

11

*Vega v. Parsley*
     700 F.Supp. 879 (N.D.Tex. 1988)                                    10

12

13

*Wilson v. Seiter*
     501 U.S. 294, 302-03 (1991)                                          5

14

*WMX Technologies, Inc. v. Miller*
     104 F.3d 1133 (9th Cir. 1997)                                     5, 7

15

16

17

**Other Authorities**

18

California Code of Regulations
     Title 15, Section 3354                                            6, 8

19

20

Federal Rules of Civil Procedure
     Rule 56(c)                                                           4

21

     Rule 56(e)                                                           5

22

United States Code
     Title 42, Section 1983                                          6, 8-10

23

24

25

26

27

28