# EXHIBIT  B

## to

# Declaration of Joseph Chudy, M.D.

(pp. 00322-01165)

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT     #434 28

### NORTHERN DISTRICT OF CALIFORNIA

RAYNARD B. HILL, Plaintiff

        v.

J. CHUDY, M.D., et al., Defendants.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] C07 3165 CRB (PR)

TO:  Custodian of Records, Calif. Subs. Abuse
     Treatment Fac. & State Prison
     P.O. Box 7100, Corcoran CA  93212

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): certified copies of medical and central file records pertaining to Raynard Byron Hill, H 43428, of his movement history, appeals pertaining to right shoulder pain, general and medical chronos, physician's orders, progress notes, consultant's reports, X-ray and MRI reports, medication administration records, requests for health services, and physical therapy notes, from July 1, 1992 to the present date regarding right shoulder pain complaints.

| PLACE | DATE AND TIME |
|---|---|
| 455 Golden Gate Ave., Ste. 11000, San Francisco, CA  94102-7004 | July 7, 2008 10:30 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Jennifer C. Addams* / Deputy Attorney General, Attorney for Defendants | June 2, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Jennifer C. Addams, Dept. of Justice, 455 Golden Gate Ave., Ste. 11000, San Francisco, CA  94102-7004, 415-703-5500

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

LexisNexis® Automated California Federal District Court Forms

Rule 45, Federal Rules of Civil Procedure, Parts C& D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

*LexisNexis® Automated California Federal District Court Forms*

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | June 2, 2008 | SATF/SP P.O. Box 7100, Corcoran, CA 93212 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Vince Adams, Litigation Coordinator | U.S. Mail |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| F. Yen | Sr. Legal Analyst |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on     June 2, 2008
DATE

*F. Yen*
SIGNATURE OF SERVER

455 Golden Gate Ave., Ste. 11000
ADDRESS OF SERVER

San Francisco, CA  94102-7004

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

LexisNexis® Automated California Federal District Court Forms

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **HILL, Raynard B. v. Joseph Chudy, M.D. et al.**

No.:    **C 07-3165-CRB (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter; my business address is 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004.

On June 2, 2008, I served the attached **Subpoena in a Civil Case** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Mail at San Francisco, California, addressed as follows:

Raynard B. Hill, Jr.    H43428
SATF/SP
c/o Litigation Coordinator
P.O. Box 7100
Corcoran, CA 93212

Litigation Coordinator
California Substance Abuse Treatment
Facility & State Prison
P.O. Box 7100
Corcoran, CA 93212

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on June 2, 2008, at San Francisco, California.

| F. Yen | | _F. Yen_ |
| --- | --- | --- |
| Declarant | | Signature |

40260496.wpd

00326

### DECLARATION OF CUSTODIAN OF RECORDS
**Department of Corrections, California Substance Abuse Treatment Facility and State Prison at Corcoran**

I, _Alice Candelaria_ , hereby declare as follows:

1. That I am the duly authorized custodian of record and / or other qualified witness for the above named entity.
2. As such, I have the authority to certify these records as true and correct.
3. The original records, of which copies are enclosed, were prepared by the personnel of this business/agency in the ordinary course of doing business at or near the time of the act, condition or event of which they reflect.

Items contained herein: Copy of C-File CDC #H-43428 Hill, Raynard Byron

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_Alice Candelaria_                     Dated: _6/13/08_

**Alice Candelaria, OSS1**
**California Substance Abuse Facility**
**and State Prison at Corcoran**

STATE OF CALIFORNIA

**CHRONOLOGICAL HISTORY**

DEPARTMENT OF CORRECTIONS
CDC 112 (9-83)

| Date | Chronological Listings | Initials | Dead Time | Release Date |
|------|------------------------|----------|-----------|--------------|
| SEP 0 8 2000 | REC CCI-2 | MM | | |
| 12-13-84 | Restitution ordered per 1202.45 ensc Ventura Co. Case# CR-29503, $10,000.00 | | | |
| 10-11-07 | Intake Audit | 8/B | EPRD | 5-18-08 |
| 3-1-08 | EPRD manually recaculated per revised worksheet CRIM 08/01. | 8/B | EPRD | 4-9-09 |
| 5-7-00 | Recd CSATF SP | Qw | | |
| | | | | |
| | | | | |

| Number | Name | | Page |
|--------|------|--|------|
| H43428 | Hill Baynard | | 10 |

00328

STATE OF CALIFORNIA

**CHRONOLOGICAL HISTORY**

DEPARTMENT OF CORRECTIONS
CDC 112 (9-83)

| Date | Chronological Listings | Initials | Dead Time | Release Date |
|---|---|---|---|---|
| Continuing Cont'd | 5500° Restitution ordered per Case #29503 Ventura Co. | EH | | |
| 8-9-01 | 90 days BCL (115 of 2-6-01, Log #01071411) | hg | 151 EPRD | 12-24-08 |
| 10-11-01 | 31 days BCR (CDC 115 of 9-5-00) per 1286 or 4-24-01. EPRD recomputed | EH | EPRD | 11-33-08 |
| 12-3-01 | I/detd: Ventura Co. S.O. W/# 1035368. And 1035367 NLW | hg | | |
| 4-30-02 | 150 day BCL (CDC 115 of 11-17-01). EPRD recomputed | EH | EPRD | 4-22-09 |
| 5-30-02 | EPRD recomputed. D2 11-14-01 thru 4-16-02. | EH | EPRD | 5-19-09 |
| 5-31-02 | Transfer Audit | EH | | |
| 6-3-02 | Recd CCI-IVB | RB | | |
| 8-6-2002 | Intake Audit | Dx | EPRD | 5-19-2009 |
| 8-19-2002 | Transfer Audit | Dx | EPRD | 5-19-2009 |
| 8-19-02 | Recd CE1-4 | Jm | | |
| OCT 2 9 2002 | CTF NEW ARRIVAL | SH | | |
| 4-4-2003 | Intake Audit sentenced pursuant to PC 2933.1 | es | EPRD | 5-18-2009 |
| 9-3-2004 | BCL 30 days Log V0404037 dated 4-14-2004. | Jh | EPRD | 6-17-2009 |
| 10-18-04 | per 30 days CDC 115 dated 9-30-04 (Log # V-09-04-075 | HW | EPRD | 7-17-09 |
| 1-5-2005 | BCR 30 days on 115 dtd 9-20-2004, Log #V.0904075 | KA | EPRD | 6-17-2009 |
| 2-9-2005 | BCR 30 days on 115 dtd 4-14-2004, Log #0404037 | KA | EPRD | 5-18-2009 |
| 6-14-05 | PC 296 DNA Completed | KN | | |
| 9-1-06 | transfer Audit | P | epd | 5-17-09 |

| Number | Name | | | Page |
|---|---|---|---|---|
| 4-43428 | Hill, Raynard, Bryan | | | 1C |

00329

STATE OF CALIFORNIA                                                     DEPARTMENT OF CORRECTIONS
## CHRONOLOGICAL HISTORY
                                                                              CDC 112 (PA3)

| Date | Chronological Listings | Initials | Dead Time | Release Date |
|---|---|---|---|---|
| 10-29-96 | Par Rev Scrn - RTC  12 mos  (3cS) | Sed | RRD | 9-29-97 |
| | SB 16 Ineligible | | (max) CDD | 2-9-98 |
| 11/20/96 | **REC'D WASCO STATE PRISON** - RC        PWrit | W.C. | DR | N/A |
| 1-9-97 | Process Audit | | | |
| | Restitution Ordered Per Ventura | | Max Ca/d | 9-22-2010 |
| | County, Case # CR 39787 ~ $200. | ½ | Expel | 8-25-08 |
| 1-9-97 | Notice required per 3058.6 PC | ½ | | |
| JAN 3 0 1997 | **REC'D ISP** REQUESTED NOTICE OF DEATH, RELEASE OR ESCAPE FROM DEPARTMENTAL CUSTODY 3058.9 PC | VW | | |
| 2/26/97 | | WW | | |
| 7-5-97 | Intake Audit | VW | | |
| FEB 17 1998 | Transfer Audit | W | | |
| 2-17-98 | NW: Ventura County S/O, warrant #94C00 9472, #94C00 2637 | RW | | |
| MAR 2 0 1998 | | | | |
| MAR 2 6 1998 | **REC'D PVSP** | W | | |
| 6-24-98 | Intake Audit, Discharge Case CR29503 | RW | | |
| | eff. 2-9-98 per 2536A. | RW | | |
| 7-27-98 | Transfer audit. | RW | | |
| 7-29-98 | Rec'd CMC-E | RW | | |
| 8-6-98 | Intake Audit $1,500⁰⁰ direct order restitution per Ventura Co. Case # CR39787 | CA | | |
| 1-29-00 | REVIEWED FOR COMPLIANCE WITH PC 296 | CA | | |
| 10-25-00 | 31 day WOCK (CDC 115 of 9-5-00). EPRD recomputed | CA | EPRD | 9-25-08 |
| 10-30-00 | $45.⁰⁰ direct order restitution per Ven. Co. Case # CR29503 | CA | | |
| 11-13-00 | $500⁰⁰ restitution fine Case # 29370 deleted (Case # corrected to 29503) | CA | | |

| Number | Name | Page |
|---|---|---|
| H43428 | Hill, Raynard, Burton | 1b |

STATE OF CALIFORNIA                    **CHRONOLOGICAL HISTORY**                    DEPARTMENT OF CORRECTIONS
CDC 1-12 (9/83)

| Date | Chronological Listings | Initials | Dead Time | Release Date |
|---|---|---|---|---|
| 1-21-95 | ARRESTED / HOLD PLACED | DMW | | |
| 2-3-95 | PAR. REV. RTC ___240(I)___ DAYS SIGNED WAIVER 2-3-95 (DATE) | | RRD | 9-18-95 |
| | FILE REVIEWED | DMW | MaxCDD | 12-6-97 |
| 2-27-95 | Rec'd wspRC      PU-RTC | | DM | 9-18-96 |
| 3-22-95 | Intake Audit | | | |
| APR 27 1995 | REC'D ASP | | | |
| 5-23-95 | Intake audit. CDD audited per PAT 2/89. | CR | | |
| 6/22/95 | Rec'd parole audit | | | |
| 9-5-95 | Parole audit. | CR | | |
| 9-18-95 | Return parole to region 2 Oxnard | TC | | |
| 1-20-96 | Arrested / Hold placed | acs | RRD | 7-18-96 |
| 2-20-96 | Par. Rev. Hearing. RTC | | MaxCDD | 12-16-97 |
| | 6 months [180 days] SB16- | | DR | 7-18-97 |
| | Ineligible | acs | | |
| 3-4-96 | Calculation Audit | acs | | |
| 2-26-96 | Intake audit RTC  Rec'd wspRC | | | |
| 4-5-96 | Intake audit PRTC | | | |
| APR 23 1996 | CTF NEW ARRIVAL | | | |
| 4-8-96 | intake audit | | | |
| 7-8-96 | Parole Audit. Actual time spent in custody for this revocation period is 180 days. | | | |
| 7-18-96 | RRD: 07-18-96 | Region II | Oxnard Unit | CDD: 12-16-97 | Ventura County | 3 year parole period. | KO | | |
| 8-30-96 | Parole Suspended eff. 8-5-96. code 1. | | | PAL |
| 9-29-96 | Arrested / Hold Placed | | —55 | |
| 10-9-96 | Reinstate on parole eff. 9-29-96 | | CDD | 2-9-98 |
| 10-22-96 | Signed (OPT) waiver | | | |

| Number | H43428 | Name | Hill, Raynard | Page | 1a |

00331

STATE OF CALIFORNIA     **CHRONOLOGICAL HISTORY**     DEPARTMENT OF CORRECTIONS

CDC 112 (9-83)

| Date | Chronological Listings | Initials | Dead Time | Release Date |
|---|---|---|---|---|
| 7-29-92 | rec'd WSP-RC    NC | KC | MAX | 4-2-95 |
| 8-17-92 | Process Audit | LS | MIN | 5-6-94 |
| 9-9-92 | Rec'd MCSP | JP | | |
| 9-21-92 | Intake Audit, WCG thru 9-20-92 a A2 | LC | EPRD | 5-7-94 |
| 10-22-92 | WCG o A1 effective 10-14-92 | KC | EPRD | 12-15-93 |
| 10-22-92 | Restitution Ordered per Ventura Co. Case # CR29503 seg thru 8-13-93 $5000 | KC | | |
| 5-17-93 | 6 mo WCG thru 4-2-95 at A1 | KC | EPRD | 12-16-93 |
| 6-16-93 | WCG thru 5-31-93 o A1 | KC | DR | 12-16-94 |
| 9-27-93 | Transfer audit WCG thru 9-27-93 A1 | yl | CDP | 12-16-96 |
| 9-28-93 | Rec'd CMC West | LS | | |
| 10-26-93 | Intake / Release Audit | LS | | |
| | | | | |
| 12-13-93 | Amended Abstract + M.O. rec'd (FAXED) from Ventura Co. correcting Case # to CR29503 | LS | | |
| 12-14-93 | Parole audit. EPRD unchanged. Credit applied thru 12/15/93 @ A1. | Uan | | |
| 12-16-93 | Parole Region I, Ventura, Ventura County | mu | | |
| 4-22-94 | File reviewed | Eu | | |
| 3-8-94 | ARREST / Hold | JA | | |
| 4-8-94 | PAROLE REVOKED NTC **SF** mo. per BPT Hearing ineleg | JA | RRD 8-5-94 | |
| 4-18-94 | Rec'd WSPRC RTC | JA | ACDD 5-25-97 | |
| 6-8-94 | Intake Audit | JA | DR 8-5-95 | |
| JUL 05 1994 | REC'D CMC-W | | | |
| 7-11-94 | Intake - Release audit | LO | | |
| 8-1-94 | Parole audit. Total revocation time served to 8/5/94; 150 days. | Uan | | |
| 8-5-94 | Returned to Parole Region I Oxnard Unit Ventura Co. | mu | | |

| Number | Name | Page |
|---|---|---|
| H43428 | HILL, RAYNARD BYRON | 1 |

00332

```
LEGAL STATUS SUMMARY  TYPE-   D    CCI      ** DISCREPANT **10/11/2007 21:36
```

| CDC NUMBER | NAME | | ETHNIC | BIRTHDATE |
|---|---|---|---|---|
| H43428 | HILL,RAYNARD,BYRON | | BLA | 03/10/1960 |

| TERM STARTS | MAX REL DATE | MIN REL DATE | MAX ADJ REL DT | MIN ADJ REL DT |
|---|---|---|---|---|
| 11/20/1996 | 09/22/2010 | 05/18/2009 | 09/22/2010 | ~~05/18/2009~~ 4/9/2009 |

```
BASE TERM  6/00 + ENHCMNTS   8/00 = TOT TERM  14/00        | PAROLE PERIOD
                                                          | 3 YRS
```

```
PRE-PRISON + POST SENTENCE CREDITS
CASE     P2900-5 P1203-3 P2900-1 CRC-CRED MH-CRED P4019   P2931 POST-SENT  TOT
```

```
CR39787      46                                   6                6    58
```

```
PC296 DNA COMPLETED
NOTIFICATION REQUIRED PER P3058.6                         /
OTHER NOTIFICATION REQUIRED
```

| RECV DT/ COUNTY/ | CASE   SENTENCE DATE | | CREDIT | OFFENSE |
|---|---|---|---|---|
| CNT      OFF-CODE | DESCRIPTION | | CODE | DATE |

```
CONTROLLING PRINCIPAL & CONSECUTIVE  (INCLUDES ENHANCEMENTS/OFFENSES):

---CONTROLLING CASE ---
11/20/1996  VEN   CR39787    11/13/1996  NO STRIKES: 2
                  01 P667(A)    01 PFC SERIOUS                6
    01 P212.5(C)  ROBBERY 2ND                                 6    09/29/1996
                  P12022.7(A)   01 INFL GBI                   6
       PC 2933.1
```

| TRAN | | | | RULE | _____D A Y S_____ | | | |
|---|---|---|---|---|---|---|---|---|
| TYPE | DATE | END DATE | LOG NUMBER | NUMBER | ASSESS | LOST | REST | DEAD |
| BEG | 07/29/1992 | | ******BEG BAL****** | | | | | |
| ADD | 11/20/1996 | | CR39787 | | | | | |
| BCL | 09/05/2000 | | 1649 | 3005A | 31 | 31 | | |
| ADD | 11/20/1996 | | CR39787 | | | | | |
| BCL | 07/06/2001 | | 01071411 | 3005 | 90 | 90 | | |
| ADD | 11/20/1996 | | CR39787 | | | | | |
| BCR | 04/24/2001 | | 1649 | 3005A | | | 31 | |
| ADD | 11/20/1996 | | CR39787 | | | | | |
| BCL | 11/17/2001 | | 01112509 | 3005 | 150 | 150 | | |
| ADD | 11/20/1996 | | CR39787 | | | | | |
| ADD | 11/20/1996 | | CR39787 | | | | | |
| ADD | 11/20/1996 | | CR39787 | | | | | |
| BCL | 09/20/2004 | | V0904075 | 3005B | 30 | 30 | | |
| ADD | 11/20/1996 | | CR39787 | | | | | |
| BCR | 12/29/2004 | | V0904075 | 3005(B) | | | 30 | |

```
      ****** CONTINUED ******
```

```
LEGAL STATUS SUMMARY --CONTINUATION--    PAGE    2
------------------------------------------------------------------
  CDC NUMBER  |  NAME
    H43428    |  HILL,RAYNARD,BYRON
------------------------------------------------------------------

  ADD 11/20/1996         CR39787
  ADD 11/20/1996         CR39787
  ADD 11/20/1996         CR39787
  BCL 04/14/2004         V0404037   3006A      30    30
  BCR 12/29/2004         V0404037   3006A            30
  ADD 11/20/1996         CR39787
     CURRENT PC BALANCE:      0         CURRENT BC BALANCE:    492
```

EPRD manually recalculated per revised worksheet
CR IM 08/04.

STATE OF CALIFORNIA
Calculation Worksheet – Determinate (DSL)
CDCR 1897-U (10/07)

CALIFORNIA DEPARTMENT OF RRECTIONS AND REHABILITATION
Worksheet No. _____ of _____
(use multiple worksheets for mixed credit codes)

## CALCULATION WORKSHEET – DETERMINATE (DSL)

This form is used to calculate the Earliest Possible Release Date (EPRD) for inmates sentenced to serve a determinate (DSL) term. DSL terms with offense date(s) prior to January 1, 1983 are entered into the Offender Based Information System (OBIS) as Credit Code 2 and earn one-third credit per Penal Code (PC) Section 2931. Non-violent DSL terms (offense date on or after January 1, 1983) are entered into OBIS as Credit Code 1 and earn up to day for day credit per PC Section 2933 (two for one credit if assigned to a conservation camp per PC 2933.3). Second-strike DSL terms are entered in OBIS as Credit Code 3 (PC Sections 667(b)-(i)/PC 1170.12, offense date on or after March 7, 1994) and earn 20% credit; DSL terms for violent offenses occurring on or after September 21, 1994 are limited to 15% credit per PC Section 2933.1 and are entered into OBIS as a Credit Code 4 (or 6 if second-strike violent offense). Specified offenders do not receive credit for DSL terms (or when sentenced, in conjunction with a murder occurring on or after June 3, 1998 per PC Section 2933.2). Zero credit DSL terms are entered into OBIS as Credit Code 5.

Case Number(s): CR 39787

### Section A - Original EPRD Calculation

This is the initial EPRD calculation that is done upon reception. Unless there is a change in work group (credit earning status) and no credit losses occur, the EPRD remains throughout the term.

A1. Start Date:    11-20-1996

A2. Plus Time Imposed:    + 14 yrs
   11-20-2010

A3. Minus Pre/Postsentence Credit   – 58
   9-23-2010

A4. Minus vested credit
   Credit Codes 1, 2 and 3 ÷ 2
   Credit Codes 4 and 6 ÷ 6.66    1
   Credit Code 5 - zero
   (round down fractions)    9-22-2010

A5. Plus dead time/minus merit credit   +/-   0

A6. Equals Maximum Date  =   9-22-2010

* Note, Credit Code 5 (zero credit) calculation stops here.
* If change in work group, credit loss, Reeves, etc., stop here and proceed to Section B.

A7. Minus Day Before Start Date (Line A1) –

A8. Equals days to serve  =

A9. Minus dead time  =

A10. Equals days where credit may be applied  =

A11. Equals CDCR conduct credit by dividing Line A10 by:
   Credit Code 1: Work Group (WG) A1 divide by 2;
   WG U/B/A2/D1 divide by 3; WG F divide by 3 then multiply by 2 (round down);
   Credit Code 2 divide by 3 (round up, also see Section F on reverse side);
   Credit Code 3 divide by 5 (round down);
   Credit Code 4 or 6 divide by 6.66 (round down)

A12. Maximum Date (Line A6)

A13. Minus CDCR conduct credit (Line A11) –

A14. Equals Original EPRD:  =

### Section B - Recalculation of EPRD (change in credit earning status, credit loss/credit restoration, etc.)

**STEP 1:** Accumulation of CDCR conduct credit (for days previously earned and projected future credit). Record fractional amounts of credit (2 decimal pts.); apply whole amounts only:

B1. CDCR Maximum Date (From Line A6):   9-22-2010

B2. Minus CDCR conduct credit earned (see reverse)   – 321.54

B3. Plus net Credit Lost (see reverse)   + 240
   Leave Line B3 Blank if Credit Code 2

B4. Equals *Current Release Date (CRD)   7-3-2010
   Calculation ends here if credit code 2 or 5;
   or if current work group is C (all credit applied);
   or if credit applied is to the CRD/Maximum date. Carry date down to Line B12.

B5. Minus Date Credit Applied Through   – 4-17-02

B6. Equals Days remaining to serve as of date credit applied.  = 2999

B7. Divide Line B6 as follows to project CDCR Conduct Credit (record fractions, 2 decimal pts):
   Credit Code 1: Work Group (WG) A1 divide by 2;
   WG U/B/A2/D1 divide by 3; WG F divide by 3 then multiply by 2
   Credit Code 3: Divide by 5
   Credit Codes 4 or 6: Divide by 6.66

   Equals Projected CDCR Credit   = 450.30

B8. Total CDCR Conduct Credit –accumulate fractional credit:
   Line B2   321.54   (include fractions)
   + Line B7   450.30   (include fractions)
   = 771.84

**STEP 2:** Recalculate EPRD

B9. CDCR Maximum Date (Line B1/A6)   9-22-2010

B10. Minus Total CDCR Conduct Credit (Line B8, round down):   – 771

B11. Plus Net Credit Lost (B3):   + 240

B12. Equals Adjusted EPRD*:   = 4-9-09
*The CRD is an intermediate date and may exceed the maximum date; however, the Adjusted EPRD cannot exceed the maximum release date.

### Section C: Mixed credit codes (when the consecutive term is Credit Code 32 only): When the Adjusted EPRD is ater than Maximum Date, CDCR credit earned must be calculated to the Maximum Date (record in Line B2). Subtract credit earned (Line B2) from Net Credit Lost (Line B3) which equals the excess lost to apply to Credit Code 32 term.

C1. CDCR Credit Lost (Line B3):     =

C2. Minus CDCR Credit Earned (Line B2):     =

C3. Equals excess credit lost to apply to Credit Code 32 term (record in Section F on reverse)     =

Calculated By (Name & Title): G. Baker, CCRA     Date: 2-1-08

Inmate Name: Hill, Raynard    CDC #: H43428    Location: CCI-II

STATE OF CALIFORNIA
Calculation Worksheet – Determinate (DSL)
CDCR 1897-U (10/07)

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION

**Section D. Tracking Work Group Changes and CDCR Conduct Credit Earned**

Utilize the space to the right, and/or refer to an OBIS Time Collection printout. Work credit is applied in whole-day increments. However, fractional credit is tracked as unapplied credit until a whole number is accumulated and applied at a subsequent work credit gain. Record all fractions using two decimal points (i.e., 30.00, 15.85, 25.50 etc.).

| Credit Code | WG | From Date | Thru Date | Total Days* | Credit |
|---|---|---|---|---|---|
| 16 | A2 | 11-30-96 | 11-13-01 | 1810 | 321.37 |
| 16 | D2 | 11-14-01 | 4-16-02 | 154 | 154 |
| 16 | A2 | 4-17-02 | 4-17-02 | 1 | .17 |

**Credit Code 1** (PC 2933): When a change in work group occurs, record the days and applicable work group through the first day of the current work group. Credit is determined based upon Work Group (WG) as follows: A1: divide the total days by 1; U/A2/B/D1 divide the total days by 2; D2 zero credit; F: multiply total days by 2.

**Credit Code 2** (PC 2931): Work Group changes do not affect credit for Credit Code 2 cases. Leave Section D blank and proceed to Section F below.

**Credit Code 3** (PC 667(b)-(i)/1170.12): Only Work Group C or D2 (zero credit) affect the EPRD; therefore, days in work groups U/A2/D1/A1/F are calculated as a single period. The total days are **divided by 4** to arrive at the amount of credit for that period. Zero credit is applied to days designated as work group C and/or D2.

**Credit Code 4 or 6** (PC 2933.1): Only Work Group C or D2 (zero credit) affect the EPRD; therefore, days in work groups U/A2/D1/A1/F are calculated as a single period. The total days are **divided by 5.66** to arrive at the amount of credit for that period. Zero credit is applied to days designated as work group C and/or D2.

| | |
|---|---|
| **Total Credit** | 321.54 |

*Total Days equals "Thru Date" minus "From Date" plus 1 day.

**Section E - Tracking Credit Losses and Restorations**

Utilize the space below to record credit losses and restorations, or refer to OBIS printouts.

| Date of CDC 115 | Lost | Restored | Net Lost | Date of CDC 115 | Lost | Restored | Net Lost |
|---|---|---|---|---|---|---|---|
| 7-5-00 | 31 | 31 | 0 | | | | |
| 7-6-01 | 90 | | 90 | | | | |
| 11-7-01 | 150 | | 150 | | | | |
| 9-24-04 | 30 | 30 | 0 | | | | |
| 4-14-04 | 30 | 30 | 0 | | | | |
| | | Net Credit Lost: | 240 | | | Net Credit Lost: | |

**Section F - Participation Credit and Behavior Credit - Credit Code 2 Only**

PC Section 2931 authorizes a one-third credit reduction, of which 3/4 is Behavior Credit (BC) and 1/4 is Participation Credit (PC), which is calculated as indicated below:

| | | | |
|---|---|---|---|
| F1. CDCR Conduct Credit (Line A11 from reverse) | _____ | F5. Participation Credit (Line F2) | _____ |
| F2. Divide Line F1 by 4, equals Participation Credit | _____ | F6. Multiply Line F2 by 3, equals Behavior Credit | _____ |
| F3. Minus net PC Losses | _____ | F7. Minus net BC Losses | _____ |
| F4. Equals Net PC Balance | _____ | F8. Equals Net BC Balance: | _____ |

Participation Credit Losses/Restorations (list below or refer to OBIS printout)

Behavior Credit Losses/Restorations (list below or refer to OBIS printout):

| Date of CDC 115 | Loss | Restored | Net Loss | Date of CDC 115 | Loss | Restored | Net Loss |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| **Net PC Losses (cannot exceed Line F2):** | | | | **Net BC Losses (cannot exceed Line F4):** | | | |

9. Net PC (Line F4) _____ + Net BC (Line F8) _____ = Net CDCR Conduct Credit _____

Enter the net CDCR Conduct Credit (line F9) on line B2, leave line B3 blank (because losses are included in the net balance).

When calculating PC and BC credit, any fractions over 0.5 are rounded up and fractions under 0.5 are rounded down. When the fraction is exactly 0.5, the PC is rounded down and the BC is rounded up per DOM Section 73030.8.10. Note that Line F2 plus Line F6 must equal line F1/A11.

00336

STATE OF CALIFORNIA
**CALCULATION WORKSHEET**
**OBIS CREDIT CODES 3, 4, OR 6**
CDC 1897E (04/00)

DEPARTMENT OF CORRECTIONS

**CALCULATION WORKSHEET FOR PC SECTION 667(e) AND PC SECTION 2933.1**

This form is used to calculate the Earliest Possible Release Date (EPRD) for inmates sentenced as a second-strike offender (Penal Code Sections 667(e) or 1170.12) and violent offenders whose offense date is on or after September 21, 1994. When sentenced as a second-strike offender, the OBIS credit code is 4 (15%), or 6 (15%) if a second-stike violent offense committed on or after September 21, 1994, the OBIS credit code is 4 (15%), or 6 (15%) if a second-stike violent offense.

| Section A - Original EPRD Calculation | | Section B - Days "C" or "D2" From Start Date through Original EPRD (Do not include C/D2 time that occurs after the original EPRD) | | |
|---|---|---|---|---|
| 1. Start Date | 11·20·96 | | | |
| 2. Plus Time Imposed | + 14 | From | Thru* | Number of Days** |
| | = 11·20·2010 | 11·17·01 | 4·16·02 | 150 |
| 3. Minus Pre/Postsentence Credit | − 58 | | | |
| | = 9·23·2010 | | | |
| 4. Minus Vested Credit [PC 667(e) divide by 2] [PC 2933.1 divide by 5.66] (round down) | = 9·22·2010 | Total Days "C" and/or "D2" From Start Date to Original EPRD | | 150 |
| 5. Plus Dead Time | + 0 | Equals CDC Conduct Credit Not Applied While C/D2 (divide total days C/D2 by 4 [PC 667(e)] or 5.66 [PC 2933.1] round down) | | 26 |
| 6. Equals Maximum Date | = 9·22·2010 | | | |
| 7. Minus Start Date (Line 1) | 11·20·1996 | | | |
| 8. Equals days to serve | = 5054 | *If the current work group is "C" or "D2" use the original EPRD as the "THRU" date. If the last day of "D2" is earlier than the original EPRD, use the earlier date as the "THRU" date. | | |
| 9. Minus Dead Time | − 0 | | | |
| | = 5054 | | | |
| 10. Equals Days Where Credit May Be Applied | 5054 | **Number of Days equals "THRU" date minus "FROM" date plus 1 day. | | |

| 11. Equals CDC Conduct Credit (divide Line 10 by 5 [PC 667(e)] or 6.66 [PC 2933.1], round down) | = 758 | Section C - Credit Losses and Restorations | | | |
|---|---|---|---|---|---|
| 12. Maximum Date (Line 6) | 9·22·2010 | Date of CDC 115 | Loss | Restored | Net Loss |
| | 758 | 9·15·00 | 21 | 21 | 0 |
| 13. Minus CDC Conduct Credit (Line 11) | − 758 | 9·14·01 | 90 | | 90 |
| | | 11·17·01 | 150 | | 150 |
| | | 9·20·04 | 30 | 30 | 0 |
| **14. Equals Original EPRD** | = 8·25·08 | 4·7·04 | 30 | 30 | 0 |
| | | Net Credit Losses | | | 240 |

**Section D: Calculating Adjusted EPRD**

| | | |
|---|---|---|
| 1. Original EPRD (from Section A, Line 14) | | 8·25·08 |
| 2. Plus Credit Not Applied While C/D2 (from Section B) | + | 26 |
| 3. Plus Net Credit Lost (from Section C) | + | 240 |
| 4. Equals Adjusted EPRD (cannot exceed Maximum Date): | = | 5·18·09 |
| 5. Minus Maximum Date (from Section A, Line 6) | | |
| 6. Equals Excess Credit Loss to Apply to Next Period Being Calculated*** | | |

***Mixed Credit Codes: when credit lost exceeds credit applied (Adjusted EPRD is later than Maximum Date), substract the Maximum Date from the Adjusted EPRD which equals the days lost to apply to the next period being calculated.

| CALCULATED BY (Name and Title) G. Baker, CCRA | DATE 10/11/07 |
|---|---|
| INMATE'S NAME Hill, Raynard | CDC NUMBER H43428 | LOCATION CCI-II |

00337

LEGAL STATUS SUMMARY  TYPE-  2    CTF-N    AW DISCREPANT  **09/06/2006 21:33

| CDC NUMBER | NAME | ETHNIC | BIRTHDATE |
|---|---|---|---|
| H43428 | HILL,GAYNARD,BYRON | BLA | 02/10/1960 |

| TERM STARTS | MAX REL DATE | MIN REL DATE | MAX ADJ REL DT | MIN ADJ REL DT |
|---|---|---|---|---|
| 11/20/1996 | 09/22/2010 | 05/12/2009 | 09/22/2010 | 05/12/2009 |

17          17

| | PAROLE PERIOD |
|---|---|
| | 3 YRS |

ASE TERM  8/00 : ENHCMNTS  6/00 = TOT TERM  14/00

PRE-PRISON & POST SENTENCE CREDITS
CASE      P2900-5 P1303-3 P2900-1 CRC-CRED MH CRED P4019    P2931 POST-SENT   TOT

CR39787      46                                    6              6     58

PC296 DNA COMPLETED
NOTIFICATION REQUIRED PER PC3058.6
OTHER NOTIFICATION REQUIRED

| RECV BY/ COUNTY/ | CASE | SENTENCE DATE | CREDIT | OFFENSE |
|---|---|---|---|---|
| CNT | OFF-CODE | DESCRIPTION | CODE | DATE |

CONTROLLING PRINCIPAL & CONSECUTIVE  (INCLUDES ENHANCEMENTS/OFFENSES):

--CONTROLLING CASE --
11/20/1996  VEN   CR39787     11/13/1996  NO STRIKES: 2
          01 P667(A)    01 PFC SERIOUS                    6
  01 P213.5(C)  ROBBERY 2ND                              6     09/29/1996
              P12022.7(A)   01 INFL GBI                  6
    PC 2933.1

| TRAN | | | | RULE | | B A Y S | | |
|---|---|---|---|---|---|---|---|---|
| TYPE | DATE | END DATE | LOG NUMBER | NUMBER | ASSESS | LOST | REST | DEAD |
| BEG | 07/29/1992 | | ******BEG BAL****** | | | | | |
| ADD | 11/20/1996 | | CR39787 | | | | | |
| BCL | 09/05/2000 | 1649  ) | 3005A | 31 | 31 | | | |
| ADD | 11/20/1996 | | CR39787 | | | | | |
| BCL | 07/06/2001 | 01071411 | 3005 | 90 | 90 | | | |
| ADD | 11/20/1996 | | CR39787 | | | | | |
| BCR | 04/24/2001 | 1649 | 3005A | | | 31 | | |
| ADD | 11/20/1996 | | CR39787 | | | | | |
| BCL | 11/17/2001 | 01112509 | 3005 | 150 | 150 | | | |
| ADD | 11/20/1996 | | CR39787 | | | | | |
| ADD | 11/20/1996 | | CR39787 | | | | | |
| ADD | 11/20/1996 | | CR39787 | | | | | |
| BCL | 09/30/2004 | V0904075 | 3005B | 30 | 30 | | | |
| ADD | 11/20/1996 | | CR39787 | | | | | |
| BCR | 12/29/2004 | V0904075 | 3005(B) | | | 30 | | |

****** CONTINUED ******

GOAL STATUS SUMMARY --CONTINUATION--    PAGE     2

CDC NUMBER  |  NAME
  H43428    |  HILL,RAYNARD,BYRON

```
ADD 11/20/1996          CR39787
ADD 11/20/1996          CR39787
ADD 11/20/1996          CR39787
BOL 04/14/2004          V0404037   S006A        30    30
BCR 12/29/2004          V0404037   S006A              30
ADD 11/20/1996          CR39787
   CURRENT PC BALANCE:      0            CURRENT BC BALANCE:    490
```

00339

DISCREPANCY AND WARNING ERRORS                          09-06-2001

    4A3428  HILL,RAYNARD,BYRON

SE=CR39787  ID=A
  TOTAL TERM GREATER THAN TWICE THE BASE

DISCREPANCY AND CRITICAL ERRORS                                        OF 66 COLS

          UPDATE  POOL (MM/DAY/RUN/RVIEW

USE (LS) TOT  1998
  TOTAL ICBM GREATER THAN TWICE THE BASE

STATE OF CALIFORNIA
CALCULATION WORKSHEET
OBIS CREDIT CODES 3, 4, OR 6
CDC 1897E (04/00)

DEPARTMENT OF CORRECTIONS

## CALCULATION WORKSHEET FOR PC SECTION 667(e) AND PC SECTION 2933.1

This form is used to calculate the Earliest Possible Release Date (EPRD) for inmates sentenced as a second-strike offender (Penal Code Sections 667(e) or 1170.12) and violent offenders whose offense date is on or after September 21, 1994. When sentenced as a second-strike offender, the OBIS credit code is 3 (20%). When the offense is a violent offense committed on or after September 21, 1994, the OBIS credit code is 4 (15%), or 6 (15%) if a second-strike violent offense.

| Section A – Original EPRD Calculation | | Section B – Days "C" or "D2" From Start Date through Original EPRD (Do not include C/D2 time that occurs after the original ERPD) | | |
|---|---|---|---|---|
| 1. Start Date | 1-20-96 | | | |
| 2. Plus Time Imposed | + 14 | | | Number of Days** |
| | 11-20-2010 | From 11-17-01 | Thru* 4-15-02 x! | 150 |
| 46/6/6 | | | | |
| 3. Minus Pre/Postsentence Credit | 58 | | | |
| | 9-23-2010 | | | |
| 4. Minus Vested Credit [PC 667 divide by 2] [PC 2933.1 divide by 5.66] (round down) | 1  9-22-2010 | Total Days "C" and/or "D2" From Start Date to Original EPRD | | |
| 5. Plus Dead Time | + | Equals CDC Conduct Credit Not Applied While C/D2 (divide total days C/D2 by 4 [PC 667(e)] or 5.66 [PC 2933.1] round down) | | 26 |
| 6. Equals Maximum Date | 9-22-2010 | | | |
| 7. Minus Start Date (Line 1) | 11-20-96 | | | |
| 8. Equals days to serve | 5055 | *If the current work group is "C" or "D2" use the original EPRD as the "THRU" date. If the last day of "D2" is earlier than the original EPRD, use the earlier date as the "THRU" date. | | |
| 9. Minus Dead Time | – | | | |
| 10. Equals Days Where Credit May Be Applied | 5055 | **Number of Days equals "THRU" date minus "FROM" date plus 1 day. | | |
| 11. Equals CDC Conduct Credit (divide Line 10 by 5 [PC 667(e)] or 6.66 [PC 2933.1], round down) | 1759 | Section C – Credit Losses and Restorations | | |

| Date of CDC 115 | Loss | Restored | Net Loss |
|---|---|---|---|
| 12. Maximum Date (Line 6)  9-22-2010 | 9-5-00 | 31 | 31 | 0 |
| 13. Minus CDC Conduct Credit (Line 11)  1759 | 7-6-01 | 90 | | 90 |
| | 11-17-01 | 150 (62) | | 150 |
| 14. Equals Original EPRD  8-24-2008 | 4-14-04 | 30 | 30 | 0 |
| | 9-20-04 | 30 | 30 | 0 |
| | Net Credit Losses | | | 240 |

| Section D: Calculating Adjusted EPRD | |
|---|---|
| 1. Original EPRD (from Section A, Line 14) | 8-24-2008 |
| 2. Plus Credit Not Applied While C/D2 (from Section B) | + 26 |
| 3. Plus Net Credit Lost (from Section C) | + 240 |
| 4. Equals Adjusted EPRD (cannot exceed Maximum Date): | = 5-17-2009 |
| 5. Minus Maximum Date (from Section A, Line 6) | |
| 6. Equals Excess Credit Loss to Apply to Next Period Being Calculated*** | |

***Mixed Credit Codes: when credit lost exceeds credit applied (Adjusted EPRD is later than Maximum Date), subtract the Maximum Date from the Adjusted EPRD which equals the days lost to apply to the next period being calculated.

| CALCULATED BY (Name and Title) | DATE 9-7-06 |
|---|---|
| INMATE'S NAME  Hill | CDC NUMBER H43428 | LOCATION CMC |

00342

1

2

3

4

5

6

VENTURA COUNTY
SUPERIOR AND MUNICIPAL COURTS

FILED

NOV 1 3 1996

SHEILA GONZALEZ, Superior and Municipal
Courts Executive Officer and Clerk

BY _____ , Deputy

7

8

SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF VENTURA

9

COURTROOM 12

10

The People of the State of California ) No. CR 39787

11

vs. ) REPORT OF PROBATION OFFICER

12

RAYNARD BYRON HILL

Defendant ) Hearing Date: 11-13-96

13

) 8:30 a.m.

14

LEGAL STATUS

15

16

Original Charge(s): Ct 1: 211 PC, 2nd deg w/ prior per 667/1170.12 PC, prior serious fel per 667(a) PC, w/ GBI per 12022.7 PC; Ct 2: 245(a)(1) PC w/ prior per 667.5(b) PC, w/ GBI per 12022.7 PC.

17

Convicted of: Ct 1: 211 PC, 2nd deg w/ prior per 667/1170.12 PC, prior serious fel per 667(a) PC, w/ GBI per 12022.7 PC

18

Date of Convicted Offense: 9-29-96

19

Guilty by: Plea at EDC, adm priors & GBI

20

Date: 10-16-96                                    Judge: Hintz

21

Negotiated Plea: DA & Court: No commitments.

22

Attorney: DPD Neil Quinn

23

Probation Officer: Bill Meschan; (805) 654-5120

24

Codefendants: None

25

26

CUSTODY STATUS (Time in Custody Sheet attached)

27

Actual Time In Custody: 46 ds    4019 PC Time: Per 2933.1 PC, 6 ds

28

In: 9-29-96                        Out: In custody.

Bail: $50,000 (not posted)        O.R.: N/A

00343

___  Accepted into Work Furlough.  Recommended remand date:
 X   Denied for Work Furlough.  See attached Screening Form.

_____

PERSONAL DATA
(Unless noted, provided by the defendant and unverified)

Legal Name: Raynard Byrone Hill

AKA: Raymond Byron Hill, Tyrone Johnson

Address: Transient                          Phone: None

Age: 36    Date and Birthplace: 3-10-60/Port Hueneme, CA

Sex: M    Height: 5'10"  Weight: 220    Hair: Black  Eyes: Brown

Race/Ethnic Origin: African American    Citizen of: USA

Date Arrived in County: Life        State: Life    U.S.: Life

Education: The defendant graduated from Oxnard High School in 1977,
attended Ventura College for 1½ years, and completed a course in
welding at Golden State Trade School.

Present Employer/Work History: The defendant worked off and on in
the oil fields from 1991 to the present.  He has also done
assembly, security, shipping and receiving, roofing, and worked as
a press operator.  (Financial Declaration attached)

Military Service/Dates: None

Health/Handicaps: Good/None

Alcohol/Drug Use: See Defendant's Statement section of this report.

Gang Affiliation: None

_____

FAMILY INFORMATION

Father's Name: Roy C. Hill (Deceased)

Mother's Name: Ernestine Hill        Occupation: Retired
     Address: 3660 Keel Ave., Oxnard, CA

Stepparent: None

Marital Status/Spouse: Single

No. of Children: 0

-2-

00344

1

2                        CRIMINAL HISTORY

3    <u>VSO BI No</u>: 163880          <u>CII No</u>: A06514416    <u>FBI No</u>: 180562V9

4    <u>CDL No</u>: N6280284 (susp)  <u>SS No</u>: 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   <u>INS No</u>: N/A

5    The following information was obtained through a search of
     California DMV, CII, FBI, NCIC, Ventura Police Department, Oxnard
6    Police Department, Ventura County Sheriff's Department, Ventura
     County Municipal and Superior Courts, and Ventura County
7    Corrections Services Agency records:

8    | <u>Date</u> | <u>Agency</u> | <u>Charge</u> | <u>Disposition</u> |
     |---|---|---|---|
9    | 8-14-87 | Oxnard PD | 11550(b) H&S | VE29951. 9-10-87: Conv 11550 H&S, 36 mos CRR, 120 ds jl. |
10   | | | | 2-24-88: VOP, 150 ds jl. |
11   | | | | 5-7-90: Prob rev, 60 ds jl. |
12
13   | Unknown | Unknown | Unknown | VE28399. 7-27-87: Conv 484(a) PC, 36 mos CRR, 150 hrs DWP. |
14   | | | | 9-10-87: DWP del, 3 ds jl. |
15   | | | | 9-13-90: VOP, prob rev, NA cert, see CR29503. |
16   | | | | 1-29-92: Prob remains rev, 180 ds deemed served. |
17
18
19   | Unknown | Oxnard PD | 484(a) PC 853.7 PC | VE48336. 7-15-88: Conv 484 PC, 36 mos CRR, 45 ds jl. |
20   | | | | 9-13-90: VOP, prob rev, NA cert, see CR29503. |
21   | | | | 1-29-92: Prob remains rev, 180 ds deemed served. |
22
23
24   | 12-26-88 | Oxnard PD | 11550 H&S | VE57691. 12-28-88: Conv 11550 H&S, 60 mos CRR, 90 ds jl. |
25   | | | | 9-13-90: VOP, prob rev, NA cert, see CR29503. |
26   | | | | 1-29-92: Prob remains rev, 180 ds deemed served. |
27
28

                              -3-

| | | | |
|---|---|---|---|
| 5-4-90 | Oxnard PD | 11550 H&S<br>11364 H&S | 90C006419. 5-7-90:<br>Conv 11550 H&S, 36 mos<br>CRR, 90 ds jl.<br>9-13-90: VOP, prob<br>rev, NA cert, see<br>CR29503.<br>1-29-92: Prob remains<br>rev, 180 ds jl deemed<br>served. |
| 10-11-90 | Oxnard PD | 11550 H&S | 90C010887. 9-13-90: PN<br>11550 H&S, NA cert,<br>see CR29503.<br>1-29-92: Prob denied,<br>ordered 160 ds jl.<br><br>CR26988. 10-11-90: 16<br>mos CRC.<br>8-6-91: Rel<br>out-patient. |
| 7-7-90 | Oxnard PD | 23152(a) VC<br>12951(a) VC | 90S011192. 10-3-90:<br>Conv 23152(a) VC w/<br>prior, 60 mos CRR, CDL<br>susp 18 mos, alcohol<br>terms, $1,074 fn to be<br>served in jl, 30 ds<br>jl. |
| 7-16-90 | Oxnard PD | 243.4 PC<br>207 PC<br>261(2) PC<br>289 PC<br>11550 H&S | 90C009675. 7-18-90:<br>Discharged. |

The defendant stated he had given a friend of his cousin $300 to
buy drugs for him in a Hispanic neighborhood as she speaks Spanish.
She took his money and "burned" him.  He went looking for her and
confronted her on Oxnard Boulevard.  The police were called to the
scene and he left.  She fabricated a story about him raping and
kidnapping her.  The case was dismissed in court when her story was
found to be false.

| | | | |
|---|---|---|---|
| 4-2-92 | Oxnard PD | 211 PC | CR29503. 6-15-92: PG<br>211 PC, FG by Crt<br>trial of spec alleg<br>12022(b) PC.<br>7-13-92: 3 yrs CDC.<br>12-16-93: Paroled.<br>(3 VOParole).<br>10-7-96: VOParole hrg<br>pending. |

The defendant walked up to the cashier at the Stop N Go market on
Rose Avenue in Oxnard to buy a pack of gum.  When the cashier

00346

opened the register, the defendant displayed a knife and reached in and took approximately $45 from the register. The victim kicked the register drawer closed and reached for the telephone to call 911. The defendant waved the knife at him and fled the store.

| Date | Agency | Charges | Disposition |
|---|---|---|---|
| 3-8-94 | Oxnard PD | 11550(a) H&S<br>148.9(a) PC | 94C002637. 4-11-94: PG 11550(a) H&S, 36 mos CS, 180 ds jl. (2 VOPs). |
| 9-18-94 | Oxnard PD | 11550(a) H&S<br>11364 H&S | 94C009472. 11-4-94: PG 11550(a) H&S, 36 mos CS, 210 ds jl. (1 VOP). |
| 1-21-95 | Oxnard PD | 11550(a) H&S | 95C001510. 2-21-95: PG 11550(a) H&S, 240 ds jl in any penal institution. |
| 1-20-96 | Oxnard PD | 10851 VC | Not filed. |

According to Oxnard Police Department report #96-01367, the defendant's sister, Tambra McCree, reported that her vehicle had been stolen and the defendant was seen driving it.

| Date | Agency | Charges | Disposition |
|---|---|---|---|
| 8-21-96 | Ventura SO | 459 PC | Not filed. |

According to Ventura County Sheriff's Department report #96-68926, the defendant was seen walking on Vineyard Avenue concealing a car stereo and power amplifier with the wires still attached under his jacket. He had an odor of alcohol on his breath and was found with a utility razor in his pocket.

| Date | Agency | Charges | Disposition |
|---|---|---|---|
| 9-29-96 | Ventura PD | 211 PC | CR39787. 10-16-96: PG 211 PC, 2nd deg w/ prior per 667/1170.12 PC, prior serious fel per 667(a) PC, w/ GBI per 12022.7 PC, P&S set for 11-13-96. PRESENT MATTER. |
| 10-3-96 | Oxnard PD | 211 PC<br>243(d) PC<br>368(a) PC | Not filed. |

See Additional Information section of this report.

-5-

00347

CIRCUMSTANCES OF OFFENSE:

Source of Information: Ventura PD reports #96-15611, #96-14951, and #96-15605, and Oxnard Police Department report #96-19862

Date/Time of Offense: 9-29-96/10:00 a.m.

Location of Offense: Thompson Blvd., Ventura, CA

Arresting Agency/Date: Ventura PD/9-29-96

The defendant walked onto the Barber Ford used car lot and spoke with victim Emmitt Stevens (DOB 10-24-32), a salesman at the lot. Stevens was concerned because the defendant had alcohol on his breath and was wearing leather gloves on a warm, sunny day. He told two other salesmen about it. They watched the defendant walk from the lot and followed him in a car to make sure he would not come back and cause any trouble.

The defendant met briefly with another African American male, then returned to the car lot. He walked up to Stevens and punched him in the right eye. The defendant then grabbed Stevens' shoulder and punched him approximately five more times in the face. Stevens passed out and fell to the ground. The defendant then went through his pockets and took his wallet, containing a $20 bill, and two $1 bills from his pants pocket and walked away from the lot.

The salesmen who had circled the block in their car returned to see Stevens on the ground with his face all bloody and the defendant walking away with a wallet and $20 bill in his hands. They called the police and one of them followed the defendant and informed police of his location.

The defendant was spotted on San Clemente Street and taken into custody. Nearby on the ground, officers found a cellular

-6-

phone and a pair of men's gloves. The defendant had $22 in cash in his pocket and a witness located Stevens' wallet in the area. One of the salesmen positively identified the defendant as the man he had seen walking away from the victim on the car lot.

The defendant also matched the description of a suspect involved in the robbery of a cellular phone from a taxi driver earlier that morning. Victim Bruce Thomas was driving home from work when he noticed a Hispanic female standing in the road, waving him down. He pulled over and she asked for a ride. As he opened the car door, a suspect resembling the defendant appeared, pointed at the cellular phone in the car, and stated, "Give me that." Thomas refused and the man, who had his hand behind his waistband, stated, "Don't make me shoot you. Give me that or I'll blow your head off." Thomas was unable to positively identify the defendant from a photographic line-up; however, the cellular phone found near the defendant matched the number of the phone stolen from Thomas.

In addition, on September 19, 1996, a suspect matching the defendant's description entered the B&Z market. He came up to the cashier and asked for some cigarettes. When he handed the cashier the money, she opened the register and he knocked her off balance with his elbow, reached into the register, and took approximately $1,100. He then ran from the store. The store clerk picked the defendant out of a photographic line-up, but was not completely sure he was the suspect.

Stevens was transported to the Ventura County Medical Center. His right eye was swollen shut and there was a 1½" long cut on his right forehead, along with bruising and swelling on the middle and right portion of his face. He was interviewed by officers at the

-7-

00349

1   hospital and described the attack.   Stevens identified the wallet

2   as his and later positively identified the defendant from a

3   photographic line-up as the person who had assaulted and robbed

4   him.

5       The defendant identified himself to officers as Tyrone

6   Johnson, with a date of birth in 1958.  He was transported to the

7   Ventura Police Department and refused to cooperate or answer any

8   questions.   The defendant was identified from his tattoos and

9   refused to waive his Miranda rights.  He was booked for two counts

10  of violation of Section 211 of the Penal Code and a parole hold.

11      The African American man, Alan Camacho, who was seen with the

12  defendant before the robbery was located and questioned by police.

13  He stated he had been with the defendant earlier and asked him to

14  borrow 20 cents to make a telephone call.  The defendant told him

15  that he was looking for someone to rob.  As the defendant had been

16  drinking and appeared serious about this, Camacho left because he

17  did not want to be around the defendant when something happened.

18  ADDITIONAL INFORMATION:

19      On September 3, 1996, victim Melvin Shreve (DOB 1-19-25) was

20  entering his room at the City Center Motel in Oxnard when he was

21  approached by two African American males.  One of them asked if he

22  could come in, but Shreve said no.  The second male walked away;

23  however, as Shreve was turning to go inside, the first male came in

24  and struck him repeatedly in the face and head, knocking him to the

25  floor.  The suspect grabbed his wallet, camera, and some necklaces

26  and left the room.

27      Shreve was transported to Saint John's Hospital.  He received

28  two lacerations on the lachrymal region of his left eye, requiring

-8-

00350

1  sutures.    His  left  eye  was  swollen  shut  and  he  had  several

2  lacerations on his lips and a possible broken left cheek bone.

3  Officers  received  information  that  Roshone  Curtis  Davis

4  (Ronald the Roach) and Stephanie Michelle Teran were involved in

5  the robbery.  They were located at the Santa Barbara Rescue Mission

6  and transported to the Oxnard Police Department.

7  Davis  waived  his  Miranda  rights  and  stated  he  and  his

8  girlfriend Teran had been with the defendant and his girlfriend

9  Merleen.    The  defendant  cut  up  some  soap  to  try  to  sell  as  rock

10 cocaine.  The defendant pulled into the parking lot across from the

11 City Center Motel and he saw the defendant go up to an older man

12 going into his room.  The defendant hit him once and then he could

13 not see what happened, but the defendant came back later bragging

14 about what he had done and pulled out a $100 bill.    Davis denied

15 taking part in the robbery.

16 Teran waived her Miranda rights and stated she and Davis had

17 stayed in a room in the City Center Motel next to Shreve's room.

18 They "partied" all their money away and had no place to stay.    The

19 defendant and his girlfriend Merleen came by and stated that they

20 could sleep in the back of Merleen's vehicle.  The defendant and

21 Davis went out to hustle some money by selling soap pieces as rock

22 cocaine.  They came back later and the defendant bragged about what

23 had occurred.  He stated, "I hit this old man and he just hit the

24 ground and 'boom,' it was all mine."  Davis told her that they

25 walked up to this old man and began talking to him.    The defendant

26 hit him and the man fell into the room.  The defendant kept hitting

27 him and then took his money.

28

-9-

00351

1    On September 16, 1996, Merleen Inese Garcia was arrested for

2  violation of Section 10851(a) of the Vehicle Code.  During her

3  questioning, she related that she had been involved in a

4  relationship with the defendant.  They used rock cocaine together

5  and smoked some with Davis and Teran in a room at the City Center

6  Motel.  Garcia stated the defendant and Davis went out to sell soap

7  as rock cocaine and returned arguing over a camera.  The defendant

8  stated that Davis did not do anything, he was the one who beat up

9  the victim.  He had a $100 bill he had taken from the victim, plus

10  two necklaces and a camera.  The defendant gave her the necklaces,

11  which she, in turn, gave to Teran.  Davis and Hill sold the camera

12  and returned with more rock cocaine.

13    Victim Shreve was contacted again by detectives, but was

14  unable to positively identify either Davis or the defendant from a

15  photographic line-up.  However, the camera and necklaces stolen

16  from him identically matched the description of the items given by

17  Merleen Garcia.

18    On October 3, 1996, the defendant was supplementally booked in

19  the Ventura County Jail for violation of Sections 211, 243(b), and

20  368(a) of the Penal Code.  He waived his Miranda rights and

21  admitted being with Davis, Teran, and Garcia, though denied any

22  involvement with the beating and robbery of Shreve.  The defendant

23  did, however, admit to the assault on the used car salesman in

24  Ventura.  He stated they had discussed his purchasing a vehicle and

25  when it got around to the financial aspect, the salesman said

26  something offensive to him and an argument ensued.  He just "went

27  off."  He denied taking the salesman's money or wallet.

28

-10-

1 | DEFENDANT'S STATEMENT:

2 The defendant was interviewed in the Ventura County Jail on

3 October 24, 1996, submitted a written statement, and advised as

4 follows:

5 He first smoked marijuana in high school and used it daily for

6 several years. He then tapered off and has used it occasionally

7 since then. In 1985 or 1986, he first snorted cocaine and began

8 using it heavily, as much as he could get. In 1988 or 1989, he

9 started smoking rock cocaine and used it heavily, as much as he

10 could get. He began drinking beer in high school and drinks two

11 beers per day after work, or six to nine beers per day if he is not

12 working. He tends to drink and use drugs more when he is idle then

13 when he has a job.

14 The morning of the offense, he was upset and angry. He went

15 for a walk to cool off and found himself at the car lot. He did

16 not go there to rob the victim. He was just browsing when the

17 victim challenged him on his ability to afford a car or pay for it.

18 He got enraged and "took off" on the victim. He only remembers

19 hitting him twice. He began throwing the victim's things all over

20 the lot, took his money, and walked away. He was "out of his head"

21 that day emotionally, but was not intoxicated. He never mentioned

22 to Alan Camacho that he was looking for someone to rob.

23 He knows he should not have done this and pled guilty right

24 away. He should never have taken his anger out on anyone.

25 He denied any involvement in the robbery of the elderly victim

26 in Oxnard or the theft from the B&Z market. He got the cellular

27 phone from a girl he knows is a hooker. She took the phone from

28

-11-

00353

1  the victim, who was coming after her.  He faked having a gun to get
2  the victim to leave her alone and she gave it to him.

3    He understands that he is going to prison and just hopes for
4  the shortest sentence possible.  He is not usually out on the
5  street committing crimes.  He usually works.  But he did this and
6  will have to pay for it.  He hopes to still be able to make
7  something of his life when he gets released.

8  VICTIM'S STATEMENT:

9    Victim Emmitt Stevens was contacted by telephone on
10 October 18, 1996, and advised as follows:

11   This offense has had a major impact on him, physically,
12 mentally, and financially.  "He tried to kill me.  I was just
13 lucky."  He could not believe he survived this beating.  He
14 received major trauma to his head that has caused him vision
15 problems, headaches, and a loss of equilibrium.  He spent two days
16 in the hospital and has seen the doctor a number of times.  He is
17 schedu  *Serious*           :  soon.  If the defendant had asked him
18 for th  *head trauma.*      have given it to him.  Instead, the
       *Could of killed*
19 defenda  *him.*            ss.

20   He                    lately $1,500 in income and will be
21 applying  to  the  Victims  Fund  for  restitution.   Worker's
22 Compensation has paid for all of his medical bills, but it has been
23 difficult.  He still has not returned to work, but may be able to
24 go back on November 1, 1996.

25   He has gone back to the car lot, but returning to the place
26 where this happened made him feel dizzy and nauseous.  He does not
27 know if he will be able to handle working there.  He will be extra

28

-12-

00354

1   cautious in the future and knows this will affect his business and
2   outlook for the rest of his life.

3       He does not feel the defendant has any remorse and hopes he
4   gets what is coming to him. Even if the defendant gets the maximum
5   sentence, it would only be one-third of what he deserves.
6   Hopefully, the defendant will receive between 10 to 15 years in
7   prison. He will be unhappy to see the defendant get away with less
8   than that.

9   PERFORMANCE ON PAROLE:

10      The defendant's parole officer, William Flores, was contacted
11  by telephone on October 18, 1996, and advised as follows:

12      The defendant's performance on parole has been extremely
13  unsatisfactory. Following his initial parole in December of 1993,
14  he was continued on parole four times for drug use and was returned
15  to the California Department of Corrections for five months. After
16  his second parole, he was continued on parole three times for more
17  drug use and then received an eight month return to the California
18  Department of Corrections. Once again, he was paroled and resumed
19  his drug use, and was returned to the California Department of
20  Corrections for a third time for six months.

21      The defendant was released on parole this last time on
22  July 18, 1996 and began leaving a string of crime victims in his
23  wake. The defendant is definitely a danger to the community.

24      In questioning the defendant, he showed no remorse for his
25  actions. He blamed the car salesman for provoking him, denied
26  involvement with the elderly victim in Oxnard, and stated he "came
27  to the rescue" of a female and she gave him the cellular phone he
28  was found with. The defendant denied that he has a drug problem.

-13-

00355

He stated he has "an authority problem." He did not like anyone telling him what to do or how to do it.

A violation of parole has been submitted, charging the defendant with changing residence without approval, absconding from parole, three counts of robbery, and battery with great bodily injury.

SENTENCING ALTERNATIVES:

| Ct | Charge | Range | Specific Enhancement/ Effect | Total |
|----|--------|-------|------------------------------|-------|
| 1 | 211 PC, 2nd deg per 667(e)(1) & 1170.12(c)(1) PC | 4-6-10 | Per 12022.7 PC, add 3 yrs | _____ |

General Enhancement/Effect: Per 667(a) PC, add 5 years.

Probation Restrictions/Comments: Per 667(c) and 1170.12(a) PC, 1203.075 and 1203.09 PC, probation shall not be granted. Per 2933.1 PC, 4019 PC credit is limited to 15%.

EVALUATION:

Circumstances in Aggravation (Judicial Council Rule 421): The following factors appear to be circumstances in aggravation:

1. The crime involved a high degree of viciousness in that the defendant hit the victim many times in the face and head until he knocked him to the ground and he passed out (Rule 421a1).

2. The victim was particularly vulnerable in that he was 63 years old at the time he was assaulted (1170.85(b) PC/Rule 421a3).

3. The manner in which the crime was carried out indicates planning in that the defendant walked around and through the car lot to see who was nearby, with the intent to rob someone (Rule 421a8).

4. The defendant has engaged in violent conduct, which indicates a serious danger to society (Rule 421b1).

5. Even excluding the defendant's prior serious felony, his prior convictions are numerous (Rule 421b2).

6. The defendant has served a prior prison term (Rule 421b3).

-14-

00356

7.   The defendant was on parole when the crime was committed (Rule 421b4).

8.   The defendant's prior performance on parole was unsatisfactory (Rule 421b5).

<u>Circumstances in Mitigation</u> (Judicial Council Rule 423):  The following factor appears to be a circumstance in mitigation:

1.   The defendant voluntarily acknowledged wrongdoing at an early stage of the criminal process (Rule 423b3).

<u>Analysis</u>:  The defendant has a long criminal history that includes many convictions for being under the influence of a controlled substance, petty theft, drunk driving, and robbery.  He was implicated in a number of other serious matters, but was not charged as the victims were unable to positively identify him.

The defendant viciously attacked a 63 year old man and took $22 from him.  The victim has some serious medical problems resulting from this attack and would like to see the defendant strongly punished for his actions.

The defendant is ineligible for probation or a commitment to the California Rehabilitation Center; therefore, a commitment to state prison is mandated.  The defendant must learn that this type of violent behavior will not be tolerated by our community.

RECOMMENDATION:

It is respectfully recommended that:

The defendant be committed to the Department of Corrections.

Pursuant to Section 1203.096 of the Penal Code, the Court find that the defendant has a history of drug abuse, was convicted of a drug offense, or was under the influence of alcohol or a controlled substance at the time of the commission of the offense and

-15-

00357

1  recommend that the defendant participate in a counseling or
2  education program.
3      The Court finds that the defendant has the ability to pay the
4  restitution fine.   The defendant be ordered to pay a restitution
5  fine in the amount of $1,000 to the State Restitution Fund.
6      The defendant shall pay restitution to Emmitt Stevens in the
7  amount of $1,500.
8      The defendant shall pay a restitution fine in the amount of
9  $1,000 to the State Restitution Fund.   Payment of the restitution
10 fine to be stayed pending successful completion of parole.

                              Respectfully submitted,

                              Frank C. Woodson
                              Director
                              Corrections Services Agency

                              By Bill Meschan
                              Deputy Probation Officer

18 THE WITHIN AND FOREGOING REPORT
   OF PROBATION OFFICER HAS BEEN
19 READ AND CONSIDERED BY ME THIS
   _____ DAY OF NOVEMBER, 1996.

   _____
21 JUDGE OF THE SUPERIOR COURT

22 BM:mb3-67

                              -16-

00358

RAYNARD Byron Hill    CR39787

**ACTUAL TIME IN CUSTODY**

| YEAR 1996 | JAIL | | | | | | | |
|-----------|-------|-------|-------|-------|-------|-------|-------|-------|
| | Dates | #Days | Dates | #Days | Dates | #Days | Dates | #Days |
| January | | | | | | | | |
| February | | | | | | | | |
| March | | | | | | | | |
| April | | | | | | | | |
| May | | | | | | | | |
| June | | | | | | | | |
| July | | | | | | | | |
| August | | | | | | | | |
| September | 29-30 | 2 | | | | | | |
| October | 1-31 | 31 | | | | | | |
| November | 1-13 | 13 | | | | | | |
| December | | | | | | | | |
| | Total: | 46 | Total: | | Total: | | Total: | |

Remarks:

| | Dates | #Days | Dates | #Days | Dates | #Days | Dates | #Days |
|-----------|-------|-------|-------|-------|-------|-------|-------|-------|
| January | | | | | | | | |
| February | | | | | | | | |
| March | | | | | | | | |
| April | | | | | | | | |
| May | | | | | | | | |
| June | | | | | | | | |
| July | | | | | | | | |
| August | | | | | | | | |
| September | | | | | | | | |
| October | | | | | | | | |
| November | | | | | | | | |
| December | | | | | | | | |
| | Total: | | Total: | | Total: | | Total: | |
| | Grand Total | 46 | Grand Total | | Grand Total | | Grand Total | |

Remarks:

139-8122

**COUNTY OF VENTURA**
**CORRECTIONS SERVICES AGENCY**
**WORK FURLOUGH SCREENING RESPONSE**

Name _HILL, RAYNARD BYRN_     Case # _CR 39787_

DOB _3-10-60_     Offense _211 PC 2nd W/ prior strike, prior_
_serious/felony +681_

Referring P.O. _MESCHAN   X510_     Sentence Date _11-13-96_

Judge or Courtroom _12_     Booking # _309567_

Screened by _MESCHAN_     Date Screened _10-29-56_

Driver's license status _Susp._     Total Points _____

| Category | Description | Points |
|----------|-------------|--------|
| Age | | |
| Dependents | | |
| Type of employment | | |
| Length of employment | | |
| Past program participation | | |
| Main offense | | |
| | | |
| | | |

**Prior record**

| Date | Off | Pts | Date | Off | Pts | Date | Off | Pts |
|------|-----|-----|------|-----|-----|------|-----|-----|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

Program suitability _____ _____

_____ Application approved.  Remand date _____

_____ Application conditionally approved. Remand date _____

Condition(s) for approval _____

_X_ Application denied/excluded.  Primary reason(s) _The Def. has_
_a parole hold pending return to CDC._

*FORMSIV/RESPONSE.WF (1-93)*   **white:** *Probation Officer*   **yellow:** *Work Furlough*   **pink:** *CLP Unit*

00360

COUNTY OF VENTURA
CORRECTIONS SERVICES AGENCY

Return Date _____

P.O. _____ Ext. _____

### DECLARATION OF FINANCIAL ABILITY

Case Name _RAYNARD Byron Hill_____ Case No. CR39787

THIS FORM IS TO BE COMPLETED IN FULL AND RETURNED TO YOUR PROBATION OFFICER AT THE TIME OF YOUR FIRST INTERVIEW.

### FINANCIAL STATEMENT

Full Name _RAYNARD Byrone Hill____ Age _36_ Date of Birth 3-10-60

Address _TRANSIENT_____

Marital Status:  single _X_ married __ divorced __ separated __ widowed __

Telephone No. _____

Name and Address of Nearest Relative _____

_____

Name of wife/husband _____

Address _____

Children in Home:  Number _____ Ages _____

Social Security No. _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_ Driver's License No._A628024 (wsr)._

Vehicle License Plate No. _____

| | Husband's Employment | Wife's Employment |
|---|---|---|
| Employer: | | |
| Address: | | |
| | | |
| Type of Job: | | |
| How Long Employed: | | |
| Working Now? | | |
| Gross Salary: | $_____ (mo/wk) | $_____ (mo/wk) |
| Take-Home Pay: | $____0____ (mo/wk) | $_____ (mo/wk) |

00361

| INCOME STATEMENT | | | | |
|---|---|---|---|---|
| Source of Income | How Often Paid | Husband | Wife | Children |
| Salary & Wages (take-home pay)<br>Pension & Retirement<br>Unemployment & Disability<br>Social Security<br>Public Assistance (Welfare, AFDC, etc.<br>Child Support Payments<br>Veterans Benefits<br>Workmans Compensation<br>Rent Income<br>Dividends & Interest Income<br>All Other Sources (specify) | | $ | $ | $ |
| TOTAL INCOME | | $ *0* | $ | $ |

| MONTHLY EXPENSES | |
|---|---|
| Rent or Mortgage Payments<br>Real Property Taxes<br>Food<br>Utilities<br>Telephone<br>Laundry & Cleaning<br>Clothing<br>Medical<br>Dental<br>Insurance Payments<br>Child Care or Babysitting<br>Child Support Payments<br>Entertainment<br>Auto Payments<br>Auto Expenses (gas, oil, etc.)<br>Cigarettes, Liquor<br>Incidentals<br>Other Expenses (list) | $ |
| TOTAL EXPENSES | $ *0* |

| PAYROLL DEDUCTIONS |
|---|
| Check Items deducted: |
| Federal Income Tax _____<br>State Income Tax _____<br>Social Security _____<br>Unemployment Insurance _____<br>Savings Plan _____<br>Medical Insurance _____<br>Life Insurance _____<br>Union Dues _____<br>Retirement or Pension _____<br>Car Payments _____<br>Credit Union _____ |

| INSTALLMENT PAYMENTS | | | |
|---|---|---|---|
| Creditor's Name | For | Monthly Payment | Balance Owed |
| INSURANCE Co. | accident | | 5,000 |
| BUICK CAR LOT | repossession | | 5,000 |
| STATE OF CA | school loans | | 2-3,000 |

00362

Name and Address of Bank(s) _____

_____

Account No. _____    Checking _____    Savings _____

|  | Cash on Hand | Cash in Checking | Cash in Savings | Total Cash |
|---|---|---|---|---|
| Cash |  |  |  | ⊖ |

| Motor Vehicles, Autos, Trucks, Boats, Mobile Homes | Make | Year | Purchase Price | Purchase Date | Amount Owed | Present Value |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  | ⊖ |

| Real Estate Residences, Land, etc. | Purchase Price | Purchase Date | Present Amount of Mortgage | Present Market Value | Present Equity |
|---|---|---|---|---|---|
|  |  |  |  |  | ⊖ |

| Life Insurance | Name of Company | Face Amount of Policy | Kind of Insurance | Cash Value |
|---|---|---|---|---|
|  |  |  |  | ⊖ |

| Other Assets | Stocks Bonds Securities | Household Furnishings | Money Owed To Me | Other Personal Property | Other Assets (list) |
|---|---|---|---|---|---|
|  |  |  |  |  | ⊖ |

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed On _10-24-96_    At _Ventura_ , _CA_
   **Date**          **County**      **State**

_Raynard Hill_
**Signature**

HONORABLE JUDGE HINZ,

MY NAME IS KAYNARD B. HILL, AND I'M WRIT-
ING YOU IN RESPONSE TO A ROBBERY IN WHICH I
DID COMMIT ON 9-29-96. IN REGARDS TO THE
OTHER CHARGES WHICH WERE BROUGHT BEFORE ME, ALL
I CAN SAY IS THAT ITS ASHAME WHEN A MAN CAN'T
TAKE RESPONSIBILITY FOR HIS ACTIONS, AND TRY TO EASE
OTHERS TO THROW THE BLAME.

IT'S NO SECRET THAT IN MY PAST AND PRESENT
I BE AROUND SOME UNSAVORY PEOPLE WHO TENDS
FALL ON THE OTHER SIDE OF THE LAW, DUE TO ECONOMIC
REASONS, DRUGS, OR UNFORTUNATE HAPPENINGS AS WAS IN
MY CASE. AT THE TIME OF THE INCIDENT, I WAS SO UPSE
ALMOST IN "RAGE", WAS WHY I WENT FOR A WALK THAT
MORNING, AND ENDED UP BY THE CAR LOT WHICH WAS LO-
ATED DOWN THE STREET FROM WHERE I WAS. I WAS
WALKING IN HOPES TO COOL DOWN MY ANGER, WHEN
IT WAS BROUGHT BACK TO LIGHT BY A MINOR VERBA
ASSULT BY MR. STEVENS. AND I ADMIT, THAT DOESN'T
GIVE MY THE RIGHT TO INFLICT PHYSICAL HARM OR INJU
TO ANYONE BECAUSE OF MY UNBALANCED NATURE, AND
FOR THAT I AM TRULY SORRY.

SINCE THE DEATH OF MY FATHER MR. ROY L. HILL SR.
I'VE BEEN UNDER EXTREME PRESSURE. BEING THE ONLY
MALE LEFT IN THE FAMILY, DEALING WITH FAMILY PROBLE

2

AND TRYING TO GET OVER HIS DEATH IS OVERWHELMING,
AND PUT THAT ON TOP OF EVERYDAY STRUGGLES IS SO
HARD TO BARE SOMETIMES. I'M NOT WRITTING YOU TO
TRY A DRAW SYMPATHY FROM YOU, FOR I KNOW THERE'S
NOT MUCH FOR THOSE WHO BREAKS THE LAW. BUT I
HAVE SOME THINGS GOING FOR ME, FIRST I'M A HIGH SC.
GRADUATE, 1½ YEARS OF JR. COLLEGE, GRADUATED FROM TRADE
SCHOOL FOR "WELDING" I'M CERTIFIED, AND WORK FOR POOL CO
IN THE OILFIELDS OFF VENTURE AVE. I'M HIGHLY TALENTED,
AND BELIEVE IT OR NOT SOME INTELLIGENTS WHICH I SHOULD

    JUDGE HINZ, I DON'T KNOW HOW MUCH IT WEIGHS ON
YOU HEART WHEN SOMEONE COMPLETELY SURRENDERS, PLEAD
GUILTY RIGHT AWAYS, AND ADMITS HIS FAULTS. SINCE
1992 WHEN I CAUGHT MY FIRST ROBBERY, IT WASN'T
INTENSIONAL, BUT I HANDLED IT THE WAY I'M DOING NOW.
BECAUSE, I AM GUILTY OF THE CRIME, AND HAVE TO
FACE MY JUDGEMENT DAY. I HOPE YOU CAN TAKE
IN CONSIDERATION, THAT AT THE TIME I WASN'T IN MY
RIGHT MIND, OF MY AGE AS TO THE LENGTH OF TIME
YOU FEEL IS NECESSARY, AND TAKING RESPONSIBILITY FOR MY
OWN ACTIONS.

                         T Hanks You

                         Sincerely

                         Raymond C. Hill

00365

## INSTITUTIONAL STAFF RECOMMENDATION SUMMARY

SOURCES OF REPORT: Abstract of Judgment dated 7-14-92, Ventura County Probation Officer's Report, CLETS print-out dated 8-3-92, case conference with Housing Unit officer and personal interview on 9-1-92.

CONFIDENTIAL INFORMATION: None in file.

HOLDS/DETAINERS: None in file.

MEDICAL/DENTAL: Full duty and camp qualified.

PSYCHIATRIC/PSYCHOLOGICAL: No referral indicated.

WORK SKILLS: HILL claims to be a certified welder.

NARCOTICS/DRUGS/ALCOHOL: HILL admits to having an addiction to cocaine which began in 1986. HILL states he was committed as a civil addict to CRC and denies using any illicit drugs after his release. HILL does admit to drinking beer occasionally when watching sports events.

ESCAPE HISTORY: None on file and Inmate claims none.

ARSON HISTORY: None on file and Inmate claims none.

SEX-RELATED OFFENSES: On 7-16-90 HILL was arrested by CASO Ventura for 261(2) PC Rape by Force/Fear, 289 PC Sexual Penetration by Foreign Object, and 243.4 PC Sexual Battery. On 7-18-90 all counts were discharged.

ACADEMIC/VOCATIONAL: HILL claims to have received his high school diploma from Oxnard High School. Test of Adult Basic Education (T.A.B.E.) reflects an overall Grade Point Level of 9.2.

CASE WORK FOLLOW-UP: Review FBI and CI&I print-outs when available, and adjust his Classification Score accordingly. Review for "R" suffix.

SC/wb

NUMBER: H-43428    NAME: HILL, Raynard    WSP-RC    DATE: 9-2-92

**CRIMINAL HISTORY:**    Available information indicates that HILL has an extensive arrest history dating back to 1987 consisting of Possession/Manufacturing/Sale of Dangerous Weapons, Robbery, Assault with a Deadly Weapon, Under the Influence of Controlled Substance, Burglary, Theft of Personal Property, False Identification to a Peace Officer and Kidnapping.

**EVALUATION:** HILL is a thirty-one (31) year old, Black male, first termer committed to the California Department of Corrections on 7-29-92 from Ventura County for the commitment offense of Robbery Second Degree with a Weapon resulting in a three year sentence. During the processing interview HILL was cooperative and responded adequately to all questions. His housing unit officer reports him as not being a behavior problem with staff, and it appears that he is making a satisfactory adjustment since arriving at the Wasco State Prison-Reception Center. CDC-812 is clear.

**RE-ENTRY PLANS:** No referral indicated.

---

## TRANSFER

**CLASSIFICATION SCORE:** 26                    **LEVEL:** II

**CCF RECOMMENDATION:** Eligible.

**SUBSTANCE ABUSE PROGRAM:** Ineligible due to custody level.

**RESTITUTION CENTER:** Ineligible due to prior arrest history.

**INSTITUTION RECOMMENDATION:** CCI/CRC II based on classification score.
I/M Hill requested camp.

**REASON FOR OUT-OF-LEVEL PLACEMENT:** Not applicable.

**CORRECTIONAL COUNSELOR:** S. Castaneda, CC-I

**SUPERVISOR'S RECOMMENDATION:** _[signature]_ CC-II

SC/wb

**NUMBER:** H-43428      **NAME:** HILL, Raynard      WSP-RC      **DATE:** 9-2-92

00367

## SOCIAL FACTORS

| PARENTS: | DOB/Age | Occupation | Address |
|---|---|---|---|
| Roy L. Hill Sr. | 72 | Retired | 3660 Keel Ave. Oxnard, CA |
| Ernestine Hill | 60 | Retired | Same as above. |

| SIBLINGS: | DOB/Age | Occupation | Address |
|---|---|---|---|
| Stanley Hill | 41 | Bartender | Oxnard, CA |
| Tambra McCree | 33 | DMV | Point Hueneme, CA |
| Karen Hill | 31 | Pacific College Representative | Van Nuys, CA |

| MARRIAGES: | Location | Status |
|---|---|---|
| None | | |

**NOT LEGALIZED:**

| CHILDREN: | Age | Living With | Address & Phone |
|---|---|---|---|
| None | | | |

| FAMILY ARREST HISTORY: | Relationship | Offense(s) | Disposition |
|---|---|---|---|
| None | | | |

| USUAL OCCUPATION: | Last Employer | Address & Phone |
|---|---|---|
| Oilfield | CA. Production Service | |

| HOME ADDRESS: | Street | City / State / Zip | Phone |
|---|---|---|---|
| Transient | | | |

**SOCIAL SECURITY:** 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
**DRIVER'S LICENSE:** N6280284
**RELIGION:** Methodist

SC/wb

| NUMBER: H-43428 | NAME: HILL, Raynard | WSP-RC | DATE: 9-2-92 |
|---|---|---|---|

STATE OF CALIFORNIA
**RECEPTION CENTER READMISSION SUMMARY**
CDC 816 (12/88)

DEPARTMENT OF CORRECTIONS
DISTRIBUTION:  ORIGINAL - CENTRAL FILE
COPY - INMATE

X-MARK APPROPRIATE BOX

☐ **PAROLE VIOLATOR - RETURN TO CUSTODY**          ☒ **PAROLE VIOLATOR - WITH NEW TERM**

| CDC NUMBER | INMATE'S NAME | | |
|---|---|---|---|
| H43428 | HILL, RAYMOND BYRON | 14 YRS | VENTURA |

NEW COMMITMENT OFFENSE/ PAROLE VIOLATION CHARGES:
PC212.5(C) ROBBERY 2ND, ~~PC12022~~ PC12022.7(A) INFLICTING GBI (2 STRIKES)

CONFIDENTIAL INFORMATION/GANG AFFILIATION:
CDC812 CLEAR / CONF: CLEAR

HOLDS/DETAINERS:
VENTURA C/ T.S. EXP. 2-20-97 / POTENTIAL-VENTURA C/ 8/21/96 PC 496 REC/ETC. KNOWN STOLEN PROP.

MEDICAL/PSYCHIATRIC:
CDC128C-1 DTD 12/3/96 MED ELIG: FULL DUTY, CAMP, CCF QUAL. DENTAL CLS 2
PSYCH: CLEARED FOR G.P.  FOOD HNDLG. CLEAR TB 22 DPP. NO LIMITATIONS NOTED

ESCAPE HISTORY:
NONE NOTED

ARSON HISTORY:
NONE NOTED

SEX-RELATED OFFENSES: 2C(2) RAPE BY FORCE/FEAR
7-16-70 PC 289 SEX PENET. BY FOREIGN OBJECT } DISCHARGED
243.4 SEXUAL BATTERY

**EVALUATION**

PAROLE ADJUSTMENT:
POOR

| PRIOR INSTITUTIONAL ADJUSTMENT: | PAROLED FROM: CTF – | CUSTODY: MED AR | LAST CLASSIFICATION SCORE: 12 |
|---|---|---|---|

ASSIGNMENTS:
NONE

INSTITUTIONAL BEHAVIOR/DISCIPLINARY HISTORY:

CAMP: INELIGIBLE R SUFFIX AND CLASS. SCORE
MSF:    "      "    "    "    "    "
CCRC: ~~ELIGIBLE BUT NOT RE~~ INELIGIBLE DUE TO TIME TO SERVE
SAP : INELIGIBLE DUE TO TIME TO SERVE
CCF : INELIGIBLE  "    "    "    "    "  AND CLASS. SCORE

| CLASSIFICATION SCORE: 51 | PRIMARY ADMINISTRATIVE DETERMINANT: SEX | RELEASE DATE: 8-25-2008 |
|---|---|---|

CCI's RECOMMENDATION:
CMCE / LAC (III)

REASON FOR RECOMMENDATION:
CASE FACTORS

| SIGNATURE OF CORRECTIONAL COUNSELOR I: W. S. XUO | DATE: 1-14-97 |
|---|---|

CCII's RECOMMENDATION:
NKSP-III / WSP-III

| SIGNATURE OF CORRECTIONAL COUNSELOR II: N. King? Dm, CCII | DATE: 1-15-97 |
|---|---|

RECEPTION CENTER:
WSP/RC    THREE STRIKES NOTICE GIVEN

89 87094

00369

STATE OF CALIFORNIA
**RECEPTION CENTER READMISSION SUMMARY**
CDC 816 (12/88)

DEPARTMENT OF CORRECTIONS
DISTRIBUTION:  ORIGINAL – CENTRAL FILE
COPY – INMATE

X-MARK APPROPRIATE BOX

[X] **PAROLE VIOLATOR - RETURN TO CUSTODY**          [ ] **PAROLE VIOLATOR - WITH NEW TERM**

| CDC NUMBER | INMATE'S NAME |
|---|---|
| H43428 | Hill, R. |

NEW COMMITMENT OFFENSE / PAROLE VIOLATION CHARGES:
*Ventura* ① *Fail to follow instructions* ② *Operation of M/V w/o owners consent*
③ *Drive w/ suspended license*                                    6 mo.

CONFIDENTIAL INFORMATION / GANG AFFILIATION:
*Confidential close   812 close unrated*

HOLDS / DETAINERS:
*Possible  Oxnard P.D.   VC 10851  Tak Veh   w/o own consent*

MEDICAL / PSYCHIATRIC:
*10-23 DTD 3/4/96  Full Duty  No Camp But CCF (Pain (D)Hip)  F/H Close*

*Dental #2  TBA 22  Cleared C.S.*

ESCAPE HISTORY:
*None Noted*

ARSON HISTORY:
*None Noted*

SEX-RELATED OFFENSES:                          *"R" Suffix Per VCC of 7/23/23,*
*1990 Adult Rape F/F, Penetration Fgn Obt; Dismissed   Police Report of 7/12/90*

**EVALUATION**

PAROLE ADJUSTMENT:
*Poor*

| PRIOR INSTITUTIONAL ADJUSTMENT: | PAROLED FROM : *ASP* | CUSTODY: *Med AR* | LAST CLASSIFICATION SCORE: *12* |
|---|---|---|---|

ASSIGNMENTS:
*Deuel RM / F/S w/L*

INSTITUTIONAL BEHAVIOR / DISCIPLINARY HISTORY:
*None Noted*

| CLASSIFICATION SCORE: *12* | PRIMARY ADMINISTRATIVE DETERMINANT: *Sex* | | RELEASE DATE: *Rel 7/18/96* |
|---|---|---|---|

CCI's RECOMMENDATION:
*CMCW CTF   No RTC, MSF, CCF, Camp, SAP w/ "R" Suffix*

REASON FOR RECOMMENDATION:
*Consistent w/ score and report*

| SIGNATURE OF CORRECTIONAL COUNSELOR I: | DATE: *4/12/96* |
|---|---|

CCI's RECOMMENDATION:
*CMC-W / CCI I*

| SIGNATURE OF CORRECTIONAL COUNSELOR II: | DATE: *4/12/96* |
|---|---|

RECEPTION CENTER:
*WSP-RC        3 Strikes Notification Given*

89 87094

00370

STATE OF CALIFORNIA
**RECEPTION CENTER READMISSION SUMMARY**
CDC 816 (12/88)

DEPARTMENT OF CORRECTIONS

DISTRIBUTION:  ORIGINAL - CENTRAL FILE
COPY - INMATE

X-MARK APPROPRIATE BOX

[X] **PAROLE VIOLATOR - RETURN TO CUSTODY**          [ ] **PAROLE VIOLATOR - WITH NEW TERM**

| CDC NUMBER | INMATE'S NAME |
|---|---|
| H43428 | Hill    R |

NEW COMMITMENT OFFENSE / PAROLE VIOLATION CHARGES:

Ventura ① Use of Cocaine  ② Uno inf C3  ③ Cisst Arrest    5 mo

CONFIDENTIAL INFORMATION / GANG AFFILIATION:

Confidential Clear  8/2 Updated

HOLDS / DETAINERS:

None Noted

MEDICAL / PSYCHIATRIC:

Pre 128C DTD 3/8/65 Full Duty Camp CCF F/H Clear  TABzz Dental #2

Pre 128C DTD 3/1/95 Cleared C.P.; Does Not Meet Criteria for M.H. Treatment

ESCAPE HISTORY:

None Noted

ARSON HISTORY:

None Noted

SEX-RELATED OFFENSES:                                             "R" per UCC of 8/2/93

1990 Arrest for Rape F/T, Penetration Fgn Obj; Discharged. Review for Appropriatness
                                            of Suffix.

**EVALUATION**

PAROLE ADJUSTMENT:

Poor

| PRIOR INSTITUTIONAL ADJUSTMENT: | PAROLED FROM: | CUSTODY: | LAST CLASSIFICATION SCORE: |
|---|---|---|---|
| | CMC | MEO BR | 12 |

ASSIGNMENTS:

N/A

INSTITUTIONAL BEHAVIOR / DISCIPLINARY HISTORY:

None Noted

| CLASSIFICATION SCORE: | PRIMARY ADMINISTRATIVE DETERMINANT: | | RELEASE DATE: |
|---|---|---|---|
| 12 | RAP | | RRD 9/8/95 |

CC I's RECOMMENDATION:                     NO RTC Prior Term    NO Wt-RTC    CCF-Eligible, Not Recommended,
CMCW  CTF S                         NO SAP Custody LvL    NOCMR,MSF "R"         "R."

REASON FOR RECOMMENDATION:

Consistant w/ Score and Requst

SIGNATURE OF CORRECTIONAL COUNSELOR I:                                    DATE:
                                                                    3/6/95

CC II's RECOMMENDATION:

Concur

SIGNATURE OF CORRECTIONAL COUNSELOR II:                                   DATE:
                                                                    4-18-55

RECEPTION CENTER:

WSPDC

89 8/034

00371

STATE OF CALIFORNIA
**RECEPTION CENTER READMISSION SUMMARY**
CDC 816 (12/88)

DEPARTMENT OF CORRECTIONS
DISTRIBUTION: ORIGINAL - CENTRAL FILE
COPY - INMATE

X-MARK APPROPRIATE BOX

☒ **PAROLE VIOLATOR - RETURN TO CUSTODY**          ☐ **PAROLE VIOLATOR - WITH NEW TERM**

| CDC NUMBER | INMATE'S NAME |
|---|---|
| H43428 | Hill, R |

NEW COMMITMENT OFFENSE/ PAROLE VIOLATION CHARGES:
VER1  ① Failure to follow instructions  ② UNO INF CS  ③ False ID to PO. Sub.

CONFIDENTIAL INFORMATION/GANG AFFILIATION:
Confidential Clear  8/2 Updated

HOLDS/DETAINERS:
Yes  Oxnard PD  MISD  UNO INF CS

MEDICAL/PSYCHIATRIC:
Full Duty and Camp  No Psych Referral

ESCAPE HISTORY:
None Noted

ARSON HISTORY:
None Noted

SEX-RELATED OFFENSES:
1990 Arrest for Rape Force/Fear, Penetration Foreign Obj : Discharged

**EVALUATION**

PAROLE ADJUSTMENT:
Poor

| PRIOR INSTITUTIONAL ADJUSTMENT: | PAROLED FROM: | CUSTODY: | LAST CLASSIFICATION SCORE: |
|---|---|---|---|
| | CMCW | MED BR | 18 |

ASSIGNMENTS:
Dining Rm

INSTITUTIONAL BEHAVIOR/DISCIPLINARY HISTORY:
None Noted

| CLASSIFICATION SCORE: | PRIMARY ADMINISTRATIVE DETERMINANT: | | RELEASE DATE: |
|---|---|---|---|
| 12 | | | RED 8/5/94 |

CC I's RECOMMENDATION:  No RTC - Prior Term, "R"
CMCW I CTRS I  No WF, SAP, CCF, Camp, MSF - L.O.C + "R"

REASON FOR RECOMMENDATION:
Consistant w/ BPT5 and Request

SIGNATURE OF CORRECTIONAL COUNSELOR I:  _____   DATE: 6/9/94

CC II's RECOMMENDATION:
Concur

SIGNATURE OF CORRECTIONAL COUNSELOR II:  _____ CC II   DATE: 6-10-94

RECEPTION CENTER:
USPRC

89 97094

00372

# BLANK  PAGE

# *DO NOT*

# *REMOVE*

# *FROM C-FILE*

Pursuant to Penal Code Section 3058.6 and 3058.9, notification to local authorities and parole is required of persons convicted of specific offenses.

Do not change work group status or restore credits if action will change release date to within 75 days.

Classification staff is requested to notify Case Records Analysts for assistance in verifying amounts of restoration or work group changes as to not jeopardize this time frame.

# DUE TO TIME CONSTRAINTS, UNABLE TO COMPLETE A TRANSFER AUDIT, BUT REVIEWED FOR MANUAL RE-CALCULATION

STATE OF CALIFORNIA
CDC 1151 (Rev 10/01)

DEPARTMENT OF CORRECTIONS

## AUDIT CHECKSHEET
(See Directions on Back)

Analyst __G. Baker__

Institution __CCI-II__    Date __10/11/07__

**TYPE OF AUDIT** ☒ Intake    ☐ 60-day    ☐ 10-day
☐ Other    ☐ Preboard    ☐ PIC    ☐ Transfer

### LEGAL
- ☒ Number of active cases _____
- ☒ All cases on LSS properly recorded
- ☒ Discrepancies/problems referred to LPU
- ☒ Documents requested from Court
- ☒ VC23175 imprisonment in lieu of fine
- ☒ Restitution    ☐ CDC 1497/ITAD
- ☒ PC 1203.1m
- Fingerprint Cards    ☒ Correct    ☐ Requested
  ☐ DOJ notified of corrections
- Photos    ☐ Within 5 years    ☒ Requested
- ☐ CDC #s linked    ☒ Transfer approved

### STATUS    ☒ NA
- ☒ High Control    ☐ On CDC 112
- ☒ SVP form in file    ☐ Excluded    ☐ Yes    ☐ No
- ☒ PC 1170(d) Report Requested/on CDC 112/LSS
- ☒ PC 1202.05 Visiting restriction (Sentenced 1-1-93)
- ☒ PC 2962 MDVO – G-1

### CREDIT EARNING STATUS
- ☒ IWTIP    ☐ Pre 1983-Signed Waiver in file
- ☒ Post 1983-Vested    ☐ Pre/Post 1983-Waiver not signed
- ☒ D-2 Calculation projected at 1/3
- ☒ Reviewed per Ramos
- ☒ *PC 2933.5 (1-1-91)    ☐ Elig.    ☐ Inelig.
- ☒ *PC 2933.1 15% (9-21-94)
- *Enter comments in Other Orders in OBIS
- ☒ Mixed credit codes    ☐ PC 667 (e) (3-7-94)
- ☒ CDC 112 posted    ☐ 6-month WCG
- ☒ Time cards purged

### PAROLE VIOLATOR-WNT    ☐ NA
- ☒ Referred for revocation    ☐ Hearing Scheduled
- ☒ Previous time collection purged    ☒ Printout in file
- ☒ RRD & EPRD calculated
- ☒ EPRD Controls    ☐ RRD Controls    ☐ On CDC 112
- ☒ CCR 2649/Previous Term Discharged
- ☒ Miscellaneous Decision submitted

### PAROLE VIOLATOR-RTC    ☒ NA
- ☒ PC 3057 (D)(1)    ☐ Elig.    ☐ Inelig.
- (P)RRD/All CDDs correctly calculated & on:
  ☐ CDC 112    ☐ CDC 144
- ☒ PAL Time Verified (suspend/reinstate)

### REGISTRATION    ☒ NA
- ☐ PC 290 Preregistrations    ☐ Completed
- ☒ PC 290 Prereg. posted on CDC 112
- ☒ H&S 11590    ☐ Sent
- ☒ PC 290    ☐ Sent
- ☒ PC 457.1 (Sentenced 11-30-94)    ☐ Sent
- ☒ On LSS

### NOTICES    ☐ NA
| | | |
|---|---|---|
| ☒ PC 3058.6 | ☒ On CDC 112 | ☐ Sent |
| ☒ PC 3058.61 | ☐ On CDC 112 | ☐ Sent |
| ☒ PC 3058.65 | ☐ On CDC 112 | ☐ Sent |
| ☒ PC 3058.8 | ☒ On CDC 112 | ☐ Sent |
| ☒ PC 3058.9 | ☐ On CDC 112 | ☐ Sent |
| ☒ PC 3060.6 | ☐ On CDC 112 | ☐ Sent |

### MEDICAL    ☐ NA
- ☒ PC 296 Blood & Saliva –complete    ☒ Palm Print
- ☐ Ordered    ☐ CMO Notified
- ☐ CDC 128C in file    ☐ Letter to Court
- ☒ PC 645    ☐ Court Order    ☐ Letter to Court
- ☒ PC 1202.1 Aids Testing    ☐ Letter to Court
- ☒ PC 3002 Psych Eval. Required    ☐ CMO Notified
- ☒ On LSS

### CREDIT LOSSES    ☐ NA
- ☒ Pending Disciplinary
- ☒ CDC 115 in file    ☒ On CDC 112
- ☒ Confirmed (to 6-5-95)    ☒ In OBIS
- ☒ Release Date Recalculated    ☒ On CDC 112
- ☒ PV Referred for extension hearing

### CREDIT RESTORATION    ☐ NA
- ☒ On CDC 112    ☒ Chrono in file    ☒ In OBIS

### HOLDS / WANTS / DETAINERS    ☐ NA
- ☒ Detainer in file    ☐ In OBIS
- ☒ CDC 661 sent and copy in file    ☐ Inmate advised
- ☒ CII/FBI reviewed    ☐ WIS only
- ☒ Possible Hold    ☐ PC 1381/1389

### LIFER
- ☒ Life Term Starts date calculated on CDC 112
- ☒ MEPD/hearing date correct    ☐ On CDC 112/LSS
- ☒ ALL BPT actions posted correctly to CDC 112
- Reviewed Per:    ☐ Monigold    ☐ Stofle    ☐ Thompson

### CONFIDENTIAL    ☐ NA
- ☒ Victim/Next-of-Kin of BPT    ☒ Victim/Witness Sticker

**COMMENTS:**

---

**CDC NUMBER:** __H 43428__    **INMATE NAME** __Hill, Raynard__

STATE OF CALIFORNIA
CDC 1151 (Rev 10/01)

DEPARTMENT OF CORRECTIONS

## AUDIT CHECKSHEET
(See Directions on Back)

Analyst _PJM_

Institution _CTF_   Date _9-1-06_

TYPE OF AUDIT  ☐ Intake   ☐ 60-day   ☐ 10-day
☐ Other   ☐ Preboard   ☐ PIC   ☑ Transfer

### LEGAL
☑ Number of active cases _One_
☐ All cases on LSS properly recorded
☐ Discrepancies/problems referred to LPU
☐ Documents requested from Court
☐ VC23175 imprisonment in lieu of fine
☐ Restitution   ☐ CDC 1497/ITAD
☐ PC 1203.1m

Fingerprint Cards   ☐ Correct   ☐ Requested
☐ DOJ notified of corrections
Photos   ☐ Within 5 years   ☐ Requested
☐ CDC #s linked   ☑ Transfer approved

### STATUS   ☐ NA
☐ High Control   ☐ On CDC 112
☐ SVP form in file   ☐ Excluded   ☐ Yes   ☐ No
☐ PC 1170(d) Report Requested/on CDC 112/LSS
☐ PC 1202.05 Visiting restriction (Sentenced 1-1-93)
☐ PC 2962 MDVO

### CREDIT EARNING STATUS
☐ IWTIP   ☐ Pre 1983-Signed Waiver in file
☐ Post 1983-Vested   ☐ Pre/Post 1983-Waiver not signed
☐ D-2 Calculation projected at 1/3
☐ Reviewed per Ramos
☐ *PC 2933.5 (1-1-91)   ☐ Elig.   ☐ Inelig.
☑ PC 2933.1 15% (9-21-94)
*Enter comments in Other Orders in OBIS
☐ Mixed credit codes   ☐ PC 667 (e) (3-7-94)
☐ CDC 112 posted   ☐ 6-month WCG
☐ Time cards purged

### PAROLE VIOLATOR - WNT   ☐ NA
☐ Referred for revocation   ☐ Hearing Scheduled
☐ Previous time collection purged   ☐ Printout in file
☐ RRD & EPRD calculated
☐ EPRD Controls   ☐ RRD Controls   ☐ On CDC 112
☐ CCR2649/Previous Term Discharged
☐ Miscellaneous Decision submitted

### PAROLE VIOLATOR - RTC   ☐ NA
☐ PC 3057 (D)(1)   ☐ Elig.   ☐ Inelig.
(P)RRD/All CDDs correctly calculated & on:
☐ CDC 112   ☐ CDC 144
☐ PAL Time Verified (suspend/reinstate)

### REGISTRATION   ☐ NA
☐ PC 290 Preregistrations   ☐ Completed
☐ PC 290 Prereg. posted on CDC 112
☐ H&S 11590   ☐ Sent
☐ PC 290   ☐ Sent
☐ PC 457.1 (Sentenced 11-30-94)   ☐ Sent
☐ On LSS

### NOTICES   ☐ NA
☐ PC 3058.6   ☐ On CDC 112   ☐ Sent
☐ PC 3058.61   ☐ On CDC 112   ☐ Sent
☐ PC 3058.65   ☐ On CDC 112   ☐ Sent
☐ PC 3058.8   ☐ On CDC 112   ☐ Sent
☐ PC 3058.9   ☐ On CDC 112   ☐ Sent
☐ PC 3060.6   ☐ On CDC 112   ☐ Sent

### MEDICAL   ☐ NA
☐ PC 296 Blood & Saliva   ☐ Palm Print
☐ Ordered   ☐ CMO Notified
☐ CDC 128C in file   ☐ Letter to Court
☐ PC 645   ☐ Court Order   ☐ Letter to Court
☐ PC 1202.1 Aids Testing   ☐ Letter to Court
☐ PC 3002 Psych Eval. Required   ☐ CMO Notified
☐ On LSS

### CREDIT LOSSES   ☐ NA
☐ Pending Disciplinary
☑ CDC 115 in file   ☑ On CDC 112
☐ Confirmed (to 6-5-95)   ☑ In OBIS
☑ Release Date Recalculated   ☑ On CDC 112
☐ PV Referred for extension hearing

### CREDIT RESTORATION
☐ On CDC 112   ☐ Chrono in file   ☐ NA
☐ In OBIS

### HOLDS / WANTS / DETAINERS   ☐ NA
☐ Detainer in file   ☐ In OBIS
☐ CDC 661 sent and copy in file   ☐ Inmate advised
☐ CII/FBI reviewed   ☐ WIS only
☐ Possible Hold   ☐ PC 1381/1389

### LIFER
☐ Life Term Starts date calculated on CDC 112
☐ MEPD/hearing date correct   ☐ On CDC 112/LSS
☐ ALL BPT actions posted correctly to CDC 112
Reviewed Per:   ☐ Monigold   ☐ Stofle   ☐ Thompson

### CONFIDENTIAL   ☐ NA
☑ Victim/Next-of-Kin of BPT   ☑ Victim/Witness Sticker

COMMENTS: _DV 11-17-0_
_11-20-06_

CDC NUMBER: _H-43428_     INMATE NAME _Hill_

STATE OF CALIFORNIA
CDC 1151 (Rev 10/01)

DEPARTMENT OF CORRECTIONS

## AUDIT CHECKSHEET
(See Directions on Back)

Analyst _E. Sandoval_

Institution _CTF_  Date _4-7-2003_

**TYPE OF AUDIT** ☑ Intake  ☐ 60-day  ☐ 10-day
☐ Other  ☐ Preboard  ☐ PIC  ☐ Transfer

| **LEGAL** | |
|---|---|
| ☑ | Number of active cases _One_ |
| ☑ | All cases on LSS properly recorded |
| ☐ | Discrepancies/problems referred to LPU |
| ☐ | Documents requested from Court |
| ☐ | VC 23175 imprisonment in lieu of fine |
| ☐ | Restitution  ☐ CDC 1497/ITAD |
| ☐ | PC 1203.1m |

Fingerprint Cards  ☑ Correct  ☐ Requested
  ☑ DOJ notified of corrections
Photos  ☑ Within 5 years  ☐ Requested
☐ CDC #s linked  ☑ Transfer approved

**STATUS**  ☐ NA
☐ High Control  ☐ On CDC 112
☐ SVP form in file  ☐ Excluded  ☐ Yes  ☐ No
☐ PC 1170(d) Report Requested/on CDC 112/LSS
☐ PC 1202.05 Visiting restriction (Sentenced 1-1-93)
☐ PC 2962 MDVO

**CREDIT EARNING STATUS**
☐ IWTIP  ☐ Pre 1983-Signed Waiver in file
☐ Post 1983-Vested  ☐ Pre/Post 1983-Waiver not signed
☐ D-2 Calculation projected at 1/3
☐ Reviewed per Ramos
☐ *PC 2933.5 (1-1-91)  ☐ Elig.  ☐ Inelig.
☑ *PC 2933.1 15% (9-21-94)
*Enter comments in Other Orders in OBIS
☐ Mixed credit codes  ☐ PC 667 (e) (3-7-94)
☑ CDC 112 posted  ☐ 6-month WCG
☐ Time cards purged

**PAROLE VIOLATOR - WNT**  ☑ NA
☐ Referred for revocation  ☐ Hearing Scheduled
☐ Previous time collection purged  ☐ Printout in file
☐ RRD & EPRD calculated
☐ EPRD Controls  ☐ RRD Controls  ☐ On CDC 112
☐ CCR 2649/Previous Term Discharged
☐ Miscellaneous Decision submitted

**PAROLE VIOLATOR - RTC**  ☑ NA
☐ PC 3057 (D)(1)  ☐ Elig.  ☐ Inelig.
(P)RRD/All CDDs correctly calculated & on:
  ☐ CDC 112  ☐ CDC 144
☐ PAL Time Verified (suspend/reinstate)

| **REGISTRATION** | | ☑ NA |
|---|---|---|
| ☐ PC 290 Preregistrations | | ☐ Completed |
| ☐ PC 290 Prereg. posted on CDC 112 | | |
| ☐ H&S 11590 | | ☐ Sent |
| ☐ PC 290 | | ☐ Sent |
| ☐ PC 457.1 (Sentenced 11-30-94) | | ☐ Sent |
| ☐ On LSS | | |

| **NOTICES** | | | ☐ NA |
|---|---|---|---|
| ☐ PC 3058.6 | ☐ On CDC 112 | | ☐ Sent |
| ☐ PC 3058.61 | ☐ On CDC 112 | | ☐ Sent |
| ☑ PC 3058.65 | ☑ On CDC 112 | | ☐ Sent |
| ☑ PC 3058.8 | ☑ On CDC 112 | | ☐ Sent |
| ☐ PC 3058.9 | ☐ On CDC 112 | | ☐ Sent |
| ☐ PC 3060.6 | ☐ On CDC 112 | | ☐ Sent |

| **MEDICAL** | | ☐ NA |
|---|---|---|
| ☐ PC 296 Blood & Saliva | | ☐ Palm Print |
| ☐ Ordered | | ☐ CMO Notified |
| ☐ CDC 128C in file | | ☐ Letter to Court |
| ☐ PC 645  ☐ Court Order | | ☐ Letter to Court |
| ☐ PC 1202.1 Aids Testing | | ☐ Letter to Court |
| ☐ PC 3002 Psych Eval. Required | | ☐ CMO Notified |
| | | ☐ On LSS |

| **CREDIT LOSSES** | | ☐ NA |
|---|---|---|
| ☐ Pending Disciplinary | | |
| ☑ CDC 115 in file | | ☑ On CDC 112 |
| ☑ Confirmed (to 6-5-95) | | ☑ In OBIS |
| ☑ Release Date Recalculated | | ☑ On CDC 112 |
| ☐ PV Referred for extension hearing | | |

| **CREDIT RESTORATION** | | ☐ NA |
|---|---|---|
| ☑ On CDC 112 | ☑ Chrono in file | ☐ In OBIS |

| **HOLDS / WANTS / DETAINERS** | ☑ NA |
|---|---|
| ☐ Detainer in file | ☐ In OBIS |
| ☐ CDC 661 sent and copy in file | ☐ Inmate advised |
| ☐ CII/FBI reviewed | ☐ WIS only |
| ☐ Possible Hold | ☐ PC 1381/1389 |

**LIFER** _N/A_
☐ Life Term Starts date calculated on CDC 112
☐ MEPD/hearing date correct  ☐ On CDC 112/LSS
☐ ALL BPT actions posted correctly to CDC 112
Reviewed Per: ☐ Monigold  ☐ Stofle  ☐ Thompson

| **CONFIDENTIAL** | ☐ NA |
|---|---|
| ☐ Victim/Next-of-Kin of BPT | ☑ Victim/Witness Sticker |

**COMMENTS:**

| CDC NUMBER: | INMATE NAME |
|---|---|
| H 43428 | Hill |

STATE OF CALIFORNIA
CDC 1151 (Rev 10/01)

DEPARTMENT OF CORRECTIONS

## AUDIT CHECKSHEET
(See Directions on Back)

Analyst _Jean Ann Collins_

TYPE OF AUDIT ☐ Intake  ☐ 60-day  ☐ 10-day

Institution _HCCT 4B_  Date _8-19-2002_  ☐ Other  ☐ Preboard  ☐ PIC  ☑ Transfer

### LEGAL
☐ Number of active cases _____
☐ All cases on LSS properly recorded
☐ Discrepancies/problems referred to LPU
☐ Documents requested from Court
☐ VC 23175 imprisonment in lieu of fine
☐ Restitution  ☐ CDC 1497/ITAD
☐ PC 1203.1m

Fingerprint Cards  ☐ Correct  ☐ Requested
☐ DOJ notified of corrections

Photos  ☐ Within 5 years  ☐ Requested
☐ CDC #s linked  ☑ Transfer approved _Fairfield CHP_

### STATUS  _then to CTF III_  ☐ NA
☐ High Control  ☐ On CDC 112
☐ SVP form in file  ☐ Excluded  ☐ Yes  ☐ No
☐ PC 1170(d) Report Requested/on CDC 112/LSS
☐ PC 1202.05 Visiting restriction (Sentenced 1-1-93)
☐ PC 2962 MDVO

### CREDIT EARNING STATUS
☐ IWTIP  ☐ Pre 1983-Signed Waiver in file
☐ Post 1983-Vested  ☐ Pre/Post 1983-Waiver not signed
☐ D-2 Calculation projected at 1/3
☐ Reviewed per Ramos
☐ *PC 2933.5 (1-1-91)  ☐ Elig.  ☐ Inelig.
☑ *PC 2933.1 15% (9-21-94)
*Enter comments in Other Orders in OBIS
☐ Mixed credit codes  ☐ PC 667 (e) (3-7-94)
☑ CDC 112 posted  ☐ 6-month WCG
☐ Time cards purged

### PAROLE VIOLATOR - WNT  ☐ NA
☐ Referred for revocation  ☐ Hearing Scheduled
☐ Previous time collection purged  ☐ Printout in file
☐ RRD & EPRD calculated
☐ EPRD Controls  ☐ RRD Controls  ☐ On CDC 112
☐ CCR 2649/Previous Term Discharged
☐ Miscellaneous Decision submitted

### PAROLE VIOLATOR - RTC  ☐ NA
☐ PC 3057 (D)(1)  ☐ Elig.  ☐ Inelig.
☐ (P)RRD/All CDDs correctly calculated & on:
☐ CDC 112  ☐ CDC 144
☐ PAL Time Verified (suspend/reinstate)

### REGISTRATION  ☐ NA
☐ PC 290 Preregistrations  ☐ Completed
☐ PC 290 Prereg. posted on CDC 112
☐ H&S 11590  ☐ Sent
☐ PC 290  ☐ Sent
☐ PC 457.1 (Sentenced 11-30-94)  ☐ Sent
☐ On LSS

### NOTICES  ☐ NA
☐ PC 3058.6  ☐ On CDC 112  ☐ Sent
☐ PC 3058.61  ☐ On CDC 112  ☐ Sent
☐ PC 3058.65  ☐ On CDC 112  ☐ Sent
☐ PC 3058.8  ☐ On CDC 112  ☐ Sent
☐ PC 3058.9  ☐ On CDC 112  ☐ Sent
☐ PC 3060.6  ☐ On CDC 112  ☐ Sent

### MEDICAL  ☐ NA
☐ PC 296 Blood & Saliva  ☐ Palm Print
☐ Ordered  ☐ CMO Notified
☐ CDC 128C in file  ☐ Letter to Court
☐ PC 645  ☐ Court Order  ☐ Letter to Court
☐ PC 1202.1 Aids Testing  ☐ Letter to Court
☐ PC 3002 Psych Eval. Required  ☐ CMO Notified
☐ On LSS

### CREDIT LOSSES  ☐ NA
☐ Pending Disciplinary
☐ CDC 115 in file  ☐ On CDC 112
☐ Confirmed (to 6-5-95)  ☐ In OBIS
☐ Release Date Recalculated  ☐ On CDC 112
☐ PV Referred for extension hearing

### CREDIT RESTORATION  ☐ NA
☐ On CDC 112  ☐ Chrono in file  ☐ In OBIS

### HOLDS / WANTS / DETAINERS  ☑ NA
☐ Detainer in file  ☐ In OBIS
☐ CDC 661 sent and copy in file  ☐ Inmate advised
☐ CII/FBI reviewed  ☐ WIS only
☐ Possible Hold  ☐ PC 1381/1389

### LIFER
☐ Life Term Starts date calculated on CDC 112
☐ MEPD/hearing date correct  ☐ On CDC 112/LSS
☐ ALL BPT actions posted correctly to CDC 112
Reviewed Per:  ☐ Monigold  ☐ Stofle  ☐ Thompson

### CONFIDENTIAL  ☐ NA
☐ Victim/Next-of-Kin of BPT  ☐ Victim/Witness Sticker

### COMMENTS:

CDC NUMBER: _H-43028_

INMATE NAME _Dull, Raynard Byron_

00378

STATE OF CALIFORNIA
CDC 1151 (Rev 10/01)

DEPARTMENT OF CORRECTIONS

## AUDIT CHECKSHEET
(See Directions on Back)

Analyst _Jean Ann Waller_

Institution _CCI 4B_   Date _8.6.2003_

TYPE OF AUDIT ☑ Intake   ☐ 60-day   ☐ 10-day
☐ Other   ☐ Preboard   ☐ PIC   ☐ Transfer

### LEGAL
- ☑ Number of active cases _One (a)_
- ☑ All cases on LSS properly recorded
- ☐ Discrepancies/problems referred to LPU
- ☐ Documents requested from Court
- ☐ VC23175 imprisonment in lieu of fine
- ☒ Restitution   ☐ CDC 1497/ITAD
- ☐ PC 1203.1m

Fingerprint Cards   ☑ Correct   ☐ Requested
        ☐ DOJ notified of corrections
Photos   ☑ Within 5 years   ☐ Requested
☑ CDC #s linked   ☑ Transfer approved

### STATUS   ☐ NA
- ☐ High Control   ☐ On CDC 112
- ☐ SVP form in file   ☐ Excluded   ☐ Yes ☐ No
- ☐ PC 1170(d) Report Requested/on CDC 112/LSS
- ☐ PC 1202.05 Visiting restriction (Sentenced 1-1-93)
- ☐ PC 2962 MDVO

### CREDIT EARNING STATUS
- ☐ IWTIP   ☐ Pre 1983-Signed Waiver in file
- ☐ Post 1983-Vested   ☐ Pre/Post 1983-Waiver not signed
- ☐ D-2 Calculation projected at 1/3
- ☐ Reviewed per Ramos
- ☐ *PC 2933.5 (1-1-91)   ☐ Elig.   ☐ Inelig.
- ☑ *PC 2933.1 15% (9-21-94)
*Enter comments in Other Orders in OBIS
- ☐ Mixed credit codes   ☐ PC 667 (e) (3-7-94)
- ☐ CDC 112 posted   ☐ 6-month WCG
- ☐ Time cards purged

### PAROLE VIOLATOR - WNT   ☑ NA
- ☐ Referred for revocation   ☐ Hearing Scheduled
- ☐ Previous time collection purged   ☐ Printout in file
- ☐ RRD & EPRD calculated
- ☐ EPRD Controls   ☐ RRD Controls   ☐ On CDC 112
- ☐ CCR 2649/Previous Term Discharged
- ☐ Miscellaneous Decision submitted

### PAROLE VIOLATOR - RTC   ☑ NA
- ☐ PC 3057 (D)(1)   ☐ Elig.   ☐ Inelig.
- ☐ (P)RRD/All CDDs correctly calculated & on:
      ☐ CDC 112   ☐ CDC 144
- ☐ PAL Time Verified (suspend/reinstate)

### REGISTRATION   ☑ NA
- ☐ PC 290 Preregistrations   ☐ Completed
- ☐ PC 290 Prereg. posted on CDC 112
- ☐ H&S 11590   ☐ Sent
- ☐ PC 290   ☐ Sent
- ☐ PC 457.1 (Sentenced 11-30-94)   ☐ Sent
- ☐ On LSS

### NOTICES                                    ☐ NA
- ☑ PC 3058.6   ☑ On CDC 112   ☐ Sent
- ☐ PC 3058.61   ☐ On CDC 112   ☐ Sent
- ☐ PC 3058.65   ☐ On CDC 112   ☐ Sent
- ☑ PC 3058.8   ☑ On CDC 112   ☐ Sent
- ☐ PC 3058.9   ☐ On CDC 112   ☐ Sent
- ☐ PC 3060.6   ☐ On CDC 112   ☐ Sent

### MEDICAL                                    ☐ NA
- ☐ PC 296 Blood & Saliva   ☐ Palm Print
      ☐ Ordered   ☐ CMO Notified
      ☐ CDC 128C in file   ☐ Letter to Court
- ☐ PC 645   ☐ Court Order   ☐ Letter to Court
- ☐ PC 1202.1 Aids Testing   ☐ Letter to Court
- ☐ PC 3002 Psych Eval. Required   ☐ CMO Notified
      ☐ On LSS

### CREDIT LOSSES                              ☐ NA
- ☐ Pending Disciplinary
- ☐ CDC 115 in file   ☐ On CDC 112
- ☐ Confirmed (to 6-5-95)   ☐ In OBIS
- ☐ Release Date Recalculated   ☐ On CDC 112
- ☐ PV Referred for extension hearing

### CREDIT RESTORATION                         ☐ NA
- ☐ On CDC 112   ☐ Chrono in file   ☐ In OBIS

### HOLDS / WANTS / DETAINERS                  ☐ NA
- ☐ Detainer in file   ☐ In OBIS
- ☐ CDC 661 sent and copy in file   ☐ Inmate advised
- ☑ CII/FBI reviewed   ☐ WIS only
- ☐ Possible Hold   ☐ PC 1381/1389

### LIFER                                      (NA)
- ☐ Life Term Starts date calculated on CDC 112
- ☐ MEPD/hearing date correct   ☐ On CDC 112/LSS
- ☐ ALL BPT actions posted correctly to CDC 112
- Reviewed Per:   ☐ Monigold   ☐ Stofle   ☐ Thompson

### CONFIDENTIAL                               ☐ NA
- ☑ Victim/Next-of-Kin of BPT   ☑ Victim/Witness Sticker

COMMENTS: _* Both Restitution fines & both Direct Orders in Trust_

CDC NUMBER: _H-43428_

INMATE NAME _Hill, Raynard, Byron_

00379

STATE OF CALIFORNIA
CDC 1151 (Rev 10/01)

DEPARTMENT OF CORRECTIONS

## AUDIT CHECKSHEET
(See Directions on Back)

Analyst _E Ballard_

Institution _UNC-E_   Date _5-31-02_

**TYPE OF AUDIT** ☐ Intake    ☐ 60-day    ☐ 10-day
☐ Other    ☐ Preboard    ☐ PIC    ☑ Transfer

### LEGAL
☑ Number of active cases _One_
☐ All cases on LSS properly recorded
☐ Discrepancies/problems referred to LPU
☐ Documents requested from Court
☐ VC23175 imprisonment in lieu of fine
☐ Restitution    ☐ CDC 1497/ITAD
☐ PC 1203.1m

Fingerprint Cards   ☐ Correct   ☐ Requested
                    ☐ DOJ notified of corrections
Photos              ☐ Within 5 years   ☐ Requested
☐ CDC #s linked   ☑ Transfer approved

### STATUS                                ☐ NA
☐ High Control          ☐ On CDC 112
☐ SVP form in file   ☐ Excluded   ☐ Yes   ☐ No
☐ PC 1170(d) Report Requested/on CDC 112/LSS
☐ PC 1202.05 Visiting restriction (Sentenced 1-1-93)
☐ PC 2962 MDVO

### CREDIT EARNING STATUS
☐ IWTIP                ☐ Pre 1983-Signed Waiver in file
☐ Post 1983-Vested   ☐ Pre/Post 1983-Waiver not signed
☐ D-2 Calculation processed at 1/3
☐ Reviewed per Ramos
☐ *PC 2933.5 (1-1-91)  ☐ Elig.   ☐ Inelig.
☐ *PC 2933.1 15% (9-21-94)
*Enter comments in Other Orders in OBIS
☑ Mixed credit codes   ☐ PC 667 (e) (3-7-94)
☐ CDC 112 posted      ☐ 6-month WCG
☐ Time cards purged

### PAROLE VIOLATOR - WNT        ☑ NA
☐ Referred for revocation      ☐ Hearing Scheduled
☐ Previous time collection purged   ☐ Printout in file
☐ RRD & EPRD calculated
☐ EPRD Controls   ☐ RRD Controls   ☐ On CDC112
☐ CCR 2649/Previous Term Discharged
☐ Miscellaneous Decision submitted

### PAROLE VIOLATOR - RTC        ☐ NA
☐ PC 3057 (D)(1)   ☐ Elig.   ☑ Inelig.
(P)RRD/All CDDs correctly calculated & on:
     ☐ CDC 112    ☐ CDC 144
☐ PAL Time Verified (suspend/reinstate)

### REGISTRATION                         ☐ NA
☐ PC 290 Preregistrations          ☐ Completed
☐ PC 290 Prereg. posted on CDC 112
☐ H&S 11590                         ☐ Sent
☐ PC 290                            ☐ Sent
☐ PC 457.1 (Sentenced 11-30-94)    ☐ Sent
☐ On LSS

### NOTICES                                    ☐ NA
☑ PC 3058.6      ☑ On CDC 112      ☐ Sent
☐ PC 3058.61     ☐ On CDC 112      ☐ Sent
☐ PC 3058.65     ☐ On CDC 112      ☐ Sent
☑ PC 3058.8      ☑ On CDC 112      ☐ Sent
☐ PC 3058.9      ☐ On CDC 112      ☐ Sent
☐ PC 3060.6      ☐ On CDC 112      ☐ Sent

### MEDICAL                            ☐ NA
☐ PC 296 Blood & Saliva         ☐ Palm Print
         ☐ Ordered              ☐ CMO Notified
         ☐ CDC 128C in file     ☐ Letter to Court
☐ PC 645    ☐ Court Order       ☐ Letter to Court
☐ PC 1202.1 Aids Testing        ☐ Letter to Court
☐ PC 3002 Psych Eval. Required  ☐ CMO Notified
                                ☐ On LSS

### CREDIT LOSSES                      ☐ NA
☐ Pending Disciplinary
☑ CDC 115 in file              ☑ On CDC 112
☐ Confirmed (to 6-5-95)        ☑ In OBIS
☑ Release Date Recalculated    ☑ On CDC 112
☐ PV Referred for extension hearing

### CREDIT RESTORATION                 ☐ NA
☑ On CDC 112   ☐ Chrono in file   ☑ In OBIS

### HOLDS / WANTS / DETAINERS      ☑ NA
☐ Detainer in file             ☐ In OBIS
☐ CDC 661 sent and copy in file   ☐ Inmate advised
☐ CII/FBI reviewed             ☐ WIS only
☐ Possible Hold                ☐ PC 1381/1389

### LIFER
☐ Life Term Starts date calculated on CDC 112
☐ MEPD/hearing date correct    ☐ On CDC 112/LSS
☐ ALL BPT actions posted correctly to CDC 112
Reviewed Per:  ☐ Monigold   ☐ Stofle   ☐ Thompson

### CONFIDENTIAL                       ☐ NA
☐ Victim/Next-of-Kin of BPT   ☑ Victim/Witness Sticker

**COMMENTS:** _See I_

CDC NUMBER: _4-43428_

INMATE NAME _Hill, Raymond_

00380

State of California
Form 1151 (7-1998)

**AUDIT CHECKSHEET**
(See Directions on Back)

Specialist _Rralyn Guillarel_

Type of Audit: [✓] Intake  [ ] 60-Day  [ ] 10-Day

[ ] Other  [ ] Preboard  [ ] PIC  [ ] Transfer

Institution _RTC-E_  Date _8-6-98_

## LEGAL
- [✓] Number of active cases _845_
- [✓] All cases on LSS properly recorded
- [ ] Discrepancies/problems referred to LPU
- [ ] Documents requested from Court
- [ ] VC23175 imprisonment in lieu of fine
- [✓] Restitution [✓] CDC 1497/ITADD _resubmit new_
- [ ] PC1203.1m

Fingerprint Cards [✓] Correct [ ] Requested
- [ ] DOJ notified of corrections

Photos [✓] Within 5 yrs. [ ] Requested
- [ ] CDC #s linked [✓] Transfer approved

## STATUS
[ ] NA
- [ ] High Control [ ] On CDC 112
- [ ] SVP form in file [ ] Excluded [ ] Yes [ ] No
- [ ] PC 1170(d) Report Requested/on CDC112/LSS
- [ ] PC 1202.05 Visiting restriction (Sentenced 1-1-93)
- [✓] PC 2962 MDVO

## CREDIT EARNING STATUS
- [ ] IWTIP [ ] Pre 1983-Signed Waiver in file
- [ ] Post 1983-Vested [ ] Pre/Post 1983-Waiver not signed
- [ ] D-2 Calculation projected at 1/3
- [✓] Reviewed per Ramos
- [ ] PC 2933.5 (1-1-91) [ ] Elig. [ ] Inelig.
- [ ] PC 2933.1 15% (9-21-94)
*Enter comments in Other Orders in OBIS
- [ ] Mixed credit codes [✓] PC 667(e) (3-7-94)
- [ ] CDC 112 posted [ ] 6-month WCG
- [ ] Time cards purged

## PAROLE VIOLATOR WNT _11-20-96_ [ ] NA
- [ ] Referred for revocation [ ] Hearing Scheduled
- [ ] Previous time collection purged [ ] Printout in file
- [ ] RRD & EPRD calculated
- [ ] EPRD Controls [ ] RRD Controls [ ] On CDC 112
- [✓] CCR 2649/Previous Term Discharged
- [ ] Miscellaneous Decision submitted

## PAROLE VIOLATOR RTC [ ] NA
- [ ] PC 3057(D)(1) [ ] Elig. [ ] Inelig.
- (P)RRD/All CDDs correctly calculated & on:
- [ ] CDC 112 [ ] CDC 144
- [ ] PAL Time Verified (suspend/reinstate)

COMMENTS _DR = 2 years_

## REGISTRATION
[ ] NA
- [ ] PC 290 Preregistrations [ ] Completed
- [ ] PC 290 Preregistration posted on CDC Form 112
- [ ] H&S 11590 [ ] Sent
- [ ] PC290 [ ] Sent
- [ ] PC 457.1 (Sentenced 11-30-94) [ ] Sent
- [ ] On LSS

## NOTICES
[ ] NA
- [✓] PC 3058.6 [✓] LSS [✓] On CDC 112
- [ ] 60-day letter [ ] Phone/FAX/TTY
- [ ] PC 3058.8 [ ] On CDC 112
- [ ] 60-day letter [ ] Phone/Fax
- [ ] PC 11150 [ ] Sent

## MEDICAL
[✓] NA
- [✓] PC 290.2 Blood & Saliva [ ] Palm Print
- [ ] Ordered [ ] CMO Notified
- [ ] CDC 128C in file [ ] Letter to Court
- [ ] PC 645 [ ] Court Order [ ] Letter to Court
- [ ] PC 1202.1 Aids Testing [ ] Letter to Court
- [ ] PC 3002 Psych Eval. Required [ ] CMO Notified
- [ ] On LSS

## CREDIT LOSSES
[✓] NA
- [ ] Pending Disciplinary
- [ ] CDC 115 in file [ ] On CDC 112
- [ ] Confirmed (to 6-5-95) [ ] In OBIS
- [ ] Release Date Recalculated [ ] On CDC 112
- [ ] PV Referred for extension hearing

## CREDIT RESTORATION
[✓] NA
- [ ] On CDC 112 [ ] Chrono in file [ ] In OBIS

## HOLDS/WANTS/DETAINERS
[ ] NA
- [ ] Detainer in file [ ] In OBIS
- [ ] CDC 661 sent and copy in file. [ ] Inmate advised
- [ ] CII/FBI reviewed [ ] WIS only
- [ ] Possible Hold [ ] PC 1381/1389

## LIFER
[ ] NA
- [ ] Life Term Starts date calculated on CDC 112
- [ ] MEPD/hearing date correct [ ] On CDC112/LSS
- [ ] ALL BPT actions posted correctly to CDC 112

Reviewed Per: [ ] Morineld [ ] Stofle [ ] Thompson

## CONFIDENTIAL
[ ] NA
- [ ] Victim/Next-of-Kin of BPT [✓] Victim/Witness Sticker

CDC NUMBER: _H-43428_

INMATE NAME _Hill, Raymond_

State of California                                      Department of Corrections
CDC 1151 (3/96)    LEGAL STATUS AUDIT SHEET

| AUDITORS NAME D. WORRELL | INSTITUTION PVSP | TYPE OF AUDIT Transfer | DATE OF AUDIT 7-27-98 |
|---|---|---|---|

**LEGAL**
- [ ] Number of active cases _____
- [ ] All commitments properly recorded on Legal Status
- [ ] Discrepant or problem case(s) referred to LPU
- [✓] Fingerprint Cards/Current Photo
  - [✓] Complete    [ ] None (Refer to R&R)
- [✓] Transfer approval for this institution
- [ ] Registration required & reflected on Legal Status
  - [ ] H11590    [ ] P290    [ ] P457.1
- [ ] VC23175/Imprisonment in lieu of fine
- [✓] Notice Required per
  - [✓] P3058.6    [✓] P3058.8    [ ] P11150
- [ ] P290.2 AIDS Blood & Saliva samples required
  - [ ] 128C in file    [ ] Ordered & reflected on Legal Status
- [ ] P1202.1 blood test required (1-1-89)
  - [ ] CMO Notified    [ ] Letter to Court
- [ ] P3002 Psych. eval. required and reflected on Legal Status
- [ ] P1170(d) Report requested (Refer to C&PR)
- [ ] P1202.05 Visiting restrictions with Child Victim and recorded on CDC 112
- [ ] Restitution ordered & posted per P2085.5(a) /G13967/ P1202.3 / P1203.4 & CDC 112 posted

**EARNING STATUS**
- [ ] IWTIP
  - [ ] Pre 1983 case(s) - signed waiver in file
  - [ ] Post 1983 case(s) - vested
  - [ ] Mixed cases - waiver not signed
- If applicable the below earning status MUST be appropriately entered in OBIS in "Other Orders":
- [✓] P2933.1 (15%) - (eff. 9/21/94)
- [ ] P667(e) - (eff. 3/7/94)
  - [ ] 20%    [ ] MEPD
- [ ] P2933.5 - (eff. 1/1/91) Eligible / Ineligible
  - [ ] CII/FBI reviewed    [ ] CDC 112 posted
  - ____ # of PPT's found
- Mixed cases (cc/cs) of any of the above MUST have separate release dates calculated and appropriately posted to CDC 112

**LIFER**
- [ ] MEPD & current hearing date correctly computed & entered on legal status and CDC 112
- [ ] ALL Board action s posted to CDC 112
- [ ] Reviewed per In Re Monigold
- [ ] Life Term starts date calculated and posted on CDC 112
- [ ] MEPD entered in OBIS

**Parole Violator - RETURN TO CUSTODY**
- [ ] P3057 (d)(1)    [ ] ELIG    [ ] INELIG
- [ ] Parole revoked (if not scheduled for hearing)
- [ ] (P)RRD & ALL CDD's calculated & recorded on CDC 112, CDC 144 card
- [ ] PAL time (suspend/reinstate verified)

**Parole Violator - WITH NEW TERM**
- [ ] Parole revoked by BPT (if not, refer to BPT Guidelines for scheduling hearing/discharge
- [ ] Revocation Release Date and new commitment EPRD compared
- [ ] Dual Case (RRD/EPRD Controls)
- [ ] Revocation Release Date/EPRD & ALL CDD's calculated & posted on CDC 112 and CDC 144

**CREDIT LOSSES**
- [ ] Pending Disciplinary
- [ ] Confirmed, entered in OBIS and reflected on Legal Status & CDC 112, date recalculated & inmate advised
- [ ] Parole Violator, referred to BPT for extension

**CREDIT RESTORATION**
- [✓] Entered in OBIS/date recalculated and reflected on Legal Status & CDC 112

**HOLDS/WANTS/DETAINERS/NOTICES**
- [✓] None in file/no longer wanted
- [ ] Detainer(s) in file by: _____
- [ ] WIS Only - No Hold
- [ ] Hold placement acknowledgment letter sent (CDC 661)
- [ ] Possible Hold _____
  - [ ] Refer HWD
- [ ] Inmate advised/signed CDC 661 in file
- [ ] CDC 112/144 posted
- [ ] Hold entered in OBIS
- [ ] Subject being released to Hold To: _____
- [ ] Notice Required per: P3058.6
  - [ ] 45 day letter [ ] Under 45 days Teletype P3058.6

**CONFIDENTIAL**
- [✓] Victim notice P3058.8
  - [ ] None in file [ ] Requested
  - [ ] 45 day letter [ ] Call if under 45 days

**COMMENTS:** July's time card will be entered + mailed upon receipt.

| CDC NUMBER H-43458 | INMATE NAME Hill, Raynard |
|---|---|

State of California
CDC 1151 (3/96)

Department of Corrections

**LEGAL STATUS AUDIT SHEET**

| AUDITORS NAME | INSTITUTION | TYPE OF AUDIT | DATE OF AUDIT |
|---|---|---|---|
| PAM WEBSTER | PVSP | Intake | 6-24-98 |

**LEGAL**
- ☑ Number of active cases _One (1)_
- ☑ All commitments properly recorded on Legal Status
- ☑ Discrepant or problem case(s) referred to LPU _Edit_
- ☑ Fingerprint Cards/Current Photo
  - ☑ Complete ☐ None (Refer to R&R)
- ☑ Transfer approval for this institution
- ☑ Registration required & reflected on Legal Status
  - ☐ H11590 ☐ P290 ☐ P457.1
- ☐ VC23175/Imprisonment in lieu of fine
- ☑ Notice Required per _____
  - ☑ P3058.6 ☑ P3058.8 ☐ P11150
- ☑ P290.2 AIDS Blood & Saliva samples required
  - ☐ 128C in file ☐ Ordered & reflected on Legal Status
- ☐ P1202.1 blood test required (1-1-89)
  - ☐ CMO Notified ☐ Letter to Court
- ☐ P3002 Psych. eval. required and reflected on Legal Status
- ☐ P1170(d) Report requested (Refer to C&PR)
- ☐ P1202.05 Visiting restrictions with Child Victim and recorded on CDC 112
- ☑ Restitution ordered & posted per P2085.5(a) /G13967(a) P1202.3
  - P1203.4 & CDC 112 posted _200°° / 1500°°—Direct_

**EARNING STATUS**
- ☐ IWTIP
  - ☐ Pre 1983 case(s) - signed waiver in file
  - ☐ Post 1983 case(s) - vested
  - ☐ Mixed cases - waiver not signed
- If applicable the below earning status MUST be appropriately entered in OBIS in "Other Orders":
- ☑ P2933.1 (15%) - (eff. 9/21/94)
- ☐ P667(e) - (eff. 3/7/94)
  - ☐ 20% ☐ MEPD
- ☐ P2933.5 - (eff. 1/1/91) Eligible / Ineligible
  - ☐ CII/FBI reviewed ☐ CDC 112 posted
  - ___ # of PPT's found
- Mixed cases (cc/cs) of any of the above MUST have separate release dates calculated and appropriately posted to CDC 112

**LIFER**
- ☐ MEPD & current hearing date correctly computed & entered on legal status and CDC 112
- ☐ ALL Board action s posted to CDC 112
- ☐ Reviewed per In Re Monigold
- ☑ Life Term starts date calculated and posted on CDC 112
- ☐ MEPD entered in OBIS

**Parole Violator - RETURN TO CUSTODY**
- ☐ P3057 (d)(1) ☐ ELIG ☐ INELIG
- ☐ Parole revoked (if not scheduled for hearing)
- ☐ (P)RRD & ALL CDD's calculated & recorded on CDC 112, CDC 144 card
- ☐ PAL time (suspend/reinstate verified)

**Parole Violator - WITH NEW TERM**
- ☐ Parole revoked by BPT (if not, refer to BPT Guidelines for scheduling hearing/discharge) — _eff. 2-9-98 @ May_
- ☐ Revocation Release Date and new commitment EPRD compared
- ☐ Dual Case (RRD/EPRD Controls)
- ☐ Revocation Release Date/EPRD & ALL CDD's calculated & posted on CDC 112 and CDC 144

**CREDIT LOSSES**
- ☐ Pending Disciplinary
- ☐ Confirmed, entered in OBIS and reflected on Legal Status & CDC 112, date recalculated & inmate advised
- ☐ Parole Violator, referred to BPT for extension

**CREDIT RESTORATION**
- ☐ Entered in OBIS/date recalculated and reflected on Legal Status & CDC 112

**HOLDS/WANTS/DETAINERS/NOTICES**
- ☑ None in file/no longer wanted
- ☐ Detainer(s) in file by: _____
- ☐ WIS Only - No Hold
- ☐ Hold placement acknowledgment letter sent (CDC 661)
- ☐ Possible Hold
  - ☐ Refer HWD
- ☐ Inmate advised/signed CDC 661 in file
- ☐ CDC 112/144 posted
- ☐ Hold entered in OBIS
- ☐ Subject being released to Hold To: _____
- ☐ Notice Required per: P3058.6
  - ☐ 45 day letter ☐ Under 45 days Teletype P3058.6

**CONFIDENTIAL**
- ☐ Victim notice P3058.8
  - ☐ None in file ☐ Requested
  - ☑ 45 day letter ☐ Call if under 45 days

**COMMENTS:**

| CDC NUMBER | INMATE NAME |
|---|---|
| H43428 | Hill, Raynard |

| AUDITOR'S NAME: | INSTITUTION | TYPE OF AUDIT | | DATE OF AUDIT |
|---|---|---|---|---|
| VAZQUEZ, IRMA | IRONWOOD STATE PRISON | ☐ 10 DAY ☐ INTAKE ☑ TRANSFER ☐ 60 DAY ☐ WORK FURLOUGH / USINS | | MAR 2 0 1998 |

**LEGAL**  T/S: 11-20-96

☑ Number of active cases  _one & RTC_
☐ All commitments properly recorded on Legal Status
☐ Discrepant or problem case(s) referred to LPU
☐ Fingerprint Cards
   ☐ Completed   ☐ None (Refer to R&R)
☐ Current Photo
   ☐ Completed   ☐ None (Refer to R&R)
☑ Transfer approval for this institution
☐ Registration required & reflected on Legal Status
   ☐ H11590   ☐ 290   ☐ 457.1
☐ Reviewed for 1202.05 PC   ☐ applicable
☑ Notice required per
   ☑ P3058.6   ☐ P11150   ☐ 457.1
☐ P290.2 Blood & saliva samples required
☐ P1202.1 Aids blood test required
☐ P3002 Psych eval. Required and reflected on LSS
☐ P1170(d) Report requested (Refer to C&PR)
☐ Restitution ordered/posted per P2058.5/G13967(a)
   _3085.5_
   _Arrest/Hold :_

**PAROLE VIOLATOR RETURN TO CUSTODY**
☑ P3057(d)(1)   ☐ Eligible  ☑ Ineligible  _12 mos_
☑ Parole revoked (if not scheduled for hearing)
☑ Revocation Release Date calculated & recorded
   on CDC 112 & CDC 144 card
☑ Controlling Discharge Date computed and
   recorded on CDC 112
☐ Revocation extension

**PAROLE VIOLATOR - WITH NEW TERM**
☑ Parole revoked by BPT (if not, refer to
   BPT 2649 guidelines
☐ Revocation Release Date and new commitment
   EPRD compared
☑ Dual Case (RRD/EPRD Controls)
☑ Revocation Release Date crossed out on CDC 112
   (only if prior term discharged)
☑ CDC 144/CDC 112 reflect correct release date
☑ Previous term time collection records removed
   from computer and time cards purged
☑ Date of last parole  _7-18-96_
☐ Prior CDC numbers linked
☐ Completed RPS   ☐ Completed 1515
Comments

**WORK INCENTIVE**
☐ Pre 1983 Case(s) signed waiver in file
☐ Mixed cases waiver not signed
☐ Case(s) vested/EPRD calculated and inmate advised
☐ Work credit gains & current Legal Status in File
☑ 2933.1 PC   ☐ 2933.5 PC   ☑ 667 (E) PC

**CREDIT LOSSES**
☑ Pending Disciplinary
☐ All confirmed, entered in OBIS and reflected on
   Legal Status & CDC 112
☐ Date recalculated and inmate advised

**CREDIT RESTORATION**
☐ All entered in OBIS/reflected on Legal Status
   and CDC 112
☐ Date recalculated and inmate advised

**HOLDS/WANTS/DETAINERS**
☑ None in file/no longer wanted
☐ Detainer(s) in file
☐ WIS only - no hold
☐ Hold place acknowledgement letter sent (CDC 661)
☐ Possible Holds inquiry sent.  Refer HWD
   re:
☐ Inmate advised/signed CDC 661 in file
☐ CDC 112/144 posted
☑ Notice requested re: _3058.6/3058.8_
   (3058.6/3058.8)
☐ Holds entered in OBIS
☐ Demand for trial prepared - 1381/1389 PC
☐ Disposition of Probation requested
☐ Subject being released to Hold
☑ Confidential section reviewed  _3058.8_

**LIFER**
☐ MEPD correctly computed
☐ Board action posted
☐ CDC 144 & CDC 112 posted appropriately
☐ Reviewed per In Re Monigold

| CDC NUMBER | INMATE NAME | DOB | POB | ETH |
|---|---|---|---|---|
| H43428 | Hill, Raymond | 3-10-60 | | Blk |

00384

| AUDITOR'S NAME: | INSTITUTION | TYPE OF AUDIT | ☐ 10 I. | DATE OF AUDIT |
|---|---|---|---|---|
| | | ☐ INTAKE | ☑ TRANSFER | FEB 17 1998 |
| VAZQUEZ, IRMA | IRONWOOD STATE PRISON | ☐ 60 DAY | ☐ WORK FURLOUGH / USINS | |

**LEGAL** T/S: 11-20-96

- ☑ Number of active cases _one + (1 RTC)_
- ☐ All commitments properly recorded on Legal Status
- ☐ Discrepant or problem case(s) referred to LPU
- ☐ Fingerprint Cards
  - ☐ Completed ☐ None (Refer to R&R)
- ☐ Current Photo
  - ☐ Completed ☐ None (Refer to R&R)
- ☑ Transfer approval for this institution
- ☐ Registration required & reflected on Legal Status
  - ☐ H11590 ☐ 290 ☐ 457.1
- ☐ Reviewed for 1202.05 PC ☐ applicable
- ☑ Notice required per
  - ☑ P3058.6 ☐ P11150 ☐ 457.1
- ☐ P290.2 Blood & saliva samples required
- ☐ P1202.1 Aids blood test required
- ☐ P3002 Psych eval. Required and reflected on LSS
- ☐ P1170(d) Report requested (Refer to C&PR)
- ☐ Restitution ordered/posted per P2058.5/G13967(a)
  - 2085.5

_Arrest/Hold_ :

**PAROLE VIOLATOR RETURN TO CUSTODY**
- ☐ P3057(d)(1) ☐ Eligible ☐ Ineligible _____
- ☐ Parole revoked (if not scheduled for hearing)
- ☐ Revocation Release Date calculated & recorded
  - on CDC 112 & CDC 144 card
- ☐ Controlling Discharge Date computed and
  - recorded on CDC 112
- ☐ Revocation extension _____

**PAROLE VIOLATOR - WITH NEW TERM**
- ☑ Parole revoked by BPT (if not, refer to
  - BPT 2649 guidelines
- ☑ Revocation Release Date and new commitment
  - EPRD compared
- ☑ Dual Case (RRD/EPRD Controls)
- ☐ Revocation Release Date crossed out on CDC 112
  - (only if prior term discharged)
- ☑ CDC 144/CDC 112 reflect correct release date
- ☐ Previous term time collection records removed
  - from computer and time cards purged
- ☑ Date of last parole _7-18-96_
- ☐ Prior CDC numbers linked
- ☐ Completed RPS ☐ Completed 1515

**WORK INCENTIVE**
- ☐ Pre 1983 Case(s) signed waiver in file
- ☐ Mixed cases waiver not signed
- ☐ Case(s) vested/EPRD calculated and inmate advised
- ☐ Work credit gains & current Legal Status in File
- ☐ 2933.1 PC ☐ 2933.5 PC ☑ 667 (E) PC

**CREDIT LOSSES**
- ☑ Pending Disciplinary
- ☐ All confirmed, entered in OBIS and reflected on
  - Legal Status & CDC 112
- ☐ Date recalculated and inmate advised

**CREDIT RESTORATION**
- ☐ All entered in OBIS/reflected on Legal Status
  - and CDC 112
- ☐ Date recalculated and inmate advised

**HOLDS/WANTS/DETAINERS**
- ☑ None in file/no longer wanted
- ☐ Detainer(s) in file
- ☐ WIS only - no hold
- ☐ Hold place acknowledgement letter sent (CDC 661)
- ☐ Possible Holds inquiry sent. Refer HWD
  - re:
- ☐ Inmate advised/signed CDC 661 in file
- ☐ CDC 112/144 posted
- ☑ Notice requested re: _3058.6 + 3058.8_
  - (3058.6/3058.8)
- ☐ Holds entered in OBIS
- ☐ Demand for trial prepared - 1381/1389 PC
- ☐ Disposition of Probation requested
- ☐ Subject being released to Hold
- ☐ Confidential section reviewed

**LIFER**
- ☐ MEPD correctly computed
- ☐ Board action posted
- ☐ CDC 144 & CDC 112 posted appropriately
- ☐ Reviewed per In Re Monigold

Comments

| CDC NUMBER | INMATE NAME | DOB | POB | ETH |
|---|---|---|---|---|
| H43428 | Hill, Raymond Byron | 3-10-60 | | BLK |

00385

7-5-97                    **LEGAL STATUS AUDIT SHEET**

PRE-BOARD _____
TRANSFER _____
INTAKE ✓
60-DAY _____
10-DAY _____

UDITOR: Medrano

**LEGAL STATUS T/S:** _____ ADJ. MAX: _____
Number of active cases _____

1. ✓ Legal Docs requested from court
2. ✓ I/O meets P2933.5 criteria for denial of credits
3. ✓ P2933.1 Offense effective 9-21-94
4. ✓ P667(e) / 1170.12a effective 3-7-94
5. ✓ All commitments properly recorded on LSS
6. NA Discrepant/Problem case(s) referred to LPU
7. ✓ Fingerprint card(s) Complete ✓
   None _____ (Refer to R & R)
8. ✓ Current Photo
   None _____ (Refer to R & R)
9. NA Pending Disciplinary
   Log # _____ Dated _____
10. ✓ Transfer approval for this institution
11. NA Registration required & reflected on LSS
    H11590 _____ P290 _____ P457.1 _____
12. ✓ P290.2 Blood & Saliva Samples Required
    128c to Med _____ 128c in File _____
13. ✓ P1202.1 AIDS Blood Test Required
    Letter to CMO _____ Letter to Court _____
14. NA Visiting Restrictions per 1202.05
    128b to CCI _____ Letter to Court _____
15. ✓ Notice required per
    P3058.6 ✓ P11150 _____ P3058.8 ✓
16. NA P3002 Psych Evaluation required & reflected on LSS
17. _____ 1170(d) Report Requested (Refer to C & PR)
18. _____ Restitution Order per P2085.5/G13967(a)
    Amount 200 ⁺⁺ Posted: Yes / No
19. ✓ PIC Case

**PAROLE VIOLATORS** Paroled on: _____

PV/RTC _____ DAYS 3057.01 ELIG / INELIG: PV / COM
19. _____ Arrest / Hold date _____
20. _____ Parole Revoked (if not scheduled for hearing)
21. _____ RRD / PRRD calc./ recorded on CDC 112 / 144 card
22. _____ CDD computed / recorded on CDC 112 / 144 card
23. _____ Revocation Extension(s) calculated
24. _____ Special Conditions added

**PVWNT - T/S:**

25. ✓ Parole revoked by BPT (if not revoked refer to BPT
    2649 Guidelines) Misc. Dec: _____
26. ✓ RRD / PRRD and EPRD compared
27. ✓ Dual case (RRD / EPRD Controls)
28. NA RRD / PRRD crossed out on CDC-112
    (only if prior term discharged)
29. ✓ CDC-144 / 112 reflects correct release date
30. _____ Previous Term time collection records removed from
    OBIS & time card purged

**WORK INCENTIVE**

31. _____ Pre-1983 case(s) - Waiver signed / case vested
32. _____ Mixed case(s) (Pre-'83 / Post '83) Waiver signed

**CREDIT LOSSES  TOTAL** ∅

38. _____ All confirmed, entered in OBIS, reflected on LSS and
    CDC 112
39. _____ Date recalculated / inmate advised

**CREDIT RESTORATION  TOTAL** _____

40. _____ All entered in OBIS / reflected on LSS & CDC 112
41. _____ EPRD recalculated / inmate advised

**HOLDS / WANTS / DETAINERS**

|    |    | NCIC | DATED | CLEAR/HIT |
|----|----|------|-------|-----------|
| 42. | ✓ None in file / No longer Wanted/Deleted from OBIS | | | |
| 43. | _ Detainer(s) in file | | | |
| 44. | _ WIS ONLY - No Hold | | | |
| 45. | _ Hold placement acknowledge letter sent (CDC 661) | | | |
| 46. | _ Inmate advised / signed CDC 661 in file | | | |
| 47. | _ CDC-112 / 144 posted | | | |
| 48. | _ Hold entered in OBIS | | | |
| 49. | _ C I & t: Lost Entry: _____ Green: _____ Other: _____ | | | |
| 50. | NA Possible Holds Inquiry sent | | | |

Refer HWD re: _____
51. ✓ Notice Requested re: _____
52. _____ Demand for Trial prepared - 1381 / 1389 PC
53. _____ Disposition of Probation / 1203.2a letter
    to: _____
54. _____ Subject being released to Hold
55. ✓ Confidential Section reviewed
    Special Conditions    Yes / No
    Yes: Forwarded to PA _____
56. _____ Restraining Order (R.O.)
    _____ 850 posted
    _____ C & PR / Paroles notified
    _____ R.O. forwarded to Parole Unit

**LIFER**

57. _____ MEPD correctly computed
58. _____ Board Actions posted
59. _____ CDC-144 / 112 posted appropriately
60. ✓ Reviewed per In Re Monigold
61. ✓ LWOP

COMMENTS: _____    ETHNIC: _____    POB: _____

CDC # H43428    NAME: Hill    DOB: _____

STATUS/2-95/kh-1

00386

STATE OF CALIFORNIA
CDC 1151 (1/92)    **LEGAL STATUS AUDIT SHEET**

DEPARTMENT OF CORRECTIONS

| AUDITOR'S NAME | INSTITUTION | TYPE OF AUDIT | DATE OF AUDIT |
|---|---|---|---|
| L. Zancey | Wasco RC | Process | 1-8-97 |

**LEGAL**

- [x] Number of active cases _____ 2
- [x] All commitments properly recorded on Legal Status
- [x] Discrepant or problem case(s) referred to LPU n/a
- [x] Fingerprint Cards/Current Photo
  - [x] Complete [ ] None (Refer to R&R)
- [x] Transfer approval for this institution
- [x] Registration required & reflected on Legal Status
  - [ ] H11590 [ ] P290 [ ] P457.1
- [x] Eligible for Discharge Review
- [x] Notice Required per
  - [x] P3058.6 [ ] P11150 [ ] P457.1
- [ ] P290.2 Blood & saliva samples required
- [ ] P1202.1 Aids blood test required
- [ ] P3002 Psych eval. required and reflected on
  Legal Status
- [x] P1170(d) Report requested (Refer to C&PR)
- [x] Restitution ordered per P2085.5/G13967(a)

**PAROLE VIOLATOR - RETURN TO CUSTODY**

- [ ] P3057.(d)(1) [ ] ELIG [ ] INELIG
- [ ] Parole revoked (if not scheduled for hearing)
- [ ] Revocation Release Date calculated & recorded
  on CDC 112, CDC 144 card
- [ ] Controlling Discharge Date computed &
  recorded on CDC 112

**PAROLE VIOLATOR - WITH NEW TERM**

- [x] Parole revoked by BPT (if not, refer to
  BPT 2649 Guidelines)
- [x] Revocation Release Date and new commitment
  EPRD compared
- [x] Dual Case (RRD/EPRD Controls)
- [x] Revocation Release Date crossed out on CDC 112
  (**only if prior term discharged**)
- [x] CDC 144/CDC 112 reflect correct release date
- [x] Previous term time collection records removed
  from computer and time cards purged

**WORK INCENTIVE**

- [ ] Pre 1983 Case(s) signed waiver in file
- [ ] Mixed cases waiver not signed
- [ ] Case(s) vested/EPRD calculated and inmate advised
- [ ] Work credit gains & current Legal Status in file

**CREDIT LOSSES**

- [ ] Pending Disciplinary
- [ ] All confirmed, entered in OBIS and reflected
  on Legal Status & CDC 112
- [ ] Date recalculated and inmate advised

**CREDIT RESTORATION**

- [ ] All entered in OBIS/reflected on Legal Status
  and CDC 112
- [ ] Date recalculated and inmate advised

**HOLDS/WANTS/DETAINERS**

- [x] None in file/no longer wanted
- [x] Detainer(s) in file Ventura Co
- [ ] WIS Only-No Hold
- [x] Hold placement acknowledgment letter sent (CDC 661)
- [ ] Possible Holds inquiry sent. Refer HWD
  re:_____
- [x] Inmate advised/signed CDC 661 in file
- [x] CDC 112/144 posted
- [ ] Notice requested re:_____
  (P3058.6 / P3058.8)
- [x] Hold entered in OBIS
- [ ] Demand for trial prepared - 1381/1389 PC
- [ ] Disposition of Probation requested
- [ ] Subject being released to Hold
- [x] Confidential section reviewed

**LIFER**

- [ ] MEPD correctly computed
- [ ] Board action posted
- [ ] CDC 144 & CDC 112 posted appropriately
- [ ] Reviewed per In Re Monigold

COMMENTS: PC 2933 Review. Found _Eligible_
To Earn Worktime Credits.

| CDC NUMBER | INMATE'S NAME |
|---|---|
| H 43428 | Hill |

00387

STATE OF CALIFORNIA
## IPA PERSONAL INFORMATION DISCLOSURE LOG
CDC 819 (6/88)

### INSTRUCTIONS

Accounting for disclosures must be identifiable with, and traceable to the information disclosed.

Be specific when indicating information disclosed and purpose of disclosure.

DATA SUBJECT (NAME)

| DATE OF DISCLOSURE | INFORMATION DISCLOSED | PURPOSE OF DISCLOSURE | PERSON RECEIVING INFORMATION (Name, Title, Business Address) | DISCLOSURE | |
|---|---|---|---|---|---|
| | | | | AUTHORIZED BY | MADE BY |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

RETENTION: Retain three years after the disclosure is made or until record is destroyed, whichever is shorter.

00388

STATE OF CALIFORNIA
CDC 1497A (3/98)

DEPARTMENT OF CORRECTIONS

## INMATE RESTITUTION
## ADJUSTMENT TO FINE/DIRECT ORDER COLLECTION

**PENAL CODE 2085.5(a)(b)(g):** In any case in which a prisoner owes a restitution fine or direct order, the Director of Corrections shall deduct a minimum of 20 percent from inmate wages and trust account deposits. Any amount so deducted shall be credited against the amount owing on the restitution fine or direct order. An administrative fee that totals 10 percent of any amount transferred to the State Board of Control, shall also be deducted. When a prisoner has both a restitution fine and a direct order from the sentencing court, the Department of Corrections shall collect the direct order first. Restitution is being collected pursuant to PC 2085.5, PC 1202.4, and GC 13967.

**CDC NUMBER:** H 4 3 4 2 8

**LAST NAME:** H I L L

**FIRST NAME:** R A Y M O N D

**MIDDLE NAME**

## ADJUSTMENT

**CASE NUMBER:** C A 2 9 5 0 B

☐ FINE    ☐ DIRECT ORDER

**REASON: (Check all that apply)**

☐ Court stayed or cancelled
☐ Re-sentenced
☐ Per appellate Court Decision
☐ Court payment of $_____
☐ Probation revoked
☒ Other: $400.00
    PC 1202.45

☐ Per Amended AOJ
☐ Wrong inmate
☐ No restitution fine in court documents
☐ Outside source of payment
    $_____

Paid at :_____

☐ **CORRECTION:**

Sentence Date ____/____/____

County _Ventura_

Case Number _____

Amount $_____

## ADJUSTMENT

**CASE NUMBER:**

☐ FINE    ☐ DIRECT ORDER

**REASON: (Check all that apply)**

☐ Court stayed or cancelled
☐ Re-sentenced
☐ Per appellate Court Decision
☐ Court payment of $_____
☐ Probation revoked
☐ Other:_____

☐ Per Amended AOJ
☐ Wrong inmate
☐ No restitution fine in court documents
☐ Outside source of payment
    $_____

Paid at :_____

☐ **CORRECTION:**

Sentence Date ____/____/____

County _____

Case Number _____

Amount $_____

| COMPLETED BY (TYPE OR CLEARLY PRINT NAME) | SIGNATURE | DATE SIGNED |
|---|---|---|
| T. Uresua | | 12-130B |
| **TITLE** CRA | **INSTITUTION** CCI-II | |

**DISTRIBUTION:**    ORIGINAL - TRUST OFFICE    PINK - INMATE

00389

STATE OF CALIFORNIA
CDC 3020-A (12/02),  FILE DIVIDER-LEGAL SECTION

DEPARTMENT OF CORRECTIONS

COUNTY _Ventura_____ CASE # _CR 39787_ DISCHARGE DATE _____
                                               (Enter Date at Discharge)

**LEGAL SECTION**

00390

```
                    VENTURA COUNTY SUPERIOR COURT
                         MINUTE ORDER                        PAGE:    1

DEFENDANT NAME: HILL RAYNARD BYRON                    CASE#:CR39787    CT:V

CNT    VIOLATIONS    DISP
0001 211        PC  GT    0002 245(A)(1)    PC   DM
```

### MINUTE ENTRIES

| | | |
|---|---|---|
| JUDGE:STEVEN HINTZ | CLERK:HG  CTRM:12  DT:11/13/96  TIME:08:30 A | |

NATURE OF PROCEEDINGS:  SENTENCING

| | |
|---|---|
| DEFENDANT PRESENT | A1 |
| DDA J. VANARELLI            PRESENT | A3 |
| PUB DEF N. QUINN           PRESENT | A9A |
| COURT REPORTER A. SLADE              PRESENT | A5 |
| COMPLAINT/INFORMATION AMENDED TO SHOW TRUE NAME<br>HILL RAYNARD BYRON | A6 |
| CASE NAME     WAS HILL RAYMOND BYRON | Z01 |
| PROBATION REPORT/MEMO FILED | D56 |
| DEFENDANT WAIVES ARRAIGNMENT AT SENTENCING/INDICATES NO<br>LEGAL CAUSE | S13 |
| VICTIM READS VICTIM IMPACT STATEMENT AND ADDRESSES THE | A26 |
| COURT. | A26 |
| DEFENDANT ADDRESSES THE COURT. | A26 |
| ARGUMENT BY THE PEOPLE | T44 |
| PEOPLE'S EXHIBITS # 1    THROUGH 4   ARE MARKED, OFFERED AND<br>RECEIVED INTO EVIDENCE | T33C |
| ARGUMENT BY THE DEFENSE | T45 |
| DEFT SENTENCED TO: | D24 |
| DEFENDANT COMMITTED TO DEPARTMENT OF CORRECTIONS | SP |
| CT   1, FOR THE MIDDLE              TERM OF   6 YEARS | SP1 |
| DOUBLED PURSUANT TO PENAL CODE SECTION 667(E)(1). | A26 |
| ADDITIONAL 5    YEARS   AS TO 667(A)         PC<br>ALLEGATIONS | SP4 |

VENTURA COUNTY SUPERIOR COURT
MINUTE ORDER                                        PAGE:     2

DEFENDANT NAME: HILL RAYNARD BYRON                  CASE#:CR39787        CT:V

TO RUN CONSECUTIVE                                                      CS

TO:COUNT #1                                                             TO

ADDITIONAL 3       YEARS    AS TO 12022.7      PC                       SP4
ALLEGATIONS

TO RUN CONSECUTIVE                                                      CS

TO:667(A)PC ALLEGATION                                                  TO

TOTAL FIXED TERM  14 YEARS    0 MONTHS                                  SP3

CREDIT ACTUAL   46 DAYS, (4019(B) PC)     6, STATE                      SCT
INSTITUTION    0 DAYS - TOTAL    52 DAYS

4019 TIME OF 6 DAYS GIVEN PURSUANT TO 2933.1 PC.                        A26

PAY RESTITUTION OF        $1,500.00 TO                                  P26E
MR. EMMITT STEVENS        (STATE PRISON ONLY)

PAY RESTITUTION OF        $200.00 TO                                    P26E
STATE RESTITUTION FUND    (STATE PRISON ONLY)

PURSUANT TO 1203.096 PC, THE COURT FINDS THAT THE DEFENDANT            S5
HAS A HISTORY OF DRUG ABUSE

DEFENDANT ADVISED OF APPEAL RIGHTS                                      D58

DISMISS REMAINING COUNTS                                                DR

REMANDED TO THE CUSTODY OF THE SHERIFF                                  J12

SHERIFF ORDERED TO TRANSPORT DEFENDANT TO:                             J40
CALIFORNIA INSTITUTION FOR MEN, WASCO.

RUN DATE: 11/13/96 RUN TIME: 11:19:55 REPORT: R2050205

00392



809567

RUN DATE: 11/13/96       VENTURA COUNTY SUPERIOR COURT        REPORT: R2050203
RUN TIME: 11:19:55           DEFENDANT COURT PROCEEDINGS             PAGE:    1

DEFENDANT NAME: HILL RAYNARD BYRON    3-10-60    CASE#:CR39787    CT:V
********************    VIOLATIONS' CT/CODE/DISPOSITION    ********************
0001 211        PC  GT    0002 245(A)(1)    PC  DM

****************************    DOCKET ENTRIES    ****************************

     JG:SH  CL:HG  CTRM:12  DT:11/13/96  TIME:08:30 A  ADDED:11/13/96  BY:MAB
DEFENDANT PRESENT                                                          CD: A1

DDA J. VANARELLI                PRESENT                            CD: A3

PUB DEF N. QUINN                PRESENT                            CD: A9A

COURT REPORTER A. SLADE                    PRESENT                 CD: A5

COMPLAINT/INFORMATION AMENDED TO SHOW TRUE NAME                   CD: A6
HILL RAYNARD BYRON

CASE NAME      WAS HILL RAYMOND BYRON                              CD: Z01

PROBATION REPORT/MEMO FILED                                        CD: D56

DEFENDANT WAIVES ARRAIGNMENT AT SENTENCING/INDICATES NO           CD: S13
LEGAL CAUSE

VICTIM READS VICTIM IMPACT STATEMENT AND ADDRESSES THE            CD: A26

COURT.                                                            CD: A26

DEFENDANT ADDRESSES THE COURT.                                    CD: A26

ARGUMENT BY THE PEOPLE                                            CD: T44

PEOPLE'S EXHIBITS # 1    THROUGH 4   ARE MARKED, OFFERED AND       CD: T33C
RECEIVED INTO EVIDENCE

ARGUMENT BY THE DEFENSE                                            CD: T45

DEFT SENTENCED TO:                                                CD: D24

DEFENDANT COMMITTED TO DEPARTMENT OF CORRECTIONS                   CD: SP

CT   1, FOR THE MIDDLE              TERM OF   6 YEARS              CD: SP1

DOUBLED PURSUANT TO PENAL CODE SECTION 667(E)(1).                 CD: A26

ADDITIONAL 5      YEARS   AS TO 667(A)        PC                   CD: SP4
ALLEGATIONS

TO RUN CONSECUTIVE                                                CD: CS

TO:COUNT #1                                                       CD: TO

```
RUN DATE: 11/13/96      VENTURA COUNTY SUPERIOR COURT      REPORT: R2050203
RUN TIME: 11:19:55        DEFENDANT COURT PROCEEDINGS        PAGE:     2
```

DEFENDANT NAME: HILL RAYNARD BYRON               CASE#:CR39787    CT:V

| | | |
|---|---|---|
| ADDITIONAL 3   YEARS   AS TO 12022.7   PC ALLEGATIONS | CD: SP4 |
| TO RUN CONSECUTIVE | CD: CS |
| TO:667(A)PC ALLEGATION | CD: TO |
| TOTAL FIXED TERM  14 YEARS   0 MONTHS | CD: SP3 |
| CREDIT ACTUAL   46 DAYS, (4019(B) PC)    6, STATE INSTITUTION   0 DAYS - TOTAL   52 DAYS | CD: SCT |
| 4019 TIME OF 6 DAYS GIVEN PURSUANT TO 2933.1 PC. | CD: A26 |
| PAY RESTITUTION OF      $1,500.00 TO MR. EMMITT STEVENS | CD: P26E |
| PAY RESTITUTION OF      $200.00 TO STATE RESTITUTION FUND | CD: P26E |
| PURSUANT TO 1203.096 PC, THE COURT FINDS THAT THE DEFENDANT HAS A HISTORY OF DRUG ABUSE, WAS CONVICTED OF A DRUG OFFENSE OR WAS UNDER THE INFLUENCE OF ALCOHOL OR AN CONTROLLED SUBSTANCE AT THE TIME OF THE COMMISSION OF THE OFFENSE AND RECOMMENDS THAT THE DEFENDANT PARTICIPATE IN A COUNSELING OR EDUCATIONAL PROGRAM. | CD: S5 |
| DEFENDANT ADVISED OF APPEAL RIGHTS | CD: D58 |
| DISMISS REMAINING COUNTS | CD: DR |
| REMANDED TO THE CUSTODY OF THE SHERIFF | CD: J12 |
| SHERIFF ORDERED TO TRANSPORT DEFENDANT TO: CALIFORNIA INSTITUTION FOR MEN, WASCO. | CD: J40 |

I HAVE RECEIVED A COPY OF THESE CONDITIONS. I UNDERSTAND AND AGREE TO EACH OF THE CONDITIONS LISTED ABOVE.

DATE _____    DEFENDANT'S SIGNATURE _____

TELEPHONE _____    DEFENDANT'S ADDRESS _____

EXPLAINED/TRANSLATED BY _____    DEFENDANT'S CITY, STATE AND ZIP _____

*** END OF REPORT ***

00394

## ABSTRACT OF JUDGMENT – PRISON COMMITMENT
### SINGLE OR CONCURRENT COUNT FORM
(Not to be used for Multiple Count Convictions nor Consecutive Sentences)

FORM DSL 290.1

XX SUPERIOR
☐ MUNICIPAL
☐ JUSTICE
} COURT OF CALIFORNIA, COUNTY OF _____ VENTURA

BRANCH OR JUDICIAL DISTRICT: _____ VENTURA

COURT (I.D.)
8560000

PEOPLE OF THE STATE OF CALIFORNIA versus
DEFENDANT:  RAYNARD BYRON HILL
AKA:

XX PRESENT
☐ NOT PRESENT

CR39787

COMMITMENT TO STATE PRISON
ABSTRACT OF JUDGMENT

AMENDED
ABSTRACT ☐

| DATE OF HEARING (MO) (DAY) (YR) | DEPT. NO | JUDGE | CLERK |
|---|---|---|---|
| 11-13-96 | 12 | STEVEN HINTZ | HELEN GONZALEZ |

| REPORTER | COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | PROBATION NO. OR PROBATION OFFICER |
|---|---|---|---|
| AMY SLADE | JOHN VANARELLI | NEIL QUINN | |

1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONY (OR ALTERNATE FELONY/MISDEMEANOR):

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION MO | DAY | YEAR | CONVICTED BY JURY TRIAL | COURT TRIAL | PLEA | TERM (L/M/U) | TIME IMPOSED YEARS | MONTHS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 01 | PC | 211 | 2ND DEGREE ROBBERY | 96 | 10 | 16 | 96 | | X | | M | 6 | 00 * |

2. ENHANCEMENTS charged and found true TIED TO SPECIFIC COUNTS (mainly in the § 12022-series) including WEAPONS, INJURY, LARGE AMOUNTS OF CONTROLLED SUBSTANCES, BAIL STATUS, ETC.:
For each count list enhancements horizontally. Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385.
Add up time for enhancements on each line and enter fine total in right-hand column.

| Count | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 01 | 12022.7 PC | 3 | | | | | | | | | 3 00 |

3. ENHANCEMENTS charged and found true FOR PRIOR CONVICTIONS OR PRIOR PRISON TERMS (mainly § 667-series) AND OTHER.
List all enhancements based on prior convictions or prior prison terms charged and found true. If 2 or more under the same section, repeat it for each enhancement (e.g., if 2 non-violent prior prison terms under § 667.5(b) list § 667.5(b) 2 times). Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add time for these enhancements and enter total in right-hand column. Also enter here any other enhancement not provided for in space 2.

| Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| 667(a) PC | 5 | | | | | | | | | 5 00 |

4. OTHER ORDERS:

※ MIDDLE TERM IS DOUBLED PURSUANT TO SECTION 667(e)(1) OF THE PENAL CODE.

5. TIME STAYED § 1170.1(g) (DOUBLE BASE LIMIT):

6. TOTAL TERM IMPOSED:     14  00

7. ☐ THIS SENTENCE IS TO RUN CONCURRENT WITH ANY PRIOR UNCOMPLETED SENTENCE(S):

8. EXECUTION OF SENTENCE IMPOSED:
A. XX AT INITIAL SENTENCING HEARING     B. ☐ AT RESENTENCING PURSUANT TO DECISION ON APPEAL     C. ☐ AFTER REVOCATION OF PROBATION     D. ☐ AT RESENTENCING PURSUANT TO RECALL OF COMMITMENT (PC § 1170(d)     E. ☐ OTHER _____

9. DATE OF SENTENCE PRONOUNCED (MO) (DAY) (YR)
11-13-96

| CREDIT FOR TIME SPENT IN CUSTODY | TOTAL DAYS | ACTUAL LOCAL TIME | LOCAL CONDUCT CREDITS | STATE INSTITUTIONS |
|---|---|---|---|---|
| | 52 | INCLUDING: | 46 | 6 | ☐ DMH   ☐ CDC |

10. DEFENDANT IS REMANDED TO THE CUSTODY OF THE SHERIFF, TO BE DELIVERED:
X ☐ FORTHWITH
☐ INTO THE CUSTODY OF THE DIRECTOR OF CORRECTIONS AT THE RECEPTION-GUIDANCE CENTER LOCATED AT:
☐ AFTER 48 HOURS, EXCLUDING SATURDAYS, SUNDAYS AND HOLIDAYS
☐ CALIF. INSTITUTION FOR WOMEN – FRONTERA
☐ CALIF. MEDICAL FACILITY – VACAVILLE
☐ SAN QUENTIN
XX ☐ CALIF. INSTITUTION FOR MEN – XXXX WASCO
☐ DEUEL VOC. INST.
☐ OTHER (SPECIFY)

I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

DEPUTY'S SIGNATURE
Monica A. Birky

11-15-96

CLERK OF THE COURT

This form is prescribed under Penal Code § 1213.5 to satisfy the requirements of § 1213 for determining sentences under provisions of § 1170. Attachments may be used but must be referred to in this document.

Form Adopted by the
Judicial Council of California
Effective April 1, 1992

ABSTRACT OF JUDGMENT – COMMITMENT
SINGLE OR CONCURRENT COUNT FORM
(Not to be used for Multiple Count Convictions nor Consecutive Sentences)
FORM DSL 290.1

DISTRIBUTION     PINK COPY – COURT FILE     YELLOW COPY – DEPARTMENT OF CORRECTIONS

00395

MICHAEL D. BRADBURY
District Attorney
800 So. Victoria Ave.
Ventura, CA 93009

VENTURA COUNTY
SUPERIOR AND MUNICIPAL COURTS

FILED

OCT 16 1996

VENTURA COUNTY MUNICIPAL COURT
STATE OF CALIFORNIA
LAURA A GONZALEZ, Superior and Municipal
Courts Executive Officer and Clerk

THE PEOPLE OF THE STATE OF CALIFORNIA,

                                 Plaintiff

                     v.

RAYNARD BYRON HILL

                           Defendant(s)

BY _____ Deputy

Case No. CR-39787

AMENDED
FELONY COMPLAINT

The undersigned is informed and believes that:

COUNT 1

On or about September 29, 1996, in the above named Judicial District, the crime of 2ND DEGREE ROBBERY, in violation of PENAL CODE SECTION 211, a Felony, was committed by RAYNARD BYRON HILL, who did willfully, unlawfully, and by means of force and fear take personal property from the person, possession, and immediate presence of Emmitt Stevens.   It is further alleged that the above offense is a serious felony within the meaning of Penal Code Section 1192.7(c)(19).

It is further alleged that the defendant, RAYNARD BYRON HILL, prior to the commission of the above offense was convicted of the crime of Robbery, a violation of Penal Code section 211 on July 13, 1992, in the Superior Court of the State of California, County of Ventura, within the meaning of Penal Code sections 667(c), 667(e)(1), 1170.12(a), and 1170.12(c)(1).

Page 1

00396

It is further alleged as to Count 1 that said defendant(s),
RAYNARD BYRON HILL, was on and about July 13, 1992, in the Superior Court of
the State of California, for the County of Ventura, convicted of the serious
felony, to wit, Robbery, case number CR-29509, in violation of Section 211 of
the Penal Code, within the meaning of Penal Code section 667(a).

It is further alleged that in the commission of the above offense the
said defendant, RAYNARD BYRON HILL, personally inflicted great bodily injury
upon Emmitt Stevens, not an accomplice to the above offense, within the meaning
of Penal Code Section 12022.7 and also causing the above offense to become a
serious felony within the meaning of Penal Code Section 1192.7(c)(8).

\* \* \* \* \*

## COUNT  2

On or about September 29, 1996, in the above named Judicial District, the
crime of ASSAULT BY MEANS LIKELY TO PRODUCE GBI NO DEADLY WEAPON USED, in
violation of PENAL CODE SECTION 245(a)(1), a Felony, was committed by
RAYNARD BYRON HILL, who did unlawfully commit an assault upon Emmitt Stevens by
means of force likely to produce great bodily injury.

It is further alleged that said defendant, RAYNARD BYRON HILL, was on
and about July 13, 1992, in the Superior Court of the State of California for
the County of Ventura case number CR-29509, convicted of the crime of Robbery,
a felony, in violation of Section 211 of the Penal Code, and that the defendant
then served a separate term in state prison and/or federal prison for said
offense, and did not remain free of prison custody for, and did commit an
offense resulting in a felony conviction during, a period of five years
subsequent to the conclusion of said term, within the meaning of Penal Code
Section 667.5(b).

00397

It is further alleged that in the commission of the above offense the said defendant, RAYNARD BYRON HILL, personally inflicted great bodily injury upon Emmitt Stevens, not an accomplice to the above offense, within the meaning of Penal Code Section 12022.7 and also causing the above offense to become a serious felony within the meaning of Penal Code Section 1192.7(c)(8).

\* \* \* \* \*

00398

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT AND
THAT THIS COMPLAINT CONSISTS OF 2 COUNT(S).

Executed at Ventura, California, on October 7, 1996.

MICHAEL D. BRADBURY
District Attorney

by _____

JOHN VANARELLI
Deputy District Attorney
DECLARANT AND COMPLAINANT

AGENCY: VPD                    PRELIM TIME EST.: 1  Hrs.

| DEFENDANT | CII NO. | DOB | BOOKING NO. | BAIL RECOM'D | CUSTODY R'TN DATE | NCIC |
|---|---|---|---|---|---|---|
| HILL, RAYNARD BYRON | | 3/10/60 | | $  50,000 | 10/16/96 | |

Page 4

00399

STATE OF CALIFORNIA
COUNTY OF VENTURA

FELONY COMPLAINT - ORDER HOLDING TO ANSWER - P.C. SECTION 872

It appearing to me from the evidence presented that the following offense(s)
has/have been committed and that there is sufficient cause to believe that the
following defendant(s) guilty thereof, to wit:

(Strike out or add as applicable)

RAYNARD BYRON HILL

| COUNT NO. | CHARGE | SPECIAL ALLEGATION |
|---|---|---|
| 1 | PC211 | PC667(c), PC667(e)(1 PC667(a) PC12022.7 |
| 2 | PC245(a)(1) | PC667.5(b) PC12022.7 |

I order that defendant(s) be held to answer therefor and be admitted to bail in
the sum of:

RAYNARD BYRON HILL                    _____   Dollars

and be committed to the custody of the Sheriff of Ventura County until such bail
is given.  Date of arraignment in Superior Court will be:

RAYNARD BYRON HILL          _____ in Dept: ____

at: _____ A.M.

Date: _____          _____
                              Committing Magistrate

Page 5

00400

STATE OF CALIFORNIA,

COUNTY OF VENTURA

It appearing that the defendant, RAYNARD BYRON HILL personally
and through his attorney _____,
has this date pursuant to Section 859a of the Penal Code, State of
California, entered a plea of GUILTY to the charge of
_____, a
Felony, I order that he be certified to the Superior Court of this
County for such further proceedings as may be required by law. It is
further ordered that the defendant be admitted to bail in the sum of
$_____, and to be committed to the Sheriff of the said
County of Ventura until he gives such bail. And it is further
ordered that the defendant RAYNARD BYRON HILL appear in Department
No._____ , Ventura County Superior Court on the_____ day of
_____, 19_____, at _____M.


Dated this _____ day of _____, 19_____.


_____

Committing Magistrate


Page 6

00401

STATE OF CALIFORNIA
CDC 3020-A (12/02),  FILE DIVIDER-LEGAL SECTION

DEPARTMENT OF CORRECTIONS

COUNTY _Ventura_____   CASE # _CR29803_  DISCHARGE DATE _2.9.98_
(Enter Date at Discharge)

**LEGAL SECTION**

00402

ABSTRACT OF JUDGMENT – PRISON COMMITMENT
SINGLE OR CONCURRENT COUNT FORM

FORM DSL 290.1

(Not to be used for Multiple Count Convictions nor Consecutive Sentences)

SUPERIOR COURT OF CALIFORNIA, COUNTY OF __VENTURA__
BRANCH _____

COURT I.D. 5,6,0,0,0

CASE NUMBER

PEOPLE OF THE STATE OF CALIFORNIA versus
DEFENDANT:   RAYNARD BYRON HILL
AKA:

☒ PRESENT
☐ NOT PRESENT

CR29370
CR29525

COMMITMENT TO STATE PRISON
ABSTRACT OF JUDGMENT

AMENDED
ABSTRACT ☐

| DATE OF HEARING (MO) (DAY) (YR) 07-13-92 | DEPT. NO 32 | JUDGE CHARLES R. MCGRATH | CLERK MARTHA LAGANA |
|---|---|---|---|
| REPORTER RHONDA JEFFREY | COUNSEL FOR PEOPLE TERENCE KILBRIDE | COUNSEL FOR DEFENDANT BRIAN BOLES | PROBATION NO. OR PROBATION OFFICER ESTHER LOPEZ |

1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONY (OR ALTERNATE FELONY/MISDEMEANOR):

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | MO | DAY | YEAR | JURY TRIAL | COURT TRIAL | PLEA | TIME IMPOSED YEARS | MONTHS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | PC | 211** | robbery, 2nd | 92 | 06 | 15 | 92 | | X | L | 2 | 00 |

(columns under CONVICTED BY: JURY TRIAL, COURT TRIAL, PLEA; TEN (LEAD))

2. ENHANCEMENTS charged and found true TIED TO SPECIFIC COUNTS (mainly in the § 12022-series) including WEAPONS, INJURY, LARGE AMOUNTS OF CONTROLLED SUBSTANCES, BAIL STATUS, ETC.: For each count list enhancements horizontally. Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add up time for enhancements on each line and enter line total in right-hand column.

| Count | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 12022(b)PC | 1 | | | | | | | | | 1 00 |

3. ENHANCEMENTS charged and found true FOR PRIOR CONVICTIONS OR PRIOR PRISON TERMS (mainly § 667-series) and OTHER. List all enhancements based on prior convictions or prior prison terms charged and found true. If 2 or more under the same section, repeat it for each enhancement (e.g., if 2 non-violent prior prison terms under § 667.5(b) list § 667.5(b) 2 times). Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add time for these enhancements and enter total in right-hand column. Also enter here any other enhancement not provided for in space 2.

| Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |

4. OTHER ORDERS:

5. TIME STAYED § 1170.1(a) (DOUBLE BASE LIMIT):

6. TOTAL TERM IMPOSED:   3 00

7. ☐ THIS SENTENCE IS TO RUN CONCURRENT WITH ANY PRIOR UNCOMPLETED SENTENCE(S):

8. EXECUTION OF SENTENCE IMPOSED:
A. ☒ AT INITIAL SENTENCING HEARING   B. ☐ AT RESENTENCING PURSUANT TO DECISION ON APPEAL   C. ☐ AFTER REVOCATION OF PROBATION   D. ☐ AT RESENTENCING PURSUANT TO RECALL OF COMMITMENT (PC § 1170(d))   E. ☐ OTHER

9. DATE OF SENTENCE PRONOUNCED (MO) (DAY) (YR) 07-13-92

| CREDIT FOR TIME SPENT IN CUSTODY | TOTAL DAYS | INCLUDING: | ACTUAL LOCAL TIME | LOCAL CONDUCT CREDITS | STATE INSTITUTIONS |
|---|---|---|---|---|---|
| | 103 | | 69 | 34 | ☐ DMH   ☐ CDC |

10. DEFENDANT IS REMANDED TO THE CUSTODY OF THE SHERIFF, TO BE DELIVERED:
☒ FORTHWITH
☐ AFTER 48 HOURS, EXCLUDING SATURDAYS, SUNDAYS AND HOLIDAYS

INTO THE CUSTODY OF THE DIRECTOR OF CORRECTIONS AT THE RECEPTION-GUIDANCE CENTER LOCATED AT:

☐ CALIF. INSTITUTION FOR WOMEN – FRONTERA
☐ CALIF. MEDICAL FACILITY – VACAVILLE
☐ SAN QUENTIN
☒ CALIF. INSTITUTION FOR MEN – ~~CHINO~~ Wasco
☐ DEUEL VOC. INST.

*I hereby certify the foregoing to be a correct abstract of the judgment made in this action.*

CLERK OF THE COURT

DEPUTY'S SIGNATURE _Martha Lagana_   DATE 7-14-98

This form is prescribed under Penal Code § 1213.5 to satisfy the requirements of § 1213 for determinate sentences under Penal Code § 1170. Attachments may be used but must be referred to in this document.

ABSTRACT OF JUDGMENT – COMMITMENT
SINGLE OR CONCURRENT COUNT FORM
(Not to be used for Multiple Count Convictions nor Consecutive Sentences)
FORM DSL 290.1

Form Adopted by the
Judicial Council of California
Effective April 1, 1990

DISTRIBUTION:   PINK COPY – COURT FILE   YELLOW COPY – DEPARTMENT OF CORRECTIONS   WHITE COPY – ADMINISTRATIVE OFFICE OF THE COURTS

00403

SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA

JUDGE: CHARLES R. MC GRATH    DATE:  07-13-92    TIME:  8:30 A.M.    CASE NO:  CR29370
CLERK: MARTHA LAGANA    BAILIFF: TIM MAY    CRT.RPTR:    RHONDA JEFFREY
DDA:   TERENCE KILBRIDE    DEFENSE CNSL:   BRIAN BOLES
TITLE OF CASE:    NATURE OF PROCEEDINGS:
PEOPLE OF THE STATE OF CALIFORNIA
          vs.          Plaintiff    COMMITMENT TO STATE PRISON

RAYNARD BYRON HILL
          Defendant

(/)Waives arraignment          (/)Indicates no legal cause
(/)Convicted by    plea of guilty; count 1, 211 PC, robbery, second degree.  Use of a deadly
   weapon allegation found true by court.
(/)Sentenced to state prison for the low term of 2 years as to count 1 plus an additional 1 year
   for the use of a deadly weapon per 12022(b)PC, to run consecutive.
(/)Total fixed term  3    ///////years
(/)Credit actual    69    4019(B)   34    state institution    total   103
(/)Defendant to pay restitution in the amount of $45 to Stop and Go Market
(/)Defendant to pay a restitution fine in the amount of $500 to the State Restitution
Fund,1202.4PC
(/)Pursuant to section 1203.096 of the Penal Code, the court finds that the defendant has a
history of drug abuse, was convicted of a drug offense, or was under the influence of alcohol
   or a controlled substance at the time of the commission of the offense and recommends that
   the defendant participate in a counseling or education program
(/)Advised re appeal        (/)Advised re parole
(/)Remanded  (/)Without bail
(/)Sheriff ordered to transport defendant to CALIFORNIA INSTITUTION FOR MEN, WASCO

SHEILA GONZALEZ, Superior Court          By:    Martha Lagana
Executive Officer and Clerk                          DEPUTY CLERK

(REVISED 11/90)          CRIMINAL PROBATION/SENTENCING MINUTE ORDER

00404



Discharged
2.9.98

(D) Close
Discharge

00405

Case
discharge

00407

MICHAEL D. BRADBURY
District Attorney
GREGORY D. TOTTEN
Deputy District Attorney
800 So. Victoria Ave.
Ventura, CA 93009

FILED

DATE    APR 3 0 1992

SHEILA GONZALEZ, Superior Court
Executive Officer and Clerk

By  CHRIS LEAVITT
                Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF VENTURA

THE PEOPLE OF THE STATE OF CALIFORNIA,

Plaintiff

v.

RAYNARD BYRONE HILL

Defendant(s)

Case No. CR-29503

I N F O R M A T I O N

Arraignment Date:  4/30/92
Department:      47

I N F O R M A T I O N
S U M M A R Y

| Ct. No. | Charge | Charge Range | Defendant | Special Allegation | Alleg. Effect |
|---|---|---|---|---|---|
| 1 | PC211 | 2-3-5 | HILL, RAYNARD BYRONE | PC12022(b) | +1 |

Page 1

00408

The District Attorney of the County of Ventura, by this Information alleges that:

## COUNT 1

On or about April 2, 1992, in the County of Ventura, State of California, the crime of 2ND DEGREE ROBBERY, in violation of PENAL CODE SECTION 211, a FELONY, was committed by RAYNARD BYRONE HILL, who did willfully, unlawfully, and by means of force and fear take personal property from the person, possession, and immediate presence of Roberto Macias.    It is further alleged that the above offense is a serious felony within the meaning of Penal Code Section 1192.7(c)(19).

It is further alleged that in the commission and attempted commission of the above offense, the said defendant(s), RAYNARD BYRONE HILL, personally used a deadly and dangerous weapon(s), to wit, a knife, said use not being an element of the above offense, within the meaning of Penal Code Section 12022(b) and also causing the above offense to be a serious felony within the meaning of Penal Code Section 1192.7(c)(23).

\* \* \* \*

THIS INFORMATION CONSISTS OF 1 COUNT(S).

Filed in Superior Court
County of Ventura

DATED: 4/29/92

MICHAEL D. BRADBURY
District Attorney

by _____
GREGORY D. TOTTEN
Deputy District Attorney

Page 2

00409

WHITE -- Records Office
GREEN -- Control
CANARY - Gate
PINK --- Transport
GOLDNRD- R&R/Watch Office

**State of California—Department of Corrections**

# BODY RECEIPT

OUT: ☒☒☒
IN: 14:30

Date: 3/21/00

I have this date received from:  R.M.I.  (SLO)

TO: CMC-E

Person Received    Hill, Raymond, H-43428                         Room: 2235

Received from Court:_____  Returned from Escape:_____  Returned from Other:_____

Property:_____

Cash:_____

_____

_____

The above listed is all the property and cash I had in my possession.

Person Received:_____

_M Mury_ &_M. Munre_                    _M A AP M Pate_
Releasing Officer                              Receiving Officer

CDC-123 [CMC-RR-001 (Rev.09/88 510)]        Institution:_____

00410

WHITE -- Records Office
GREEN -- Control
CANARY - Gate
PINK --- Transport
GOLDNRD- R&R/Watch Office

Sta__ California—Department of Correc___

**BODY RECEIPT**

OUT: _1310_

IN: _XXX_

Date: _3/21/00_

I have this date received from: CMC-E

To: R.M.I.    (SLO)

Person Received____ Hill, Raymond, H-43428 ____    Room: _2235_

Received from Court:_____ Returned from Escape:_____ Returned from Other:_____

Property:_____

Cash:_____

_____

_____

The above listed is all the property and cash I had in my possession.

_Releasing Officer_

CDC-123 [CMC-RR-001 (Rev.09/88 510)]

Person Received:_____

_Receiving Officer_
Institution:_____

00411

State of California—Department of Corrections

# BODY RECEIPT

Date _____ 11-20-96 _____

I have this date received from:

_____ VENTURA _____

Person Received _____ HILL, RAYMOND BYRON _____ H-43428

Received from Court __N/A__ Returned from Escape __N/A__ Returned from Other _____ N/A _____

Property __for CDC 104__

Cash __N/A__

_____

_____

The above listed is all the property and cash I had in my possession.



Person Received x _____

_____
                    (Receiving Officer)

Institution _____ CSP/LAC-RSO _____

CDC-123

00412

ate of California—Department of Cor. ..ions

18·16·97

# BODY RECEIPT

Date _____ 2-26-96 _____

I have this date received from:

_____ REG-II COASTAL _____

Person Received _____ HILL, RAYNARD BYRON _____           H-43428

Received from Court _____ Returned from Escape _____ Returned from Other _____

Property _____ PER   CDC/104 _____

Cash _____

The above listed is all the property and cash I had in my possession.

Person Received _X_ *Raynard B Hill*

*Sather* Sf
(Receiving Officer)

Institution *WSPRC*

CDC-123

00413

S    of California—Department of Corre    ns

# BODY RECEIPT

Date _____ 2-27-95 _____

I have this date received from:

REG.I COASTAL
_____

Person Received ____ HILL, RAYMOND BYRON _____ H-43428 _____

Received from Court _____ Returned from Escape _____ Returned from Other _____

Property _____ PER CDC/104 _____

Cash _____

_____

_____

The above listed is all the property and cash I had in my possession.

Person Received X _Raymond B Hill_

C/O _____
                                    (Receiving Officer)

Institution ____ WASCO STATE PRISON/RECEPTION CENTER _____

CDC-123

00414

State of California—Department of Corrections

# BODY RECEIPT

Date ___4-18-94___

I have this date received from:

REG.I COASTAL

Person Received ___HILL, RAYNARD BYRON___ H-43428

Received from Court _____ Returned from Escape _____ Returned from Other _____

Property ___PER CDC 104___

Cash _____

_____

The above listed is all the property and cash I had in my possession.

Person Received X _____

c/o _____
(Receiving Officer)

Institution WASCO STATE PRISON/REC. CENTER

CDC-123

00415

te of California—Department of Cor    ions

# BODY RECEIPT

Date _____ JUL 2 9 1992

I have this date received from:

_____ VENTURA COUNTY _____

Person Received ___ HILL, RAYNARD BYRON _____ H-43428 _____ ,

Received from Court _____ Returned from Escape _____ Returned from Other _____

Property _____ PER CDC 104 _____

Cash _____

_____

_____

The above listed is all the property and cash I had in my possession.

Person Received X _____

_____
(Receiving Officer)

Institution ___ WASCO STATE PRISON/REC.CENTER

CDC-123

00416

STATE OF CALIFORNIA
**FINGERPRINT CARD**

NO. H-43428

DEPARTMENT OF CORRECTIONS

**NAME** HILL, RAYMOND BYRON

**CLASS** 11-20-96

**ALIAS**

**REF.**

Right Hand



Left Hand



| Hair | BLK. | Eyes | BRN. | Complexion | | Height | 510 |
|------|------|------|------|------------|--|--------|-----|
| Weight | 210 | Age | 3-10-60 | Build | MED. | Occupation | |
| Rec'd at | WSP-RC | Date | 11-20-96 | County | KRN. | Nativity | CA. |
| Offense | CS.#CR39787/CT.1(P 212.5(C)[12022.7][667(A)]ROB.2ND | | | Term | 14 YEARS | Race | BLK. |

Marks, Scars, Tatoos (Location & Brief Description – Scar Right Eye, Tattoo Eagle Right Forearm. NOTE: If numerous list those most prominent).

Taken by _Wen_

Signature _Raymond B Hill_

| Left Hand | Left Thumb | Right Thumb | Right Hand |
|-----------|-----------|-------------|------------|



CDC-138 (7/85)

00417

STATE OF CALIFORNIA
**FINGERPRINT CARD**

VENTURA
NO. H-43428

DEPARTMENT OF CORRECTIONS

**NAME** HILL, RAYMOND BYRON

**CLASS** 11-20-96

**ALIAS** _____ **REF.** _____

Right Hand



Left Hand

| Hair | BK. | Eyes | BRN. | Complexion | MED. | Height | 510 |
|------|-----|------|------|-----------|------|--------|-----|
| Weight | 210 | Age | 3-10-60 | Build | MED. | Occupation | |
| Rec'd at | VSP-RC | Date | 11-20-96 | County | KER. | Nativity | CA. |
| Offense | CS.JCE2787/CT.1(P 212.5(C)[1022.7](667A)]608.2D | | | | Term | 14 YRS | Race | BK. |

Marks, Scars, Tatoos (Location & Brief Description – Scar Right Eye, Tattoo Eagle Right Forearm. NOTE: If numerous list those most prominent).

Taken by _____    Signature _____

| Left Hand | Left Thumb | Right Thumb | Right Hand |
|-----------|-----------|-------------|------------|

CDC 138 (7/85)

00418

STATE OF CALIFORNIA

# FINGERPRINT CARD

H43428

DEPARTMENT OF CORRECTION

**NO.** _____

**NAME** HILL, RAYNARD BYRON                    **CLASS** _____

**ALIAS** _____                    **REF.** _____

Right Hand



Left Hand



| Hair | BLK | Eyes | BRO | Complexion | DARK | Height | 510 |
|------|-----|------|-----|------------|------|--------|-----|
| Weight | 220 | Age | 3-10-60 | Build | LRG | Occupation | WELDER |
| Rec'd at | WSP-RC | Date | 7-29-92 | County | VEN | Nativity | CA |
| Offense | CR29370 CT 1 ROBB 2ND (212.5(B)PC) | | | Term | 3 YRS | Race | BLA |

ARM W/FIREARM (12022(B)PC)

Marks, Scars, Tattoos (Location & Brief Description — Scar Right Eye, Tattoo Eagle Right Forearm. NOTE: If numerous list those most prominent).

CR 29503

Taken by

Left Hand          Left Thumb          Right Thumb          Signature X          Right Hand



CDC-138 (7/85)

00419

STATE OF CALIFORNIA                        H-43428                    DEPARTMENT OF CORRECTION

# FINGERPRINT CARD

HILL, RAYNARD BYRON          NO. _____          2-26-96

**NAME** _____          **CLASS** _____

**ALIAS** _____          **REF.** _____

**Right Hand**



**Left Hand**



| Hair | HLK | Eyes | BRO | Complexion | | Height | 510 |
| Weight | 225 | Age | 3-10-60 | Build | 10 | Occupation | |
| Rec'd at | MSP RC | Date | 2-26-96 | County | LA CO | Nativity | CA |
| Offense | PAROLE VIOLATION | | | Term | TO FINISH TERM | Race | BLA |

Marks, Scars, Tattoos (Location & Brief Description — Scar Right Eye, Tattoo Eagle Right Forearm. NOTE: If numerous list those most prominent).

Taken by _____          Signature _____

| Left Hand | | Left Thumb | Right Thumb | Right Hand |



00420

STATE OF CALIFORNIA

# FINGERPRINT CARD

REG.I COASTAL
H-43428

DEPARTMENT OF CORRECTIONS

NO. _____

2-27-95

**NAME** HILL, RAYMOND BYRON _____

**CLASS** _____

**ALIAS** _____

**REF.** _____

**Right Hand**



**Left Hand**



| Hair | BLK | Eyes | BRO | Complexion | DARK | Height | 510 |
| Weight | 230 | Age | 3-10-60 | Build | LG | Occupation | |
| Rec'd at | WSP/RC | Date | 2-27-95 | County | REG.I COASTAL /ven | Nativity | CA. |
| Offense | PAROLE VIOLATION | | | Term | TO FINISH TERM | Race | BLA |

Marks, Scars, Tattoos (Location & Brief Description — Scar Right Eye, Tattoo Eagle Right Forearm. NOTE: If numerous list those most prominent).

KT&LT SHOULDERS

**Taken by**

**Left Hand**

**Left Thumb**

**Right Thumb**

**Signature** X *Raymard B Hill*

**Right Hand**



CDC 138 (7/83)

00421

FINGERPRINT CARD

HILL, RAYNARD BYRON

H-43428

DEPARTMENT OF CORRECTIONS

4-18-94

NAME _____

NO. _____

CLASS _____

ALIAS _____

REF. _____

**Right Hand**



**Left Hand**



| Hair | BLK | Eyes | BRO | Complexion | BLK | Height | 510 |
|------|-----|------|-----|------------|-----|--------|-----|
| Weight | 224 | Age | 3-10-60 | Build | MED | Occupation | OIL FIELD |
| Rec'd at | WSP-RC | Date | 4-18-94 | County | COASTAL CO | Nativity | UK |
| Offense | PAROLE VIOLATION | | | Term | TO FINISH TERM | Race | BLK |

Marks, Scars, Tattoos (Location & Brief Description — Scar Right Eye, Tattoo Eagle Right Forearm, NOTE: If numerous list those most prominent).

Taken by _____

Signature X _Raynard Hill_

| Left Hand | Left Thumb | Right Thumb | Right Hand |
|-----------|-----------|-------------|------------|



00422

BLANK PAGE

# Power of Attorney
## and
# Authorization for Deposit

I, ___HILL, RAYMOND BYRON_____, do hereby appoint the Director of Corrections as my true and lawful attorney-in-fact with full power to: receive, endorse, and collect monies, checks, drafts, warrants, money orders, bills of exchange, or other securites payable to me from any source whatever; to deposit in my name and for my inmate trust account and for that purpose to sign my name and endorse the same for deposit; and to deposit in the inmate welfare fund interest earned on monies held for me in such trust.

Additionally, I do authorize the aforesaid attorney-in-fact to perform and delegate to any of his agents at the institution in which I am confined the authority to perform all necessary acts in the execution of the above authorization.

Done at _____, California, this ___11-20-96___
                        (LOCATION)                                    (DAY)
day of _____
                (MONTH, YEAR)

Signed and delivered in the presence of:

_____                    _____
(SIGNATURE OF WITNESS)                              (SIGNATURE)

_____                    ___H-43428___
(TITLE)                                              (NUMBER)

CDC 345 (10/77)

00423

# Power of Attorney

## and

# Authorization for Deposit

I, ___HILL, RAYNARD BYRON_____, do hereby appoint the Director of Corrections as my true and lawful attorney-in-fact with full power to: receive, endorse, and collect monies, checks, drafts, warrants, money orders, bills of exchange, or other securites payable to me from any source whatever; to deposit in my name and for my inmate trust account and for that purpose to sign my name and endorse the same for deposit; and to deposit in the inmate welfare fund interest earned on monies held for me in such trust.

Additionally, I do authorize the aforesaid attorney-in-fact to perform and delegate to any of his agents at the institution in which I am confined the authority to perform all necessary acts in the execution of the above authorization.

Done at __WASCO STATE PRISON, REC/CENTER__, California, this ___2-26-96_____
           (LOCATION)                                 (DAY)

day of _____.
        (MONTH, YEAR)

Signed and delivered in the presence of:

_____
(SIGNATURE OF WITNESS)

X _____
(SIGNATURE)

_____
(TITLE)

H-43428
(NUMBER)

CDC 345 (10/77)

00424

# 𝕻𝖔𝖜𝖊𝖗 𝖔𝖋 𝕬𝖙𝖙𝖔𝖗𝖓𝖊𝖞
## and
# 𝕬𝖚𝖙𝖍𝖔𝖗𝖎𝖟𝖆𝖙𝖎𝖔𝖓 𝖋𝖔𝖗 𝕯𝖊𝖕𝖔𝖘𝖎𝖙

I, ___HILL, RAYMOND BYRON_____, do hereby appoint the Director of Corrections as my true and lawful attorney-in-fact with full power to: receive, endorse, and collect monies, checks, drafts, warrants, money orders, bills of exchange, or other securites payable to me from any source whatever; to deposit in my name and for my inmate trust account and for that purpose to sign my name and endorse the same for deposit; and to deposit in the inmate welfare fund interest earned on monies held for me in such trust.

Additionally, I do authorize the aforesaid attorney-in-fact to perform and delegate to any of his agents at the institution in which I am confined the authority to perform all necessary acts in the execution of the above authorization.

Done at ___WASCO STATE PRISON. REC/CENTER___California, this _____2-27-95_____
     (LOCATION)           (DAY)

day of _____
    (MONTH, YEAR)

Signed and delivered in the presence of:

_____
(SIGNATURE OF WITNESS)

_____
(TITLE)

_____
(SIGNATURE)

H-43428
(NUMBER)

CDC 345 (10/77)

00425

# Power of Attorney
## and
## Authorization for Deposit


I, _____Raymond Hill_____, do hereby appoint the Director of Corrections as my true and lawful attorney-in-fact with full power to: receive, endorse, and collect monies, checks, drafts, warrants, money orders, bills of exchange, or other securites payable to me from any source whatever; to deposit in my name and for my inmate trust account and for that purpose to sign my name and endorse the same for deposit; and to deposit in the inmate welfare fund interest earned on monies held for me in such trust.


Additionally, I do authorize the aforesaid attorney-in-fact to perform and delegate to any of his agents at the institution in which I am confined the authority to perform all necessary acts in the execution of the above authorization.


Done at ___WASCO STATE PRISON. REC/CENTER,___ California, this _____ 

(LOCATION)                                                          (DAY)

day of ___MARCH 99___

(MONTH, YEAR)


Signed and delivered in the presence of:

_____Turner_____

(SIGNATURE OF WITNESS)

_____Raymond Hill_____

(SIGNATURE)

_____Sgt_____

(TITLE)

___H43428___

(NUMBER)


CDC 345 (10/77)



# OFFICE OF THE DISTRICT ATTORNEY
## County of Ventura, State of California

**MICHAEL D. BRADBURY**
District Attorney

**KEVIN J. McGEE**
Chief Assistant District Attorney

RONALD C. JANES, Chief Deputy
Major Offenses Division

DONALD D. COLEMAN, Chief Deputy
Admin/Child Support Operations

LELA HENKE-DOBROTH, Chief Deputy
General Criminal Division

JOHN L. GEB, Chief Deputy
Special Operations

JEFFREY G. BENNETT, Chief Deputy
Bureau of Investigation

October 11, 1996

REGION 2
FAX #415-557-0369

SUBJECT:               HILL, RAYNARD
BOOKING/INMATE NO.:    H-43428
DOB:                   3/10/60
D.A. NO.:              F96-1889

Dear Sir/Madam:

The above-named subject is a defendant in a criminal action
pending in Ventura County, California. Rap sheet entries reflect
that he/she was either arrested and booked by your agency or was
detained or imprisoned in your jail/prison facility.

PLEASE FORWARD CERTIFIED COPIES of the following records and
documents: (X) booking sheet; (X) booking photo; (X) fingerprint
records; (X) commitment orders, or other documents showing
offense for which he/she served time in your facility, and
(X) crime/arrest reports.

Thank you for your immediate attention to this request. If you
have any questions, please contact me at (805) 654-3190.

Very truly yours,

*Pamela Potter*

Pamela Potter
Legal Processing Assistant III

DOCUMENTS NEEDED BY:  ASAP

Hall of Justice, 800 South Victoria Avenue, Ventura, CA 93009   (805) 654-2500   Telecopier (805) 654-3850

STATE OF CALIFORNIA
DEPAR.....ENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

**C-FILE**

Date:   JUN 1 2 2007

In re:   Hill, H-43428
California Correctional Institution
P.O. Box 1031
Tehachapi, CA 93581

IAB Case No.: 0615535        Local Log No.: CTF 06-02486

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner B. Sullivan, Staff Services Manager I. All submitted documentation and supporting arguments of the parties have been considered.

I   **APPELLANT'S ARGUMENT:**   It is the appellant's position that he has a complaint against medical staff at Correctional Training Facility (CTF), North Facility. He states they have not properly treated the pain he has in his right shoulder since his surgery four years ago. He says he has been given Motrin but it has been ineffective. He has complained many times. He says he asked for a magnetic resonance imaging (MRI) but it was denied because x-rays did not show anything. He says finally after three years, a physician ordered an MRI and it took another five months to receive it. Four months later, the MRI was reviewed and Dr. Pompan ordered arthroscopy surgery for the appellant's right shoulder. On July 13, 2006, rotator cuff repair was approved. In the interim the appellant is in extreme pain. He asks for proper medication to numb the pain in his right shoulder. He asks for the surgery and for documentation of treatment and medical care in a timely manner. He also requests that Dr. Sinnaco and the medical department be reprimanded for indifference to his medical needs.

II   **SECOND LEVEL'S DECISION:**   The reviewer found that Dr. Parkinson interviewed the appellant on August 15, 2006, at the First Level of Review. The appellant was advised that he was referred to orthopedics for consultation of possible repair of the right shoulder. The appellant transferred to California Correctional Institution (CCI) on September 8, 2006. Due to this transfer, the CTF medical staff are unable to provide treatment recommendations. The appeal is granted in part at the Second Level of Review.

III   **DIRECTOR'S LEVEL DECISION:**   Appeal is denied.

A.   **FINDINGS:**   At the Director's Level of Review, the appellant continues to state the medical departments at CTF and CCI have not given him any medical treatment to alleviate the pain. He says that since 2002 he has been in extreme pain and his right shoulder goes out on him. He says he has had doctors' orders which have been ignored for months.

The appellant transferred to CCI on September 8, 2006. On June 8, 2007, the examiner spoke to the Medical Appeals Analyst at CCI, J. Zanchi, to inquire as to the appellant's healthcare at CCI. It was learned that the appellant received a telemedicine orthopedic appointment on November 3, 2006. He was seen via telemedicine by University of California at Davis Medical Center Doctor Tanji. The appellant was provided with information at the appointment and he indicated that he understood. In addition, Ms. Zanchi provided the examiner with a list of medications the appellant has received for the last nine months. The appellant has consistently received Ibuprofen 800 milligrams (mg) for pain and is also currently receiving Tylenol with Codeine (30 mg) for pain.

It is evident the appellant is receiving doctor care at CCI and medications on a regular basis. The institution shall only provide medical services for inmates which are based on medical necessity and supported by outcome data as effective medical care. The appellant is advised that each practitioner determines, at the time of treatment, the extent of treatment for the health care problem. The appellant has not provided a compelling argument to warrant modification of the decision reached by the institution.

**APPEAL FILE**

HILL, H-43428
CASE NO. 0615535
PAGE 2

**B. BASIS FOR THE DECISION:**
California Code of Regulations, Title 15, Section: 3350, 3354, 3391

**C. ORDER:** No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:     Warden, CCI
        Health Care Manager, CCI
        Appeals Coordinator, CCI
        Medical Appeals Analyst, CCI
        Appeals Coordinator, CTF
        Medical Appeals Analyst, CTF

00429

SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF VENTURA

COURTROOM 47

The People of the State of California ) No. CR 29503
                                      )
                vs.                   )
                                      ) REPORT OF PROBATION OFFICER
RAYNARD BYRON HILL                    )
                        Defendant     ) Hearing Date: 7-13-92
_____)              8:30 a.m.

LEGAL STATUS

Original Charge(s): 211 PC, 2nd deg, w/use of a deadly weapon per
12022(b) PC

Convicted of: 211 PC, 2nd deg, w/use of a deadly weapon per
12022(b) PC

Date of Offense: 4-2-92

Guilty by: Plea for 211 PC, 2nd deg, guilty by Court trial for use
of weapon

Date: 6-15-92          Judge: McGrath

Actual Time In Custody: 69 ds    4019 PC Time: 34 ds

Bail: $20,000 (not posted)       O.R.: N/A

Negotiated Plea: Court and District Attorney's Office make no
commitments.

Codefendants: None

Attorney: DPD Boles

Probation Officer: Esther N. Lopez, 654-2133

## PERSONAL DATA

Legal Name: Raynard Byron Hill                AKA: None

Address: Transient                            Phone: None

Age: 32    Date and Birthplace: 3-10-60; Port Hueneme, CA

Race/Ethnic Origin: Black                     Citizenship: U.S.
                                              (Country)

Date Arrived in County: Life        State: Life        U.S.: Life

Sex: M    Height: 5'10"    Weight: 210        Hair: Blk    Eyes: Brn

Driver's License No: N6280284 (suspended)        SS No: 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

Education: High school diploma from Oxnard High School

Military Service: None

Health/Handicaps: Good/None

Alcohol/Drug Use: The defendant began using cocaine sometime in
1986.  He was sent to the California Rehabilitation Center in 1990,
due to his continued use of cocaine.  Since paroled from CRC, he
stopped all drug use.  The defendant states he has no problem with
alcohol.  He usually has a beer when he is watching a sporting
event on television.

## FAMILY INFORMATION

Father's Name: Roy L. Hill Sr.            Occupation: Retired

Address: 3660 Keel Avenue, Oxnard

Mother's Name: Ernestine Hill            Occupation: Retired

Address: 3660 Keel Avenue, Oxnard

Stepparent: None

No. of Brothers: 1        Sisters: 2            Ages: 30-40

Present/Former Spouse: None

## DEFENDANT'S CHILDREN

None

-2-

## EMPLOYMENT RECORD

| From | To | Employer | Type of Work | Salary |
|------|-----|----------|--------------|--------|
| 11-14-89 | 1-26-90 | California Production Service | Oilfield | $12/hr |
| (Verified) | | | | |
| 11-17-83 | 4-6-86 | Kaiser Aluminum | Production | $12.65/hr |
| (Verified) | | | | |
| 1983 | 1984 | Oxnard High School | Freshman Football Team Coach | $6/hr |
| 1980 | 1983 | Proctor & Gamble | Shipping & Receiving | $11.63/hr |

## CRIMINAL HISTORY

**Present Arresting Agency: OXPD**                    **Date: 4-2-92**

**BI No: 673346**        **CII No: A06514416**    **FBI No: 0180562B9**

The following information was obtained through a search of California DMV, CII, NCIC, FBI, Ventura County Sheriff's Office, Ventura County Superior and Municipal Courts, and Ventura County Corrections Services Agency records:

| Date | Agency | Charge | Disposition |
|------|--------|--------|-------------|
| 8-14-87 | OXPD | 11550(b) H&S | VE29951. 9-10-87: Conv 11550 H&S 36 mos CRR, 120 ds VCJ. 2-24-88: VOP, 150 ds VCJ. 5-7-90: Prob rev, 60 ds VCJ. |

**-3-**

00432

| | | | |
|---|---|---|---|
| Unk | Unk | Unk | VE28399. 7-27-87: Conv 484(a) PC, 36 mos CRR, 150 hrs DWP.<br>9-10-87: DWP del, 3 ds jl.<br>9-13-90: VOP, prob rev, NA certified, see CR29503.<br>1-29-92: Prob remains rev, 180 ds deemed served. |
| Unk | OXPD | 484(a) PC, 853.7 PC | VE48336. 7-15-88: Conv 484 PC, 36 mos CRR, 45 ds jl.<br>9-13-90: VOP, prob rev, NA certified, see CR29503.<br>1-29-92: Prob remains rev, 180 ds deemed served. |
| 12-26-88 | OXPD | 11550 H&S | VE57691. 12-28-88: Conv 11550 H&S 60 mos CRR, 90 ds VCJ.<br>9-13-90: VOP, prob rev, NA certified, see CR29503.<br>1-29-92: Prob remains rev, 180 ds deemed served. |
| 5-4-90 | OXPD | 11550 H&S, 11364 H&S | 90C006419. 5-7-90: Conv 11550 H&S 36 mos CRR, 90 ds jl.<br>9-13-90: VOP, prob rev, NA certified, see CR29503.<br>1-29-92: Prob remains rev, 180 ds jl deemed served. |
| 10-11-90 | OXPD | 11550 H&S | 90C010887. 9-13-90: PN 11550 H&S, NA certified, see CR29503.<br>1-29-92: Prob den, ord 160 ds VCJ.<br><br>CR26988. 10-11-90: Comm to CRC 16 mos.<br>8-6-91: Rel outpatient. |

-4-

00433

| | | | |
|---|---|---|---|
| 7-7-90 | OXPD | 23152(a) VC, 12951(a) VC | 90S011192. 10-3-90: Conv 23152(a) VC, w/prior 60 mos CRR, 18 mos CDL susp, alcohol terms, fn $1,074 to be served in jl, 30 ds VCJ. |
| 4-2-92 | OXPD | 211 PC | CR29503. 6-15-92: PG 211 PC, FG by Crt trl of spec alleg 12022(b) PC. PRESENT MATTER. |

CIRCUMSTANCES OF OFFENSE:

The following information was summarized from Oxnard Police Department report #92-07946, and the preliminary hearing transcript dated April 16, 1992:

On April 2, 1992, at approximately 3:15 a.m., the defendant was at the Stop 'N Go Market on Rose Avenue in Oxnard. He went to the register counter to purchase a pack of gum. As the cashier, victim Roberto Macias, opened the register the defendant displayed a knife and waved it at the victim. The defendant told the victim to move back and then took approximately $45 from the register. The victim, at this point, kicked the register drawer closed and reached for the phone to dial 911. The defendant again waved the knife at the victim then ran from the store.

On that same day a few minutes prior to the offense, at 2:50 a.m., the defendant had been pulled over by Oxnard police. The vehicle he was driving, a silver Nissan 200SX, did not have a license plate. The officer asked the defendant where he was going and the defendant stated he was on his way to the Stop'N Go Market store. After the officers checked the defendant's license and the status of the vehicle he allowed him to leave. A few minutes

-5-

00434

later, this same officer received the call to respond to the robbery at the Stop 'N Go Market. The description of the suspect involved in the robbery matched that of the defendant whom the officer had just detained. On the way to the Stop 'N Go Market, the officer spotted the vehicle the defendant was driving earlier. As the officer approached the vehicle, the defendant stopped the vehicle and fled.

A photo line up was shown to the victim. The victim identified the defendant as the robber. The defendant looked similar to an individual by the name of Chester Edmond. Police officers contacted Mr. Edmond at the Angel Motel to warn him that he may be detained by other officers as he resembled the defendant. When they entered Mr. Edmond's residence they found the defendant sleeping on the living room couch. He was arrested without incident.

DEFENDANT'S STATEMENT:

The defendant was interviewed at the Ventura County Jail on July 1, 1992. The defendant provided a verbal statement and submitted a written statement.

He went into the Stop 'N Go Market to see what he could buy with $.60 that he had. He was very hungry because he had been living on his own for a while. He was too proud to go to his parents and ask for help. When the cashier opened the register and he saw the money and decided to take it. He pulled out a "7-10 inch" black comb and "lunged" at Macias. He did not take the money for drugs, he was hungry.

-6-

00435

He, in the past, used cocaine but currently has stopped all use of narcotics. He is scared about going to prison. He would like an opportunity on probation. He does not consider himself a negative individual and he is afraid that prison will only make him negative.

VICTIM'S STATEMENT:

Attempts to contact Roberto Macias were unsuccessful.

Javier Solis, manager of the Stop 'N Go Market, was contacted on July 7, 1992. He advised as follows:

They would like restitution in the amount of $45. As to the defendant, Mr. Solis feels he needs to be punished because he has committed a crime.

WORK FURLOUGH:

The defendant is excluded from Work Furlough.

FINANCIAL INFORMATION:

The defendant had no source of income and no expenses.

TIME IN CUSTODY:

The defendant was arrested on April 2, 1992, and until May 4, 1992, was serving time for fine and thirty days county jail for case #90S011192. The defendant is entitled to 69 days actual time served and 34 days 4019 PC time.

EVALUATION:

Sentencing Alternatives: Violation of Section 211 of the Penal Code, in the second degree, is a non-alternative felony, punishable by two, three, or five years in state prison. Pursuant to Section 12022(b) of the Penal Code, there shall be a one year enhancement. Further, pursuant to Section 1203(e)(2) of the Penal

-7-

00436

Code, the defendant shall not be granted probation unless found to be in the interests of justice.

Probation Eligibility When Probation Is Limited (Judicial Council Rule 413):  The following factors may indicate this is not an unusual case in which probation may be granted:

1.  The facts giving rise to the limitation on probation in this case not less serious than circumstances typically present in other cases involving the same probation limitation.  However, the defendant does not have a recent record of committing similar crimes or crimes of violence [Rule 413(c)(1)(i)].

2.  The defendant is neither youthful nor aged and has a significant record of criminal offenses [Rule 413(c)(2)(iii)].

There appear to be no factors to indicate that this is an unusual case in which probation may be granted.

Criteria Affecting Probation (Judicial Council Rule 414): The following factors appear to support a decision to grant probation:

1.  It is likely that imprisonment will have a adverse effect on the defendant (Rule 414b5).

2.  As the defendant has no prior felony convictions, he will suffer an adverse collateral consequence from this first conviction (Rule 414b6).

The following factors appear to support a decision to deny probation:

1.  The defendant was armed with a knife at the time of the offense (Rule 414a2).

2.  The defendant has a significant criminal record (Rule 414b1).

3.  The defendant has been unsuccessful on prior grants of probation (Rule 414b2).

4.  The defendant's homeless status, substance abuse problem, and lack of employment will hinder his ability to comply with probation (Rule 414b4).

-8-

00437

**Circumstances in Aggravation** (Judicial Council Rule 421):
The following factors appear to be circumstances in aggravation:

1.    The defendant has a long history of convictions (Rule 421b2).

2.    The defendant has been to CRC (Rule 421b3).

3.    The defendant was on probation when the crime was committed (Rule 421b4).

4.    The defendant's prior performance on probation was unsatisfactory (Rule 421b5).

**Circumstances in Mitigation** (Judicial Council Rule 423): The following factors appear to be circumstances in mitigation:

1.    The defendant pled guilty at an early stage of the criminal process (Rule 423b3).

**Analysis:**  The defendant's criminal history indicates he has a significant problem with drugs.  Further, the defendant acknowledged he had a drug problem, however stated he no longer uses any type of drugs.  He advised he did not plan to take the money from the market but he was hungry and decided to take it.  However, the defendant used a knife in the commission of the crime, indicating some premeditation.

It is difficult to believe that the defendant would risk going to prison because he was to proud to go eat at his parent's home.  It would be more likely that this crime was committed because the defendant continues to use drugs.

The defendant is not eligible for a commitment to the California Rehabilitation Center pursuant to Section 3052 of the Welfare and Institutions Code.  There are no unusual factors in the defendant's case to find it in the interests of justice to grant him probation, therefore, a recommendation for prison is submitted.

00438

RECOMMENDATION:

It is respectfully recommended that:

The defendant be committed to the Department of Corrections.

Pursuant to Section 1203.096 of the Penal Code, the Court find that the defendant has a history of drug abuse, was convicted of a drug offense, or was under the influence of alcohol or a controlled substance at the time of the commission of the offense and recommend that the defendant participate in a counseling or education program.

The defendant be ordered to pay a restitution fine in the amount of $500 to the State Restitution Fund.

The defendant be ordered to pay a restitution fine in the amount of $45 to the Stop 'N Go Market.

Respectfully submitted,

Frank C. Woodson
Director
Corrections Services Agency


_____
By Esther N. Lopez
Deputy Probation Officer

THE WITHIN AND FOREGOING REPORT
OF PROBATION OFFICER HAS BEEN
READ AND CONSIDERED BY ME THIS
_____ DAY OF JULY, 1992.

_____
JUDGE OF THE SUPERIOR COURT

EL:kt69

-10-

00439

(1)

Name: Raynard B Hill
Date: May 1, 1992
Case #: CR-29503

Your Honorable Judge Storch / McGrath.

My name is Raynard Byrone Hill, 32 yrs old, born into a family of 4 kids. Brought up basicly in a middle-class family with both parents still together. My dad is retired Navy & civil service, my mom is also retired from (CYA) California Youth Authority Ventura School. I graduated from Oxnard HS '78, went to Ventura Jr. College '79-'80; Trade school "Golden State Sch. certified in welding. Active in community coaching Pop Warner football & Frosh football at O.H.S.. I worked for big-time companies Kaiser Aluminium, Proctor & Gamble for. combined yrs of 7, my last job was working for Shell Oil & Texeco offshore oil rigs. During my spare time I play Semi-pro football for the Ventura Co American Now Named the Ventura Co. Cardinals for 5 yrs. I was respected by my peers and the community.

Starting from 1983, was when I experienced Drugs, I was arrested for 11550's a few times. And all of the other arrest were drug related on for Association.
"Description Leading To Actual Crime."

On April 2nd 1992 went to my parents for a shower & some clean clothes. I didn't ask for any money because there was alot of pride involved. I say that because as long as I remember and especially now is 32 yrs old my parent has drilled in me about takin

00440

on responsibilities and being responsible for yourself and my actions. When I left CRC in Febuary at 230 lbs, my parent told me to get out and make it on my own. I tried but couldn't find a job, so basicly I was on the streets, homeless, hustling to survive by selling cans, bottles, or working drugs to make it through the day.

Staying with a friend Antonio Mitchell at the Angel Motel. I went and applied for food stamps and being that I had no transportation, I was in progress of buying Mitchell's '77 Catalac for $200.00 in which every penny I was getting was going to him and had written the bill of sale in my property with a balance of $40.00 that I owe.

Approx 3am on the 3rd. Mitchell wanted me to pickup on drugs for him at Stop N Go parking lot where they hung to sale. As we left the Motel and got on Cooper RD we were pulled over by Oxnard PD. We were asked where we were going? I told them Stop N Go, they searched me and Mitchell and the car and let us go. Neither of us had a weapon on was there one in the car.

I pulled the car around the corner from the store because at that time of night and in a drug Area I thought it would be safer. Walked around the corner but no one was in sight. I had 60¢ of my own in my pocket, so I went to the store to see what I could get for 60¢.

00441

(3)

When entering the store I noticed Mr. Macias working. A few nights before he did me a favor by giving me some food because I left my money at Antonio Mitchell house. I gave him my ID and told him I would bring the money to him and get my ID back, about 1 hr later I did what I said. So I knew him and he knew me.

So as I contemplated on what to get, another customer was buying something and Macias opened the cash drawer. At that point when looking at the money things started happening to me. I WASN'T AWARE becaus. this was the first time that I've ever felt hungry, jobless, broke other than 60¢, Homeless, total devastated by the way I was living to the point of desperation, the opportunity was right in my face so I acted. I reached in my back pocket and pulled out approx 7-10 inch reg black comb and lunged at Macias as quick as I could and he jumped backwards. And as he was going back, I lean over the counter and grabbed the money & left the store. To be honest I surprised myself that I did such a thing that was so much out of my character.

As far as hurting or attacking someone I would never do that. I have one battery on my record and that's because my Brother Stanley Hill & I we drinking heavily one night and had a mutual combat but you can't do this in front of the police, I was arrested. My brother didn't press charges but the DA di

00442

(4)

So Your honor, What I'm trying say is that Im I NOT that type of person that my actions showed. There was nothing planned, I didn't have no knife, Lets face it, it was a stupid thing to do, I told the police officer where I was going, plus I knew the store clerk who was working at StopNGo. I think all of this was due to experiencing the life of the streets, being homeless, and starvation. I wieghed in for a physical at 205 lbs, I lost 25 lbs in Two months. I really don't know why, but it happened. I'm total ashamed, imbarrassed and I've humiliated myself to my peers & community.

Honestly, I'm scared to death. I know what I did was wrong and I'll have to pay the price for my mistakes. For a family like mine, prison is something that no one would ever dream about

I just hope you could take in consideration to what I was going threw and that night mentally was not the Real Raymard Byrone Hill.

Thank You.

Raymard Hill

00443

(5)

6-16-92

Judge McGrath,
    I consider myself as an straight out
honest person. If I do something wrong, I
will take responsibility for that and take my
punishment. But when you convicted me of having
a knife, that hurted deep down inside. As God
is my witness, I did not have a knife and
if I'm lieing may him judge me accordingly.
    Now, since your findings were as they may, I'm
asking you to try to give what you have read some
thought. By looking at my background you can see
that I have what going for myself. It will stand
that my reason for going to the store, was not to
rob it and also that it was not pre-meditated.
It was something that happened at the spur of the
moment that circumstances allowed to happen.
    Over the past I've learned to handle my adversities,
the most severe was my drug problem in 90-91. I asked
the judge to send me to CRC and I worked the pro-
gram to the best of my ability, going to N.A., A.A. and
getting a higher power then myself, I've beat that
problem and I can beat this to.
    What I'm asking you, is to realize I need to
stay in a positive Atmosphere. This was my first
felony & my last of anything close to one. I need
the chance to prove myself before I'm placed into
the surroundings of negative influences.
                                    Raymond Hill

00444

FIXED TERM WORKSHEET (1170 P.C.)

1 DEFENDANT __Raynard Byrone Hill__     CASE NO. __CR 29503__

Hearing __7-13-92__     Dept. No. __32__     Judge __McGrath__     Clerk _____
      MO.  DAY  YR.

Reporter _____     Counsel for People _____

Counsel for Defendant __PD Boles__     Probation Number or Probation Officer __Esther N. Lopez__

| | | Count | Count | Count | Count | Count |
|---|---|---|---|---|---|---|
| 2 | DETERMINATION OF CRIME WITH GREATEST "PRINCIPAL" TERM | | | | | |
| 3 | CRIMINAL OFFENSE — Indicate by Code Section (include counts of prior uncompleted sentence, if new crime committed in prison, exclude crimes for which sentence was being served.) | | | | | |
| 4 | PENALTY RANGE (Lower, Middle, Upper Term) | | | | | |
| 5 | BASE TERM — Enter term selected by the court - middle term unless circumstances in aggravation or mitigation. | BASE TERM | BASE TERM | BASE TERM | BASE TERM | BASE TERM |

ENHANCEMENT CLAUSES (Check all clauses charged and found. Enter greatest term where directed; stay or strike the others for each count, where applicable.)

J = Charged and Found

| | | | ADD | | | | | |
|---|---|---|---|---|---|---|---|---|
| 6 | i | 12022 | Armed (Firearm) or Use (Weapon) | ADD ONE YEAR | | | | |
| 7 | ii | 12022.5 | Use (Firearm) | ADD TWO YEARS | | | | |
| 8 | iii | 12022.7 | -GBI | ADD THREE YEARS | | | | |
| 9 | iv | 12022.6(a) ($25,000 to $100,000) | ADD ONE YEAR | ONE ONLY | ONE ONLY | ONE ONLY | |
| 10 | v | 12022.6(b) – OVER $100,000 | ADD TWO YEARS | | | | |
| 11 | TOTAL | Lines 5 through 10 (Base Term plus 12022-series enhancements) | PRINCIPAL TERM | PRINCIPAL TERM | PRINCIPAL TERM | PRINCIPAL TERM | PRINCIPAL TERM |

## COMPUTATION OF FIXED TERM

|  |  | BASE TERM FROM LINE 5 |
|---|---|---|
| 12 | BASE TERM OF CRIME WITH THE GREATEST "PRINCIPAL" TERM ON LINE 11    (COUNT _____) | ENTER TERM ▶ BOX 1 / Abstract Line 4 |

ENHANCEMENTS IMPOSED ON THAT COUNT    Imposed

| i | 12022 | Armed (Firearm) or Use (Weapon) | ADD ONE YEAR |
| ii | 12022.5 | Use (Firearm) | ADD TWO YEARS |
| iii | 12022.7 | -GBI | ADD THREE YEARS |

Only the greatest of the three charged, found and not stricken
If actual or attempted rape, robbery, burglary may include § 12022.7 and either § 12022 or 12022.5.

ENTER TERM ▶ BOX 2 / Abstract Line 5A

Years Stayed ◯ (A)

| iv | 12022.6(a) ($25,000 to $100,000) | ADD ONE YEAR |  | Imposed |
| v | 12022.6(b) – OVER $100,000 | ADD TWO YEARS | (One Only) |

ENTER TERM ▶ BOX 3 / Abstract Line 5B

## COMPUTATION OF ADDITIONAL TERMS FOR PRIOR PRISON TERMS AND/OR CONSECUTIVE SENTENCE

PRIOR PRISON TERMS (P.C. § 667.5)

| | | No. Charged and Found | Number Stricken | | |
|---|---|---|---|---|---|
| 13 | | | | 667.5(c) felony priors with new 667.5(c) felony conviction — Enter 3 years for each prior not stricken (667.5(a)) | BOX 4 / Abstract Line 5C |
| 14 | | | | 667.5(c) felony priors without new 667.5(c) felony conviction — Enter 1 year for each prior not stricken (667.5(b)) | |
| 15 | | | | Other felony priors with any new felony conviction | BOX 5 / Abstract Line 5D |

CONSECUTIVE SENTENCES (P.C. § 1170.1(a)) (Not in prison offenses)
(a) OFFENSES NOT LISTED IN P.C. § 667.5(c)

| 16 | Counts in current case sentenced consecutively are (Do not include count listed on Line 12.) | | |
| 17 | For each count listed on Line 16, enter one-third of middle term (No enhancement permitted) | ABSTRACT LINE 5E(1) | 6-1 |
| 18 | Counts in prior uncompleted sentence sentenced consecutively are (Do not include count listed on Line 12.) | | |
| 19 | For each count listed on Line 18, enter one-third of middle term (No enhancement permitted) | ABSTRACT LINE 5E(2) | 6-2 |

ENTER TOTAL ▶ BOX 6 / Limit 5 Years

Excess of 5 years ——————— Stayed ◯ (B)

(b) OFFENSES LISTED IN P.C. § 667.5(c)

| 20 | Counts in current case sentenced consecutively are (Do not include count listed on Line 12.) | | |
| 21 | For each count listed on Line 20, enter one-third of middle term plus one-third of any enhancement imposed under 12022, 12022.5, 12022.7. | ABSTRACT LINE 5E(3) | 7-1 |
| 22 | Counts in prior uncompleted sentence sentenced consecutively are (Do not include count listed on Line 12.) | | |
| 23 | For each count listed on Line 22, enter one-third of middle term of each offense plus one-third of any enhancement imposed under 12022, 12022.5, 12022.7. | ABSTRACT LINE 5E(4) | 7-2 |

ENTER TOTAL ▶ BOX 7 / No Limit

|  |  | Total Fixed Term BOX 8 |
|---|---|---|
| | Enter Total (Base term plus additional terms)    (BOXES 1 through 7) | |

**TOTAL FIXED TERM**    LIMIT: Total term may not be more than DOUBLE THE BASE TERM (2 times BOX 1) UNLESS convicted of 667.5(c) felony or enhancement imposed under 12022, 12022.5, 12022.6 or 12022.7.

Limited Total Fixed Term BOX 9 / Abstract Line 6

Excess of years over limit ——————— Stayed ◯ (C)

**STAYED TERMS**    Total years stayed pursuant to California Rules of Court and P.C. § 1170.1(a) and 1170.1(f) (From total of circles B and C) ——————— Stayed ◯ (D)    Abstract Line 7

* Where offense is actual or attempted robbery, rape or burglary the enhancement under 12022.7 may be imposed in addition to the enhancement under either 12022 or 12022.5.

Raymond Byrone Hill

## ACTUAL TIME IN CUSTODY

| YEAR | JAIL VCJ | | | | | | |
|------|------|------|------|------|------|------|------|
| 1992 | Dates | # Days | Dates | # Days | Dates | # Days | Dates | # Days |
| JAN. | | | | | | | |
| FEB. | | | | | | | |
| MARCH | | | | | | | |
| APRIL | | | | | | | |
| MAY | 5-30 | 26 | | | | | |
| JUNE | 1-30 | 30 | | | | | |
| JULY | 1-13 | 13 | | | | | |
| AUG. | | | | | | | |
| SEPT. | | | | | | | |
| OCT. | | | | | | | |
| NOV. | | | | | | | |
| DEC. | | | | | | | |
| | Total: 69 | | Total: | | Total: | | Total: |

Remarks:

| | Dates | # Days | Dates | # Days | Dates | # Days | Dates | # Days |
|------|------|------|------|------|------|------|------|------|
| JAN. | | | | | | | |
| FEB. | | | | | | | |
| MARCH | | | | | | | |
| APRIL | | | | | | | |
| MAY | | | | | | | |
| JUNE | | | | | | | |
| JULY | | | | | | | |
| AUG. | | | | | | | |
| SEPT. | | | | | | | |
| OCT. | | | | | | | |
| NOV. | | | | | | | |
| DEC. | | | | | | | |
| | Total: | | Total: | | Total: | | Total: |
| | GRAND TOTAL 69 | | GRAND TOTAL | | GRAND TOTAL | | GRAND TOTAL |

Remarks:

00446

COUNTY OF VENTURA
CORRECTIONS SERVICES AGENCY

Return Date _7-13-92_

P.O. _Esther N. Lopez_          Ext. _2133_

## DECLARATION OF FINANCIAL ABILITY

Case Name _Raynard Byron Hill_          Case No. _CR29503_

THIS FORM IS TO BE COMPLETED IN FULL AND RETURNED TO YOUR PROBATION OFFICER
AT THE TIME OF YOUR FIRST INTERVIEW.

### FINANCIAL STATEMENT

Full Name _Raynard Byrone Hill_ Age _32_ Date of Birth _3-10-60_

Address _3660 Keel Ave  Oxnard, CA  93035_

Marital Status:  single _X_ married __ divorced __ separated __ widowed __

Telephone No. _(805) 9856742_

Name and Address of Nearest Relative _Mr & Mrs Louise Gaines_

_1404 So F St  Oxnard CA 93030  (805) 4868921_

Name of wife/husband _N/A_

Address _____

Children in Home:  Number _____ Ages _____

Social Security No. _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_ Driver's License No. _N4280284_

Vehicle License Plate No. _____

| | Husband's Employment | Wife's Employment |
|---|---|---|
| Employer: | | |
| Address: | | |
| Type of Job: | | |
| How Long Employed: | N/A | |
| Working Now? | | |
| Gross Salary: | $_____ (mo/wk) | $_____ (mo/wk) |
| Take-Home Pay: | $_____ (mo/wk) | $_____ (mo/wk) |

FORMSIII/DOFA (12-90)

00447

## INCOME STATEMENT

| Source of Income | How Often Paid | Husband | Wife | Children |
|---|---|---|---|---|
| Salary & Wages (take-home pay) Pension & Retirement Unemployment & Disability Social Security Public Assistance (Welfare, AFDC, etc.) Child Support Payments Veterans Benefits Workmans Compensation Rent Income Dividends & Interest Income All Other Sources (specify) | | $ | $ | $ |
| TOTAL INCOME | | $ | $ | $ |

## MONTHLY EXPENSES

| | |
|---|---|
| Rent or Mortgage Payments Real Property Taxes Food Utilities Telephone Laundry & Cleaning Clothing Medical Dental Insurance Payments Child Care or Babysitting Child Support Payments Entertainment Auto Payments Auto Expenses (gas, oil, etc.) Cigarettes, Liquor Incidentals Other Expenses (list) | $ |
| TOTAL EXPENSES | $ |

### PAYROLL DEDUCTIONS
Check Items deducted:

| | |
|---|---|
| Federal Income Tax | _____ |
| State Income Tax | _____ |
| Social Security | _____ |
| Unemployment or Insurance | _____ |
| Savings Plan | _____ |
| Medical Insurance | _____ |
| Life Insurance | _____ |
| Union Dues | _____ |
| Retirement or Pension | _____ |
| Car Payments | _____ |
| Credit Union | _____ |

## INSTALLMENT PAYMENTS

| Creditor's Name | For | Monthly Payment | Balance Owed |
|---|---|---|---|
| | N/A | | |

FORMS111/DOFA (12-90)

00448

Name and Address of Bank(s) _____

Account No. _____    Checking _____  Savings _____

| Cash | Cash on Hand | Cash in Checking | Cash in Savings | Total Cash |
|---|---|---|---|---|
|  |  | N/A |  |  |

| Motor Vehicles, Autos, Trucks, Boats, Mobile Homes | Make | Year | Purchase Price | Purchase Date | Amount Owed | Present Value |
|---|---|---|---|---|---|---|
|  |  |  | N/A |  |  |  |

| Real Estate Residences, Land, etc. | Purchase Price | Purchase Date | Present Amount of Mortgage | Present Market Value | Present Equity |
|---|---|---|---|---|---|
|  |  |  | N/A |  |  |

| Life Insurance | Name of Company | Face Amount of Policy | Kind of Insurance | Cash Value |
|---|---|---|---|---|
|  |  | N/A |  |  |

| Other Assets | Stocks Bonds Securities | Household Furnishings | Money Owed To Me | Other Personal Property | Other Assets (list) |
|---|---|---|---|---|---|
|  |  | N/A |  |  |  |

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed On _6-18-95_    At _Ventura_ , _California_
              Date                County                State

_Raymond B Hill_
Signature

FORMSIII/DOFA (12-90)

00449