*Cmc-w*

STATE OF CALIFORNIA—YOUTH AND ADULT CORRECTIONAL AGENCY                              PETE WILSON, *Governor*

## DEPARTMENT OF CORRECTIONS

P. O. Box 942883
Sacramento, CA  94283-0001

1993 OCT 29  FM 1:22

MCSP
WARDEN'S OFFICE

October 22, 1993

Hill, H-43428
Mule Creek State Prison
P. O. Box 409099
Ione, CA  95640

RE:  DIRECTOR LEVEL DECISION
     CASE NO.9301526
     INSTITUTION LOG NO.93-1908

This matter was reviewed on behalf of the California Department
of Corrections, Inmate Appeals Branch, on the record, on
October 18 , 1993, by Appeals Examiner W. Vaughn.

All submitted documentation and supporting arguments of the
parties have been considered.   To the extent such documentation
and arguments are in accordance with the findings and conclusions
stated herein, they have been accepted.   To the extent they are
inconsistent therewith, they have been rejected.

### ISSUES

Whether  or  not  the  institution's  staff  has  responded
appropriately to appellant's request for dental treatment.

### FINDINGS

#### I

The appellant states that he has requested dental treatment and
institution staff have failed to respond appropriately.
Specifically, appellant contends that he has had problems with
his teeth for over a year and dental staff have failed to
adequately deal with his problem.  He states that work was done
on his teeth; however, it was not done properly which caused his
gums to swell causing him pain.

#### II

The institution takes the position that due to staff shortage,
the dental department is behind, therefore, urgent care mandates
their immediate attention.   They contend that appellant's name

00450

HILL, H-43428 – CASE NO. 9301526
Page 2

was on a waiting list and appellant was seen on July 7, 1993, and a filling was done, which completed the work that needed to be done.

### III

The Department's rule regarding medical treatment is contained in the California Code of Regulations (CCR), Title 15, Section 3350.

> **3350. General Policy.**
> "The department will provide every reasonable medical, surgical and dental service for inmates, and will maintain adequate facilities and staff for such service. In an emergency or when specialized services are deemed necessary and are not available within departmental facilities, an inmate may, upon request of an institution's chief medical or dental officer and approval of the warden or superintendent, be temporarily placed in a community medical facility for such emergency or specialized services. In extreme emergencies when a physician is not on duty or immediately available, the senior custodial officer on duty, in conjunction with on-duty medical staff, may place an inmate in a community medical facility. Such emergency action will be reported to the institution's administrative and medical officers-of-the-day as soon as it is possible to do so."

The documentation and arguments presented are persuasive that departmental regulations vests with the institution medical staff the sole responsibility and authority to determine the level of treatment to deal with an inmate's complaint.

Records reflect that on July 27, 1993, Dr. Garbutt treated a large filling on the right upper side and did not feel that a crown was necessary. The filling was reinforced with pins and medical dressing was applied for the pain. Medical staff contends that any discomfort was not intentional. Appellant's name was put on the routine care waiting list.

### DETERMINATION OF ISSUE

The institution's handling of appellant's request for dental treatment appears to be appropriate.

The appeal is denied.

00451

HILL, H-43428 - CASE NO. 9301526
Page 3

## ORDER

No modification of the institution's action is required.

This decision exhausts the administrative remedy available to appellant within the Department of Corrections.


JACK R. REAGAN, Chief
Inmate Appeals Branch

cc:   Warden Henry, MCSP
       Appeals Coordinator, MCSP

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)



Institution/Parole Region
1. Cmc-g

Log No.
1. 99-1052

Category
#3

2.                2.

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME   HILL, R.B.

NUMBER   H43428

ASSIGNMENT   JACKET FACTORY

UNIT/ROOM NUMBER   2235

A. Describe Problem: I JUST STARTED RECIEVING A SUBSCRIPTION TO THE VENTURA COUNTY STAR NEWSPAPER. ACCORDING TO ART 4. SEC 3138 (a)(e)(1), AFTER INSPECTION I SHOULD RECIEVE MY PAPER. THE PROBLEM I'M HAVING IS THAT I RECIEVED THURSDAYS 6-10-99, SATURDAY 6-12-99, & SO FAR MONDAY 6-14-99. FOR SOME UNKNOWN REASON I DIDN'T RECIEVE FRIDAYS 6-11-99 OR SUNDAYS 6-13-99. I AM NOW WAITING ON A REPLY FROM STAR VEN CO. TO LOCATED PROBLEM, AND MISSING NEWSPAPER, BEFORE NOTIFICATION TO POSTAL INSPECTORS.

If you need more space, attach one additional sheet.

B. Action Requested: THAT ALL SUBSCRIPTIONS OF MY NEWSPAPER BE FORWARDED TO ME AFTER REGULATIONS AND POLICIES ARE MET.

Inmate/Parolee Signature: Raymond B Hill H43428   Date Submitted: 6-15-99

C. INFORMAL LEVEL (Date Received: 6-25-99)

Staff Response: Denied - Papers are distributed on a daily basis. They are sent to the room # or then if none is found they are looked up for current room #

Staff Signature: McDaniel   Date Returned to Inmate: 6-25-99

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

ACCORDING TO "V.C. STAR" NEWSPAPERS ARE SENT IN ORDERLY FASHION, PAPERS ARE CORRECTLY ADDRESSED & ROOM #, BUT AS YOU CAN SEE FROM THE UPDATED LOG ON NEXT PAGE THAT PAPERS ARE COMING OUT OF DAY & DATE SEQUENCE, LOTS OF DAYS DON'T RECIEVE PAPER AT ALL, 3 PAPERS 6-13TH, 23RD, 26TH I DIDN'T RECIEVE AT ALL

Signature: Raymond B Hill H43428   Date Submitted: 6-30-99

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

JUN 28 1999

JUL 7 1999

JUN 16 1999

CMC APPEALS OFFICE

00453

First Level ☐ Granted ☐ P. Granted ☐ Denied ☒ Other: Withdrawn

E. REVIEWER'S ACTION (Complete within ~~15~~ 30 working days): Date assigned: JUL 7 1999 Due Date: AUG 1 8 1999

Interviewed by: ______

Noted [illegible] 8/30/99

Staff Signature: SR Cpbell Title: LIEUTENANT Date Completed: 8/16/99

Division Head Approved: Returned

Signature: [signature] Title: AW/PS Date to Inmate: 8/30/99 9-1-99

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

AT THIS TIME I NO LONGER WANT TO TO PURSUE DUE TO BETTER HANDLING.

Signature: [signature] Date Submitted: 8-9-99

Second Level ☐ Granted ☐ P. Granted ☐ Denied ☐ Other ______

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: ______ Due Date: ______

☐ See Attached Letter

Signature: ______ Date Completed: ______

Warden/Superintendent Signature: ______ Date Returned to Inmate: ______

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Signature: ______ Date Submitted: ______

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted ☐ P. Granted ☐ Denied ☐ Other ______

☐ See Attached Letter

Date: ______

CDC 602 (12/87)

F

NEWSPAPER Le

| DATE | PAPER RECIEVED | COMMENTS |
|---|---|---|
| FRi 6-11-99 | WED. 6-9-99 | |
| MON 6-14-99 | THUR 6-10-99 | |
| TUES 6-15-99 | SAT & Mon 6-12, 6-14 | No FRi 6-11 |
| THURS 6-17-99 | FRi, TUES, WED 6-11, 6-15, 6-16 | RECIEVE FRi out of seq- |
| Mon 6-21-99 | THUR, FRi, SAT 6-17, 6-18, 6-19 | uence, AND DIDN'T GET |
| TUES 622-99 | Sun, Mon 6-20, 6-21 | * SUNDAYS 6-13-99 |

| TODAYS DATE 6-29-99 | No PAPER RECIEVED! | FOR REASONS UNKNOWN |
| WEDS, THURS, FRi. | | PAPERS ARE GETTING |
| No Delivery 23rd-25th | | HELD UP SOMEWHERE? |

*FORMAL Level*

| Mon 6-28-99 | TUES, FRi 6-22/6-25 | |
| * No TUESDAY DELIVERY | | * MISSING PAPERS * |
| WEDESDAY 6-30-99 | THURS, SUN, & Mon 6-24, 27, 28 | * No WEDESDAY 6-23-99 |
| | | * No SATURDAY 6-26-99 |

00455

State of California                                                    Department of Corrections
**INMATE/PAROLEE APPEALS SCREENING FORM**
CDC 695

TO:   Name: _____Hill R_____          Log Number: ___N/A___   Date: 2 3

CDC Number: ___H-43428___          Unit/Room: ___2235___

## YOUR APPEAL IS BEING RETURNED TO YOU FOR THE FOLLOWING REASON(S):

[] 1. The action or decision being appealed is not within the jurisdiction of the Department.
    Instructions:
[] 2. You have submitted a duplicate appeal on the same issue.
    check one:
    [] Your first appeal is currently under review at the        level.
    [] Your first appeal has been completed at the Director's level.
[] 3. You are appealing an action not yet taken.

| **[✓] 4. YOU HAVE NOT ATTEMPTED TO RESOLVE THE PROBLEM INFORMALLY.** | |
|---|---|
| SEE: _____ or | SEND THIS APPEAL TO: |
| Counselor (CC-I)        Unit Sgt/Unit Lt | Records Office          Trust Office |
| Medical/Dental/Psych Department | Mailroom                Visiting Lt. |
| Clothing Distribution        R&R | Security & Investigations Unit |
| Special Purch/Canteen    Work Supervisor | or _____ |
| for informal response/assistance | for informal response |

Inmates housed in Administrative Segregation or the Hospital may send their CDC-602, *with this form attached*, to the designated reviewer for response via institutional mail.

[] 5. You have not adequately completed the Inmate/Parolee Appeal Form
    (CDC-602) or attached the proper documents. Please complete and return.
    Instructions:
[] 6. There has been too great a time lapse between when the action or decision occurred and when you filed your appeal,
with no explanation of why you did not, or could not, file in a timely fashion.
[] 7. You may not submit an appeal on behalf of another inmate.
[] 8. Abuse of the appeal procedure.
    Instructions:

THIS SCREENING DECISION MAY NOT BE APPEALED UNLESS YOU ALLEGE THE ABOVE INFORMATION IS
—INACCURATE.  IN SUCH A CASE, PLEASE RETURN THIS FORM TO THE APPEALS COORDINATOR WITH THE
NECESSARY INFORMATION.

## LEAVE THIS FORM ATTACHED TO THIS APPEAL.

E. WRIGHT, CCII        JUN 2 8 1999
Appeals Coordinator
California Mens Colony    JUL 7  1999

INMATE APPEAL ROUTE SLI₂

To: AW II/C FAC CAP                    DATE: 02/03/1999

From: INMATE APPEALS OFFICE

Re: Appeal Log Number ISP-C-98-00819 By Inmate HILL, H-43428

Please assign this appeal to appropriate staff for SECOND level response.

        Due Date: 03/05/1999          Appeal Issue: PROPERTY

STAFF INSTRUCTIONS:
Second level appeals require a personal interview if not afforded at the
first level. Begin your response with: GRANTED, DENIED, PARTIALLY GRANTED
or WITHDRAWN. When complete, return to Appeals Office. Appeals that are
incomplete will be returned to the responding staff for appropriate com-
pletion. Refer to D.O.M. 54100 for instructions.


V. ORTEGA
APPEALS COORDINATOR
IRONWOOD STATE PRISON

- - - - - - - - - - - - - - - - - - - - - - - -



INMATE APPEAL ROUTE SLIᴘ

To: C FAC/HOWELL                          DATE: 09/23/1998

From: INMATE APPEALS OFFICE

Re: Appeal Log Number ISP-C-98-00819 By Inmate HILL, H-43428

Please assign this appeal to appropriate staff for FIRST level response.


Due Date: 11/05/1998          Appeal Issue: PROPERTY

STAFF INSTRUCTIONS: Per Director's Rule 3084.5(f)(2) first level
appeal review requires a personal interview with the inmate unless
the appeal is granted.  This policy is not within the institution's
jurisdiction and cannot be waived.  Director's Rule 3084.5(f)(3)
provides that a telephonic interview may be conducted if the inmate
is not available in person.
Begin response with: GRANTED, DENIED, PARTIALLY GRANTED or WITHDRAWN.
When complete, return appeal to the Appeals Office.  All first level
appeals require signature of the Division Head.  Appeals that are
incomplete will be returned for appropriate completion.
Refer to D.O.M. 54100 for instructions.


V. ORTEGA
APPEALS COORDINATOR
IRONWOOD STATE PRISON

INMATE APPEAL ROUTE SLIP

To: ISP/APPEALS                                    DATE: 05/08/1998

From: INMATE APPEALS OFFICE

Re: Appeal Log Number PVSP-C-98-00532 By Inmate HILL, H-43428

Please assign this appeal to appropriate staff for FIRST level response.

Due Date: 06/22/1998            Appeal Issue: PROPERTY

STAFF INSTRUCTIONS: Per Director's Rule 3084.5(f)(2) first level
appeal review requires a personal interview with the inmate unless
the appeal is granted.  This policy is not within the institution's
jurisdiction and cannot be waived.  Director's Rule 3084.5(f)(3)
provides that a telephonic interview may be conducted if the inmate
is not available in person.
Begin response with: GRANTED, DENIED, PARTIALLY GRANTED or WITHDRAWN.
When complete, return appeal to the Appeals Office.  All first level
appeals require signature of the Division Head.  Appeals that are
incomplete will be returned for appropriate completion.
Refer to D.O.M. 54100 for instructions.

D. SYLVESTER, CCII
APPEALS COORDINATOR
PLEASANT VALLEY STATE PRISON

00459

STATE OF CALIFORNIA                                                        DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

| | Location: | Institution/Parole Region | Log No. | | Category |
|---|---|---|---|---|---|
| | 1. | PVSP-C | 1. | | 5C |
| | 2. | PSP | 2. | C-98-00819 | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.                                              2-3-99

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| HILL, R.B. | H43428 | PTR-C-603 Voc Work CHANGE | C4-137up |

A. Describe Problem: On 1-29-98 at approx. 1:40pm while coming out of Work Change, C/o Brashears willfully & purposely damaged my personal property (Tennis Shoes), by ripping out the non-removable inside soles. I feel that C/o Brashears was in violation of the following Dept. of Corrections Rules & Regulations Sec. 3193(b) Liability, Sec. 3391 Conduct, Sec. 3287(b) Search of Person

If you need more space, attach one additional sheet.  #1

B. Action Requested: Due to the Damage caused, I would like to be reimburst for the cost of my shoes at $85.95 or replacement. Also an personal apology and this behavior documented in his Employee File.

Inmate/Parolee Signature: _Raymond B Hill_                     Date Submitted: 1-29-1998

RECEIVE
PVSP APPEALS

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

_____

Staff Signature: _____  Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BYPASS

Signature: _____  Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim.

CDC Appeal Number:

00461

First Level ☐ Granted ☐ P. Granted ☒ Denied ☐ Other

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: 9/23/98 Due Date: 11/05/98

Interviewed by: (See attached dated memo)

Staff Signature: [signature] Title: Sergeant Date Completed: 12/24/98

Division Head Approved: Signature: [signature] Title: [illegible] Returned Date to Inmate: 12/30/98

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

THE PROPERTY IN QUESTIONED WAS BRAND NEW. AFTER THE INCIDENT BY C/O BRESHEARS, YOU COULD SEE THE GLUE THAT SUPPORTED THE INSOLE STRETCHED AND STILL CONNECTED TO INSOLE AND BOTTOM OF SHOE. UNDER THE SOLE WAS CLEAN WITH NO DIRT OR DEBRIS DUE TO NO LOOSE INSOLE. *SEE ATTACHED #2

Signature: Raymond B Hill H43428 Date Submitted: 1-28-99

Second Level ☐ Granted ☐ P. Granted ☒ Denied ☐ Other

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 2/3/99 Due Date: [illegible]

☒ See Attached Letter

Signature: V. Ortega CCII Date Completed: 3-9-99

Warden/Superintendent Signature: [signature], CDW (A) Date Returned to Inmate: 3-25-99

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Signature: Date Submitted:

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted ☐ P. Granted ☐ Denied ☐ Other

☐ See Attached Letter

Date:

CDC 602 (12/87)

ATTN. APPEALS COORDINATOR:

Could you please log this 602 Appeal, and forward it forward state Prison. ATTN. C-Facility C-Unit, as this 602 is a dup. of an Appeal submitted 1-29-98 and seems to have been misplaced and lost by 1st appeal coord. V. Green. Could you also send me the 602# as soon as possible.

Thank you,

[signature]

5-16-98

Copy

RAYMOND D HILL
PVSP.
BFB1-213 Low

CAPT HILL
"C- FACILITY"

I HAD THE PLEASURE OF TALKING TO YOU IN YOUR OFFICE CONCERNING THIS MATTER BEFORE BEING TRANSFERED TO PVSP. I WAS ASSURED BY YOU AND SGT ORTEGA THAT DUE TO MY 602 BEING FILLED IN BY SGT ORTEGA IN HIS OFFICE ON 4-29-98 THAT THE APPEAL WILL BE HANDLE IN A TIMELY AND ISSUE ME SOME FORM OF REPLY.

THE APPEAL WE SAT IN THE HANDS OF A CERTAIN "PETERS PARALEGAL", AND AFTER NUMEROUS ATTEMPTS BY SGT ORTEGA TO FIND OUT THE STATUS OR WHEREABOUTS OF THE 602 FROM V. ORTEGA, SHE FAILES TO COME UP WITH ANY ANSWER OR EVEN A LOG #. IT SEEMS LIKE SOMEONE IS TRYING TO PUSH THIS ISSUE UNDER THE RUG, AND UP TO THIS DATE 5-6-98, I HAVE RECIEVE NOTHING IN REFERENCE TO MY APPEAL.

I HAVE FAITH THAT YOU "CAPT HILL" WILL SEE TO IT THAT THIS MATTER WILL BE HANDLE IN A TIMELY MANNER AND WILL RECIEVE SOME FORM OF RESPONSE CONCERNING THIS ACT TAKEN AGAINST ME

THANKS YOU
Raymond B Hill
H43478

I SIGNED AND RETIEVED A PERJURY
VERIFICATION FORM TO V. ORTEGA

ADDITIONAL PG #1

Upon Returning to 'C' Facility through work Change, During the security search, I was wearing a new pair of Spaldings 3/4 Length Basketball shoes which was allowed through work Change. While C/O Brashears Looked through my Clothes And Shoes, I observed Him Reach inside my shoe And Rip out the inside soles, when these shoes Are equipped with non-removable soles. After C/O Brashears notices the mistake He made, He left the other shoe Alone. When I received my property And saw the Damage He made, I Asked Him "why He ruined my shoes?" He Chuckled And said "Everything is subject to search". I told Him "I know that, but you're not Allowed to Damage or Destroy personal property that's Allowed through work Change"

It seemed to be some big joke And funny As C/O's Brashears, Adams, Reese & Eaton Laughed & teased me As I walked out through the Gate, out of the "Cell Box". So I walked Directly toward the "Program office" And upon seeing Lt. Parker, I informed Her of what Happened And showed Her the Damage that C/O Brashears Done to my shoes.

So Being that I was Done unjustly, I Informed Lt. Parker that I would File An Appeal on these Actions.

Hank Chin
Hank B. Hill

00464

ATTACHED PAGE #2

On 1-29-98 approx 7:30am Work Call, Outside Work Exchange was so crowded that the track or walkway was blocked. LT. Parker came over to Work Exchange and Instructed the C/O's working Work Exchange to get the inmates through and to work. All inmates started going through Work Exchange out of the Normal Routine by Class or Work Group. Being that I worked as a Porter in Work Exchange, I overheard C/O's Breshears, Reese, & Aubus Disgust at LT Parker for changing their routine and making their job harder.

This is why C/O Breshears was upset and treated me in that fashion, because I never had a problem with him or any other C/O. I'm a Disciplinary Free inmate still to this date, and don't feel C/O Breshears actions were Justified. I explained this whole incident to LT. Parker that same day upon leaving Work Exchange, where she seen my shoes with the glue stretched, proving they were pulled apart.

I went to See Capt. Howe concerning the matter, and asked why a C/O, regardless that he's the "Officers Union President" can get away with such Behavior and lack of Conduct and Professionalism. He told me to let the 602 go through the channels, see the Responses, and He'll see what He can do. Unfortunately, I Transfered and a New pair of shoes my mother sent me is worth nothing.

It has taken over 1 yr. to get this Response Back and I hope this is not cause to Disregard my Rights or the Appeal Process.

                                        — Thank You

00465

State of California

Department of Correction
Ironwood State Prison

# Memorandum

Date : **December 24, 1998**

To : **INMATE HILL**
**CDC #H43428**
**CALIFORNIA MEN'S COLONY**
**A-QUAD-2235X**

Subject: **FIRST LEVEL RESPONSE APPEAL LOG #ISP-C-98-00819**

On December 11, 1998, at approximately 1130 hours, I contacted you for telephone interview at California Men's Colony, San Luis Obispo. My interview with you was regarding a CDC 602, Log #ISP-C-09-00819 alleging "Damage to Personal Property by Staff". You stated that on January 29, 1998, Work Change Officer Breshears purposely ripped the non-removable insole from your personal tennis shoes, while you were being processed through Work Change. You also stated that you brought this matter to the attention of Lt. Parker, "C" Program Lieutenant immediately after the incident.

On December 11, 1998, I interviewed C/O Breshears about these allegations and C/O Breshears stated that at no time did he purposely rip out any insoles. The insole was loose as he inspected your shoes, so he removed it for further inspection and placed it back into your shoe.

On December 23, 1998, I interviewed Lt. Parker regarding your conversation with her about your tennis shoes. Lt. Parker states that she does not recall any inmate complaining about damaged tennis shoes or staff misconduct.

Based on the information from my interviews with Lt. Parker and C/O Breshears, I found no evidence to substantiate your allegations, therefore your appeal is **DENIED at the First Level.**


E. GALINDO
Facility "C" Program Sergeant

C. THREM
Facility "C" Captain (A)

State of California
·Corrections                                                                                                Department of

# INSTITUTIONAL MEMORANDUM

**Date:**     5·8·98

**To:**       Inmate Appeals Office
              Appeals Coordinator
              ISP

**From:**     D.D. ORTIZ, CCII
              Appeals Coordinator
              Pleasant Valley State Prison
              Coalinga, CA 93210
              (209) 935-4900 Ext. 5350

**Subject:**  CDC 602, INMATE/PAROLEE APPEAL FORM(S)
              INMATE: HILL              CDC NO. H43428

The attached [X]Appeal(s) [ ]Copy(s) [ ] Notice(s) is/are being sent to your [X]Institution [ ] Parole
Region for the following reason(s):

        [X]Please assign to appropriate staff member for response:

           [ ]     Informal Level Response
           [X]     First Level Reviewer's Action
           [ ]     Second Level Reviewer's Action

      [ ] Pleasant Valley State Prison has completed:

           [ ]     Informal Level Response
           [ ]     First Level Reviewer's Action
           [ ]     Second Level Reviewer's Action

      [ ] Please route original copy to inmate who is now located at your:
           [ ]     Institution
           [ ]     Parole Region

      [ ] **Overdue Notice**

      [ ] **Original appeal(s)/copy(s) for:**
           [ ]     Records Office
           [ ]     Central File
           [ ]     Appeals Office
           [ ]     Other:

State of California

Department of Corrections
Ironwood State Prison

# Memorandum

Date    :    **March 9, 1999**

To      :    **Inmate R. B. Hill**
             **CDC# H-43428**
             **CALIFORNIA MEN'S COLONY**
             **A-QUAD - 2235X**

Subject:    **SECOND LEVEL RESPONSE APPEAL LOG # ISP-C-98-00819**

## SUMMARY OF APPEAL

You are appealing the issue of having personal property damaged by staff. You alleged that on January 29, 1998, while coming out of Work Change, Correctional Officer Breshears willfully and purposely damaged your personal property (tennis shoes), by ripping out the non-removable inside soles.

You are requesting to be reimbursed for the cost of your shoes ($85.95) or replacement of your shoes. You are requesting to have a personal apology from Officer Breshears as well as having his behavior documented in his Employee File.

An interview was conducted with you by Correctional Sergeant E. A. Galindo, Facility 'C' Sergeant, on December 11, 1998. You provided no new or additional information during that interview, therefore you were not re - interviewed at the second level response for this appeal.

## SUMMARY OF INQUIRY

A thorough inquiry has been conducted into your appeal. You have alleged that your shoes were willfully and purposely damaged by Correctional Officer Breshears.

On March 9, 1999, an interview was conducted with Officer Breshears concerning the allegations you have made. Officer Breshears stated that while out processing you through Facility 'C' Workchange, he observed that the one of the shoe's inserts was loose and appeared to be tampered with. Officer Breshears conveyed that he removed the insole as a security precautionary measure to prevent the introduction of contraband onto the facility.

On this same date, I interviewed Correctional Lieutenant V. Parker. Lieutenant Parker relayed that she did not recall having a conversation with you about your damaged tennis shoes, or of any misconduct from staff.

00468

Per the California Code of Regulations, I find that while Correctional Officer K. Breshears was conducting his duties as Facility 'C' Work Change Officer, he was out processing you and other Inmates through work change. Officer Breshears observed that the insoles of your shoes were lose and appeared to be tampered with. As a security measure, Officer Breshears removed the loose insole of the that shoe to check for the possibility of introduction of contraband from the vocational area onto the yard. Being that that the other shoe did not appear to be tampered with, it's insole was not removed. Therefore no malice or willful damage was done by Officer Breshears. Additionally, you are reminded that by ordering personal shoes which cost in excess of sixty dollars ($60.00) you violated institutional quarterly package procedures, and cannot / will not be compensated for such.

## APPEAL RESPONSE

For the reason (s) cited above your appeal is being **DENIED** at the second level.

If you are dissatisfied with the decision, use section H of your CDC Form 602 stating why you are dissatisfied, and follow the instructions on the CDC-602. Additionally, the Appeals Office can log and mail your CDC-602 to the Third (Directors) Level for review.


**V. ORTEGA**
**APPEALS COORDINATOR**

**D. TAYLOR**
**CHIEF DEPUTY WARDEN**

Records Dept.:                                        3-11-98

As you can see, this Probation Report was written for People vs Raynard Byran Hill, Case # CR39787 which I'm currently doing time. The Report was done by Deputy Probation Officer Bill Meschan of Ventura Co. who can be reached at 800 So Victoria Ave 93006, (805) 654-5120.

On Page 4, Lines 15-21, which pretains to Case # 90C009675, 7-16-90, and shows that the case was discharged on 7-18-90, and I was exonerated from all of the charges / allegations. Disposition was made due to the alleged victim "lying and fabricating her story" which was found to be false.

By not having the complete disposition on this case in my C-File, I've been put through undue humiliation when C.C.I. during classification committee states I'm a rapist and done other vulger acts which stems from this case. Not only does the 'R' suffix restrict me from transfers and kept in secured facilities, just the implication of me being of such a person, if somehow, leaked to prison general population, would jeperdize my safty and life.

I'm hoping that this problem can be taken care of at your near convience or that I can be informed on who can take care of this matter.

Thank You

Raynard B Hill
H43428
3-11-98

00470

INMATE APPEAL ROUTE SLIP

To: C FAC/HOWELL                                 DATE: 09/23/1998

From: INMATE APPEALS OFFICE

Re: Appeal Log Number ISP-C-98-00819 By Inmate HILL, H-43428

Please assign this appeal to appropriate staff for FIRST level response.

Due Date: 11/05/1998                Appeal Issue: PROPERTY

STAFF INSTRUCTIONS: Per Director's Rule 3084.5(f)(2) first level
appeal review requires a personal interview with the inmate unless
the appeal is granted.  This policy is not within the institution's
jurisdiction and cannot be waived.  Director's Rule 3084.5(f)(3)
provides that a telephonic interview may be conducted if the inmate
is not available in person.
Begin response with: GRANTED, DENIED, PARTIALLY GRANTED or WITHDRAWN.
When complete, return appeal to the Appeals Office.  All first level
appeals require signature of the Division Head.  Appeals that are
incomplete will be returned for appropriate completion.
Refer to D.O.M. 54100 for instructions.


V. ORTEGA
APPEALS COORDINATOR
IRONWOOD STATE PRISON

INMATE APPEAL ROUTE SLIP

DATE: 05/08/1998

To: ISP/APPEALS

From: INMATE APPEALS OFFICE

Re: Appeal Log Number PVSP-C-98-00532 By Inmate HILL, H-43428

Please assign this appeal to appropriate staff for FIRST level response.

Appeal Issue: PROPERTY

Due Date: 06/22/1998

STAFF INSTRUCTIONS: Per Director's Rule 3084.5(f)(2) first level appeal review requires a personal interview with the inmate unless the appeal is granted. This policy is not within the institution's jurisdiction and cannot be waived. Director's Rule 3084.5(f)(3) provides that a telephonic interview may be conducted if the inmate is not available in person.
Begin response with: GRANTED, DENIED, PARTIALLY GRANTED or WITHDRAWN. When complete, return appeal to the Appeals Office. All first level appeals require signature of the Division Head. Appeals that are incomplete will be returned for appropriate completion.
Refer to D.O.M. 54100 for instructions.

D. SYLVESTER, CCII
APPEALS COORDINATOR
PLEASANT VALLEY STATE PRISON

*Original C, 1 #1*

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# INMATE/PAROLEE
# APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region    Log No.    Category

1. ___ PVSP-C- ___    ___    5C

2. ___ PSP ___    2. ___ C-98-00819 ___

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|-----------|------------------|
| HILL, R.B. | H43428 | PTR-C-603 VOC WORK CHANGE | C-4-137 up |

A. Describe Problem: On 1-29-98 at approx. 1:40pm while coming out of Work Change, C/O Brashears willfully & purposely damaged my personal property (Tennis shoes), by ripping out the non-removable inside soles. I feel that C/O Brashears was in violation of the following Dept. of Corrections Rules & Regulations. Sec. 3193(b) Liability, Sec. 3391. Conduct, Sec. 3287(b). Search of Person

If you need more space, attach one additional sheet. #1

B. Action Requested: Due to the damage caused, I would like to be reimbursed for the cost of my shoes at $85.95, or replacement. Also an personal apology and this behavior documented in his employee file.

Inmate/Parolee Signature: *Raynard B. Hill*    Date Submitted: 1-29-98

RECEIVE
JAN-29 1998
PVSP APPEAL

C. INFORMAL LEVEL (Date Received: ___ )

Staff Response:    BYPASS

Staff Signature: ___    Date Returned to Inmate: ___

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BYPASS

Signature: ___    Date Submitted: ___

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: ___

00473

First Level ☐ Granted ☐ P. Granted ☒ Denied ☐ Other

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: 9/23/98 Due Date: 11/05/98

Interviewed by:

(See attached dated memo)

Staff Signature: [signature] Title: Sergeant Date Completed: 12/24/98

Division Head Approved:
Signature: [signature] Title: [signature] Returned Date to Inmate: 12/30/98

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

Signature: Date Submitted:

Second Level ☐ Granted ☐ P. Granted ☐ Denied ☐ Other

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: Due Date:
☐ See Attached Letter

Signature: Date Completed:

Warden/Superintendent Signature: Date Returned to Inmate:

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Signature: Date Submitted:

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted ☐ P. Granted ☐ Denied ☐ Other
☐ See Attached Letter

CDC 602 (12/87)

Date:

ATTN APPEALS Coordinator:
    Could you Please Log This as Appeal, And Forward
it Through Proper Channel Attn: Coordinator Capt. H. c. This
Log is a Copy of An Appeal Submitted 1-29-98 And Seems
To Have Been misplaced or Lost by ISP Appeal Coord. V. Crtain.
Could you Also Send me The Log# as Soon as Possible.
                                    Thanks
                                    Raymond B Hill
                                    H43428
                                    5-6-98

00475

COPY

RAYMOND D HILL
PVSP.
CAPT HUVE                                    BFB1 - 213 LOW
"C - FACILITY"

I HAD THE PLEASURE OF TALKING TO YOU IN YOUR OFFICE
CONCERNING THIS MATTER BEFORE BEING TRANSFERED TO PVSP. I
WAS ASSURED BY YOU AND SGT C-ALVIN THAT DUE TO MY 602
BEING LOGGED IN BY SGT GALINDO IN HIS LOG BOOK ON 1-29-98, THAT
THE APPEAL WILL GO THROUGH THE IN-PROCESS AND FOLLOW ME HERE
AT PVSP.

THE APPEAL WAS LOST IN THE HANDS OF V. ORTEGA "APPEALS
COORDINATOR", AND AFTER NUMEROUS ATTEMPTS BY SGT GALINDO
TO FIND OUT THE STATUS OR WHEREABOUTS OF THE 602
FROM V. ORTEGA, SHE FAILED TO COME UP WITH AN ANSWER OR
EVEN A LOG #. IT SEEMS LIKE SOMEONE IS TRYING TO PUSH
THIS ISSUE UNDER THE RUG, AND UP TO THIS DATE 5-6-98, I
HAVE RECIEVE NOTHING IN REFERENCE TO MY APPEAL.

I HAVE FAITH THAT YOU "CAPT HUVE" WILL SEE TO IT THAT
THIS MATTER WILL BE HANDLE IN A TIMELY MANNER AND WILL
RECIEVE SOME FORM OF RESPONSE CONCERNING THIS ACT TAKEN
AGAINST ME

                                        THANKS YOU
                                        Raymond D Hill
① SIGNED AND RETURNED A PERJURY                H43478
VERIFICATION FORM TO V. ORTEGA                5-6-98

00476

ADDITIONAL PG #1

Upon Returning to "C" Facility Through Work Change, During the Security Search, I was wearing a new pair of Spalding 3/4 Length Basketball Shoes which was allowed through Work Change. While C/o Brashears looked through my Clothes and Shoes, I observed Him Reach inside my Shoe and Rip out the inside soles, when these Shoes are equipped with non-removable soles. After C/o Brashears noticed the mistake He made, He Left the other Shoe alone. When I recieve my Property and saw the Damage He done, I asked Him "Why He burned up my Shoes?" He laughed and said "Everyth is subject to Search", I told Him "I know that, but you're not suppose to Damage or Destroy personal Property that's allowed through Work Change."

IT seemed to be some Big Joke and Funny as C/o's Brashear, Angus, Reese, & Eaton laughed & Teased me as I walked out through the Gate, out of the "Call Box". So I walked Directly toward the "Program Office" and upon Seeing Lt. Parker, I informed Her of what Happened and Showed Her the Damage that C/o Brashears Done to my Shoes.

So Being that I was Done Unjustly, I Informed Lt. Parker that I would File An Appeal on these Actions.

Thank You
Maynard B. Ello
1-29-98

00477

State of California

Department of Correctic
Ironwood State Pris

# Memorandum

Date  :  **December 24, 1998**

To    :  **INMATE HILL**
         **CDC #H43428**
         **CALIFORNIA MEN'S COLONY**
         **A-QUAD-2235X**

Subject:  **FIRST LEVEL RESPONSE APPEAL LOG #ISP-C-98-00819**

On December 11, 1998, at approximately 1130 hours, I contacted you for telephone interview at California Men's Colony, San Luis Obispo. My interview with you was regarding a CDC 602, Log #ISP-C-09-00819 alleging "Damage to Personal Property by Staff". You stated that on January 29, 1998, Work Change Officer Breshears purposely ripped the non-removable insole from your personal tennis shoes, while you were being processed through Work Change. You also stated that you brought this matter to the attention of Lt. Parker, "C" Program Lieutenant immediately after the incident.

On December 11, 1998, I interviewed C/O Breshears about these allegations and C/O Breshears stated that at no time did he purposely rip out any insoles. The insole was loose as he inspected your shoes, so he removed it for further inspection and placed it back into your shoe.

On December 23, 1998, I interviewed Lt. Parker regarding your conversation with her about your tennis shoes. Lt. Parker states that she does not recall any inmate complaining about damaged tennis shoes or staff misconduct.

Based on the information from my interviews with Lt. Parker and C/O Breshears, I found no evidence to substantiate your allegations, therefore your appeal is **DENIED at the First Level.**


E. GALINDO
Facility "C" Program Sergeant

C. THREM
Facility "C" Captain (A)

State of California
Corrections

Department of

# INSTITUTIONAL MEMORANDUM

Date: 5·8·98

To:     Inmate Appeals Office
        Appeals Coordinator
        ~~PSP~~

From:   D.D. ORTIZ, CCII
        Appeals Coordinator
        Pleasant Valley State Prison
        Coalinga, CA 93210
        (209) 935-4900 Ext. 5350

Subject: CDC 602, INMATE/PAROLEE APPEAL FORM(S)
         INMATE: HILL          CDC NO. H43428

The attached [X]Appeal(s) [ ]Copy(s) [ ] Notice(s) is/are being sent to your [X]Institution [ ] Parole
Region for the following reason(s):

    [X]Please assign to appropriate staff member for response:

        [ ]    Informal Level Response
        [X]    First Level Reviewer's Action
        [ ]    Second Level Reviewer's Action

    [ ] Pleasant Valley State Prison has completed:

        [ ]    Informal Level Response
        [ ]    First Level Reviewer's Action
        [ ]    Second Level Reviewer's Action

    [ ] Please route original copy to inmate who is now located at your:
        [ ]    Institution
        [ ]    Parole Region

    [ ] Overdue Notice

    [ ] Original appeal(s)/copy(s) for:
        [ ]    Records Office
        [ ]    Central File
        [ ]    Appeals Office
        [ ]    Other:

00479

INMATE APPEAL ROUTE SLIP                    CMC-X

To: PVSP/APPEALS                           DATE: 06/22/1998

From: INMATE APPEALS OFFICE

Re: Appeal Log Number PVSP-O-98-00594 By Inmate HILL, H-43428

Please assign this appeal to appropriate staff for SECOND level response.

Due Date: 07/20/1998            Appeal Issue: CUSTODY/CLASS

STAFF INSTRUCTIONS:
Second level appeals require a personal interview if not afforded at the
first level. Begin your response with: GRANTED, DENIED, PARTIALLY GRANTED
or WITHDRAWN. When complete, return to Appeals Office. Appeals that are
incomplete will be returned to the responding staff for appropriate com-
pletion. Refer to D.O.M. 54100 for instructions.

D. SYLVESTER, CCII
APPEALS COORDINATOR
PLEASANT VALLEY STATE PRISON              C-FILE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

00480

STATE OF CALIFORNIA

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region
1. ISP
2. PVSP-C-96

Institution/Parole Region
1. 98-172
2. 00594

DEPARTMENT OF CORRECTIONS

Category
2

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME HILL, R.B.
NUMBER H43428
ASSIGNMENT UNASSIGNED PRE-TRANSFER
UNIT/ROOM NUMBER CA-139UP

A. Describe Problem: I would like an modification of my custody status. The UCC has placed an "R" suffix in my file due to an arrest on 7-16-90 case # 9000962S which went to court on 7-18-90 and was "discharged". Here attached is a probation report that was filed with the Superior Court of State of California for the County of Ventura, which contains criminal history obtained through search of DMV, CII, FBI, NCIC, VTA PD, Oxnard PD, VTA County & Municipal Courts, & VTA Co. Corrections Services Agency records. Case in question is noted that victim fabricated story of charges and case dismissed when story was found to be false.

If you need more space, attach one additional sheet.

B. Action Requested: I would like the "R" suffix as well as restrictions removed from my case file, which jeopardizes my safty, my ability to transfer to certain institutions, and prevents me to quality for certain institutional jobs which will be available to me

Inmate/Parolee Signature: Maynard B Hill H43428    Date Submitted: 3-3-98

C. INFORMAL LEVEL (Date Received: 3-6-98) Renewed

Staff Response: This is not part of commitment documentation located in your C-file

Staff Signature: O. Alvarado CC1    Date Returned to Inmate: 3-6-98

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

This probation report was done specificly for case # 39787 which is the team I'm seeking. It shows the disposition of the case and why I was exsonerated from the charges in questioned since my C-file states the negitive allegations, it needs modification to show disposition.

Signature: Maynard B Hill H43428    Date Submitted: 3-11-98

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim.    CDC Appeal Number:

C-FILE    MAY 27 1998    00481

First Level ☐ Granted ☐ P. Granted ☒ Denied ☐ Other

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: 3-20-98 Due Date: 5-26-98 ext. 6-15-98

Interviewed by:

See attached

Staff Signature: T. Hansen CC II Title: Correctional Counselor II Date Completed: 6/10/98

Division Head Approved: Signature: M.L. Dunlap Title: Associate Warden A/B Housing Returned Date to Inmate: JUN 18 1998

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

WHAT IS NOT PRESENT IS THE DISTRICT ATTORNEY'S DISPOSITION ON WHY THE CASE WAS DISMISSED. DURING COURT PROCEEDINGS, MY ATTORNEY BROUGHT FORTH WITNESS MELVIN CAMARONI & LEON PARK TESTIMONY WHICH PROVED THAT THE ALLEGED VICTIM WAS LYING AND THAT'S WHY D.A. DROPPED ALL CHARGES.

Signature: Raymond B Hill H43428 Date Submitted: 6-18-98

Second Level ☐ Granted ☐ P. Granted XX Denied ☐ Other

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 06/22/1998 Due Date: 07/20/1998

☒ See Attached Letter

Signature: D. SYLVESTER, CCII Date Completed: JUN 30 1998

Warden/Superintendent Signature: for G. Lewis, Warden 6-30-98 Date Returned to Inmate: JUN 30 1998

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Signature: Date Submitted:

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted ☐ P. Granted ☐ Denied ☐ Other

☐ See Attached Letter

Date:

CDC 602 (12/87)

State of California                                                                Department of Corrections

# Memorandum

Date    :    June 10, 1998

To      :    Hill, R.B., H-43428
             BFB1-105L

Subject :    **FIRST LEVEL RESPONSE, APPEAL LOG NO. PVSP-O-98-00594**

Your appeal was referred for first level review on May 21, 1998. You were interviewed on June 10, 1998 by E. Apodaca, Correctional Counselor I, concerning your appeal. In your appeal, you stated that you would like a modification of your custody status. You are appealing an "R" suffix that was placed on your custody at Mule Creek State Prison (MCSP) on September 16, 1992 and affirmed by Unit Classification Committee (UCC) at Ironwood State Prison (ISP) on May 28, 1997. You advise in your appeal you were exonerated of all charges of sexual battery, rape by force and fear of sexual penetration of a foreign object on July 16, 1990. The Oxnard Police department report is in your Central File (C-File) and was available to the UCC.

You have requested that the "R" suffix be removed from your case file based on the Probation Officer's report dated November 13, 1996, indicating the case was discharged.

A thorough investigation of your appeal issue(s) reveals the following, California Code Of Regulations (CCR), Section 33771, Inmate Custody Designations, deals with the application of all "R" suffix. In your appeal you contend that you were not convicted of a sex crime, therefore, you should not have an "R" suffix on your custody. CCR 33771 (b), (2), states, "Within six (6) months upon reception of an inmate with a record or arrest or detention for any offense listed in CCR 33771 (b), (1), a classification committee shall determine the need for an "R" suffix on the inmate's custody designation. The committee shall consider the arrest reports and the district attorney's comments related to such an arrest." When you appeared before the UCC, at MCSP and ISP, they reviewed the Oxnard Police Department's arrest report, and elected to affix and affirm the "R" suffix. Further review of this action reflects that all departmental rules and regulations have been compiled with. I am persuaded to support the action of the UCC.

Therefore, your appeal is denied at first level review.

T. HANSEN
Correctional Counselor II Facility B
Pleasant Valley State Prison

M.L. DUNLAP
Associate Warden Housing A/B
Pleasant Valley State Prison

00483

NO: H43428              NAME: HILL                    HOUSING: C4-137U          CDC-128G
CUSTODY: MED AR         ASSIGN: KITCHEN               WG/PG: A1/A (EFF: 2/8/97)
CS: 51                  EPRD: 8/25/2008               ANNUAL: 1/98

ACTION:    PROGRAM REVIEW:  AFFIRM 'R' SUFFIX.  INELIGIBLE FOR FAMILY VISITS.

Inmate HILL appeared before Facility "C" UCC this date for Program Review. "S" was seen on 9/16/92, at IUCC in
WSP-RC pending receipt of arrest report for evaluation of "R" suffix and was temporarily assessed "R", subsequently "S" was TX and
all subsequent 128G UCC chronos state "R" suffix is noted." In reviewing the arrest report of 7/16/90, for sexual battery, kidnapping,
rape by force, fear sexual penetration by a foreign object. The victim and witness positively identifies "S". The arrest report indicates
the victim and the witness cooberate the same information. During the commission of the crime "S" is said to have grabbed, dragged,
and held victims arms and legs down, pulling up her dress spreading her legs apart and pulled her underwear down to her knees,
grabbing her vaginal area and in a forceful movement, forcing his fingers up into her vagina. The whole time the victim was
screaming, struggling and fighting. A witness called the police and "S" was subsequently arrested. Charges were discharged. RX to
affix "R" suffix due to the 7/16/90 arrest report. After review of pertinent case factors, Committee elects to RX to affix "R" suffix due
to the 7/16/90, arrest report. The element of the charge. Committee deems "R" suffix is appropriate. He is advised of his appeal
rights and that this Committee is his first level of review. Inmate is aware of and concurs with Committee's action.


Chairperson:  J. HARGETT, Facility Captain              Recorder: O. ALVARADO, CCI
Committee Members:  C. THREM, CCII                      D. THOMPSON, CCI
DATED: 5/28/97                    UCC CLASSIFICATION                    INST: ISP/ll

00484

NO. H-43428   NAME H    CG 50L   CDC-128-G (Rev. 2/69)

Custody:   MED B/R  EPRD 12-16-93   Assignment: ANN REV: CPP VOC (COMP/PROG)
Comments:  CS  18   RECL 9-8-94                **REFER TO CSR** RX; CMC-W-I/ALT
           WG  A1   PG   A                      CCI-I

Inmate HILL, H-43428, appeared before FAC "C" UCC this date for his annual
review. Subject was received at MCSP on 9-9-92 from WSP-RC. Subject is presently
assigned to Vocational (computer programming). Subject states that he is
experiencing no problems in his assignment. Subject's release date is 12-16-93
and he has an adjusted classification score of 18. Subject's classification
score has been adjusted due to two periods of no serious 115's and one period of
full-time assignment. Subject was commended for good programming. CDC 840, 812
and 127 have been reviewed and updated. Confidential folder in file. No pending
RVR's noted in C-file at this time. Subject is full duty, camp qualified and has
a TB test score of 22. Committee elects to refer this case to the CSR for
transfer consideration. RX: CMC-W-I/alternate CCI-I. Subject has requested
transfer based on facilitating family visiting. Subject states hardship based on

Date:  08-12-93   Continued   Classification FAC C/UCC   Inst. MCSP/kh

---

NO. H-43428   NAME        HILL   CDC-128-G (Rev. 2/69)

Custody:                  Assignment:
Comments:        Continued - Page 2

mother's illness. No documentation noted in C-file at this time. Subject is a
33-year-old, Black, first-termer received CDC on 7-29-92 from Ventura County for
Robbery 2nd. He received a total term of three years. There are no holds, arsons
or escapes noted in C-file. Sex offense consists of Sexual Battery, Rape by
Force/Fear dated 7-16-90. "R" suffix placed pending receipt of arrest report.
Subject expressed agreement with Committee action. Subject was encouraged to
continue positive programming and to remain disciplinary free. Subject was
advised of his right to appeal Committee action. Custody needs have been
reviewed. CPP Vocational (computer programming). No further action at this time.

_S. MENDOZA, PA (A)_   _T. GARBARINI, CCII (A)_   _G. MAYOL, CCI_

c: Inmate

Date:  08-12-93   Classification FAC C/UCC   Inst.: MCSP/kh

NAME: _Hill_   NO: _H43428_   DOB: _3/__/60_ HOUSING: _13-36L_
RELEASE DATE: _5/6/94_   TYPE: _Min_   Assignmen   Assign _Med BR_ Custody
Comments: CS _26_ WG/PG _H2/B_   P/O _n/c Computer_ WL _455/WL_
                                  + special skills (welder)
RECL: _9/8/93_

Inmate _Hill_ appeared before Facility _"C"_ UCC this date for Initial
Classification. He is a _32_ year old, _Black_ _2311_ termer, received
CDC _7-29-92_ from _Ventura_ County for _Robbery_
_2nd_                He received a sentence of _3 45/._ Prior
arrest history consists of _ADW, Robbery, Under influence CS,_
_Poss CS, Theft, Battery, etc._
Received MCSP on _9-9-92_ from _WSP-RC_ for Level _III_ placement/transfer
based on _population pressures_   Date of CSR endorsement: _9/8/92_
Registration Req? PC 290 _N_ H&S 11590 _N_ PC 457.1 _N_ PC 3058.6 _N_
G.P.L. _9.2_   PC 290.2 _N_ Substance History _Cocaine, alcohol_

DATE: _9-12-92_ (Con't) Classification: UCC-INITIAL-FAC _C_   INST: MCSP

Holds: Possible At _N_
Holds: Real At _N_                Escapes: _N_ Arson: _N_ Sex Offenses: _Y_
Enemies on CDC 812 _N_ Gang Assoc. _WN_                Conf. File _N_
Any AKA/Monikers: _N_
Medical status _FD + camp (FH)_ Married _N_ Wife's Name _N_
RPS Completed _____ Date _N/A_.
Work skills _Welder_
Disciplinary history _none_

Comments: (Expand on Critical yes Answers/Factors) _C__(C)_
_9-16-90 for Sexual battery Rape by force/fear. Note_
_R-Suffix placed pending receipt of arrest_
_report._

"U" Status _7/29/92_ TO _9/15/92_ A2B Effective _9/16/92_
In view of the above case factors Committee elects to place Subject on the
_Pro Computer SS-special skill_ W/L with _Med BR_ custody. WG/PG _H2B_
Committee notes: _+ Welder_

Inmate _Hill_ was advised of Facility expectations and
of his right to appeal Committee action. PC 2930/2933 complied with. Next
scheduled classification action _9-8-93_. Annual Review.)

_____      _____      _____
P.A. (A)              CCII (A)              CCI

cc: Inmate
(REV 9/91)                    MCSP

a. Composition of the DRB:

(1) The deputy director or an assistant deputy director of the institutions division (chairperson).

(2) The deputy director or assistant deputy director of the parole and community services division.

(3) The chief of classification services (shall abstain on DRB issues resulting from a difference of opinion between an institution head and the chief of classification services).

(4) The chief of health services.

(b) Two members shall constitute a quorum.

(c) The DRB shall meet at the call of the chairperson.

(d) Referrals shall be made to the DRB when:

(1) An institution head is unable to resolve a difference of opinion with the chief of classification services.

(2) An institution head believes a clarification of departmental policy of statewide importance is required.

(3) An institution head believes a DRB level decision for placement of an inmate is required because of an unusual threat to the safety of persons or public interest in the case; e.g., commuted or modified death sentence.

(4) A difference between a Board of Prison Terms' program placement order and the department's policies cannot be resolved.

(5) An out-of-state or federal prison placement is recommended by the institution classification committee.

(6) Meritorious credit is recommended by an institution classification committee to reduce an inmate's period of confinement pursuant to Penal Code Section 2935.

(7) The inmate's current placement was ordered by the DRB and there is no documentation in the inmate's central file to indicate that the DRB has relinquished responsibility for the inmate's placement.

(e) Decisions of the DRB shall be in writing and implemented within 30 calendar days after the decision is made.

NOTE: Authority cited: Section 5058, Penal Code. Reference: Sections 5054 and 5068, Penal Code.

HISTORY:

1. New section filed 1-16-92; operative 2-17-92 (Register 92, No. 13).

### 3377.  Facility Classification Levels.

Each camp, facility, or area of a facility complex shall be designated at a classification level based on its physical security and housing capability. Reception centers are not facilities of assignment and are exempt from the classification level designations except for the assignment of permanent work crew inmates. The classification levels are:

(a) Level I facilities and camps consist primarily of open dormitories with a low security perimeter.

(b) Level II facilities consist primarily of open dormitories with a secure perimeter, which may include armed coverage.

(c) Level III facilities primarily have a secure perimeter with armed coverage and housing units with cells adjacent to exterior walls.

(d) Level IV facilities have a secure perimeter with internal and external armed coverage and housing units described in section 3377(c), or cell block housing with cells non-adjacent to exterior walls.

NOTE: Authority cited: Section 5058, Penal Code. Reference: Sections 5054 and 5068, Penal Code.

HISTORY:

1. New section filed 8-7-87 as an emergency; operative 8-7-87 (Register 87, No. 34). A Certificate of Compliance must be transmitted to OAL within 120 days or emergency language will be repealed on 12-7-87.

2. Certificate of Compliance as to 8-7-87 order transmitted to OAL 12-4-87; disapproved by OAL (Register 88, No. 16).

3. New section filed 1-4-88 as an emergency; operative 1-4-88 (Register 88, No. 16). A Certificate of Compliance must be transmitted to OAL within 120 days or emergency language will be repealed on 5-3-88.

4. Certificate of Compliance as to 1-4-88 order transmitted to OAL 5-3-88; disapproved by OAL (Register 88, No. 24).

5. New section filed 6-2-88 as an emergency; operative 6-2-88 (Register 88, No. 24). A Certificate of Compliance must be transmitted to OAL within 120 days or emergency language will be repealed on 9-30-88.

6. Certificate of Compliance including amendment transmitted to OAL 9-26-88 and filed 10-26-88 (Register 88, No. 50).

7. Change without regulatory effect amending section filed 10-22-90 pursuant to section 100, title 1, California Code of Regulations (Register 91, No. 4).

8. Editorial correction of printing errors (Register 91, No. 11).

9. Editorial correction of printing error in subsection (b) (Register 92, No. 5).

### 3377.1.  Inmate Custody Designations.

(a) The department uses the following nine inmate custody designations to alert staff as to where an inmate may be housed and assigned, and the level of supervision required of the inmate.

(1) Maximum A.

(A) Housing shall be in single cells (when possible) in security housing or in an approved specialized housing unit.

(B) Assignments and activities shall be within the confines of their housing units.

(C) Supervision shall be direct and constant.

(2) Maximum B.

(A) Housing shall be in single cells (when possible) in security housing or in approved specialized housing units.

(B) Assignment and activities shall be within the confines of their housing unit except for movement to and from external activities authorized for inmates of the unit.

(C) Supervision shall be direct and constant.

(3) An inmate confined in a security housing unit shall be assigned maximum A or B custody. Inmates not confined in security or approved specialized housing units shall not be classified as maximum A or B custody.

(4) Close A.

(A) Housing shall be in cells in areas designated and maintained for higher security needs within general population at facilities with a secure perimeter.

(B) Assignments and activities shall be permitted during daylight hours only, limited to designated close security areas at nonwalled facilities and to the main security areas in walled facilities.

(C) Supervision shall be direct and constant.

(5) Close B.

(A) Housing shall be in cells in secure areas designated by the facility for Close B custody.

(B) Assignments and activities shall be within the facility security perimeter during daylight hours only, except for limited evening activities such as bathing and haircuts within the housing unit.

(C) Supervision shall be constant and direct.

(6) Medium A.

(A) Housing shall be in cells or dormitories within the facility security perimeter.

(B) Assignments and activities shall be within the facility security perimeter.

(C) Supervision shall be frequent and direct.

(7) Medium B.

(A) Housing shall be in cells or dormitories within the facility security perimeter.

131

§ 3378 DEPARTMENT OF CORRECTIONS TITLE 15

(E) Assignments and activities shall be within the facility security perimeter. Inmates may be given daytime assignment outside the facility security perimeter but must remain on facility grounds.

(C) Supervision inside the facility security perimeter shall be frequent and direct; supervision outside the facility security perimeter shall be direct and constant.

(8) Minimum A.

(A) Housing shall be in cells or dormitories within the facility security perimeter.

(B) Assignments and activities may be inside or outside the facility security perimeter.

(C) Supervision shall consist of at least hourly observation if assigned outside the facility security perimeter. Sufficient supervision of the inmate shall be provided to ensure the inmate is present if assigned inside the facility security perimeter.

(D) Required for unescorted Temporary Community Releases.

(9) Minimum B.

(A) Housing may be in cells or dormitories on facility grounds or in a camp.

(B) Assignments and activities include eligibility for emergency firefighting, off-reservation work detail/community betterment and camp.

(C) Sufficient supervision shall be provided to ensure the inmate is present. Inmates shall be counted at least four times each 24 hours.

(b) An "R" suffix shall be affixed by a classification committee to the inmate's custody designation to alert staff of inmates who have a history of specific sex offenses.

(1) The "R" suffix shall be designated for any inmate who was convicted of, or whose commitment offense includes an act equivalent to any of the following offenses:

(A) Assault with intent to commit rape, sodomy, oral copulation, rape in concert with another, lascivious acts upon a child, or penetration of genitals or anus with a foreign object [Penal Code section 220].

(B) Rape.

(C) Rape of spouse.

(D) Rape or penetration of genitals or anal openings by foreign object; acting to prevent by force or violence.

(E) Abduction to live in an illicit relationship.

(F) Incest.

(G) Sodomy.

(H) Sexually assaulting an animal.

(I) Lewd or lascivious acts with child under 14.

(J) Oral copulation.

(K) Penetration of genital or anal openings by foreign object.

(2) Within six months upon reception of an inmate with a record of arrest or detention for any offenses listed in section 3377.1(b)(1), a classification committee shall determine the need for an "R" suffix to the inmate's custody designation. The committee shall consider the arrest reports and district attorney's comments related to each such arrest.

(3) If a unit classification committee finds that an inmate may no longer require an "R" suffix, the committee shall refer the matter to the Institution Classification Committee for action.

(4) An inmate whose "R" suffix has been removed shall be eligible for any housing or assignment for which they otherwise would qualify had the "R" suffix never been designated.

(5) When an "R" suffix has been considered and not applied, or has been removed at one facility, another facility shall not affix an "R" suffix. If the facility disagrees with the "R" removal or decision against "R" designation, it shall submit the case for a Departmental Review Board decision.

(c) An "S" suffix may be affixed by a classification committee to the inmate's custody designation to alert staff of an inmate's need for single cell housing. The classification committee's

decision to affix the "S" suffix shall be based on documented evidence that the inmate may not be safely housed in a double cell or dormitory situation.

NOTE: Authority cited: Section 5058, Penal Code. Reference: Sections 5054 and 5068, Penal Code.

HISTORY:

1. New section filed 8-7-87 as an emergency; operative 8-7-87 (Register 87, No. 34). A Certificate of Compliance must be transmitted to OAL within 120 days or emergency language will be repealed on 12-7-87.

2. Certificate of Compliance as to 8-7-87 order transmitted to OAL 12-4-87; disapproved by OAL (Register 88, No. 16).

3. New section filed 1-4-88 as an emergency; operative 1-4-88 (Register 88, No. 16). A Certificate of Compliance must be transmitted to OAL within 120 days or emergency language will be repealed on 5-3-88.

4. A Certificate of Compliance as to 1-4-88 order transmitted to OAL 5-3-88; disapproved by OAL (Register 88, No. 24).

5. New section filed 6-2-88 as an emergency; operative 6-2-88 (Register 88, No. 24). A Certificate of Compliance must be transmitted to OAL within 120 days or emergency language will be repealed on 9-30-88.

6. Certificate of Compliance transmitted to OAL 9-26-88 and filed 10-26-88 (Register 88, No. 50).

7. Change without regulatory effect amend section filed 10-22-90 pursuant to section 100, title 1, California Code of Regulations (Register 91, No. 4).

8. Editorial correction of printing error inadvertently omitting text (Register 91, No. 11).

9. Editorial correction of printing error in subsection (a)(9)(B) (Register 92, No. 5).

**3378. Critical Case Information.**

(a) Any information regarding an inmate/parolee which is or may be critical to the safety of persons inside or outside an institution shall be documented as required below on a CDC Form 812 (Rev. 4/89), Notice of Critical Case Information—Safety of Persons; a CDC Form 812-A (Rev. 9/92), Notice of Critical Information—Prisons Gang Identification; CDC Form 812-B (9/92), Notice of Critical Information—Disruptive Group Identification; and CDC Form 812-C (4/89), Notice of Critical Information—Confidential Enemies. The CDC Forms 812, 812-A, 812-B, and 812-C and all documents referred to on the forms shall be filed in the central file of each identified inmate/parolee. Any confidential material affecting the critical case factors of an inmate/parolee shall conform to the provisions of section 3321. Entries on these forms shall not be a substitute for detailed documentation required elsewhere in the central file.

(b) A CDC Form 812, and when applicable a CDC Form 812-C, shall be completed for each newly committed or returned inmate/parolee.

(1) The CDC Forms 812 and 812-C shall be updated as any critical information becomes known and is documented in the inmate/parolee's central file. The forms shall also be reviewed and updated at the time of any change in the inmate/parolee's status or placement.

(2) Any inmate/parolee who claims enemies shall provide sufficient information to positively identify the claimed enemy. Any inmate/parolee identified as an enemy shall be interviewed unless such interview would jeopardize an investigation or endanger any person. The results of the interview or investigation which supports, verifies or disproves the information shall be documented on a CDC Form 128-B, General Chrono.

(3) Notations on the CDC Forms 812 and 812-C, or absence thereof, shall not be the sole basis for a staff decision or action which may affect the safety of any person.

(c) Gang involvement allegations shall be investigated by a gang coordinator/investigator or their designee.

132



| | California Department of Corrections OPERATIONS MANUAL | Chapter:    60000 Classification |
|---|---|---|
| | | Subchapter:   62000 Policies and Procedures |
| | | Section:    62010 Classification Process |

- Correctional Training Facility-South.

- California Correctional Center-I.

- Sierra Conservation Center-I.

They shall not be assigned outside of the security perimeter without direct constant supervision.

Inmates convicted of, or when the commitment offense includes any of the following listed offenses shall have an "R" suffix applied at the reception center. This includes out-of-state convictions equivalent to California law.

Inmates arrested, detained or charged with any of the listed offenses, or the equivalent, shall be carefully evaluated for an "R" suffix at the receiving institution and presented to a classification committee within six months of reception. The committee shall consider the arrest reports and district attorney's comments related to each such arrest and document their determination on the CDC Form 128-G.

"R" Suffix Offenses

"R" suffix offenses:

- PC 220, assault with intent to commit rape, sodomy, oral copulation, rape in concert with another, lascivious acts upon a child, or penetration of genitals or anus with foreign object.

- PC 261, rape.

- PC 262, rape of spouse.

- PC 264.1, rape or penetration of genitals or openings by foreign object; acting in concert by force or violence.

- PC 266(b), abduction to live in an illicit relation.

- PC 285, incest.

- PC 286, sodomy.

- PC 286.5, sexually assaulting an animal.

- PC 288, lewd or lascivious acts with child under 14.

- PC 288(a), oral copulation.

00489



| California Department of Corrections OPERATIONS MANUAL | **Chapter:** 60000 Classification |
| | **Subchapter:** 62000 Policies and Procedures |
| | **Section:** 62010 Classification Process |

- PC 289, penetration of genital or anal openings by foreign object, etc.

UCC's shall refer cases to ICC when they find an inmate may no longer need an "R" suffix. ICC may request recommendations from medical or psychiatric departments before taking an action on the UCC request.

"R" suffixes removed or considered and not applied shall not be designated by another institution. If the receiving institution disagrees, it shall submit the case for DRB review.

**62010.4.3.2 OTHER SUFFIXES**

Institutions may apply:

- "S" suffix to identify inmates requiring single cell status.

- "X" suffix to identify inmates approved and assigned to designated disaster relief teams.

- "ORWD" suffix to identify inmates approved for off-reservation work detail/community betterment assignments.

- Miscellaneous suffixes for special internal designations outside the formal classification process for management purposes.

**62010.4.3.3 SPECIAL PUBLIC INTEREST CASES**

Inmates shall be identified as public interest cases when the crime, circumstances of the offense, or subsequent conduct results in unusual public concern as evidenced by extensive media coverage beyond the local community.

**Criteria**

Cases may include execution type murders, multiple murders or the mutilation of victims. Consideration should also be given to inmates who were originally sentenced to death or life without the possibility of parole.

**Identification**

Reception center counselors shall indicate in the institution staff recommendation summary (ISRS) of new process cases that the case meets criteria for public interest case designation. The reviewing counselor shall recommend this designation in the supervisor's recommendation section of the ISRS.

UCC/ICC's shall identify cases at the time of initial or at any subsequent classification actions when it is determined that cases warrant this designation. The CDC Form 128-G recording the committee action shall reflect the inmate's public interest case status.

00490

| | | | |
|---|---|---|---|
| 5-4-90 | Oxnard PD | 11550 H&S<br>11364 H&S | 90C006419. 5-7-90:<br>Conv 11550 H&S, 36 mos<br>CRR, 90 ds jl.<br>9-13-90: VOP, prob<br>rev, NA cert, see<br>CR29503.<br>1-29-92: Prob remains<br>rev, 180 ds jl deemed<br>served. |
| 10-11-90 | Oxnard PD | 11550 H&S | 90C010887. 9-13-90: PN<br>11550 H&S, NA cert,<br>see CR29503.<br>1-29-92: Prob denied,<br>ordered 160 ds jl.<br><br>CR26988. 10-11-90: 16<br>mos CRC.<br>8-6-91: Rel<br>out-patient. |
| 7-7-90 | Oxnard PD | 23152(a) VC<br>12951(a) VC | 90S011192. 10-3-90:<br>Conv 23152(a) VC w/<br>prior, 60 mos CRR, CDL<br>susp 18 mos, alcohol<br>terms, $1,074 fn to be<br>served in jl, 30 ds<br>jl. |
| 7-16-90 | Oxnard PD | 243.4 PC<br>207 PC<br>261(2) PC<br>289 PC<br>11550 H&S | 90C009675. 7-18-90:<br>Discharged. |

The defendant stated he had given a friend of his cousin $300 to buy drugs for him in a Hispanic neighborhood as she speaks Spanish. She took his money and "burned" him. He went looking for her and confronted her on Oxnard Boulevard. The police were called to the scene and he left. She fabricated a story about him raping and kidnapping her. The case was dismissed in court when her story was found to be false.

| | | | |
|---|---|---|---|
| 4-2-92 | Oxnard PD | 211 PC | CR29503. 6-15-92: PG<br>211 PC, FG by Crt<br>trial of spec alleg<br>12022(b) PC.<br>7-13-92: 3 yrs CDC.<br>12-16-93: Paroled.<br>(3 VOParole).<br>10-7-96: VOParole hrg<br>pending. |

The defendant walked up to the cashier at the Stop N Go market on Rose Avenue in Oxnard to buy a pack of gum.  When the cashier

-4-

00491

```
CMHQ H43428                          HILL,RAYNARD,BYRON                       PAGE 01
      *** MOVEMENT HISTORY - MOST RECENT MOVEMENT FIRST ***   RPT DATE: 03/26/1998

  03/26/1998   TRANSFERRED      TO PVP           FROM NKPRC

  03/25/1998   TRANSFERRED      TO NKPRC         FROM ISP
                                ENROUTE TO PVP
                                LATE ARRIVAL

  01/30/1997   TRANSFERRED      TO ISP           FROM WSPRC

  11/30/1996   RETURNED         TO WSPRC
                                RET FROM PAROLE   RET STATUS PWNT
                                SC/VEN CS#CR39787

  07/18/1996   STATUS CHANGED TO RETPAR    FROM PRTC      REL TO REG2   OX
                                                    CO: VEN

  04/23/1996   TRANSFERRED      TO CTF-C         FROM WSPRC

  02/26/1996   RETURNED         TO WSPRC
                                RET FROM PAROLE   RET STATUS PRTC

    P/N PRESS ENTER FOR NEXT PAGE
```

00492

**CALIFORNIA DEPARTMENT OF CORRECTIONS**
**PLEASANT VALLEY STATE PRISON -- COALINGA**

### SUPPLEMENTAL PAGE

<u>RE:</u>    Appeal Log No. PVSP-O-98-00594
Second Level Response

Hill, R., H-43428

<u>APPEAL DECISION:</u>    **DENIED**

<u>ISSUE APPEALED:</u>    **CUSTODY/CLASSIFICATION**

Appellant requests removal of "R" suffix.

<u>APPEAL RESPONSE:</u>

Your appeal was reviewed and given careful consideration by administrative and appeals staff.    The first level of review was conducted by T. Hansen, Correctional Counselor. The second level of review was investigated by D. Sylvester, Appeals Coordinator.

In your appeal you contest the affixing of an "R" suffix to your custody level. You state the Unit Classification Committee (UCC) affixed an "R" suffix based upon a case that was discharged.  You also state the probation report for your present commitment offense establishes the cases were dismissed because it was determined the victim's story was fabricated. You request the "R" suffix be removed.

California Code of Regulations, Title 15, Section 3371.1(b)(2) states, "Within six months upon reception of an inmate with a record of arrest or detention for any offense listed in section 3377.1(b)(1), a classification committee shall determine the need for an "R" suffix to the inmate's custody designation.  The committee shall consider the arrest reports and district attorney's comments related to each such arrest."

Department Operations Manual (DOM), Section 62010.4.3.1, states in part, "Inmates arrested, detained or charged with any of the listed offenses, or the equivalent, shall be carefully evaluated for an "R" suffix at the receiving institution and presented to a classification committee within six months of reception.  The committee shall consider the arrest reports and district attorney's comments related to such arrest and document their determination on the CDC Form 128-G." "R" suffix offenses include violations of California Penal Code (PC), Section 261 and 289.

00493

Second Level Response
Hill, R., H-43428, PVSP-O-98-00594
Page 2

Investigation reveals on July 16, 1990, you were arrested by Oxnard Police Department for violations of California Penal Code Section 243.4; 207, Kidnapping; 261(2), Rape by Force; 289, Penetration of Genital or Anal Opening by Foreign or Unknown Object; and Health and Safety Code, Section 11550. On September 16, 1992, Mule Creek State Prison, UCC affixed the "R" suffix pending receipt of the arrest report dated July 16, 1990, involving the circumstances of your arrest.    Review of the Classification Chronos, CDC 128G, in your central show the appropriateness of the "R" suffix has been addressed by a classification committee.    On May 28, 1997, Ironwood State Prison, UCC reviewed the arrest report and determined the "R" suffix was appropriate pursuant to CCR, Title 15, Section 3377.1(b)(2) and DOM, Section 62010.4.3.1. Therefore the "R" suffix attached to your custody level shall remain.

Your assertion the probation report exonerates you of the offenses is not correct. The explanation of the offenses in the probation report is your explanation of the crime and its disposition.

Considering the above information, your appeal is denied at the second level of review.


for W. J. DuCray
GAIL LEWIS
Warden                                    Date 6-30-98

GL/ds

00494



CALIFORNIA DEPARTMENT OF CORRECTIONS
PLEASANT VALLEY STATE PRISON – COALINGA

### SUPPLEMENTAL PAGE

RE:   Appeal Log No. PVSP-O-98-00594
Second Level Response

Hill, R., H-43428

**APPEAL DECISION:**   **DENIED**

**ISSUE APPEALED:**   **CUSTODY/CLASSIFICATION**

Appellant requests removal of "R" suffix.

**APPEAL RESPONSE:**

Your appeal was reviewed and given careful consideration by administrative and appeals staff.   The first level of review was conducted by T. Hansen, Correctional Counselor. The second level of review was investigated by D. Sylvester, Appeals Coordinator.

In your appeal you contest the affixing of an "R" suffix to your custody level. You state the Unit Classification Committee (UCC) affixed an "R" suffix based upon a case that was discharged.   You also state the probation report for your present commitment offense establishes the cases were dismissed because it was determined the victim's story was fabricated. You request the "R" suffix be removed.

California Code of Regulations, Title 15, Section 3371.1(b)(2) states, "Within six months upon reception of an inmate with a record of arrest or detention for any offense listed in section 3377.1(b)(1), a classification committee shall determine the need for an "R" suffix to the inmate's custody designation. The committee shall consider the arrest reports and district attorney's comments related to each such arrest."

Department Operations Manual (DOM), Section 62010.4.3.1, states in part, "Inmates arrested, detained or charged with any of the listed offenses, or the equivalent, shall be carefully evaluated for an "R" suffix at the receiving institution and presented to a classification committee within six months of reception.  The committee shall consider the arrest reports and district attorney's comments related to such arrest and document their determination on the CDC Form 128-G." "R" suffix offenses include violations of California Penal Code (PC), Section 261 and 289.

Second Level Response
Hill, R., H-43428, PVSP-O-98-00594
Page 2

Investigation reveals on July 16, 1990, you were arrested by Oxnard Police Department for violations of California Penal Code Section 243.4; 207, Kidnapping; 261(2), Rape by Force; 289, Penetration of Genital or Anal Opening by Foreign or Unknown Object; and Health and Safety Code, Section 11550. On September 16, 1992, Mule Creek State Prison, UCC affixed the "R" suffix pending receipt of the arrest report dated July 16, 1990, involving the circumstances of your arrest. Review of the Classification Chronos, CDC 128G, in your central show the appropriateness of the "R" suffix has been addressed by a classification committee. On May 28, 1997, Ironwood State Prison, UCC reviewed the arrest report and determined the "R" suffix was appropriate pursuant to CCR, Title 15, Section 3377.1(b)(2) and DOM, Section 62010.4.3.1. Therefore the "R" suffix attached to your custody level shall remain.

Your assertion the probation report exonerates you of the offenses is not correct. The explanation of the offenses in the probation report is your explanation of the crime and its disposition.

Considering the above information, your appeal is denied at the second level of review.


for GAIL LEWIS
Warden

Date 6-30-98

GL/ds

00496

INMATE APPEAL ROUTE SLIP

To: PVSP/APPEALS                                          DATE: 06/22/1998

From: INMATE APPEALS OFFICE

Re: Appeal Log Number PVSP-O-98-00594 By Inmate HILL, H-43428

Please assign this appeal to appropriate staff for SECOND level response.

Due Date: 07/20/1998                     Appeal Issue: CUSTODY/CLASS

STAFF INSTRUCTIONS:
Second level appeals require a personal interview if not afforded at the
first level. Begin your response with: GRANTED, DENIED, PARTIALLY GRANTED
or WITHDRAWN. When complete, return to Appeals Office. Appeals that are
incomplete will be returned to the responding staff for appropriate com-
pletion. Refer to D.O.M. 54100 for instructions.

D. SYLVESTER, CCII
APPEALS COORDINATOR
PLEASANT VALLEY STATE PRISON

CC COMMITTEE

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

INMATE/PAROLEE
APPEAL FORM RECEIVED
CDC 602 (12/87)        MAP

Location: Institution/Parole Region
1. ISP
2. PVSP-D-96

Log No.
1. 98-172
2. 00594

Category
2

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|-----------|-----------------|
| HILL, RAYMOND | H93428 | UNASSIGNED PRE-TRANSFER | C4-137UP |

A. Describe Problem: I WOULD LIKE AN MODIFICATION OF MY CUSTODY STATUS. THE UCC HAS PLACED AN 'R' SUFFIX TO MY FILE DUE TO AN ARREST ON 7-16-90 CASE # 90C009675 WHICH WENT TO COURT ON 7-18-90 AND WAS DISCHARGED. HERE ATTACHED IS A PROBATION REPORT THAT WAS FILED WITH THE SUPERIOR COURT OF STATE OF CALIFORNIA FOR THE COUNTY OF VENTURA, WHICH CONTAINS CRIMINAL HISTORY OBTAINED THROUGH SEARCH OF DMV, CII, FBI, NCTC, VTA PD, OXNARD PD, VTA COUNTY & MUNICIPAL COURTS, & VTA CO. CORRECTIONS SERVICES AGENCY RECORDS. CASE IN QUESTION IS NOTED THAT VICTIM FABRICATED STORY OF CHARGES, AND CASE DISMISSED WHEN STORY WAS FOUND TO BE FALSE.

If you need more space, attach one additional sheet.

B. Action Requested: I WOULD LIKE THE 'R' SUFFIX AS WELL AS RESTRICTIONS REMOVED FROM MY CASE FILE, WHICH JEOPARDIES MY SAFTY, MY ABILITY TO TRANSFER TO CERTAIN INSTITUTIONS, AND PREVENTS ME TO QUALIFY FOR CERTAIN INSTITUTIONAL JOBS WHICH WILL BE AVAILABLE TO ME.

Inmate/Parolee Signature: Raymond B Hill H93428        Date Submitted: 3-2-98

C. INFORMAL LEVEL (Date Received: 3-6-98) denied
Staff Response: This is not Part of Commitment documentation located in your file.

Staff Signature: O. Alvarez  CCS        Date Returned to Inmate: 3-6-98

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

THIS PROBATION REPORT WAS DONE SPECIFICLY FOR CASE # 39787 WHICH IS THE TERM I'M SERVING. IT SHOWS THE DISPOSITION OF THE CASE AND WHY I WAS EXSINERATED FROM THE CHARGES IN QUESTION. SINCE MY C-FILE STATES THE NEGITIVE ALLEGATIONS, IT NEEDS MODIFICATION TO SHOW DISPOSITION.

Signature: Raymond b Hill H93428        Date Submitted: 3-11-98

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim.

MAY 27 1998

CDC Appeal Number:

First Level ☐ Granted ☐ P. Granted ☒ Denied ☐ Other

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: Due Date:

Interviewed by:

See attached

Staff Signature: T. [illegible] CC II Title: Correctional Counselor II Date Completed: 6/10/98

Division Head Approved: Returned

Signature: M.L. Dunlap Title: Associate Warden A/B Housing Date to Inmate: JUN 18 1998

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

WHAT IS NOT PRESENT IS THE DISTRICT ATTORNEY'S DISPOSITION ON WHY THE CASE WAS DISMISSED. DURING COURT PROCEEDINGS, MY ATTORNEY BROUGHT FORTH WITNESS MELVIN CAMARENA & LEON PARK TESTIMONY WHICH PROVED THAT THE ALLEGED VICTIM WAS LYING AND THAT'S WHY D.A. DROPPED ALL CHARGE[S]

Signature: Maynard B. Hill H43428 Date Submitted: 6-18-98

Second Level ☐ Granted ☐ P. Granted ☒ Denied ☐ Other

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 06/22/1998 Due Date: 07/20/1998

☒ See Attached Letter

Signature: D. SYLVESTER, CCII Date Completed: JUN 30 1998

Warden/Superintendent Signature: for G. Lewis, Warden W. J. DuCray 6-30-98 Date Returned to Inmate: JUN 30 1998

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Signature: Date Submitted:

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted ☐ P. Granted ☐ Denied ☐ Other

☐ See Attached Letter

Date:

CDC 602 (12/87)

State of California                                                     Department of Corrections

# Memorandum

Date    :    June 10, 1998

To      :    Hill, R.B., H-43428
             BFB1-105L

Subject :    **FIRST LEVEL RESPONSE, APPEAL LOG NO. PVSP-O-98-00594**

Your appeal was referred for first level review on May 21, 1998. You were interviewed on June 10, 1998 by E. Apodaca, Correctional Counselor I, concerning your appeal. In your appeal, you stated that you would like a modification of your custody status. You are appealing an "R" suffix that was placed on your custody at Mule Creek State Prison (MCSP) on September 16, 1992 and affirmed by Unit Classification Committee (UCC) at Ironwood State Prison (ISP) on May 28, 1997. You advise in your appeal you were exonerated of all charges of sexual battery, rape by force and fear of sexual penetration of a foreign object on July 16, 1990. The Oxnard Police department report is in your Central File (C-File) and was available to the UCC.

You have requested that the "R" suffix be removed from your case file based on the Probation Officer's report dated November 13, 1996, indicating the case was discharged.

A thorough investigation of your appeal issue(s) reveals the following, California Code Of Regulations (CCR), Section 33771, Inmate Custody Designations, deals with the application of all "R" suffix. In your appeal you contend that you were not convicted of a sex crime, therefore, you should not have an "R" suffix on your custody. CCR 33771 (b), (2), states, "Within six (6) months upon reception of an inmate with a record or arrest or detention for any offense listed in CCR 33771 (b), (1), a classification committee shall determine the need for an "R" suffix on the inmate's custody designation. The committee shall consider the arrest reports and the district attorney's comments related to such an arrest." When you appeared before the UCC, at MCSP and ISP, they reviewed the Oxnard Police Department's arrest report, and elected to affix and affirm the "R" suffix. Further review of this action reflects that all departmental rules and regulations have been compiled with. I am persuaded to support the action of the UCC.

Therefore, your appeal is denied at first level review.



T. HANSEN                                    M.L. DUNLAP
Correctional Counselor II Facility B         Associate Warden Housing A/B
Pleasant Valley State Prison                 Pleasant Valley State Prison

NO: H43428          NAME: HILL          HOUSING: C4-137U          CDC-128G
CUSTODY: MED AR     ASSIGN: KITCHEN     WG/PG: A1/A (EFF: 2/8/97)
CS: 51              EPRD: 8/25/2008     ANNUAL: 1/98

ACTION:    PROGRAM REVIEW:  AFFIRM 'R' SUFFIX.  INELIGIBLE FOR FAMILY VISITS.

Inmate HILL appeared before Facility "C" UCC this date for Program Review.  "S" was seen on 9/16/92, at IUCC in
WSP-RC pending receipt of arrest report for evaluation of "R" suffix and was temporarily assessed "R", subsequently "S" was TX and
all subsequent 128G UCC chronos state "R" suffix is noted."  In reviewing the arrest report of 7/16/90, for sexual battery, kidnapping,
rape by force, fear sexual penetration by a foreign object.  The victim and witness positively identifies "S".  The arrest report indicates
the victim and the witness cooberate the same information.  During the commission of the crime "S" is said to have grabbed, dragged,
and held victims arms and legs down, pulling up her dress spreading her legs apart and pulled her underwear down to her knees,
grabbing her vaginal area and in a forceful movement, forcing his fingers up into her vagina.  The whole time the victim was
screaming, struggling and fighting.  A witness called the police and "S" was subsequently arrested.  Charges were discharged.  RX to
affix "R" suffix due to the 7/16/90 arrest report.  After review of pertinent case factors, Committee elects to RX to affix "R" suffix due
to the 7/16/90, arrest report.  The element of the charge.  Committee deems "R" suffix is appropriate.  He is advised of his appeal
rights and that this Committee is his first level of review.  Inmate is aware of and concurs with Committee's action.

Chairperson:  J. HARGETT, Facility Captain          Recorder: O. ALVARADO, CCI
Committee Members: C. THREM, CCII                   D. THOMPSON, CCI
DATED: 5/28/97                    UCC CLASSIFICATION          INST: ISP/ll

NO. H-43428   NAME H.   CG, 0L   CDC128-G (Rev. 2/69)

Custody: MED B/R   EPRD 12-16-93   Assignment: ANN REV: CPP VOC (COMP/PROG)
Comments: CS 18   RECL 9-8-94   REFER TO CSR RX; CMC-W-I/ALT
WG A1   PG A   CCI-I

Inmate HILL, H-43428, appeared before FAC "C" UCC this date for his annual
review. Subject was received at MCSP on 9-9-92. Subject is presently
assigned to Vocational (computer programming). Subject states that he is
experiencing no problems in his assignment. Subject's release date is 12-16-93
and he has an adjusted classification score of 18. Subject's classification
score has been adjusted due to two periods of no serious 115's and one period of
full-time assignment. Subject was commended for good programming. CDC 840, 812
and 127 have been reviewed and updated. Confidential folder in file. No pending
RVR's noted in C-file at this time. Subject is full duty, camp qualified and has
a TB test score of 22. Committee elects to refer this case to the CSR for
transfer consideration. RX: CMC-W-I/alternate CCI-I. Subject has requested
transfer based on facilitating family visiting. Subject states hardship based on

Date: 08-12-93   Continued   Classification FAC C/UCC   Inst. MCSP/kh

---

NO. H-43428   NAME   HILL   CDC128-G (Rev. 2/69)

Custody:   Assignment:
Comments:   Continued - Page 2

mother's illness. No documentation noted in C-file at this time. Subject is a
33-year-old, Black, first-termer received CDC on 7-29-92 from Ventura County for
Robbery 2nd. He received a total term of three years. There are no holds, arsons
or escapes noted in C-file. Sex offense consists of Sexual Battery, Rape by
Force/Fear dated 7-16-90. "R" suffix placed pending receipt of arrest report.
Subject expressed agreement with Committee action. Subject was encouraged to
continue positive programming and to remain disciplinary free. Subject was
advised of his right to appeal Committee action. Custody needs have been
reviewed. CPP Vocational (computer programming). No further action at this time.

S. MENDOZA, PA (A)   T. GARBARINI, CCII (A)   G. MAYOL, CCI

c: Inmate
Date: 08-12-93   Classification FAC C/UCC   Inst. MCSP/kh

NAME: _Hall_  NO: _H43438_  DOB: _3/ /60_  HOUSING: _13-36U_

RELEASE DATE: _5/6/94_  YPE: _Min_  Assignmen.  Assign _Med_ Custody

Comments: _CS 26_  WG/PG _A1/B_  P/O _110 Computer_ WL: _55/W_
_& seed in skills (welder)_

RECL: _9/8/93_

Inmate _Hall_ appeared before Facility _"C"_ UCC this date for Initial
Classification. He is _a 32_ year old, _Black_ _A_ termer, received
CDC _9-29-92_ from _Ventura_ County for _Robbery_
_2nd_ He received a sentence of _3 yrs_ Prior
arrest history consists of _ADW, Robbery, Under influence CS_
_Poss CS, The ft, Batt, Assault_
Received MCSP on _9-9-92_ from _WSP-RC_ for Level _III_ placement/transfer
based on _evaluation processes_ Date of CSR endorsement: _9/8/92_
Registration Req? PC 290 _N_ E&S 11590 _N_ PC 457.1 _N_ PC 3058.6 _N_
G.P.L. _9.2_ PC 290.2 _N_ Substance History _cocaine, alcohol_

DATE: _9-12-92_ (Con't) Classifiction: UCC-INITIAL-FAC _"C"_ INST: MCSP

Holds: Possible At _N_
Holds: Real At _N_ Escapes: _N_ Arson: _N_ Sex Offenses: _Y_
Enemies on CDC #812 _N_ Gang Assoc. /W _N_ Conf File _N_
Any AKA/Monikers: _N_
Medical status: _F(1) + camp (FH)_ Married _M_ Wife's Name _N_
RPS Completed _____ Date _____
Work skills _welder_

Disciplinary history _none_

Comments: (Expand on Critical yes Answers/Factors) _(1) (1)_
_7/16/90 Got Sexual battery, Rape by force/fear. Note_
_P. Suff. placed pending recept of arrest_
_report._

"II" Status _7/29/92_ to _9/15/92_ A2B Effective _9/16/92_

In view of the above case factors Committee elects to place Subject on the
_P/O Computer SS special_ W/I with _Med & R_ custody, WG/PG _A2B_
Committee notes: _welder_

Inmate _Hall_ was advised of Facility expectations and
of his right to appeal Committee action. PC 2930/2933 complied with. Next
scheduled classification action _9-8-93_ Annual Review.

_[signature]_  _V. Darlanini_  _C. Johnson_
F.A.(A)  CCII (A)  CCI

CC: Inmate
MCSP
(REV 9/91)

TITLE 15          DEPARTMENT OF CORRECTIONS          § 3377.1

(a) Composition of the DRB:

(1) The deputy director or an assistant deputy director of the institutions division (chairperson).

(2) The deputy director or assistant deputy director of the parole and community services division.

(3) The chief of classification services (shall abstain on DRB issues resulting from a difference of opinion between an institution head and the chief of classification services).

(4) The chief of health services.

(b) Two members shall constitute a quorum.

(c) The DRB shall meet at the call of the chairperson.

(d) Referrals shall be made to the DRB when:

(1) An institution head is unable to resolve a difference of opinion with the chief of classification services.

(2) An institution head believes a clarification of departmental policy of statewide importance is required.

(3) An institution head believes a DRB level decision for placement of an inmate is required because of an unusual threat to the safety of persons or public interest in the case; e.g., commuted or modified death sentence.

(4) A difference between a Board of Prison Terms' program placement order and the department's policies cannot be resolved.

(5) An out-of-state or federal prison placement is recommended by the institution classification committee.

(6) Meritorious credit is recommended by an institution classification committee to reduce an inmate's period of confinement pursuant to Penal Code Section 2935.

(7) The inmate's current placement was ordered by the DRB and there is no documentation in the inmate's central file to indicate that the DRB has relinquished responsibility for the inmate's placement.

(e) Decisions of the DRB shall be in writing and implemented within 30 calendar days after the decision is made.

NOTE: Authority cited: Section 5058, Penal Code. Reference: Sections 5054 and 5068, Penal Code.

HISTORY:

1. New section filed 1-16-92; operative 2-17-92 (Register 92, No. 13).

**3377. Facility Classification Levels.**

Each camp, facility, or area of a facility complex shall be designated at a classification level based on its physical security and housing capability. Reception centers are not facilities of assignment and are exempt from the classification level designations except for the assignment of permanent work crew inmates. The classification levels are:

(a) Level I facilities and camps consist primarily of open dormitories with a low security perimeter.

(b) Level II facilities consist primarily of open dormitories with a secure perimeter, which may include armed coverage.

(c) Level III facilities primarily have a secure perimeter with armed coverage and housing units with cells adjacent to exterior walls.

(d) Level IV facilities have a secure perimeter with internal and external armed coverage and housing units described in section 3377(c), or cell block housing with cells non-adjacent to exterior walls.

NOTE: Authority cited: Section 5058, Penal Code. Reference: Sections 5054 and 5068, Penal Code.

HISTORY:

1. New section filed 8-7-87 as an emergency; operative 8-7-87 (Register 87, No. 34). A Certificate of Compliance must be transmitted to OAL within 120 days or emergency language will be repealed on 12-7-87.

2. Certificate of Compliance as to 8-7-87 order transmitted to OAL 12-4-87; disapproved by OAL (Register 88, No. 16).

3. New section filed 1-4-88 as an emergency; operative 1-4-88 (Register 88, No. 16). A Certificate of Compliance must be transmitted to OAL within 120 days or emergency language will be repealed on 5-3-88.

4. Certificate of Compliance as to 1-4-88 order transmitted to OAL 5-3-88; disapproved by OAL (Register 88, No. 24).

5. New section filed 6-2-88 as an emergency; operative 6-2-88 (Register 88, No. 24). A Certificate of Compliance must be transmitted to OAL within 120 days or emergency language will be repealed on 9-30-88.

6. Certificate of Compliance including amendment transmitted to OAL 9-26-88 and filed 10-26-88 (Register 88, No. 50).

7. Change without regulatory effect amending section filed 10-22-90 pursuant to section 100, title 1, California Code of Regulations (Register 91, No. 4).

8. Editorial correction of printing errors (Register 91, No. 11).

9. Editorial correction of printing error in subsection (b) (Register 92, No. 5).

**3377.1. Inmate Custody Designations.**

(a) The department uses the following nine inmate custody designations to alert staff as to where an inmate may be housed and assigned, and the level of supervision required of the inmate.

(1) Maximum A.

(A) Housing shall be in single cells (when possible) in security housing or in an approved specialized housing unit.

(B) Assignments and activities shall be within the confines of their housing units.

(C) Supervision shall be direct and constant.

(2) Maximum B.

(A) Housing shall be in single cells (when possible) in security housing or in approved specialized housing units.

(B) Assignment and activities shall be within the confines of their housing unit except for movement to and from external activities authorized for inmates of the unit.

(C) Supervision shall be direct and constant.

(3) An inmate confined in a security housing unit shall be assigned maximum A or B custody. Inmates not confined in security or approved specialized housing units shall not be classified as maximum A or B custody.

(4) Close A.

(A) Housing shall be in cells in areas designated and maintained for higher security needs within general population at facilities with a secure perimeter.

(B) Assignments and activities shall be permitted during daylight hours only, limited to designated close security areas at nonwalled facilities and to the main security areas in walled facilities.

(C) Supervision shall be direct and constant.

(5) Close B.

(A) Housing shall be in cells in secure areas designated by the facility for Close B custody.

(B) Assignments and activities shall be within the facility security perimeter during daylight hours only, except for limited evening activities such as bathing and haircuts within the housing unit.

(C) Supervision shall be constant and direct.

(6) Medium A.

(A) Housing shall be in cells or dormitories within the facility security perimeter.

(B) Assignments and activities shall be within the facility security perimeter.

(C) Supervision shall be frequent and direct.

(7) Medium B.

(A) Housing shall be in cells or dormitories within the facility security perimeter.

131

00504

(B) Assignments and activities shall be within the facility security perimeter. Inmates may be given daytime assignment outside the facility security perimeter but must remain on facility grounds.

(C) Supervision inside the facility security perimeter shall be frequent and direct; supervision outside the facility security perimeter shall be direct and constant.

(8) Minimum A.

(A) Housing shall be in cells or dormitories within the facility security perimeter.

(B) Assignments and activities may be inside or outside the facility security perimeter.

(C) Supervision shall consist of at least hourly observation if assigned outside the facility security perimeter. Sufficient supervision of the inmate shall be provided to ensure the inmate is present if assigned inside the facility security perimeter.

(D) Required for unescorted Temporary Community Releases.

(9) Minimum B.

(A) Housing may be in cells or dormitories on facility grounds or in a camp.

(B) Assignments and activities include eligibility for emergency firefighting, off-reservation work detail/community betterment and camp.

(C) Sufficient supervision shall be provided to ensure the inmate is present. Inmates shall be counted at least four times each 24 hours.

(b) An "R" suffix shall be affixed by a classification committee to the inmate's custody designation to alert staff of inmates who have a history of specific sex offenses.

(1) The "R" suffix shall be designated for any inmate who was convicted of, or whose commitment offense includes an act equivalent to any of the following offenses:

(A) Assault with intent to commit rape, sodomy, oral copulation, rape in concert with another, lascivious acts upon a child, or penetration of genitals or anus with a foreign object [Penal Code section 220]

(B) Rape.

(C) Rape of spouse.

(D) Rape or penetration of genitals or anal openings by foreign object; acting in concert by force or violence.

(E) Abduction to live in an illicit relationship.

(F) Incest.

(G) Sodomy.

(H) Sexually assaulting an animal.

(I) Lewd or lascivious acts with child under 14.

(J) Oral copulation.

(K) Penetration of genital or anal openings by foreign object.

(2) Within six months upon reception of an inmate with a record of arrest or detention for any offenses listed in section 3377.1(b)(1), a classification committee shall determine the need for an "R" suffix to the inmate's custody designation. The committee shall consider the arrest reports and district attorney's comments related to each such arrest.

(3) If a unit classification committee finds that an inmate may no longer require an "R" suffix, the committee shall refer the matter to the Institution Classification Committee for action.

(4) An inmate whose "R" suffix has been removed shall be eligible for any housing or assignment for which they otherwise would qualify had the "R" suffix never been designated.

(5) When an "R" suffix has been considered and not applied, or has been removed at one facility, another facility shall not affix an "R" suffix. If the facility disagrees with the "R" removal or decision against "R" designation, it shall submit the case for a Departmental Review Board decision.

(c) An "S" suffix may be affixed by a classification committee to the inmate's custody designation to alert staff of an inmate's need for single cell housing. The classification committee's decision to affix the "S" suffix shall be based on documented evidence that the inmate may not be safely housed in a double cell or dormitory situation.

NOTE: Authority cited: Section 5058, Penal Code. Reference: Sections 5054 and 5068, Penal Code.

HISTORY:

1. New section filed 8-7-87 as an emergency; operative 8-7-87 (Register 87, No. 34). A Certificate of Compliance must be transmitted to OAL within 120 days or emergency language will be repealed on 12-7-87.

2. Certificate of Compliance as to 8-7-87 order transmitted to OAL 12-4-87; disapproved by OAL (Register 88, No. 16).

3. New section filed 1-4-88 as an emergency; operative 1-4-88 (Register 88, No. 16). A Certificate of Compliance must be transmitted to OAL within 120 days or emergency language will be repealed on 5-3-88.

4. A Certificate of Compliance as to 1-4-88 order transmitted to OAL 5-3-88; disapproved by OAL (Register 88, No. 24).

5. New section filed 6-2-88 as an emergency; operative 6-2-88 (Register 88, No. 24). A Certificate of Compliance must be transmitted to OAL within 120 days or emergency language will be repealed on 9-30-88.

6. Certificate of Compliance transmitted to OAL 9-26-88 and filed 10-26-88 (Register 88, No. 50).

7. Change without regulatory effect amend section filed 10-22-90 pursuant to section 100, title 1, California Code of Regulations (Register 91, No. 4).

8. Editorial correction of printing error inadvertently omitting text (Register 91, No. 11).

9. Editorial correction of printing error in subsection (a)(9)(B) (Register 92, No. 5).

### 3378. Critical Case Information.

(a) Any information regarding an inmate/parolee which is or may be critical to the safety of persons inside or outside an institution shall be documented as required below on a CDC Form 812 (Rev. 4/89), Notice of Critical Case Information—Safety of Persons; a CDC Form 812-A (Rev. 9/92), Notice of Critical Information—Prisons Gang Identification; CDC Form 812-B (9/92), Notice of Critical Information—Disruptive Group Identification; and CDC Form 812-C (4/89), Notice of Critical Information—Confidential Enemies. The CDC Forms 812, 812-A, 812-B, and 812-C and all documents referred to on the forms shall be filed in the central file of each identified inmate/parolee. Any confidential material affecting the critical case factors of an inmate/parolee shall conform to the provisions of section 3321. Entries on these forms shall not be a substitute for detailed documentation required elsewhere in the central file.

(b) A CDC Form 812, and when applicable a CDC Form 812-C, shall be completed for each newly committed or returned inmate/parolee.

(1) The CDC Forms 812 and 812-C shall be updated as any critical information becomes known and is documented in the inmate/parolee's central file. The forms shall also be reviewed and updated at the time of any change in the inmate/parolee's status or placement.

(2) Any inmate/parolee who claims enemies shall provide sufficient information to positively identify the claimed enemy. Any inmate/parolee identified as an enemy shall be interviewed unless such interview would jeopardize an investigation or endanger any person. The results of the interview or investigation which supports, verifies or disproves the information shall be documented on a CDC Form 128-B, General Chrono.

(3) Notations on the CDC Forms 812 and 812-C, or absence thereof, shall not be the sole basis for a staff decision or action which may affect the safety of any person.

(c) Gang involvement allegations shall be investigated by a gang coordinator/investigator or their designee.

00505



| California Department of Corrections OPERATIONS MANUAL | Chapter: 60000<br>Classification |
|---|---|
| | Subchapter: 62000<br>Policies and Procedures |
| | Section: 62010<br>Classification Process |

- Correctional Training Facility-South.

- California Correctional Center-I.

- Sierra Conservation Center-I.

They shall not be assigned outside of the security perimeter without direct constant supervision.

Inmates convicted of, or when the commitment offense includes any of the following listed offenses shall have an "R" suffix applied at the reception center. This includes out-of-state convictions equivalent to California law.

Inmates arrested, detained or charged with any of the listed offenses, or the equivalent, shall be carefully evaluated for an "R" suffix at the receiving institution and presented to a classification committee within six months of reception. The committee shall consider the arrest reports and district attorney's comments related to each such arrest and document their determination on the CDC Form 128-G.

**"R" Suffix Offenses**

"R" suffix offenses:

- PC 220, assault with intent to commit rape, sodomy, oral copulation, rape in concert with another, lascivious acts upon a child, or penetration of genitals or anus with foreign object.

- PC 261, rape.

- PC 262, rape of spouse.

- PC 264.1, rape or penetration of genitals or openings by foreign object; acting in concert by force or violence.

- PC 266(b), abduction to live in an illicit relation.

- PC 285, incest.

- PC 286, sodomy.

- PC 286.5, sexually assaulting an animal.

- PC 288, lewd or lascivious acts with child under 14.

- PC 288(a), oral copulation.

00506



| California Department of Corrections OPERATIONS MANUAL | **Chapter:** 60000 Classification |
| | **Subchapter:** 62000 Policies and Procedures |
| | **Section:** 62010 Classification Process |

- PC 289, penetration of genital or anal openings by foreign object, etc.

UCC's shall refer cases to ICC when they find an inmate may no longer need an "R" suffix. ICC may request recommendations from medical or psychiatric departments before taking an action on the UCC request.

"R" suffixes removed or considered and not applied shall not be designated by another institution. If the receiving institution disagrees, it shall submit the case for DRB review.

**62010.4.3.2 OTHER SUFFIXES**

Institutions may apply:

- "S" suffix to identify inmates requiring single cell status.

- "X" suffix to identify inmates approved and assigned to designated disaster relief teams.

- "ORWD" suffix to identify inmates approved for off-reservation work detail/community betterment assignments.

- Miscellaneous suffixes for special internal designations outside the formal classification process for management purposes.

**62010.4.3.3 SPECIAL PUBLIC INTEREST CASES**

Inmates shall be identified as public interest cases when the crime, circumstances of the offense, or subsequent conduct results in unusual public concern as evidenced by extensive media coverage beyond the local community.

**Criteria**

Cases may include execution type murders, multiple murders or the mutilation of victims. Consideration should also be given to inmates who were originally sentenced to death or life without the possibility of parole.

**Identification**

Reception center counselors shall indicate in the institution staff recommendation summary (ISRS) of new process cases that the case meets criteria for public interest case designation. The reviewing counselor shall recommend this designation in the supervisor's recommendation section of the ISRS.

UCC/ICC's shall identify cases at the time of initial or at any subsequent classification actions when it is determined that cases warrant this designation. The CDC Form 128-G recording the committee action shall reflect the inmate's public interest case status.

00507

| | | | |
|---|---|---|---|
| 5-4-90 | Oxnard PD | 11550 H&S<br>11364 H&S | 90C006419. 5-7-90:<br>Conv 11550 H&S, 36 mos<br>CRR, 90 ds jl.<br>9-13-90: VOP, prob<br>rev, NA cert, see<br>CR29503.<br>1-29-92: Prob remains<br>rev, 180 ds jl deemed<br>served. |
| 10-11-90 | Oxnard PD | 11550 H&S | 90C010887. 9-13-90: PN<br>11550 H&S, NA cert,<br>see CR29503.<br>1-29-92: Prob denied,<br>ordered 160 ds jl. |
| | | | CR26988. 10-11-90: 16<br>mos CRC.<br>8-6-91: Rel<br>out-patient. |
| 7-7-90 | Oxnard PD | 23152(a) VC<br>12951(a) VC | 90S011192. 10-3-90:<br>Conv 23152(a) VC w/<br>prior, 60 mos CRR, CDL<br>susp 18 mos, alcohol<br>terms, $1,074 fn to be<br>served in jl, 30 ds<br>jl. |
| 7-16-90 | Oxnard PD | 243.4 PC<br>207 PC<br>261(2) PC<br>289 PC<br>11550 H&S | 90C009675. 7-18-90:<br>Discharged. |

The defendant stated he had given a friend of his cousin $300 to buy drugs for him in a Hispanic neighborhood as she speaks Spanish. She took his money and "burned" him. He went looking for her and confronted her on Oxnard Boulevard. The police were called to the scene and he left. She fabricated a story about him raping and kidnapping her. The case was dismissed in court when her story was found to be false.

| | | | |
|---|---|---|---|
| 4-2-92 | Oxnard PD | 211 PC | CR29503. 6-15-92: PG<br>211 PC, FG by Crt<br>trial of spec alleg<br>12022(b) PC.<br>7-13-92: 3 yrs CDC.<br>12-16-93: Paroled.<br>(3 VOParole).<br>10-7-96: VOParole hrg<br>pending. |

The defendant walked up to the cashier at the Stop N Go market on Rose Avenue in Oxnard to buy a pack of gum. When the cashier

00508

RECORDS. DEPT. 8

3-11-98

As per CDC 586, this Probation Report was written for People vs. Raymond Byron Helt, Case # 0237787 which was currently being tried. The Report was done by Deputy Probation Officer Bill Maschman of Ventura Co. who can be reached at 800 So. Victoria Ave 93006, (805) 654-5120.

On Page 4, Lines 15-21, which pertains to Case # 900009675, 7-16-90, and states that the case was discharged on 7-8-91, and I was exonerated from all of the charges/allegations. Disposition was made due to the alleged victim lying and fabricating her story which was found to be false.

By not having the complete disposition on this case in my C-File, I've been put through cruel harrassment when CCI Bordwell Classification Committee stops I'm a Escort and some other violent acts which stems from this case, not only does the R-Suffix restrict me from transfers and kept in secured facilities, but the implication of me being of such a person, if revealed, leads to harm general population, would jeopardize my saftey and life. I'm hoping that this problem can be taken care of at your nexst convience or that I can be informed on who can take care of this matter.

Thank you.

_Raymond B. Helt_
H43360
3-11-98

00509

```
CMHQ H43438                      HILL,RAYNARD,BYRON                          PAGE 01
         *** MOVEMENT HISTORY - MOST RECENT MOVEMENT FIRST ***   RPT DATE: 03/26/1998

03/26/1998  TRANSFERRED      TO PVP              FROM NKPRC

03/25/1998  TRANSFERRED      TO NKPRC            FROM ISP
                             ENROUTE TO PVP
                             LATE ARRIVAL

01/30/1997  TRANSFERRED      TO ISP              FROM WSPRC

11/20/1996  RETURNED         TO WSPRC
                             RET FROM PAROLE     RET STATUS PUNT
                             SC/VEN CS#CR39787

07/18/1996  STATUS CHANGED TO RETPAR   FROM PRTC       REL TO RE92  OX
                                                 CO: VEN

04/23/1996  TRANSFERRED      TO CTF-C            FROM WSPRC

02/26/1996  RETURNED         TO WSPRC
                             RET FROM PAROLE     RET STATUS PRTC

 P/N PRESS ENTER FOR NEXT PAGE
```

00510

State of California

Department of Corrections
Ironwood State Prison

# Memorandum

Date : **April 20, 1998**

To : **V. ORTEGA**              **VIA**     **M. ROCKWOOD**
**Correctional Counselor II**              **Associate Warden**
**Inmate Appeals Coordinator**             **Business Services**

Subject: **APPEAL LOG NUMBER ISP-C-98-00172**

Inmate Appeal Log# ISP-C-98-00172 has been assigned to Business Services, Inmate Records,
for a first level response. The inmate is appealing a classification action which is outside the
jurisdiction of the Inmate Records Office to make a response. Please reassign this appeal to the
appropriate facility for response.

If you have any questions, please contact me at extension 5309.

C.D. THREM
Classification and Paroles Representative (A)

*I/m Transferred out on 3/25/98
and is currently housed at
PVP B1-105L.
See attached movement sheet.
W/F Helle Cath (R)*

G/C2SEMP.DOC
∥CDC 1617 (3/88)

*C-fil*

------------------------------------------------

California Men's Colony - East Facility
Inmate Locator Rolodex
Individual Status Report
As of: 08/19/1998

------------------------------------------------

```
CDC Number·····: H43428
Last Name······: HILL
First Name·····: RAYNARD
DOB············: 03/10/1960
Bed Number·····: 2394
Quad/Unit······: EAST
Ethnic·········: B
Custody········: MEDA
Privilege Grp·: A
Arrived CMC···: 07/29/1998
Assignment····: BKRY CREW II
RDO's·········: S SU
Hours·········: 0700-1100 1130-1430
```

STATE OF CALIFORNIA,
**OFFICE MEMO**
STD. 100 (REV. 1-88)

TO: C M C

FROM: Litigation Coordinator
Moreno Valley
PVSP, 1st Coord

DATE: 8-13-98

PHONE NUMBER ☐ CALNET
ROOM/STA. NO.
ROOM/STA. NO.

SUBJECT: Hill, Raynard H43428

Inmate Hill transferred to your
facility on 7-29-98.

The attached items to me
from our appeals coordinator.
It is information the inmate
requested from the court
on his pre-trial arrest
as he would like his
R.A.P. record.

Please forward to the Appeals
Counseling staff.

Thanks
C. England
Maria Baker
8-19-98
209-935-4985

05 26511

00512

Copy #1

PUBLIC DEFENDERS OFFICE / MUNICIPAL COURT

DEFENDANT: RAYNARD B. HILL

PLAINTIVE: MARCIA SOSA

CASE #: 90C009675
DATE: 7-18-90 (DISCHARGE
CHARGES: 243.4 PC
207 PC
261 (2) PC
289 PC
11550 H&S.

TO WHOM CONCERNS:

I WAS REPRESENTED BY YOUR OFFICE ON THIS CASE.
MY ATTORNEY AND THE JUDGE WHO HEARD THIS CASE AT
THE TIME I CAN'T RECALL, BUT THE CASE WAS DISCHARGED
AND TO THIS DAY, BEING THAT I'm INCARCERATED AT PLEASANT
VALLEY STATE PRISON, I'VE BEEN CLASSIFIED WITH AN "R" SUFFIX
WITH RESTICTIONS DUE TO THIS CASE. WHEN I APPEALED THIS
CLASSIFICATION, I LEARNT THAT THEIR FINDINGS WERE BASED
ON THE POLICE REPORT OF THE ELEDGED VICTIMS STATEMENTS
ON WHAT HAPPENED.

MY PROBLEM IS THAT IF CDC KNEW WHY THIS CASE WAS
DISCHARGED, I WOULDN'T HAVE THIS PROBLEM. I GAVE MY
ATTORNEY TWO NAMES: MELVIN CANCEEN & LEON PARKS. I WAS
WITH THESE TWO GENTLEMEN THAT MORNING AT THE LEMO
TREE MOTEL ON META ST. WHEN WE ENCAUNTER MS. SOSA
WALKING TOWARDS US IN THE ALLEY. I WAS ABOUT TO GIVE
LEON PARKS A RIDE TO HIS ROOM AT THE ANGEL MOTEL ON
HAYES ST IN CALONIE AREA IN WHICH MELVIN AFTER
ARGUEING WITH ME TO LET HER COME WITH US. HE FINAL
CONVINCED ME THAT HE KNOWN HER FOR YEARS AND THAT
SHE IS GOOD PEOPLE. SO WE ALL JUMPED IN THE CAR AND
WENT TO L. PARKS ROOM AT THE ANGEL MOTEL. WE ALL
SAT THERE FOR ABOUT 30 min. DOING DRUGS, WHEN IT
WAS SUGGESTED THAT WE BUY MORE DRUGS. BY NOT KNO-
ING THE MEXICANS ON HAYES OR BEING ABLE TO SPERK
SPANISH, I GAVE MS. SOSA MY MONEY, TO GO ACRASS

(2)

THE STREET TO BUY THE DRUGS AND RETURN BACK TO THE
ROOM. M. CAMERON LEFT OUT OF THE ROOM WITH HER,
AND WHEN HE RETURNED WITHOUT HER, I ASKED "WHERE
IS THAT GIRL?" M. CAMERON TOLD ME THAT SHE TOOK
OFF WALKING DOWN THE STREET TOWARDS COOPER RD. SO
KNOWING SHE WAS TRYING TO BURN ME FOR MY MONEY,
I RAN TO MY CAR TO GO AFTER HER. WHEN I GOT TO
THE CORNER OF HAYES & COOPER, AS I LOOKED TO MY LEFT,
I SPOTTED HER GOING OVER THE RAILROAD TRACKS TOWARD
OXNARD BLVD. WHEN SHE SAW ME COMING, SHE WAS RUNNING
UP TO CARS, TRYING TO GET A RIDE TO GET AWAY, WHEN
I PARKED MY CAR, I RAN OVER TO HER, GRABBED HER
BY THE ARM, AND PULLED HER OUT OF THE STREET AND
ASKED FOR MY MONEY OR DRUGS. THIS ALL HAPPENED AT
A MAJOR INTERSECTION OF OXNARD BLVD, THERE WAS CARS AND PEO
PLE EVERYWHERE LOOKING WHILE SHE WAS TRYING TO GET AWA
FROM ME, BUT I WANTED MY MONEY BACK. AT THIS TIME
A MEXICAN MAN CAME UP, AND SHE STARTED TELLING HIM
I WAS TRYING TO RAPE HER AND A FEW OTHER THINGS IN SPAN
ISH I DIDN'T UNDERSTAND. HE SAID "HE WAS CALLING THE POLICE
AND SINCE I HAD A WARRANT FOR AN 11550 H&S, I FIGURED
I BETTER GET OUT OF THERE AND CATCH HER AT THE
LEMON TREE MOTEL WHERE I WAS ARRESTED 2 TO 3 DAY
LATER, AND FOUND OUT WHAT I WAS CHARGED WITH.
       AT THE PRELIMINARY HEARING, SHE TESTIFIED THAT SHE
WAS WALKING FROM HUENEME ON SAVIERS RD, ALL THE WAY
TO OXNARD BLVD, AND DURING THIS TIME, I WAS FOLLOWING
HER IN MY CAR, TRYING TO PICK HER UP.
       SHE STATED "SHE NEVER SAW ME BEFORE, AND DIDN'T
KNOW MELVIN CAMERON OR LEON PARKS.
       ALSO STATED" THAT SHE NEVER BEEN TO THE LEMON
TREE MOTEL
       AFTER MY ATTORNEY INTERVIEWED MELVIN CAMERON
& LEON PARKS WHO WERE IN CUSTODY IN THE COUNTY JAIL
AND GOT THEIR STATEMENTS TO VERIFY WHAT I WAS

00514

SAYING WAS TRUE, HE WENT TO THE D.A. AND JUDGE WITH HIS FINDINGS, I WAS DISCHARGED OF ALL CHARGES EXCEPT THE 11550 WHICH I HAVE TO SERVE OUT.

I DIDN'T COMMIT THESE SEXUAL CRIMES, AND ALL THAT THE CDC SEES IS THE POLICE REPORT AND MY GUILT. AND IN DOING SO, PLACED AN "R" SUFFIX WHICH PUT A LOT OF RESTRICTIONS ON ME. I CAN'T HAVE MY FAMILY VISIT, OR GET A GOOD OUTSIDE JOB TO HELP ME PAY FOR MY RESTITUTION THAT I HAVE TO PAY.

IT'S EMBARRASSING TO HAVE TO SIT IN COMMITTEE, HEARING THEM READ OFF THESE CHARGES, AND LOOKING AT ME AS IF I'M THE SCUM OF THE EARTH. CDC HAVE A COPY OF A PROBATION REPORT FOR THIS PRESENT TERM, BUT WHEN IT CAME TO THIS CASE, WHAT WAS LISTED WAS MY STATE-MENTS ON DISPOSITION OF CASE, AND NOT THE COURTS.

ACTION REQUESTED:

THAT THE P.D. OFFICE OR THE COURT, SEND THE DISPOSITION, AND WHY CASE WAS DISCHARGED. CDC DOESN'T CARE THAT CASE WAS JUST DISCHARGED, THEY WANT TO HAVE IT WRITTEN BY YOU THAT I DIDN'T COMMIT THESE CRIMES. AND WITHOUT THESE COMMENTS, I'M BEING KEPT AWAY FROM MY FAMILY AND MY SAFTY IS BEING JEOPARDIZED BY THE ASSUMPTION THAT I'M AN SEX AFFINDER. I WOULD APPRECIATE ANYTHING YOU CAN DO TO HELP CLEAR UP THIS MATTER.

SEND TO  D. SYLVESTER CC.II          Sincerely!
         PLEASANT VALLEY STATE PRISON
         PO BOX 8500                  Maynard B Reid
         COALINGA, CA. 93210          H43428
                                      7-23-98

         DIRECTOR OF CORRECTIONS
         PO BOX 942883
ATT: RECORDS DEPT.  SACRAMENTO, CA. 94283-0001

```
********************************************  M 16  *******************************************

RUN DATE: 11/03/90       VCJIS - MC INFORMATION SYSTEM        REPORT: R205M751
RUN TIME: 11:32:06          ARCHIVED CASE DOCKET              PROGRAM: S205M750
   AS OF: 10/90                                                  PAGE: 2390

CASE#:90C009675  CT:V    STAT:SUPERIOR COURT        MA:M      ITEM#:

CONV/DISP DT: 07/31/90  LAST SENT DT:   / /    TTP:  JAIL:    PROB:

ROC:126  REFERENCE                          ATY: BALDEN

DEFENDANT NAME: HILL RAYNARD BYRONE          AGCY: OXPD AGCY#: 00616514
         ADDR: 3660 KEEL AVE                 VIOL DT: 07/14/90 TIME:   :
    CITY/ST/ZIP: OXNARD          CA  93041    APPR DT: 07/18/90 SIGNED: Y
         AKAS: BYRONE RENARD

D/L#: N6280284   ST: CA   DOB: 03/10/60   SEX: M   HAIR: BLK    EYES: BRO
                                          HT: 5 10  WT: 205     RACE: B

V/L#:           VST:       VYR:      MAK:       STY:     COL:

SPEED: APRX:      SAFE:        O/WGT:        O/RESP: N  BAC:

SSN: 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    RPT#:           NCIC#: 180562V9

REGISTERED OWNER:
           ADDR:
      CITY/ST/ZIP:

 V/LOC:
  RMKS:
OFFCR#:        OFFCR NAME:                   VAC:  / /  -  / /

*********************** VIOLATION INFORMATION ***************************
    PR  IR  OF
CT  CR  SH  TY   ---VIOLATIONS--- P   ·BAIL ·     PC BAIL  PLEA  DISP
01      N   F    289(A)       PC    20000.00   20000.00   NG
                 SEXUAL PENETRATION-FOREIGN OBJ
02      N   F    664-261      PC     2500.00    2500.00   NG
                 RAPE: UNFIT MIND-ATTEMPT
03      N   F    243.4        PC     5000.00    5000.00   NG
                 SEXUAL BATTERY
04      N   M    236          PC     5000.00    5000.00   NG
                 FALSE IMPRISONMENT
05      N   M    11550        H&S    5000.00    5000.00   NG
                 USE/UNDER INFLNCE CONTRLD SUB

DMVPRI:0 PRIORS:    0.00    PENALTY:  13500.00    NIGHT COURT:     0.00

   TOTAL BAIL:  51000.00   PC BAIL:      0.00   AMOUNT OWING:    0.00

********************** CASH BAIL/BAIL BOND ***************************

BAIL STATUS: IC   CASH BAIL BAL:    0.00   BAIL BOND BAL:     0.00
                  NO ACTIVE BAIL OR BONDS

******************* DMV LICENSE STATUS AND PRIORS *******************
                  NO DMV INFORMATION AVAILABLE


********************************** N 16  ********************************
```

00516

```
**************************** CASH BAL    AIL BOND  ****************************
BAIL STATUS: IC   CASH BAIL BAL:      0.00   BAIL BOND BAL:      0.00
                  NO ACTIVE BAIL OR BONDS
**************************  DMV LICENSE STATUS AND PRIORS  ****************************
                  NO DMV INFORMATION AVAILABLE
```

```
**************************************  N 16  **************************************

RUN DATE: 11/03/90        VCJIS - MC INFORMATION SYSTEM      REPORT: R205M751
RUN TIME: 11:32:06            ARCHIVED CASE DOCKET           PROGRAM: S205M750
  AS OF: 10/90                                                 PAGE: 2391

CASE#:90C009675  CT:V    STAT:SUPERIOR COURT       MA:M       ITEM#:

****************************  DOCKET ENTRIES  ****************************

CLERK:           CIRM:     DI: / /    TIME:       ADDED DI:07/18/90  INIT:VLJ
ENT:001 CD:C1        CASE CALENDARED TO 07/18/90 AT 01:30 PM IN COURTROOM 12
                     ROC IS ARRAIGNMENT               ATTY IS

ENT:002 CD:Z23      ADDED AKA: BYRONE RENARD

ENT:003 CD:M15      FELONY CASE ASSIGNED TO: R BRADLEY #46

JUDGE: JOHN J. HUNTER         PRESIDING
CLERK: BE    CIRM:12  DI:07/18/90  TIME:01:30 P  ADDED DI:07/18/90  INIT:PAN
ENT:004 CD:A1        DEFENDANT PRESENT

ENT:005 CD:A3       DDA FAIRWEAHTER              PRESENT

ENT:006 CD:A5       COURT REPORTER LOPUCK                     PRESENT

ENT:007 CD:A9       PUBLIC DEFENDER APPOINTED

ENT:008 CD:A9A      PUB DEF VILLASANA           PRESENT

ENT:009 CD:D17      DEFENSE REQUEST

ENT:010 CD:C1       CASE CALENDARED TO  7/19/90 AT 01:30 PM IN COURTROOM 12
                    ROC IS ARRAIGNMENT          ATTY IS VILLASANA

ENT:011 CD:B20      DEFT REMANDED TO CUSTODY OF SHERIFF, ILO BAIL OF
                    $50,000.00

ENT:012 CD:J12      REMANDED TO THE CUSTODY OF THE SHERIFF

CLERK:           CIRM:     DI: / /    TIME:       ADDED DI:07/18/90  INIT:PAN
ENT:013 CD:M33      CUSTODY STATUS/RELEASE VERIFIED.

JUDGE: JOHN J HUNTER          PRESIDING
CLERK: BE    CIRM:12  DI:07/19/90  TIME:01:30 P  ADDED DI:07/19/90  INIT:PAN
ENT:014 CD:A1        DEFENDANT PRESENT

ENT:015 CD:A3       DDA FRAWLEY                 PRESENT

ENT:016 CD:A5       COURT REPORTER BRADLY               PRESENT

ENT:017 CD:A9       PUBLIC DEFENDER APPOINTED

ENT:018 CD:A9A      PUB DEF DAHLSTEDT           PRESENT
```

00517

```
******.***********************.*******************************  0 16  *************************************************
```

```
RUN DATE: 11/03/90          VCJIS - MC INFORMATION SYSTEM        REPORT: R205M751
RUN TIME: 11:32:06               ARCHIVED CASE DOCKET            PROGRAM: S205M750
   AS OF: 10/90                                                  PAGE: 2392
```

| CASE#:90C009675  CT:V    STAT:SUPERIOR COURT      MA:M      ITEM#: |
|---|

| ENT:019 CD:A7    WAIVES ARRAIGNMENT & READING OF THE COMPLAINT |
|---|
| ENT:020 CD:NGA    NOT GUILTY ALL COUNTS |
| ENT:021 CD:C1    CASE CALENDARED TO 7/31/90 AT 09:00 AM IN COURTROOM 12<br>                  ROC IS ARRAIGNMENT          ATTY IS DAHLSTEDT |
| ENT:022 CD:A39    TIME ESTIMATE 1 HOUR |
| ENT:023 CD:B20    DEFT REMANDED TO CUSTODY OF SHERIFF, ILO BAIL OF<br>                  $50,000.00 |
| ENT:024 CD:J12    REMANDED TO THE CUSTODY OF THE SHERIFF |
| CLERK:    CIBM:    DT: / /   TIME: :    ADDED DT:07/19/90  INIT:PAN<br>ENT:025 CD:M63    CUSTODY STATUS/RELEASE VERIFIED. |
| JUDGE: JOHN J HUNTER          PRESIDING<br>CLERK: CH    CIBM:12  DT:07/31/90  TIME:09:00 A  ADDED DT:07/31/90  INIT:CH<br>ENT:026 CD:A1    DEFENDANT PRESENT |
| ENT:027 CD:A9A    PUB DEF WINDOW          PRESENT |
| ENT:028 CD:A3    DDA FRAWLEY          PRESENT |
| ENT:029 CD:A5    COURT REPORTER LOPUCK          PRESENT |
| ENT:030 CD:A26    PRELIM COMMENCES |
| ENT:031 CD:T16    DEFENSE MOTION TO EXCLUDE AND ADMONISH WITNESS |
| ENT:032 CD:T22    PEOPLE'S WITNESS # 1 MARIA SOSA<br>                  SWORN/TESTIFIES |
| ENT:033 CD:T27    WITNESS IDENTIFIES DEFENDANT |
| ENT:034 CD:T24    CROSS-EXAM |
| ENT:035 CD:T22    PEOPLE'S WITNESS # 2 RANDY COLE<br>                  SWORN/TESTIFIES |
| ENT:036 CD:T27    WITNESS IDENTIFIES DEFENDANT |
| ENT:037 CD:T24    CROSS-EXAM |
| ENT:038 CD:T22    PEOPLE'S WITNESS # 3 DONEL LINCOLN<br>                  SWORN/TESTIFIES |

00518

```
************************************************* ( A 17 )*************************************************
```

| | | |
|---|---|---|
| RUN DATE: 11/03/90 | VCJIS - MC INFORMATION SYSTEM | REPORT: R205M751 |
| RUN TIME: 11:32:06 | ARCHIVED CASE DOCKET | PROGRAM: S205M750 |
| AS OF: 10/90 | | PAGE: 2393 |

CASE#:90C009675  CT:V    STAT:SUPERIOR COURT    MA:M    ITEM#:

ENT:039 CD:T38    PEOPLE REST

ENT:040 CD:A26    NO DEFENSE

ENT:041 CD:T29    DEFENDANT HELD TO ANSWER TO SUPERIOR COURT ON  8/14/90
                  AT 08:30 AM IN COURTROOM 46 FOR ARRAIGNMENT

ENT:042 CD:B20    DEFT REMANDED TO CUSTODY OF SHERIFF, ILO BAIL OF
                  $50,000.00

ENT:043 CD:J12    REMANDED TO THE CUSTODY OF THE SHERIFF

CLERK:___    CTRM:___    DT:_/_/    TIME:__:__    ADDED DT:07/31/90  INIT:CH
ENT:044 CD:M63    CUSTODY STATUS/RELEASE VERIFIED.

CLERK:___    CTRM:___    DT:_/_/    TIME:__:__    ADDED DT:08/14/90  INIT:TM
ENT:045 CD:C1    CASE CALENDARED TO 08/17/90 AT 01:30 PM IN COURTROOM 11
                  ROC IS REFERENCE              ATTY IS

JUDGE: JOHN E DOBROTH        PRESIDING
CLERK: SM    CTRM:11  DT:08/17/90  TIME:01:30 P  ADDED DT:08/17/90  INIT:TM
ENT:046 CD:A1    DEFENDANT PRESENT

ENT:047 CD:A3    DDA MIKKALSON              PRESENT

ENT:048 CD:A9    PUBLIC DEFENDER APPOINTED

ENT:049 CD:A9A    PUB DEF BALDEN            PRESENT

ENT:050 CD:C1    CASE CALENDARED TO  8/24/90 AT 09:00 AM IN COURTROOM 11
                  ROC IS REFERENCE              ATTY IS BALDEN

ENT:051 CD:B19    DEFT ORDERED TO APPEAR

ENT:052 CD:J12    REMANDED TO THE CUSTODY OF THE SHERIFF

ENT:053 CD:D31    DEFT DISCHARGED THIS CASE

JUDGE: BARRY B KLOPFER        PRESIDING
CLERK: CB    CTRM:11  DT:08/24/90  TIME:09:00 A  ADDED DT:08/24/90  INIT:PM
ENT:054 CD:A1    DEFENDANT PRESENT

ENT:055 CD:A3    DDA MIKKALSON              PRESENT

ENT:056 CD:A9A    PUB DEF BALDEN            PRESENT

ENT:057 CD:C1    CASE CALENDARED TO  9/10/90 AT 09:00 AM IN COURTROOM 24
                  ROC IS REFERENCE              ATTY IS BALDEN

00519

```
************************************************************** B 17 **************************************************************
```

| RUN DATE: 11/03/90 | VCJIS - MC INFORMATION SYSTEM | REPORT: R205M751 |
| RUN TIME: 11:32:06 | ARCHIVED CASE DOCKET | PROGRAM: S205M750 |
| AS OF: 10/90 | | PAGE: 2394 |

CASE#:90C009675  CT:V    STAT:SUPERIOR COURT      MA:M      ITEM#:

ENT:058 CD:B20    DEFT REMANDED TO CUSTODY OF SHERIFF, ILO BAIL OF
                     $0.00

ENT:059 CD:B19    DEFT ORDERED TO APPEAR

ENT:060 CD:J12    REMANDED TO THE CUSTODY OF THE SHERIFF

ENT:061 CD:D31    DEFT DISCHARGED THIS CASE

CLERK:      CIRM:    DT: / /   TIME: :    ADDED DT:08/24/90  INIT:PM
ENT:062 CD:M63    CUSTODY STATUS/RELEASE VERIFIED.

JUDGE: KEN W RILEY              PRESIDING
CLERK: CG    CIRM:24  DT:09/10/90  TIME:01:30 P  ADDED DT:09/10/90  INIT:CG
ENT:063 CD:A1     DEFENDANT PRESENT

ENT:064 CD:A9A    PUB DEF BALDEN          PRESENT

ENT:065 CD:A3     DDA PERRIN              PRESENT

ENT:066 CD:C9     PUBLIC DEFENDER REQUESTS CONTINUANCE

ENT:067 CD:C1     CASE CALENDARED TO  9/13/90 AT 09:00 AM IN COURTROOM 24
                     ROC IS REFERENCE          ATTY IS BALDEN

ENT:068 CD:B19    DEFT ORDERED TO APPEAR

ENT:069 CD:D31    DEFT DISCHARGED THIS CASE

ENT:070 CD:J12    REMANDED TO THE CUSTODY OF THE SHERIFF

JUDGE: KEN W RILEY              PRESIDING
CLERK: EV    CIRM:24  DT:09/13/90  TIME:09:00 A  ADDED DT:09/13/90  INIT:EV
ENT:071 CD:A1     DEFENDANT PRESENT

ENT:072 CD:A3     DDA BIANCO              PRESENT

ENT:073 CD:A9A    PUB DEF BALDEN          PRESENT

ENT:074 CD:A26    NO ACTION TAKEN

ENT:075 CD:A26    CASE WAS CERT TO SUPERIOR COURT ON 8/14/90 8:30 A.M. #46

```
************************************************************** C 17 **************************************************************
```

Ventura County Superior and Municipal Courts
**RECORDS DIVISION**
P.O. Box 6489
Ventura, CA 93006-6489

Re: # 43428 / Hill

AUTO 93210

XFCM PRESORTED VAN

D. Sylvester CC II
Pleasant Valley State Prison
P.O. Box 8500
Coalinga, CA. 93210

00521

# State of California

## Certificate of Vocational Achievement

awards a

### This is to certify that

M. E. HILL

has satisfied ___ 2 ___ certification units

in

REFRIGERANT CONTROL/REFRIGERANTS
VOR.05.0521FR00.05.22

Certificate Number ___ 6715 ___

Instructor

Supervisor of Vocational Instruction

Autograph 11th, 1998

00522

RECEIVED RECORDS
'98 JUN 24 AM 9 15
P.V.S.P.



State of California

Certificate of Vocational Achievement

awards a

This is to certify that

has satisfied _____ certification units

in _____

Certificate Number ____ 6716

Date _____ 1998

Instructor

Supervisor of Vocational Instruction

00524

RECEIVED RECORDS

'98 JUN 24 AM 9 15

P.V.S.P.

00525



State of California

awards a

Certificate of Vocational Achievement

This is to certify that

_____

has satisfied _____ certification units

in

DAIRY AND GRAZING/VOCATIONAL

Certificate Number _____     Date JUNE 11th 1998

Instructor _____

Supervisor of Vocational Instruction

RECEIVED RECORDS

'98 JUN 24 AM 9 15

P.V.S.P.

00527

State of California

Department of Corrections

# Memorandum

Date : June 5, 1998

To : Captain V. Robicheaux

Subject: **Friend/Relative Notification**

On May 4,1998, notification of friend/relative pursuant to Title 15, Section 3406, was received by an employee. The inmate is housed in your facility and identified as Hill, R. H-32088 B1-213L

Ms. Lewis has reviewed the employee's safety concern and request that the inmate be transferred. She is directing that this inmate be scheduled for the next available classification committee and processed for transfer immediately.

A copy of this directive has been placed in the central file, the miscellaneous section. The original notification request has been placed in the employees personnel file.

Should you have any questions concerning this matter, notify this office immediately at extension 5554.

Linda Ochoa, Correctional Counselor II
Assistant to Classification and Parole Representative
Pleasant Valley State Prison

*Refer to Confidential Section*

OP\CCLDOT

00528

State of California                                                    Department of Corrections

# Memorandum

C-FILE COPY

Date    :    June 10, 1998

To      :    Hill, R.B., H-43428
             BFB1-105L

Subject :    **FIRST LEVEL RESPONSE, APPEAL LOG NO. PVSP-O-98-00594**

Your appeal was referred for first level review on May 21, 1998. You were interviewed on June 10, 1998 by E. Apodaca, Correctional Counselor I, concerning your appeal. In your appeal, you stated that you would like a modification of your custody status. You are appealing an "R" suffix that was placed on your custody at Mule Creek State Prison (MCSP) on September 16, 1992 and affirmed by Unit Classification Committee (UCC) at Ironwood State Prison (ISP) on May 28, 1997. You advise in your appeal you were exonerated of all charges of sexual battery, rape by force and fear of sexual penetration of a foreign object on July 16, 1990. The Oxnard Police department report is in your Central File (C-File) and was available to the UCC.

You have requested that the "R" suffix be removed from your case file based on the Probation Officer's report dated November 13, 1996, indicating the case was discharged.

A thorough investigation of your appeal issue(s) reveals the following, California Code Of Regulations (CCR), Section 33771, Inmate Custody Designations, deals with the application of all "R" suffix. In your appeal you contend that you were not convicted of a sex crime, therefore, you should not have an "R" suffix on your custody. CCR 33771 (b), (2), states, "Within six (6) months upon reception of an inmate with a record or arrest or detention for any offense listed in CCR 33771 (b), (1), a classification committee shall determine the need for an "R" suffix on the inmate's custody designation. The committee shall consider the arrest reports and the district attorney's comments related to such an arrest." When you appeared before the UCC, at MCSP and ISP, they reviewed the Oxnard Police Department's arrest report, and elected to affix and affirm the "R" suffix. Further review of this action reflects that all departmental rules and regulations have been complied with. I am persuaded to support the action of the UCC.

Therefore, your appeal is denied at first level review.


T. HANSEN                                    M.L. DUNLAP
Correctional Counselor II Facility B         Associate Warden Housing A/B
Pleasant Valley State Prison                 Pleasant Valley State Prison

00529

*U ˚C Committee*

STATE OF CALIFORNIA

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

RECEIVED
MAR

DEPARTMENT OF CORRECTIONS

| | Location: Institution/Parole Region | Log No. | Category |
|---|---|---|---|
| 1. | ISP | 1. 98-172 | 2 |
| 2. | PVSP-C- 96 | 2. 00594 | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| HILL, RB | H43428 | UNASSIGNED PRE-TRANSFER | C-A-137UP |

**A. Describe Problem:** I would like and modification of my custody status. The UCC has placed an 'R' suffix in my file due to an arrest on 7-16-90 case # 90CO09625 which went to court on 7-18-90 and was "Discharged". Here attached is a probation report that was filed with the Superior Court of State of California for the County of Ventura, which contains criminal history obtained through search of DMV, CII, FBI, NCIC, VTA PD, Oxnard PD, VTA County Municipal Courts, & VTA CO. Corrections Services Agency records. Case in question is noted that victim fabricated story of charges and case dismissed when story was found to be false.

If you need more space, attach one additional sheet.

**B. Action Requested:** I would like the 'R' suffix as well as restrictions removed from my case file, which jeopardizes my safety, my ability to transfer to certain institutions, and prevents me to qualify for certain institutional jobs which will be available to me.

Inmate/Parolee Signature: *Raymond B Hill H43428*        Date Submitted: 3-3-98

**C. INFORMAL LEVEL** (Date Received: 3-6-98) *Received*

Staff Response: *This is not part of committment documentation located in your c-file.*

Staff Signature: *C. Alvarado C.C.I.*        Date Returned to Inmate: 3-6-98

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

This probation report was done specificly for case # 39787 which is the term I'm serving. It shows the disposition of the case and why I was exonerated from the charges in questioned. Since my c-file states the negative allegations, it needs modification to show disposition.

Signature: *Raymond B Hill H43428*        Date Submitted: 3-11-98

MAY 27 1998

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

00530

First Level ☐ Granted ☐ P Granted ☒ Denied ☐ Other

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: Due Date:

Interviewed by:

See attached

Staff Signature: T. Hansen CC II Title: Correctional Counselor II Date Completed: 6/10/98

Division Head Approved: M.L. Dunlap Title: Associate Warden A/B Housing Returned Date to Inmate: JUN 16 1998

Signature:

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

Signature: Date Submitted:

Second Level ☐ Granted ☐ P. Granted ☐ Denied ☐ Other

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: Due Date:

☐ See Attached Letter

Signature: Date Completed:

Warden/Superintendent Signature: Date Returned to Inmate:

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Signature: Date Submitted:

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted ☐ P. Granted ☐ Denied ☐ Other

☐ See Attached Letter

Date:

CDC 602 (12/87)

Records Dept. 8

3-11-98

As you can see, this Probation Report was written for People vs. Raymond Byron Hill, Case # 0635717, which 7th Currently being time. The Report was done by Deputy Probation Officer Bill Meschew or Ventura Co. with can be reached at 800 So Victoria Ave 93006, (805) 654-5120.

On Page 4, lines 15-21, which pertains to case discharged on 7-18-90, and states that this case was discharged on 7-18-90, and I was exonerated from all of the charges/allegations. Disposition was made due to the Alleged victim kind and forecasting this story, which was found to be false.

By not having the complete disposition on this case in my C-File, it's been put together using information which C.C.I. Placing Classification Committees states in a report and done other police acts which stems from this case, not only does the R. Burton restrict no time, Privileges and kept in secured facilities, that the implication of me being of such, a person, is potential, lethal to naval General Population, which jeopardizes my safety and life. I'm hoping that this problem can be taken care of. At your next convenience or that it can be increased on your next take care of this matter.

Thank you,

Raymond B Hill
#63485
3-11-98

00532

```
CMHQ H43428                      HILL,RAYNARD,BYRON                        PAGE 01
        *** MOVEMENT HISTORY - MOST RECENT MOVEMENT FIRST ***   RPT DATE: 03/26/1998

03/26/1998   TRANSFERRED    TO PVP            FROM NKPRC

03/25/1998   TRANSFERRED    TO NKPRC          FROM ISP
                            ENROUTE TO PVP
                            LATE ARRIVAL

01/30/1997   TRANSFERRED    TO ISP            FROM WSPRC

11/20/1996   RETURNED       TO WSPRC
                            RET FROM PAROLE   RET STATUS PWNT
                            SC/VEN CS#CR39787

07/18/1996   STATUS CHANGED TO RETPAR    FROM PRTC     REL TO REG2   DX
                                              CO: VEN

04/23/1996   TRANSFERRED    TO CTF-C          FROM WSPRC

02/26/1996   RETURNED       TO WSPRC
                            RET FROM PAROLE   RET STATUS PRTC

   P/N PRESS ENTER FOR NEXT PAGE
```

00533

State of California

Department of Corrections
Ironwood State Prison

# Memorandum

Date  :  **April 20, 1998**

To  :    **V. ORTEGA**          **VIA**    **M. ROCKWOOD**
        **Correctional Counselor II**          **Associate Warden**
        **Inmate Appeals Coordinator**          **Business Services**

Subject:  **APPEAL LOG NUMBER ISP-C-98-00172**

Inmate Appeal Log# ISP-C-98-00172 has been assigned to Business Services, Inmate Records, for a first level response.  The inmate is appealing a classification action which is outside the jurisdiction of the Inmate Records Office to make a response.  Please reassign this appeal to the appropriate facility for response.

If you have any questions, please contact me at extension 5309.

**C.D. THREM**
**Classification and Paroles Representative (A)**

*I/m Transfered out on 3/25/98,
and is currently housed at
PVP B1-105L.
See attached movement sheet.
W/F Hobbs CCII (A)*

042098M1.DOC
CDC 1617 (3/89)

00534

RECEIVED RECORDS
'98 JUN 17 AM 8 00
P.V.S.P.

**IRONWOOD STATE PRISON**
**INMATE APPEALS OFFICE**

**APPEALS MODIFICATION ORDER**

| | | | |
|---|---|---|---|
| **TO:** | A/W BUSINESS SERVICES | **DATE:** | 11/19/97 |
| **INMATE:** | R. HILL | **NUMBER:** | #H-43428 |
| **APPEAL LOG:** | ISP-C-97-00790 | **OTHER:** | |
| **LOGGED IN:** | 11/19/97 | **DUE DATE:** | 12/19/97 |

The inmate appeal listed above has been**Granted**.  Please review the attached appeal response and take the necessary action to comply by the due date shown above.

**SPECIFIC ACTION REQUIRED:**

The above named inmate is to be reimbursed in the amount of eight dollars sixty cents ($8.60) for confiscated property that was misplaced and not found.  Property included one (1) plastic tumbler lid, one (1) square plastic bowl with lid, and one (1) hardtime coffee mug with lid.

Upon completion, please make the appropriate notation at the bottom of this form and return it to the Inmate Appeals Office so it may be recorded and the file closed on this appeal.

*V. Ortega* C C II
APPEALS COORDINATOR
INMATE APPEALS OFFICE

C-FILE

DATE OF ACTION:_____

**ACTION TAKEN:**_____

_____

_____

_____

PERSON TAKING THE ACTION:_____

SIGNATURE:_____   TITLE:_____

**APPEALS OFFICE PROCESSING**
cc:   c-file
       chief, Inmate Appeals Branch (3rd Level Orders)

00536



INMATE APPEAL ROUTE SLIP

To: BUTLER/APPEALS                                    DATE: 11/12/97

From: INMATE APPEALS OFFICE

Re: Appeal Log Number ISP-C-97-00790 By Inmate HILL, R., H-43428

Please assign this appeal to appropriate staff for SECOND level response.

        Due Date: 12/12/97                Appeal Issue: PROPERTY

STAFF INSTRUCTIONS:
Second level appeals require a personal interview if not afforded at the
first level. Begin your response with: GRANTED, DENIED, PARTIALLY GRANTED
or WITHDRAWN. When complete, return to Appeals Office. Appeals that are
incomplete will be returned to the responding staff for appropriate com-
pletion. Refer to D.O.M. 54100 for instructions.


V. ORTEGA
APPEALS COORDINATOR
IRONWOOD STATE PRISON





INMATE APPEAL ROUTE SLIP

To: A/W C&D HARGETT                          DATE: 10/28/97

From: INMATE APPEALS OFFICE            *C4-1371*

Re: Appeal Log Number ISP-C-97-00790 By Inmate HILL, R., H-43428

Please assign this appeal to appropriate staff for FIRST level response.


        Due Date: 12/12/97              Appeal Issue: PROPERTY

STAFF INSTRUCTIONS: Per Director's Rule 3084.5(f)(2) first level
appeal review requires a personal interview with the inmate unless
the appeal is granted.  This policy is not within the institution's
jurisdiction and cannot be waived.  Director's Rule 3084.5(f)(3)
provides that a telephonic interview may be conducted if the inmate
is not available in person.
Begin response with: GRANTED, DENIED, PARTIALLY GRANTED or WITHDRAWN.
When complete, return appeal to the Appeals Office.  All first level
appeals require signature of the Division Head.  Appeals that are
incomplete will be returned for appropriate completion.
Refer to D.O.M. 54100 for instructions.


CURTIS A. HANNAH
APPEALS COORDINATOR
IRONWOOD STATE PRISON

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

Location/Institution/Parole Region   Log No.   Category

ISP   1. C-97-790   #5

2.

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| HILL, RAYNARD B. | H43428 | C: FAC OUTGROUNDS | C-4-137 UP |

A. Describe Problem: On 10-15-97 at approx. 8:30 am, C/O Foster was conducting an inspection of my cell on direction of S/GT Counsel LT Shipton. And in doing so, he confiscated my personal property which violates the Department of Corrections, Rules and Regulation Article 9. Sec. 3190.(a), Sec. 3191 (a) Nonexpendable, (c) Select method of disposing, 3193 (b) Employee Liability, Sec. 3287 (a)(2) not used as punitive measures or harassment (4) written notice of each item taken from cell, CHPT 1, Article 1. Sec. 3006, (d) Contraband, Sec. 3033. Alterations.

If you need more space, attach one additional sheet.    ＊ Additional Page I

B. Action Requested: I would like the return of my personal property or be reimburst for the value of the (4) personal property items of $8.60

T Hill 4/91

Inmate/Parolee Signature: Raynard B Hill H43428    Date Submitted: 10-16-97

C. INFORMAL LEVEL (Date Received: 10-16-97 )

Staff Response: DENIED. INMATE HILL FAILED TO ~~PROPERLY~~ PROPERLY IDENTIFY HIS NONEXPENDABLE PROPERTY PER TITLE 15, SECTION 3191 (b). 128 (a) PENDING. INMATE HILL NEEDS TO DETERMINE METHOD OF DISPOSITION.

Staff Signature: T Foster    Date Returned to Inmate: 10-16-97

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

I have added a CDC 1083 Inmate Property Inventory sheet that was accompanied with my property on arrival at Ironwood State Prison. C/O Foster has contradicted hisself in regards to the cell search receipt and the reason for taking my personal property

Signature: Raynard B Hill H43428    Date Submitted: 10-17-97

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: