804 & COPY TO RECORDS    N: _____ BY: _____ ] CCCMS  [  ] EOP  [ X ] NIMHP

STATE OF CALIFORNIA
# RULES VIOLATION REPORT
T.A.B.E. ☒ Above ☐ Below 4.0

DEPARTMENT OF CORRECTIONS

| CDC NUMBER | INMATE'S NAME | | Release/Board Date | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| H-43428 | HILL | | | CTF-North | LA-322U | V-09-04-075 |

| VIOLATED RULE NO(S) | SPECIFIC ACT: | LOCATION: | DATE | TIME |
|---|---|---|---|---|
| CCR §3005(b) | DISOBEYING AN ORDER | 'A' Yard, Light Pole #3 | 9/20/04 | 0945 |

CIRCUMSTANCES

On 9-20-04, at approximately 0945 hours, while I was assigned as an 'A' Yard Canteen Officer, a 'Code-I' alarm was announced on the public address system at CTF-North and all inmates were ordered to assume a prone position. I observed Inmate **HILL**, H-43428, LA-322U, fail to comply with the order to assume a prone position. Inmate Hill had assumed a seated position on the raised concrete base of Light Pole #3. I positively identified Inmate Hill using his state issued identification card. I advised inmate Hill that a CDC-115 would be submitted regarding this conduct.

Inmate **HILL** is aware of this CDC-115 RVR and the specific charge. Inmate **HILL** is not a mental health patient / participant at any level of care, and did not exhibit behavior that was bizarre, unusual, or uncharacteristic at the time of the events documented in this Rules Violation Report. A referral to the Health Care Services Department for Mental Health Assessment was not made.

| REPORTING EMPLOYEE (Typed Name and Signature) | | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|---|
| ≫  A. Cook, Correctional Officer | | | 'A' Yard Officer | F/S |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| ≫  D.P. Kemp, Correctional Sergeant | | DATE. | LOC. |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE  ☒ SERIOUS | "F" 0-30 | | ≫  T.G. Jarvis, Correctional Lieutenant | ☐ HO  ☒ SHO  ☐ SC  ☐ FC |

COPIES GIVEN INMATE BEFORE HEARING

| ☐ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | | |
|---|---|---|---|---|---|---|
| | ≫ | | | | | |

| ☐ INCIDENT REPORT LOG NUMBER | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|
| | ≫ | | | ≫ | | |

HEARING

| REFERRED TO  ☐ CLASSIFICATION  ☐ BPT / NAEA | | | | |
|---|---|---|---|---|
| ACTION BY: (TYPED NAME) | | SIGNATURE | DATE | TIME |
| | | ≫ | | |

| REVIEWED BY: (SIGNATURE | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE | |
|---|---|---|---|---|
| ≫ | | ≫ | | |

| | BY: (STAFF'S SIGNATURE) | | DATE | TIME |
|---|---|---|---|---|
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | ≫ | | | |

CDC 115 (7/88)

00739

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS

## RULES VIOLATION REPORT – PART C                                        PAGE __1__ OF __1__

| CDC NUMBER | INMATE'S NAME | Log Number | INST. | TODAY'S DATE |
|---|---|---|---|---|
| H-43428 | Hill | V-09-04-075 | CTF-North | 9/25/04 |

☐ SUPPLEMENTAL ☒ CONTINUATION OF: ☐ 115 CIRCUMSTANCES ☒ HEARING ☐ IE REPORT ☐ OTHER _____

### HEARING CONTINUED:

Inmate Hill is not a mental health patient / participant at any level of care, and did not exhibit behavior that was bizarre, unusual, or uncharacteristic at the time of the events documented in the Rules Violation Report. A referral to the Health Care Services Department for Mental Health Assessment was not made. Inmate Hill is fluent in English and does not have a T.A.B.E. Reading Score of 4.0 or below. A Staff Assistant was not assigned as the criteria per CCR§3315(d)(2) were not met. An Investigative Employee was not assigned, as the criteria per CCR§3315(d)(I) were not met. Inmate Hill did not request the presence of the Reporting Employee, nor any Staff or Inmate witnesses. I read the charge to Inmate Hill, he pled NOT GUILTY and stated, "Since I've been here we haven't been required to prone out. I was in an area that was muddy, I could have ran to a dry place like everyone else. I feel like I'm being targeted."

Reviewed By:_____    DATE:_____
          **F. Ahl, Facility Captain (A)**

Chief Displinary Officer:_____    DATE:_____
          **G.E. Harris, Associate Warden, CDO**

| | SIGNATURE OF WRITER | DATE |
|---|---|---|
| | »    **Hoffman, Correctional Lieutenant, (SHO)** | |
| | GIVEN BY: (STAFF'S SIGNATURE) | DATE SIGNED | TIME SIGNED |
| ☐ COPY OF CDC 115 GIVEN TO INMATE | » | | |

CDC 115-C (5/95)

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the INFORMAL Level

October 5, 2004

HILL, H43428
NO~~LAT3000000322U~~  LB320

REVIEWED BY THE
HIRING AUTHORITY

Log Number: CTF-N-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*You disciplinary appeal is incomplete. You must attach legible copies of all documents you received during the disciplinary process. For example: the completed CDC 115, Rule Violation Report, the laboratory report, the Mental Health Assessment Form, the completed CDC 115-A, Serious Rule Violation Report, the CDC 115, Investigative Employee report, supplemental reports for the CDC 115, the CDC 7219, Report of Injury, the complete CDC 837, Incident Report, and the CDC 1030, Confidential Information Disclosure Form.*

*Received and determined / categorized as a disciplinary. Attach completed 115.*

Appeals Coordinator
Correctional Training Facility

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

---

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

---

00741

STATE OF CALIFORNIA                                          DEPARTMENT OF CORRECTIONS
CDC 1858 (2/97)

# RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

**Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:**

YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER [this includes a departmental peace officer]  FOR ANY IMPROPER POLICE [or peace] OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS' [or inmates'/parolees'] COMPLAINTS.  YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE.  THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY.  CITIZEN [or inmate/parolee] COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.

IT IS AGAINST THE LAW TO MAKE A COMPLAINT THAT YOU KNOW TO BE FALSE.  IF YOU MAKE A COMPLAINT AGAINST AN OFFICER KNOWING IT IS FALSE, YOU CAN BE PROSECUTED ON A MISDEMEANOR CHARGE.  [An inmate/parolee who makes a complaint against a departmental peace officer, knowing it is false, may be issued a serious disiplinary rule violation, in addition to being prosecuted on a misdemeanor charge.]

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED | |
|---|---|---|---|
| INMATE/PAROLEE PRINTED NAME  *KAYNARD B. HILL* | INMATE/PAROLEE'S SIGNATURE  *Kaynard B Hill* | CDC NUMBER  *H43428* | DATE SIGNED  *9-28-04* |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED | |

DISTRIBUTION:
ORIGINAL –
Public - Institution Head/Parole Administrator
Inmate/Parolee.- Attach to CDC form 602
Employee - Institution Head/Parole Administrator
COPY – Complainant

00742

STATE OF CALIFORNIA                                                                      DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location:  Institution/Parole Region     Log No.          Category

1. ____ CTF-N ____        03-01305        13

2. _____           JUN 23 2003

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisal will be taken for using the appeals procedure responsibly.

**2ND LEVEL**   **CENTRAL FILE COPY**

NAME  HILL, R.B      NUMBER  H43428     ASSIGNMENT  AWMG (A'Yard Kitchen)     UNIT/ROOM NUMBER  LB-120-4L

A. Describe Problem: RECORDS DEPT HAS SENT ME AN LEGAL STATUS SUMMARY SHEET WITH MY MINIMUM ADJUSTED RELEASE DATE INCORRECT. MY INITIAL RELEASE DATE, WHICH I WAS SENTENCED BY THE COURT AT 80%, WAS CHANGED TO 85% IN 1997, WAS 8-25-08. ON 9-5-00 I LOST 31 DAYS AND ON 4-24-01 I GOT A RESTORATION OF THOSE 31 DAY BACK. ON 7-6-01 I LOST 90 days & ON 11-17-01 I LOST 150 DAYS FOR A TOTAL OF 240 DAYS OR 8 MONTHS. MY CALCULATION INDICATE 4-22-09 AS MY MIN REL DATE. FOR 85%, AND 9-3-08 FOR 80%.

If you need more space, attach one additional sheet.

B. Action Requested: WOULD LIKE A RECALCULATION OF MY TIME & RELEASE DATE, 80% DUE TO WHAT I WAS SENTENCED UNDER. SEND ME AN INMATE COPY OF CORRECTED LEGAL STATUS SUMMARY.

Inmate/Parolee Signature:  Raymond B Hill H43428        Date Submitted:  4-23-08

C. INFORMAL LEVEL (Date Received:  5-1-03  )

Staff Response: Granted. Calculation sheet and LSS attached. You were sentenced persuant to PC 2933.1 therefore you will serve 85% of your term.

Staff Signature:  Embrosalio, CCRA        Date Returned to Inmate:  5-2-03

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

I WAS SENTENCED IN 1996 AT 80%. MY TRANSCRIPT SHOWS THAT I WASN'T SENTENCED PERSUANT TO PC 2933.1. I RECIEVED NO TYPE OF GOOD TIME CREDITS, WHICH IS A FLAT TERM MANDATED BY THE COURTS. A LOSS OF 240 DAYS SHOULD BE APPLIED. BUT THE ADDITIONAL LISS OF 26 DAYS DOES NOT COMPLY AND SHOULD BE RESTORED  WORKER CO. #1A

Signature:  Raymond B Hill H43428        Date Submitted:  5-7-03

CDC Appeal Number:  03-01305

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

RECEIVED
APR 2 5 2003     MAY 0 9 2003
CTFAPPEALS       CTFAPPEALS

00743

First Level   ☐ Granted   ☐ P. Granted   ☐ Denied   ☑ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: **MAY 09 2003**   Due Date: **JUN 23 2003**

Interviewed by: _per our conversation + C. Dohms - You were on D-2 time for 150 days from 11/17/01 to 4/15/02 -26 day per our conversation, you have an Enhancement P.C. 667 (A) which caused your sentence to be served at 85% - The Enhancement makes the offense Violent per 2933.1 even tho the Court sentenced per the strike law. Case # CR.39787 was sentenced by the court 3 years doubled to 6 years for R. 2.13(5) plus 3 years for Enhancement P12022.7(A) plus 5 years for prior serious term. See attached CSR_

Staff Signature: _C. Dohms_   Title: _C.C. Supervisor_   Date Completed: _6-6-03_

Division Head Approved: Signature: _Iverese_   Title: _C.A.R.R_   Returned Date to Inmate: _6-16-03_

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

**JUN 23 2003**

_____

_____

_____

_____

Signature: _____   Date Submitted: _____

Second Level   ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____
☐ See Attached Letter

Signature: _____   Date Completed: _____

Warden/Superintendent Signature: _____   Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____

_____

_____

_____

_____

Signature: _____   Date Submitted: _____

For the Director's Review, submit all documents to:   Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:   ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____
☐ See Attached Letter

Date: _____

CDC 602 (12/87)

# NOTICE TO ALL INMATES

## PENAL CODE SECTION 2933.1 CREDIT FOR VIOLENT OFFENDERS WITH MULTIPLE OFFENSES

### PEOPLE VS. RAMOS (1996) 50 Cal.App.4th 810

The Court of Appeal has determined that the 15 percent credit limitation pursuant to Penal Code (PC) Section 2933.1 applies to the offender, rather than to a specific offense. Therefore, if an inmate is serving a term with multiple offenses (either a single case with multiple offenses or multiple cases) in which one offense (including stayed counts or enhancements) is a violent offense committed on or after September 21, 1994 all offenses and enhancements are limited to 15 percent conduct credit during that period of incarceration.

When applicable, the provisions of PC Section 2933.5 (zero credit) and People vs. Stofle 1996 45 Cal.App.4th 417 (zero credit for third strike offenders) take precedence over any other credit eligibility law.

All inmates presently in the custody of the California Department of Corrections committed for multiple offenses in which at least one count is a violent felony committed on or after September 21, 1994 shall have their Earliest Possible Release Date (EPRD)/Minimum Eligible Parole Date (MEPD) recalculated to ensure that not more than 15 percent credit is applied to reduce their term of confinement.

The Controlling Discharge Date (CDD) shall be adjusted as necessary for offenders currently on parole from a term with multiple offenses where at least one offense is a violent felony committed on or after September 21, 1994. The CDD shall also be adjusted as necessary for Parole Violators Returned to Custody and Parole Violators With New Terms who meet the above criteria.

00745

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS
CALCULATION WORKSHEET
OBIS CREDIT CODES 3, 4, OR 6
CDC 1897E (04/00)

## CALCULATION WORKSHEET FOR PC SECTION 667(e) AND PC SECTION 2933.1

This form is used to calculate the Earliest Possible Release Date (EPRD) for inmates sentenced as a second-strike offender (Penal Code Sections 667(e) or 1170.12) and violent offenders whose offense date is on or after September 21, 1994. When sentenced as a second-strike offender, the OBIS credit code is 3 (20%). When the offense is a violent offense committed on or after September 21, 1994, the OBIS credit code is 4 (15%), or 6 (15%) if a second-strike violent offense.

| Section A - Original EPRD Calculation | | Section B - Days "C" or "D2" From Start Date through Original EPRD (Do not include C/D2 time that occurs after the original ERPD) | | |
|---|---|---|---|---|
| 1. Start Date | 11.20.96 | | | |
| 2. Plus Time Imposed | + 14 | **From** | **Thru\*** | **Number of Days\*\*** |
| | = 11.20.2010 | 11.17.2001 | 4.15.2002 D2 | 150 |
| 3. Minus Pre/Postsentence Credit | - 58 | | | |
| | = 9.23.2010 | | | |
| 4. Minus Vested Credit [PC 667(e) divide by 2] [PC 2933.1 divide by 5.66] (round down) | 6 / - 1 | | | |
| | = 9.22.2010 | Total Days "C" and/or "D2" From Start Date to Original EPRD | | 150 |
| 5. Plus Dead Time | + -0- | | | |
| 6. Equals Maximum Date | = 9.22.2010 | **Equals CDC Conduct Credit Not Applied While C/D2** (divide total days C/D2 by 4 [PC 667(e)] or 5.66 [PC 2933.1] round down) | | = 26 |
| 7. Minus Start Date (Line 1) | - 11.20.96 | *These 26 days are the percentage of* | | |
| 8. Equals days to serve | = 5054 | \*If the current work group is "C" or "D2" use the original EPRD as the "THRU" date. If the last day of "D2" is earlier than the original EPRD, use the earlier date as the "THRU" date. | | |
| 9. Minus Dead Time | - | | | |
| 10. Equals Days Where Credit May Be Applied | = 5054 | \*\*Number of Days equals "THRU" date minus "FROM" date plus 1 day. | | |

| | | Section C - Credit Losses and Restorations | | | |
|---|---|---|---|---|---|
| 11. Equals CDC Conduct Credit (divide Line 10 by 5 [PC 667(e)] or 6.66 [PC 2933.1], round down) | = 758 | **Date of CDC 115** | **Loss** | **Restored** | **Net Loss** |
| 12. Maximum Date (Line 6) | 9.22.2010 | 6.3.00 / 9.3.00 | 31 | 31 | 90 |
| | | 5.16.2001 / 11.17.01 | 90 | | |
| 13. Minus CDC Conduct Credit (Line 11) | - 758 | 11.17.01 | 150 | | 150 |
| 14. Equals Original EPRD | = 8.25.2008 | **Net Credit Losses** | | | 240 |

### Section D: Calculating Adjusted EPRD

| | | |
|---|---|---|
| 1. Original EPRD (from Section A, Line 14) | | 8.25.2008 |
| 2. Plus Credit Not Applied While C/D2 (from Section B) | + | 26 |
| 3. Plus Net Credit Lost (from Section C) | + | 240 |
| 4. Equals Adjusted EPRD (cannot exceed Maximum Date): | | 5.19.2009 |
| 5. Minus Maximum Date (from Section A, Line 6) | | 9.22.2010 |
| 6. Equals Excess Credit Loss to Apply to Next Period Being Calculated\*\*\* | | |

\*\*\*Mixed Credit Codes: when credit lost exceeds credit applied (Adjusted EPRD is later than Maximum Date), substract the Maximum Date from the Adjusted EPRD which equals the days lost to apply to the next period being calculated.

| CALCULATED BY (Name and Title) | | DATE 8.6.2002 |
|---|---|---|
| T. Alan Collins CCMA | | |
| INMATE'S NAME Dell, Raynard Bryan | CDC NUMBER H-43428 | LOCATION CCI 4B |

00746

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

| Location: | Institution/Parole Region | Log No. | | Category |
|---|---|---|---|---|
| | CTF-C | 1. _____ | | /6 |
| 1. _____ | | | | |
| 2. _____ | | 2. _____ | | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

CENTRAL FILE COPY

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| HILL, R.B. | H43428 | AWMG | LB-120 up |

A. Describe Problem: My WORK ASSIGNMENT JOB# KA8-N-604, STARTING 12-5-02, I'm PAY RATE HAS NOT BEEN PLACED CORRECTLY IN my TRUST ACCOUNT, for DECEMBER THRU MARCH. ALSO I RECIEVED TWO MONEY ORDER for 25⁰⁰ EACH THAT WAS NOT AVAILABLE DURING My CANTEEN DRAW. I SENT AN INMATE REQUEST / MULTI-PURPOSE FORM TO THE TRUST OFFICE ASKING FOR A PRINT OUT of ALL TRANSACTION TO MY ACCOUNT, BUT GOT NO REPLY

If you need more space, attach one additional sheet.    SEE ADDITIONAL P.1

B. Action Requested: Would LIKE ANY AND ALL CORRECTION PLACED TO My TRUST ACCOUNT, AS WELL AS AN ITEMIZE PRINT OUT of ALL TRANSACTIONS for THE MONTHS of DEC 02 - MAR 03

Thank You

Inmate/Parolee Signature: Raymond B. Hill    Date Submitted: 4-9-03

C. INFORMAL LEVEL (Date Received: 4-15-03 )

Staff Response: Attached is a Trust account statement for the period beginning 12/1/02 and ending 4/15/03. All of the deposits you questioned on the attached breakdown page are in the account. The payroll deposits are in yellow and the Cash Deposits from the outside are highlighted in green.

Staff Signature: S. Lockwood, Acct I, CTF Trust    Date Returned to Inmate: 4-15-03

APR 17 2003

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

RECEIVED
APR 1 1 2003
CTF APPEALS

00747

Additional I

On March 11TH Multi-Purpose form returned By your office, You stated I had a Ø, zero Balance.

I Have A work assignment since December, plus Money orders coming in.

## Work Assignment Hours & Pay Rate

|   | (month) | (Hours) | (Pay) |
|---|---------|---------|-------|
| 1 | December | 117 | $19.00 |
| 2 | January | 130 | 20.00 |
| 3 | Febuary | 84.5 | 14.17 |
| 4 | March | 154 | 20.00 |

## Money Orders

|   | (Who from) | (Serial #) | (Amount) |
|---|------------|-----------|----------|
| 1 | Ernestine Hill | #9136021069l | $25.00 |
| 2 | Tambra McCree | #9136031002? | $25.00 |

## Canteen Withdraw.

| (month) | (Amount) |
|---------|----------|
| March 3-29-03 | $30.19 |

( I would of asked for my BALANCE )

00748

```
REPORT ID: TS3030                           REPORT DATE: 04/15/03
                                                 PAGE NO:      1

                    CALIFORNIA DEPARTMENT OF CORRECTIONS
                       CTF SOLEDAD/TRUST ACCOUNTING
                      INMATE TRUST ACCOUNTING SYSTEM
                       INMATE TRUST ACCOUNT STATEMENT


            FOR THE PERIOD: DEC. 01, 2002 THRU APR. 15, 2003


  ACCOUNT NUMBER : H43428             BED/CELL NUMBER: NOLBT1000000120U
  ACCOUNT NAME   : HILL, RAYNARD BYRON    ACCOUNT TYPE: I
  PRIVILEGE GROUP: A
                        TRUST ACCOUNT ACTIVITY
        TRAN
  DATE CODE  DESCRIPTION  COMMENT  CHECK NUM  DEPOSITS  WITHDRAWALS  BALANCE


  12/01/2002    BEGINNING BALANCE                                   142.39

  12/09 FC02 DRAW-FAC 2    1836 U - I                   100.00       42.39
  12/13 D320 TRUST FUNDS T 1918 CCI          3.96                    46.35
  12/18 W502 POSTAGE CHARG 1982 POST                      6.46       39.89
  12/23 D300 CASH DEPOSIT  2044 1102        25.00                    64.89
     ACTIVITY FOR 2003
  01/06 D554 INMATE PAYROL 2142  P 6         1.00                    65.89
  01/07 FC02 DRAW-FAC 2    2171 U-I                      50.00       15.89
  01/22 D554 INMATE PAYROL 2383 2142        18.00                    33.89
  02/05 D554 INMATE PAYROL 2522 P-5         20.00                    53.89
  02/10 FC02 DRAW-FAC 2    2594 U-I                      34.00       19.89
  02/27 W512 LEGAL POSTAGE 2843 LPOST                     1.29       18.60
  02/27 W512 LEGAL POSTAGE 2843 LPOST                     1.29       17.31
  03/04 D554 INMATE PAYROL 2881 P 12        14.17                    31.48
  03/06 W512 LEGAL POSTAGE 2915 LPOST                     1.29       30.19
  03/10 FC02 DRAW-FAC 2    2954 U-I   Canteen            30.19        0.00
  03/13 D300 CASH DEPOSIT  3028 1599                     25.00       25.00
  03/13 D300 CASH DEPOSIT  3028 1600        25.00                    50.00
  04/03 D554 INMATE PAYROL 3268 P-2         20.00                    70.00
  04/07 FC02 DRAW-FAC 2    3319 U-1                      50.00       20.00
  04/14 D300 CASH DEPOSIT  3433 0015       100.00                   120.00
  04/15 W512 LEGAL POSTAGE 3445L-POST                     4.75      115.25

                        TRUST ACCOUNT SUMMARY


  BEGINNING   TOTAL      TOTAL      CURRENT    HOLDS    TRANSACTIONS
  BALANCE    DEPOSITS  WITHDRAWALS  BALANCE   BALANCE   TO BE POSTED

   142.39    252.13     279.27     115.25     0.00        0.00



                                        CURRENT
                                        AVAILABLE
                                        BALANCE

                                         115.25
```

*(handwritten annotations)*
- Dec. payroll = $19.00
- Jan payroll
- Feb. payroll
- 2 cash deposits of $25.00 each
- March Payroll

## MULTI-PURPOSE FORM

TO: _Trust Account Office_
(Name)                                    (Title)          DATE: _3-11-03_

☐ MEDICAL CONCERN
☐ DENTAL CONCERN
☐ VISITING CONCERN
☐ REQUEST FOR INTERVIEW
☐ PACKAGE ROOM
☐ REQUEST FOR I.D. CARD
☐ REQUEST TO REVIEW CENTRAL FILE
☐ MAIL ROOM: Request for metered envelopes *(No Funds)*
☐ E.P.R.D.: You should be within six (6) months of release date to inquire

☑ TRUST ACCOUNT BALANCE $ _30.303_
☑ TRUST ACCOUNT WITHDRAWAL
☐ REQUEST FOR ROOM CHANGE
☐ REQUEST FOR UNIT CHANGE
☐ FAMILY HOUSING UNIT VISIT INTERVIEW
☐ REQUEST FOR CHAPLAIN INTERVIEW
☐ MEDICALLY CLEARED FOR CULINARY REQUEST

REASON FOR REQUEST *(Be specific: Explain your problem)*: _My Job Assignment Made Errors in My Pay, So I Need To Know My Balance To Know if These Errors Have Been Corrected_      _Thank You_

DATE: _____     STAFF RESPONSE: _____

INMATE NAME: _HILL, R.B._     INMATE NUMBER: _H43408_     CELL: _EB-120 4_
ASSIGNMENT: _AW8TMGT_     HOURS: _0545 - 1245_     RDO'S: _M/T_

CTP-304 (Rev. 04-97)

CRE:AG2
California Department of Corrections (CT
F)

Inmate Sales Receipt

Commissary: CAN1
Inmate Rcpt #: 67163D
Com Rcpt #: 725692
Inmate ID: H43428
Inmate Name: HILL, RAYNARD
Inm Acct Type: INMATE
          03-29-2003  09:00

          Beg Acct Balance:   30.19

Description     Qty  Price  Amount
-------------   ---  -----  ------
STAMP 37         20  0.37   7.40
PL/BUS           50  0.03   1.50
SUG-CAN           1  11.40  11.40
SUG-PK            1  1.40   1.40
P-OIL             1  1.35   1.35
ULTRABRITE        1  1.60   1.60
CAP,TOP           1  0.40   0.40
SOUP TRM         25  0.20   5.00
1-PENNY          14  0.01   0.14

                -----------------
                Totals:    30.19

          End Acct Balance:    0.00

00750




00751





00753

H43428

# TRANSCRIPT OF STUDENT RECORD

**OXNARD UNION HIGH SCHOOL DISTRICT**

| | | | 9TH ATTENDED | ABSENT | 10TH ATTENDED | ABSENT |
|---|---|---|---|---|---|---|
| STUDENT NAME | PARENT NAME | BIRTHDATE | 165 DAYS | 1 DAYS | DAYS | DAYS |

| STUDENT NAME | PARENT NAME | BIRTHDATE | 11TH ATTENDED | ABSENT | 12TH ATTENDED | ABSENT |
|---|---|---|---|---|---|---|
| HILL RAYNARD | ROY HILL | 3/16/60 | 160 DAYS | 15 DAYS | 7 DAYS | DAYS |

| STUDENT NO. | MAILING ADDRESS | SEX | SCH | RIVER EDUCATION COMPLETE YES | DRIVER TRAINING COMPLETE YES |
|---|---|---|---|---|---|
| 406115 | 3560 KEEL | 1 | 1 | | |

| | | | RST AID TRAINING COMPLETE YES | N.G.M. ACV1601 |
|---|---|---|---|---|

| DATE ENTERED | CITY | STATE | PHONE | COMP. GRAD. REQ. | RDG. MATH |
|---|---|---|---|---|---|
| 5/22/74 | OXNARD | CA | 486-2652 | | |

GRADUATION DATE  JAN 30 1978

| 406115   HILL RAYNARD | | | | |
|---|---|---|---|---|
| 4 A11  DATE 1/3/75 | W/G | GRADE | CIT | CREDIT |
| BOYS PE 9 | A | 2 | 5 |
| ENGLISH 9 | B | 2 | 5 |
| GEOGRAPHY 9T | C | 2 | 5 |
| MATH 7 | C | 2 | 5 |
| VARSITY BAND | C | 2 | 5 |

| 406115   HILL RAYNARD | | | | |
|---|---|---|---|---|
| DATE 1/3/75 | W/G | GRADE | CIT | CREDIT |
| ENGLISH 9 | | | |
| | | | |
| MATH AC V 1601 (C) (2) | | | |

| TUA | TUC | TGP | GPA | CLASS SIZE | RANK |
|---|---|---|---|---|---|
| 25.0 | 30.0 | 55 | 2.20 | 627 | |

| 406115   HILL RAYNARD | | | | 10 |
|---|---|---|---|---|
| 406115   DATE 6/10/76 | W/G | GRADE | CIT | CREDIT |
| BOYS PE 10 | A | 2 | 5 |
| ENGLISH 10 | F | 2 | |
| CALIFORNIA | F | 2 | |
| PSYCHOLOGY C | C | 1 | 5 |
| ALGEBRA | D | 2 | 5 |
| EVD SCIENCE | B | 2 | 5 |

| 406115   DATE 1/29/76 | W/G | GRADE | CIT | CREDIT |
|---|---|---|---|---|
| BOYS PE 10 | A | 2 | 5 |
| ENGLISH 10 | B | 2 | 5 |
| MINORITY ST GRAD. REQ. | C | 2 | 5 |
| ALGEBRA COMP. V 1601 (C) (2) | D | 2 | 5 |
| EVD SCIENCE | C | 2 | 5 |
| CONCERT BAND | A | 2 | 5 |

| TUA | TUC | TGP | GPA | CLASS SIZE | RANK |
|---|---|---|---|---|---|
| 80.0 | 95.0 | 200 | 2.50 | 585 | |

| TUA | TUC | TGP | GPA | CLASS SIZE | RANK |
|---|---|---|---|---|---|
| 105.0 | 115.0 | 230 | 2.19 | 554 | |

| 406115   DATE 1/27/77 | W/G | GRADE | CIT | CREDIT |
|---|---|---|---|---|
| PE | A | 2 | 5 |
| ENGLISH 3 | D | 3 | 5 |
| US HIST 11 | C | 2 | 5 |
| SPANISH 1 | D | 2 | 5 |
| OFFICE PRAC | B | 2 | |
| DISMISSAL 1 | N | 2 | |

| 406115   DATE 6/09/77 | W/G | GRADE | CIT | CREDIT |
|---|---|---|---|---|
| PE | A | 2 | 5 |
| ENGLISH 11 | D | 2 | 5 |
| US HIST 11 | D | 3 | 5 |
| STUDENT GOVT | C | 2 | 5 |
| OFFICE PRAC | B | 2 | 5 |

| TUA | TUC | TGP | GPA | CLASS SIZE | RANK |
|---|---|---|---|---|---|
| 130.0 | 150.0 | 275 | 2.11 | 504 | 268 |

| TUA | TUC | TGP | GPA | CLASS SIZE | RANK |
|---|---|---|---|---|---|
| 150.0 | 175.0 | 310 | 2.06 | | 272 |

| 406115   DATE 1/27/78 | W/G | GRADE | CIT | CREDIT |
|---|---|---|---|---|
| STUDENT GOVT | C | 2 | 5 |
| SR HOME ECON | C | 2 | 5 |
| OFFICE PRAC | D | 2 | 5 |
| LIBRARY PRAC | A | 2 | |
| DISMISSAL 6 | N | 2 | |

12      2nd SEMESTER

| TUA | TUC | TGP | GPA | CLASS SIZE | RANK |
|---|---|---|---|---|---|
| 170.0 | 205.0 | 355 | 2.08 | 454 | 269 |

| 406115   HILL RAYNARD | W/G | GRADE | CIT | CREDIT |
|---|---|---|---|---|
| DATE | | | |
| SUMMER OF 1975 | | | |
| READING TECH | C | 2 | 5.0 |
| CAREER OPTION | | 2 | |

| 406115   HILL RAYNARD | W/G | GRADE | CIT | CREDIT |
|---|---|---|---|---|
| 7/30/76 | | | |
| SUMMER OF 1976 | | | |
| AMPOL SYSTEMS | C | 2 | 5.0 |
| ADV P E | C | 2 | 5.0 |

| TUA | TUC | TGP | GPA | CLASS SIZE | RANK |
|---|---|---|---|---|---|
| 110.0 | 125.0 | 240 | 2.18 | | |

| 406115   HILL RAYNARD | W/G | GRADE | CIT | CREDIT |
|---|---|---|---|---|
| DATE 7/3/77 | | | |
| SUMMER OF 1977 | | | |
| FOOTBALL | B | 2 | 5.0 |
| FOOTBALL | B | 2 | 5.0 |

| TUA | TUC | TGP | GPA | CLASS SIZE | RANK |
|---|---|---|---|---|---|
| 150.0 | 155.0 | 317 | 2.06 | | |

5 PERIODS A WEEK
50 MINUTE LENGTH OF PERIOD
36 WEEKS IN SCHOOL YEAR
CREDITS INCLUDING P E
REQUIRED TO GRADUATE

1 - ADOLPHO CAMARILLO HIGH SCHOOL
2 - HUENEME HIGH SCHOOL
3 - OXNARD HIGH SCHOOL
4 - FREMONT/ OXNARD HIGH SCHOOL
5 - RIO MESA HIGH SCHOOL
6 - CHANNEL ISLANDS HIGH SCHOOL
7 - NEWBURY PARK HIGH SCHOOL

TEST DATA

3/7-

| | | | | |
|---|---|---|---|---|
| GP | 9.7 | COMP 9.5 | TOTAL 8.7 | |
| PC | 17 | 23 | 19 | |

DATE AGE GR RAW

05-76 16 10 %   L-JUMP 5   SIT-UP 5   PSH-UP 5   S-STP 5   PUL-UP 5   JOG-WLK 5

| TRANSCRIPTS SENT TO | DATE | COMMENTS & PHYSICAL FITNESS TEST S |
|---|---|---|
| Education Dept Avenal State Prison Avenal Ca | 6/9/95 | |
| | | |

ACCREDITED
WESTERN ASSOCIATION OF SCHOOLS AND COLLEGES
Accrediting Commission for Schools

OXNARD HIGH SCHOOL
Oxnard Union High School District
Official Transcript
Date 1-7-08

# CALIFORNIA CORRECTIONAL INSTITUTION
## SECOND LEVEL APPEAL RESPONSE

C. FILE

| | |
|---|---|
| **DATE:** | October 7, 2002 |
| **NAME/NUMBER:** | Hill, H-43428 |
| **APPEAL LOG NUMBER:** | CCI-9-02-02764 |
| **INTERVIEWED BY:** | M. Dunlop, Mailroom Sergeant on August 9, 2002 |
| **APPEAL DECISION:** | Partially Granted |
| **APPEAL ISSUE:** | **MAIL** |

The appellant states that a newspaper that is being sent to him through the United States Postal System is not being properly rerouted to him.

The appellant requests that the Mailroom remain in compliance with California Code of Regulations (CCR), and reroute his newspapers to him properly.

## APPEAL RESPONSE:

All relevant documents and information submitted in writing have been carefully reviewed and considered. A thorough review has been conducted and evaluated in accordance with Departmental Policies and Institutional Procedures.

The appellant has failed to provide the newspaper publisher with his complete and correct address, the label clearly indicates the item is mailed to P.O. Box 1902, which is the P. O. Box for Unit IVA, he was housed at IVB and is currently housed at Unit IV-270.

Attached to this appeal is a "Change of Address Request," card so the appellant can notify publisher of his current and correct address.

Unit IVA has been notified and advised to discontinue the use of the label the appellant provided as the label is not in compliance with the CCR or local Operational Procedures (OP).

The Mailroom does not process reroute mail, except mail to other institutions, however, C. Tyner, Mailroom Sergeant contacted Unit IVA again and was insured that the aforementioned label is no longer in use and he also insured that the facility is rerouting mail properly. Unit IVA is current and updated on their reroute mail.

This appeal is Partially Granted in that the California Correctional Institution's Mailroom has followed all applicable procedures and regulations pertaining to this appeal.

The CCR, Title 15, Section 3147 (E)(F), states, "Inmates are responsible for notifying their correspondents and the publishers of their subscriptions of any address change."

Based on the information above, this portion of the appeal is Partially Granted.

If dissatisfied, the appellant may request a Director's Level review by following the instructions on the appeal form.

| | |
|---|---|
| 10/21/02 | 10-31-02 |
| D. L. WINETT      Date: | P. L. VAZQUEZ      Date: |
| Associate Warden | Chief Deputy Warden |
| Unit IV and Operations | Levels I, II, IV and Operations |

California Correctional Institution – Tehachapi
Operational Procedure Number 203
*Inmate Mail and Institutional Mail*
Page 4 of 23                                           July 2001

C.    Approved Correspondents:

    1.    There is no limitation placed on the number of correspondents.

    2.    No application or prior approval is required for correspondence, except as written under Section VI, Subsection A.

D.    Address and Return Address:

    1.    The complete and correct return address on all outgoing mail is required.

    2.    Inmates must give their return address on the upper left-hand corner of the envelope, to include:

        Name, CDC Number
        California Correctional Institution
        Unit, Housing, and Bed Number
        Post Office Box Number
        Tehachapi, CA  93581

    3.    Outgoing mail without the full return address will be returned to the sender.

    4.    Before outgoing inmate mail is sent to the Mailroom for processing, it shall be stamped "Sent from State Prison" by staff.

    5.    It is the inmate's responsibility to provide each of his correspondents with his complete and correct address (as indicated above).

    6.    Inmate mail that has been routed to the wrong Housing Unit due to an incorrect address will be rerouted to the inmate's present housing by third watch staff.

E.    Change of Address:

When receiving a change of address, it is the responsibility of the inmate to notify each of his correspondents of the change. This includes any publishers from which the inmate receives subscriptions or periodicals (TV Guide, Newsweek, newspaper, etc.).

F.    Forwarding of Inmate Mail:

    1.    **Transferred Inmate:** Mail received for an inmate who has been transferred will be forwarded to the facility, administrative office, or agency to which the inmate's custody has been relinquished, except as otherwise stated in this section.

California Correctional Institution – Tehachapi
Operational Procedure Number 203
*Inmate Mail and Institutional Mail*
Page 20 of 23                    July 2001

the legal mailbox by the end of the shift. Enclosures will be given to the inmate.

6.    The third watch custody staff will deliver or route to the appropriate destinations all incoming mail and will not leave undelivered mail in the Units for the first and second watch custody staff to handle.

7.    When a Unit Officer receives mail for an inmate who has been transferred to another Housing Unit, the receiving officer will mark a line through the incorrect address and will write the correct Housing Unit, section, and bed number on the outside of the envelope. The mail will be rerouted, *not returned to the Mailroom.*

8.    Unit staff are required to make an effort to establish each inmate's present location when rerouting mail (including institutional mail) by the use of the DDPS. After the location is found, Unit staff must properly mark the correspondence with the correct address.

    (a)    Rerouted mail for inmates still assigned to the same Unit will be forwarded to its new location.

    (b)    Mail for other Units at CCI will be separated and bundled by Unit and placed in the corresponding mailbox located in the foyer of SAB.

    (c)    Mail being rerouted to other institutions will be separated and bundled according to institution, parole region, etc. and returned to the Mailroom's mailbox located at SAB for distribution.

    (d)    *REROUTED MAIL WILL NOT BE PLACED IN THE MAILBAGS.* Mail not handled properly will be returned to the Unit.

DD.  Institutional Mail:

1.    When addressing mail within the Unit or to another Unit, staff is required to ensure the address is correct and complete.

    EXAMPLES:

    INCORRECT:                         CORRECT:
    *John Doe, Yard Sergeant*          *John Doe, Unit IVA Yard Sergeant*

    INCORRECT:                         CORRECT:
    *Mary Doe*                         *Mary Doe, Unit II Educ. Dept.*

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region 1. CCI  9    Log No. 1. 02-02765  Category 3 Mail
Newspaper

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME Hill, R.B   NUMBER H43428   ASSIGNMENT UNASSIGNED.   UNIT/ROOM NUMBER 4B1___

A. Describe Problem: MAIL ROOM IS IN VIOLATION OF THE Following RULES AND Regulations LISTED IN THE CCR TITLE 15. Sec 3138(f)(1),(2)&(3). MAIL ROOM STAFF HAS THREATEN (BY ATTENTION LABEL PLACED ON NEWSPAPER) TO STOP THE Disposition OF MY DAILY Subscription VENTURA County STAR NEWS-PAPER, WHICH IS RECIEVED AT THIS INSTITUTION THROUGH U.S. MAIL, From THE Publisher, ADDRESSED TO THIS INSTITUTION in MY NAME, THE INDIVIDUAL INMATE. AND IF FOR ANY REASON LOCATION WITHIN THE INSTITUTION CHANGE, THE MAIL IS FORWARDED. PER CCR 3147(8)(C) DOES NOT APPLY IN THIS SITUATION.
If you need more space, attach one additional sheet.   (SEE ADDITIONAL PG #1)

B. Action Requested: THAT MAIL ROOM REMAIN IN Compliance WITH CCR Sec 3138(f)(1)(2)(3), AND SHOW A LITTLE PATIENTS. THIS IS OUT OF MY control, I SHOULD NOT BE Punished FOR PROCEDURES THAT ARE Normal MAIL ROOM Operations., AND ROUTED INSTITUTIONAL MAIL.
Inmate/Parolee Signature: Raymond B. Hill H43428   Date Submitted: 7-25-02

C. INFORMAL LEVEL (Date Received: 8-1-02)
Staff Response: Granted. The mailroom is in Compliance with CDR Section 3138. This label is not used by this mailroom. Contact your former Unit.

Staff Signature: M Jolley   Date Returned to Inmate: 8-1-02

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.
ITS OBVIOUS THAT THE THREAT IS CLEAR, AND ALSO THAT IT CAME FROM THE MAIL ROOM. THERE IS NO FORMER Unit I WAS IN AT THIS INSTITUTION. Due TO ARRIVING AT CCI ON 6-3-02. TO DENY ME MY papers Due TO PERSONAL REASONS, IS AGAINST CCR RULES.
Signature: Raymond B. Hill   Date Submitted: 8-4-02
Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim   CDC Appeal Number: 50

02 SEP 19

00759

First Level     ☐ Granted     ☒ P. Gran'     ☐ Denied     ☐ Other

E.  REVIEWER'S ACTION (Complete within 15 working days): Date assigned: 8/7/02     Due Date: 9/19/02

Interviewed by: _____

*See attached*

Staff Signature: _____  Title: ___  Date Completed: 8/28/02
Division Head Approved:
Signature: _____  Title: _____  Date to Inmate: _____

F.  If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

FIRST LEVEL IS NOT ADDRESSING THE ISSUE. THE PROBLEM I'M HAVING IS THAT I'M NOT RECIEVING NEWSPAPERS THAT ARE SENT HERE AT C.C.I. (SEE LABEL) IF I'M MOVED WITHIN THE INSTITUTION, MY PAPERS SHOULD BE FORWARDED VIA INSTITUTIONAL MAIL (SEE ATTACHED PG #2)

Signature: Raymond B Reed H43438 (RECIEVED 9/9/02)     Date Submitted: 9-18-02

Second Level     ☐ Granted     ☒ P. Granted     ☐ Denied     ☐ Other

G.  REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 9-19-02     Due Date 10-18-02
☐ See Attached Letter

Signature: _____ AW     Date Completed: 10/21/02
Warden/Superintendent Signature: _____ CW     Date Returned to Inmate: 11/7/02

H.  If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Signature: _____     Date Submitted: _____

For the Director's Review, submit all documents to:  Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:     ☐ Granted     ☐ P. Granted     ☐ Denied     ☐ Other _____
☐ See Attached Letter
Date: _____

CDC 602 (12/87)

00760

CC1-1-02-02704

4B-SA 1032

ATTENTION!!!
PER CCR S3147(8)(C) DEFINITION AND DISPOSITION OF MAIL
PERIODICAL NEWSPAPERS WILL NOT BE FORWARDED.
THIS IS YOUR FIRST AND ONLY WARNING.
CHANGE YOUR ADDRESS!!!

VC081102 06
HILL, RAYNARD    #H-43428
TEHACHAPI STATE PRISON
P O BOX 1902
TEHACHAPI, CA    93581

03 SEP 19 PM 3:50

CHAPI

## CALIFORNIA CORRECTIONAL INSTITUTION
### FIRST LEVEL APPEAL RESPONSE

**DATE:**                                August 28, 2002

**NAME/NUMBER:**                Hill, H-43428

**APPEAL LOG NUMBER:**    CCI-9-02-02764

**INTERVIEWED BY:**            M. Dunlop, Mailroom Sergeant

**APPEAL DECISION:**          Partially Granted

**APPEAL ISSUE:**                **MAIL**

The appellant contends that the Mailroom is in violation of the following rules and regulations listed in the California Code of Regulations (CCR), Title 15, Section 3138(F)(1)(2) and (3). Appellant claims he was transferred to the California Correctional Institution (CCI) on June 3, 2002, and during this time, his newspapers have not been forwarded to him.

The appellant requests that the Mailroom remain in compliance with CCR, Title 15, Section 3138 (F)(1)(2) and (3).

**APPEAL RESPONSE:**

All relevant documents and information submitted in writing made during the interview on August 9, 2002, by Correctional Sergeant M. Dunlop have been carefully reviewed and considered. A thorough review has been conducted and evaluated in accordance with Departmental Policies and Institutional Procedures.

On August 16, 2002, I conducted an interview with the appellant regarding this appeal. The appellant stated that the Mailroom is not in compliance with CCR, Title 15, regarding mail procedures. The appellant also stated that it is the Mailroom's responsibility to forward all inmate's mail.

Mailroom personnel are in full compliance with the CCR, Title 15, Section 3138 (F)(1)(3) and Operational Procedure #203, Inmate Mail and Institutional Mail. This part of the appeal is granted. However, it should be noted that the appellant transferred from the California Men's Colony-East, and that institution would be considered the "forwarding institution" regarding the appellant's mail.

The CCR, Title 15, Section 3147 (E)(F), states, "Inmates are responsible for notifying their correspondents and the publishers or their subscriptions of any address change. Furthermore, newspapers will not be forwarded nor will they be held for an inmate who is temporarily away from the facility for longer than seventy-two hours." The Department is within policy by not forwarding newspapers.

Based on the information above, this portion of the appeal is Partially Granted.

If dissatisfied, the appellant may request a Second Level Review by following the instruction on the appeal form.

D. RANDALL                    Date
Visiting/Mailroom Lieutenant

L. STRADLEY                   Date
Operations Captain
California Correctional Institution

D. Neither the cell door window, nor the outside cell window will be   covered at any time.

3. Cleaning supplies will be issued on supply day by Third watch staff and will consist of the following:

A. Disinfectant (when requested, you will place a portion of your cleaning rag under the cell door and the issuing staff member will pour the disinfectant onto the rag).

**Inmate Appeal Procedure:**

1. You may appeal any policy, action, or decision, which has a significant adverse effect upon you as detailed in the California Code of Regulations, Title 15, Article 8, Appeals.

You shall utilize a CDC Form 602, Inmate/Parolee Appeal, to file/submit all appeals. CDC Form 602's are available upon request from the correctional staff assigned to the unit.  You are responsible for forwarding the appeal.

All appeals dealing with, i.e., food quality, mail procedures, visiting procedures, etc., will be forwarded using the institutional mail.

Appeals relating to the disposition or action of a Rules Violation Hearing shall be attached to the

00763

State of California

# CALIFORNIA CORRECTIONAL INSTITUTION

Department of Correctic

INMATE/PAROLEE APPEAL SCREENING FORM

| UNIT CODE | DATE REC'L |
|---|---|
| 9 | 7/26/0 |

## PERMANENT APPEAL ATTACHMENT -- DO NOT REMOVE FROM YOUR APPEAL FORM.

| Name: Hill | CDC Number: H-43428 | Housing: IVB-5A 103C |
|---|---|---|
| Appeal Log Number: | Issue: 3 Mail | Comment: |

Your appeal is being returned to you for the reason noted below.  Please follow instructions and return this screening form **with** your CDC-602.

- [✓] 1. Informal attempt prerequisite. The inmate or parolee shall attempt to resolve the grievance informally with the involved staff, unless excepted by sections 3084.5(a)(3) and 3084.7. [§3084.2(b)]

  Obtain an Informal Level response by sending your appeal directly to the following:

  - [ ] Assigned Counselor
  - [ ] Housing Officer
  - [ ] Medical Department
  - [ ] Reception / Visiting Center

  - [ ] R & R
  - [ ] Inmate Assignments
  - [ ] Involved Staff
  - [ ]

  - [✓] Mail Room
  - [ ] Trust Office
  - [ ] Records Department

- [ ] 2. The appeal is incomplete or necessary supporting documents are not attached.  Please attach the following documentation:

  - [ ] CDC-115 Complete with Results
  - [ ] CDC-115-A with IE/DA information
  - [ ] CDC-115-C Supplemental Reports
  - [ ] CDC-128-A, Disciplinary Chrono
  - [ ] CDC-114-D
  - [ ] CDC-128-G CSR Action
  - [ ] CDC-128-G with ICC/UCC action (most current)
  - [ ]

  - [ ] CDC-143, Property Transfer Receipt
  - [ ] Proof of ownership/possession
  - [ ] Cell-Search/Confiscation receipt
  - [ ] CDC-128-C, Medical Chrono
  - [ ] Trust withdrawal slip/statement
  - [ ] Medical Co-Payment Charge Slip
  - [ ] Sign and date Section _____

- [ ] 3. A limit of one continuation page, front and back, may be attached to the appeal to describe the problem and action requested in sections A and B of the CDC-602. §3084.2(A)(1). Remove unnecessary documents and resubmit.

- [ ] 4. Time limits for submitting the appeal have been exceeded.  **DO NOT RESUBMIT**

- [ ] 5. Only supporting documentation necessary to clarify the appeal shall be attached to the appeal. §3084.2(A)(2)

- [ ] 6. Submission of more than one non-emergency appeal within seven-calendar-days shall be grounds for rejection of an appeal.  You have submitted _____ appeal(s) in one day.

- [ ] 7. This is a request for information.  It is not an appeal issue.  Use the form GA-22, *Request For Interview.*

- [ ] 8. **Instructions:**

02 SEP 19 PH 3:50

F. SCHMIDT, Appeals Coordinator _____    Date: 7/26/02

*This screening action may not be appealed unless you allege that the reason stated above is inaccurate.  In this case, return this form to the Appeals Office with the necessary information.*

CDC-FORM-695A (03.00)

00764

As soon as you know your new address, mail this card to all of the people, businesses, and publications who send you mail.

For publications, tape an old address label over name and old address sections and complete new address.

**Your Name** (Print or type. Last name, first name, middle initial.)

| | No. & Street | Apt./Suite No. | PO Box | RR No. | Rural Box No. |
|---|---|---|---|---|---|
| **Old Address** | City | State | ZIP + 4 | | |
| **New Address** | No. & Street | Apt./Suite No. | PO Box | RR No. | Rural Box No. |
| | City | State | ZIP + 4 | | |

**Sign Here**

Date new address in effect

Keyline No. (if any)

PS Form 3576, November 1990

CCI-9-02-02764

CCR Title 15 Section 3147 Definition & Disposition of Mail.

In this Attention!!! Label which you stated that this is my First And Only Warning, to Change your Address!!! In which you are speaking on my Housing Location within this Institution, 4B-5A 103L, which is not on the Mailing Label, but all other information is present, Name, Institution, PO Box, City, State, Zip Code.

Even Though I have made an Attempt to get the location of my Housing placed on the Mailing Label, to threaten to not forward my Newspapers within this Institution, is not in Compliance with CCR 3147(8)(C) in which you stated, and is against Federal Mail procedures.

3147.

(a) Incoming & outgoing mail shall be handled, accordingly.

(8) Mail received for an inmate who has been transfered from the facility where mail is received will be immediately forwarded to facility to whom the inmate's custody has been relinquished, except as otherwise stated.

(C) Daily newspapers will not be forwarded & newspapers given to general inmate population.

The Federal Government assures my Rights to Receive Mail Through the US Postal Service. My newspaper are received at this institution, and in my name & CDC #. Because of the minor inconvience to you of having to look up my location within this institution, Doesn't give you the Right to Stop & Dispose of my mail, and circumvent a policy, as a punishment, That Doesn't apply to the situation concerning my Newspaper Subscription

Thank You
Raymond Hill

00766

ATTACHED P6 #2                              9-18-02

THE PROBLEM IS THAT THE MAILROOM HAS RE-
FUSED TO REROUTE MY NEWSPAPERS WITHIN THE INSTITUTION
DUE TO NOT HAVING HOUSING #, OR A CHANGE OF BUILDINGS.
FOR REASONS OF THEIR OWN, THEY REFUSE TO GIVE ME
MY NEWSPAPERS THAT ARE SENT TO THIS INSTITUTION,
AND UNTIL THIS DATE, THEY ARE STILL WITHHOLDING
MY PAPERS, DUE TO THEY ARE DAILY ISSUES.

AS A DEFENSE FOR NOT OR REFUSING TO DO CDC'S
NORMAL MAILROOM PROCEDURES, THEY ADOPTED RULE
& REGULATION PROCEDURE CCR TITLE 15. 3147 (E)(F) AS
IF I CHANGED ADDRESS TO ANOTHER INSTITUTION, OR
IF I WANTED MY NEWSPAPERS "HELD" OR FORWARDED
DUE TO BE AWAY FROM THE FACILITY.

THE DEPARTMENTS POLICY DOESN'T STATE THAT
ALL NEWSPAPERS ARE NOT FORWARDED WITHIN THE
INSTITUTION WHICH THE NEWSPAPER WAS SENT TO,
BUT ONLY NOT FROM INSTITUTION TO INSTITUTION, DUE
TO TRANSFER, OUT TO COURT ETC.

FOR THE MAILROOM TO SAY THEY ARE IN COM-
PLIANCE WITH CCR TITLE 15. SEC 3138 (A)(1)(2)(3) &
O.P. #203 IS FALSE. WHEN DEALING WITH THE U.S.
POSTAL SERVICE, WHEN MAIL, NEWSPAPERS, PERIODICALS,
& SOFTCOVER BOOKS, SENT FROM PUBLISHER OR BOOK STORE,
TO A INSTITUTION, ADDRESSED TO AN INDIVIDUAL INMATE
(NAME, CDC #, PO BOX #, & INSTITUTION) ON THE LABEL, THERE
NO JUSTIFICATION FOR NOT DELIVERING OR REROUTING THAT
MAIL WITHIN THAT SAME INSTITUTION THAT THE MAIL
WAS SENT.

I'VE BEEN DENIED MY NEWSPAPERS FOR WEEKS
AT A TIME. MY FAMILY COMES TOGETHER TO PAY
FOR MY SUBSCRIPTION, AND NOT ONLY IS THIS A
VIOLATION OF THE U.S. POSTAL SERVICE, BUT DISRESPE
TO THE PAYERS WHO SENT THESE ITEMS TO THEIR
LOVED ONES AND INMATES. I'M ASKING THAT ALL
MY PAPERS GET TO ME, AS LONG AS I'M IN THE INSTITUTION
I THANK YOU.
                                    Maynard B Hall
                    H43438           9-18-02

## CALIFORNIA CORRECTIONAL INSTITUTION
### FIRST LEVEL APPEAL RESPONSE

**DATE:**                          August 28, 2002

**NAME/NUMBER:**                   Hill, H-43428

**APPEAL LOG NUMBER:**             CCI-9-02-02764

**INTERVIEWED BY:**                M. Dunlop, Mailroom Sergeant

**APPEAL DECISION:**               Partially Granted

**APPEAL ISSUE:**                  **MAIL**

The appellant contends that the Mailroom is in violation of the following rules and regulations listed in the California Code of Regulations (CCR), Title 15, Section 3138(F)(1)(2) and (3). Appellant claims he was transferred to the California Correctional Institution (CCI) on June 3, 2002, and during this time, his newspapers have not been forwarded to him.

The appellant requests that the Mailroom remain in compliance with CCR, Title 15, Section 3138 (F)(1)(2) and (3).

**APPEAL RESPONSE:**

All relevant documents and information submitted in writing made during the interview on August 9, 2002, by Correctional Sergeant M. Dunlop have been carefully reviewed and considered. A thorough review has been conducted and evaluated in accordance with Departmental Policies and Institutional Procedures.

On August 16, 2002, I conducted an interview with the appellant regarding this appeal. The appellant stated that the Mailroom is not in compliance with CCR, Title 15, regarding mail procedures. The appellant also stated that it is the Mailroom's responsibility to forward all inmate's mail.

Mailroom personnel are in full compliance with the CCR, Title 15, Section 3138 (F)(1)(3) and Operational Procedure #203, Inmate Mail and Institutional Mail. This part of the appeal is granted. However, it should be noted that the appellant transferred from the California Men's Colony-East, and that institution would be considered the "forwarding institution" regarding the appellant's mail.

The CCR, Title 15, Section 3147 (E)(F), states, "Inmates are responsible for notifying their correspondents and the publishers or their subscriptions of any address change. Furthermore, newspapers will not be forwarded nor will they be held for an inmate who is temporarily away from the facility for longer than seventy-two hours." The Department is within policy by not forwarding newspapers.

Based on the information above, this portion of the appeal is Partially Granted.

If dissatisfied, the appellant may request a Second Level Review by following the instruction on the appeal form.

D. RANDALL          Date  9/7/02
Visiting/Mailroom Lieutenant

L. STRADLEY          Date  9/9/02
Operations Captain
California Correctional Institution

STATE OF CALIFORNIA                                                     DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region    Log No.            Category
1. _CCI_    _9_    1. _02-0276_    _Mail_
2. _____    2. _____    _Newspaper_

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Hill, R.B | H43428 | UNASSIGNED. | 4B/5A-103L |

A. Describe Problem: Mail Room is in violation of the following Rules and Regulations listed in the CCR Title 15. Sec 3138 (f)(1),(2)&(3). Mail Room Staff has threaten (By Attention label placed on newspaper) to stop the disposition of my daily subscription Ventura County Star News-paper, which is received at this institution through U.S. Mail, from the Publisher, addressed to this institution in my name. The individual Inmate, And if for any reason Location Within the institution change, the Mail is forwarded. Per CCR 3147 (g)(c) does not apply in this situation.

If you need more space, attach one additional sheet.    ( SEE ADDITIONAL PG #1 )

B. Action Requested: That Mail Room remain in Compliance with CCR Sec 3138 (f)(1),(2)(3)., And show a little patients. This is out of my control, I should not be punished for procedures that are normal Mail Room operations., And routed institutional mail.

Inmate/Parolee Signature: _Raymond B. Hill H43428_    Date Submitted: _7-25-02_

C. INFORMAL LEVEL (Date Received: _8-1-02_)

Staff Response: Granted. The mailroom is in Compliance with CAR Section 3138. This label is not used by this mailroom. Contact your former Unit.

Staff Signature: _M Jolley_    Date Returned to Inmate: _8-1-02_

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Its obvious that the threat is clear, and also that it came from the mail room. There is no former unit I was in at this institution, Due to arriving at CCI on 6-3-02. To deny me my papers due to personal reasons, is against CCR Rules.

Signature: _Raymond B. Hill_    Date Submitted: _8-4-02_

Note: Property/Funds appeals must be accompanied by a completed    CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

CCI - TEHACHAPI
CCI - 106

_50_

First Level    ☐ Granted    ☒ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _8/7/02_    Due Date: _9/19/02_

Interviewed by: _____

_See attached_

_____

_____

_____

_____

Staff Signature: _____    Title: _____    Date Completed: _8/28/02_

Division Head Approved:                                              Returned

Signature: _____    Title: _____    Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____    Date Submitted: _____

Second Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____    Due Date: _____

☐ See Attached Letter

Signature: _____    Date Completed: _____

Warden/Superintendent Signature: _____    Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____

_____

_____

_____

_____

Signature: _____    Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

☐ See Attached Letter

Date: _____

CDC 602 (12/87)

00770

CR-9-02-02764

**ATTENTION!!!**
PER CCR §3147(8)(C) DEFINITION AND DISPOSITION OF MAIL
PERIODICAL NEWSPAPERS WILL NOT BE FORWARDED.
THIS IS YOUR FIRST AND ONLY WARNING.
CHANGE YOUR ADDRESS!!!

4B-SA 105

VC081102 06
HILL, RAYNARD #H-43428
TEHACHAPI STATE PRISON
P O BOX 1902
TEHACHAPI, CA        93581

00771

ADDITIONAL PG1

7-25-02

CCI-9-02-02764

CCR TITLE 15 <u>SECTION 3147</u> DEFINITION & DISPOSITION OF MAIL.

IN THIS ATTENTION!!! LABEL WHICH YOU STATED THAT THIS IS MY FIRST AND ONLY WARNING, TO CHANGE YOUR ADDRESS!!! IN WHICH YOU ARE SPEAKING ON MY HOUSING Location <u>WITHIN THIS</u> INSTITUTION, 4B-5A 103L, WHICH IS NOT ON THE MAILING LABEL, BUT ALL OTHER INFORMATION IS PRESENT, NAME, INSTITUTION, PO BOX, CITY, STATE, ZIP CODE.

EVEN THOUGH I HAVE MADE AN ATTEMPT TO GET THE LOCATION OF MY HOUSING PLACED ON THE MAILING LABEL, TO THREATEN TO NOT FORWARD MY NEWSPAPERS WITHIN THIS INSTITUTION, IS NOT IN COMPLIANCE WITH CCR 3147(8)(C) IN WHICH YOU STATED, AND IS AGAINST FEDERAL MAIL PROCEDURES.

3147.

(a) INCOMING & OUTGOING MAIL SHALL BE HANDLED ACCORDINGLY.

(8) <u>MAIL RECIEVED</u> FOR AN <u>INMATE</u> WHO HAS BEEN <u>TRANSFERED</u>

02 JUL 26 PM 1:28

00772

D. Neither the cell door window, nor the outside cell window will be covered at any time.

3. Cleaning supplies will be issued on supply day by Third watch staff and will consist of the following:

A. Disinfectant (when requested, you will place a portion of your cleaning rag under the cell door and the issuing staff member will pour the disinfectant onto the rag).

## Inmate Appeal Procedure:

1. You may appeal any policy, action, or decision, which has a significant adverse effect upon you as detailed in the California Code of Regulations, Title 15, Article 8, Appeals.

You shall utilize a CDC Form 602, Inmate/Parolee Appeal, to file/submit all appeals. CDC Form 602's are available upon request from the correctional staff assigned to the unit. You are responsible for forwarding the appeal.

All appeals dealing with, i.e., food quality, mail procedures, visiting procedures, etc., will be forwarded using the institutional mail.

Appeals relating to the disposition or action of a Rules Violation Hearing shall be attached to the

00773

CC.-9-02-02764

State of California

**CALIFORNIA CORRECTIONAL INSTITUTION**

Department of Correctic

| UNIT CODE | DATE RECE |
|---|---|
| 9 | 7/26/x |

INMATE/PAROLEE APPEAL SCREENING FORM

PERMANENT APPEAL ATTACHMENT -- DO NOT REMOVE FROM YOUR APPEAL FORM.

| Name: Hill | CDC Number: H-43428 | Housing: IVB-5A 103C |
|---|---|---|
| Appeal Log Number: | Issue: 3 | Comment: Mail |

Your appeal is being returned to you for the reason noted below. Please follow instructions and return this screening form with your CDC-602.

☑ 1. Informal attempt prerequisite. The inmate or parolee shall attempt to resolve the grievance informally with the involved staff, unless excepted by sections 3084.5(a)(3) and 3084.7. [§3084.2(b)]

Obtain an Informal Level response by sending your appeal directly to the following:

☐ Assigned Counselor   ☐ R & R   ☑ Mail Room
☐ Housing Officer   ☐ Inmate Assignments   ☐ Trust Office
☐ Medical Department   ☐ Involved Staff   ☐ Records Department
☐ Reception / Visiting Center   ☐

☐ 2. The appeal is incomplete or necessary supporting documents are not attached. Please attach the following documentation:

☐ CDC-115 Complete with Results   ☐ CDC-143, Property Transfer Receipt
☐ CDC-115-A with IE/DA information   ☐ Proof of ownership/possession
☐ CDC-115-C Supplemental Reports   ☐ Cell-Search/Confiscation receipt
☐ CDC-128-A, Disciplinary Chrono   ☐ CDC-128-C, Medical Chrono
☐ CDC-114-D   ☐ Trust withdrawal slip/statement
☐ CDC-128-G CSR Action   ☐ Medical Co-Payment Charge Slip
☐ CDC-128-G with ICC/UCC action (most current)   ☐ Sign and date Section _____
☐

☐ 3. A limit of one continuation page, front and back, may be attached to the appeal to describe the problem and action requested in sections A and B of the CDC-602. §3084.2(A)(1). Remove unnecessary documents and resubmit.

☐ 4. Time limits for submitting the appeal have been exceeded. DO NOT RESUBMIT

☐ 5. Only supporting documentation necessary to clarify the appeal shall be attached to the appeal. §3084.2(A)(2)

☐ 6. Submission of more than one non-emergency appeal within seven-calendar-days shall be grounds for rejection of an appeal. You have submitted _____ appeal(s) in one day.

☐ 7. This is a request for information. It is not an appeal issue. Use the form GA-22, *Request For Interview.*

☐ 8. Instructions:

F. SCHMIDT, Appeals Coordinator _____   Date: 7/26/02

*This screening action may not be appealed unless you allege that the reason stated above is inaccurate. In this case,*

00774

## CALIFORNIA CORRECTIONAL INSTITUTION
## SECOND LEVEL APPEAL RESPONSE

**DATE:**                September 3, 2002

**NAME/NUMBER:**         Hill, H-43428

**APPEAL LOG NUMBER:**   CCI-9-02-02413

**INTERVIEWED BY:**      S. McKay, Staff Services Analyst, on August 29, 2002.

**APPEAL DECISION:**     **WITHDRAWN**

**APPEAL ISSUE:**        Transfer

The appellant states that on June 12, 2002, Institutional Classification Committee (ICC) conducted his Security Housing Unit (SHU) initial/Pre-Merd review. The appellant states there were contradictory statements in regards to his release date of August 17, 2002.

Appellant is requesting to be appropriately housed at a Level III facility upon release from SHU, and that a new 128G be generated reflecting that appellant is not a Level IV 180 Design inmate.

**APPEAL RESPONSE:**

All relevant documents and information submitted in writing have been thoroughly reviewed and considered. A thorough review has been conducted and evaluated in accordance with departmental policies and institutional procedures.

The appellant was referred to the Classification Staff Representative (CSR) on June 12, 2002, with the recommendation for transfer fo California Training Facility, Level III, with an alternate of Pleasant Valley State Prison, Level III.

During the interview held on August 29, 2002, the appellant stated that he understood committee's decisions and is in agreement. He chose to WITHDRAW this appeal.

Based on the above, this appeal is **WITHDRAWN** at the Second Level of Review.

If dissatisfied, appellant may request a Director's Level review by following the instructions on the appeal form.


F. SCHMIDT                                    9/3/02
Appeals Coordinator                           Date


P. L. VAZQUEZ                                 9-3-02
Chief Deputy Warden                           Date
Units I, II, IV, and Operations

STATE OF CALIFORNIA                                                                              DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region     Log No.     Category  *15*
1. _____  _GCD 9-02-2413_  _Transfer_
2. _____  _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|-----------|------------------|
| HILL, R.B. | H43428 | UNASSIGNED | 4B/5A-103L |

A. Describe Problem: ON 6-12-02, I.C.C. CONDUCTED MY SHU-INITIAL & PRE-MERD CLASS-
IFICATION. APPROX 7-3-02. I RECEIVED A 128G CLASSIFICATION REPORT WITH CONTRADICTORY
REFERRAL FOR RECOMMENDATIONS BY COMMITTEE TO PLACE ME IN LEVEL IV SETTINGS
NOT DISCUSSED IN MY PRESENTS, CONCERNING MY MERD RELEASE ON 8-17-02, IN
ACCORDANCE TO SEC 3341.5(C)(3) WITH CS 49pts LEVEL III. SHU PLACEMENT ON 1-17-0,
DUE TO B-3 OFFENSE. OF SEC 3341.5(C)(9), AND EXPECTED TERM OF 12 MOS IN ACCORD-
ANCE TO 3341.5(C)(B)(2) DUE TO NO FACTORS OF AGGRAVATION OR MITIGATION

If you need more space, attach one additional sheet.

B. Action Requested:  TO BE APPROPRIATELY HOUSED UPON RELEASE FROM SHU IN
ACCORDANCE TO CLASSIFICATION SCORE 49pts LEVEL III, DUE TO MEDICAL
OF ASTHMA, TRANSFERED TO CTF III WHICH HAS THE COOLEST CLIMATE OF RECOMMENDED
AND NEW 128G REFLECTING I'M NOT A LEVEL IV 180 DESIGN INMATE.  THANK YOU

Inmate/Parolee Signature: _Raymond B. Hill H43428_     Date Submitted: _7-14-02_

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

BYPASS

Staff Signature: _____     Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BYPASS

Signature: _____     Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim.

CDC Appeal Number:

00776

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E.  REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _7-17-02_    Due Date: _8-28-02_

Interviewed by: _____

_____

_____

BYPASS

_____

_____

Staff Signature: _____    Title: _____    Date Completed: _____

Division Head Approved:    Returned

Signature: _____    Title: _____    Date to Inmate: _____

F.  If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_____

_____

BYPASS

_____

Signature: _____    Date Submitted: _____

Second Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

G.  REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____    Due Date: _____

☐ See Attached Letter    WITHDRAWN

Signature: _____    Date Completed: _9/3/02_

Warden/Superintendent Signature: _____    Date Returned to Inmate: _9-9-02_

H.  If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____

WITHDRAWN

_____

Signature: _____    Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter

Date: _____

CDC 602 (12/87)

00777

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
CDC-128G (REV.2/69)

NO.: H-43428        NAME: HILL        HOUSING: 5A-103

**INMATE COPY**

Custody: **MAX**    CS: **49**    LEVEL: **III**    WG/PG: **D2/D**    Eff. Date: 11/17/02
Type/Release Date: EPRD 05/14/07

TT: **14 YEARS**    BPT: **N/A**    Assignment/Action Taken:    **SHU INITIAL-PRE-MERD REVIEW/SEEN IN PERSON/RETAIN SHU WITH MERD 08-17-02/MAXR CUSTODY/WG/PG D2-D EFFECTIVE 11/17/00/PLACE ON DOUBLE CELL AND RM #30 YARD/PRE-MERD-REFER TO CSR RECOMMEND TRANSFER CTF-III ALTERNATE PVSP-III/SHU PROPERTY APPROVED.**

Inmate HILL's case was reviewed by ICC in person this date for the purpose of **SHU Initial Review.** Subject stated that he was in good health and was ready to proceed. No Staff Assistant was assigned, as the Subject is not illiterate and the issues are not complex. Subject was originally placed in ASU on 11/17/01 at CMC-EAST for Battery on Staff. Subject received a 12 month expected SHU Term with a MERD of 08/17/02, based on CDC 115 dated 11/17/01, Log # A-M-11-2505, for the specific act of Battery on Non-Inmate Insufficient to Cause Serious Injury. WG/PG D2-D effective 11/17/00 through LOC is appropriate based on this disciplinary. CSR action of 05/28/02 endorsed Subject for CCI-SHU placement. Subject was received at CCI-IVB SHU on 06/03/02 from CMC.

**COMMITTEE DECISION:** Exercise yard categories were discussed and explained with the Subject. Committee acts to place the Subject on the RM #30 Exercise Yard based on Inmate's request and Committee review of the Central File. Committee reviewed Subject's Central File to determine housing assignment. Subject meets the criteria for Double Cell Status based on no in-cell misconduct or predatory behavior. Subject is in agreement with both his yard and cell status. MAXR Custody is appropriate. Based on a review of all case factors, Committee acts to retain in CCI-SHU pending MERD. Subject actively participated in Committee discussion and decision stating that he agrees with committee's actions. Subject was advised of his appeal rights, as well as, behavioral expectations. Subject has been placed on non-contact visiting status, approved for SHU Property and advised of the SHU Shooting Policy.

**PRE-MERD:** Based on Pre-MERD review, ICC acts this date to refer the case to the CSR with a transfer recommendation of CTF-III alternate PVSP-III, upon completion of MERD. Committee request placement at CTF-III. Committee further elects to refer this case to the C&PR with recommendation to release to CCI-IV 270 orientation upon completion of MERD. Inmate is retained at Maximum custody based solely on circumstances at this facility and is eligible for MED-AR custody upon transfer.

**CASE FACTORS:** Subject is a 42-year old, Black, 2nd-Termer, received into CDC on 11/20/96 from Ventura County, for the offense of Robbery 2nd. **GPL:** Unk. **Reading level:** 10.2. Subject was reviewed for DDP/DPP and does not meet the criteria. **Medical status:** Full Duty with Camp based on CDC 128C dated 03/04/96 . **Psych Concerns:** Clear per CDC 128C dated 11/21/01. Subject was reviewed for **MDO** consideration and does not meet the criteria. **TB code is:** 22 per CDC 128C dated 05/03/02. **Escapes:** Clear. **Arson:** Clear. **Sex Related Offenses:** 07/90 arrest for Rape by Ventura County S.O. UCC of 09/16/97 assessed "R" suffix which was affirmed following review of arrest report by UCC of 05/28/97. **HWDs:** Clear. **Past substance use:** Cocaine, Alcohol. **CDC 812/812C** notes enemies: No. **Gang Affiliation:** None. **Moniker:** Unknown. **Confidential information:** yes, and all materials have been reviewed and appropriately approved. **Registration required:** None. **Notification required:** None. **Restitution ordered:** $200. Past disciplinary history consists of notable CDC-115s for: Battery on Staff, Mutual Combat, False Alegation against a CDC Officer. Subject is disqualified from Minimum Support Facility, Fire Camp, Community Correctional Facility, Substance Abuse Program, Restitution Center, or Community Correctional Re-entry Center Programs based on "R" suffix and SHU Term. **Next anticipated review date is 08/21/02 for ASU Initial.** Subject is a Level IV 180 design Inmate based on A-1 criteria.

**COMMITTEE:**

T. Traynham, FC (A)

Dr. Langham

K. Todd, CDW(A)
Chairperson

V. McLaughlin, A.W. (A)    AST, C&PR
Recorder

Date: **06/12/02**    meb    Classification: **ICC / SHU INITIAL REVIEW**    Inst: **CCI-IVB SHU**

7-14-02

IN C-FILE & CDC-128G CLEARLY SHOWS THAT 11-17-01 INCIDENT OFFENCE WAS A CATAGORY B-3 CRITERIA, DUE TO INSUFFIENT FORCE TO CAUSE SERIOUS INJURY, THERE WAS NO AGGRAVATING FACTORS, NO WEAPON, NO ENEMIES, NO GANG AFFILIATIONS, & NO MISCONDUCT WHILE SERVING MY SHU-TERM.

- ICC MADE TWO REFERRAL RECOMMENDATIONS, FIRST TO CSR FOR TRANSFER TO CTF-III W/ ALTERNATE PVSP III, REQUESTED CTF-III DUE TO MEDICAL CONCERNS. (ASTHMA

- 2ND TO C&PR TO RELEASE UPON COMPLETION OF MERD TO CCI IV 270 ORIENTATION.

- 3RD AT BOTTOM OF CDC 128G REPORT, COMMITTEE STATES THAT (SUBJECT) IN A LEVEL IV 180 DESIGN INMATE BASED ON A-1 CRITERIA.

BEEN IN CDC SINCE 1991, AND SINCE ARRIVING AT CMC-EAST IN 1998, I'VE BEEN SUBJECTED TO FALSE ALLEGATIONS, MISQUOTES, AND NEGATIVE CONNOTATIONS BEING PLACED IN MY C-FILE. I'LL BE GLAD WHEN ALL OF THIS IS OVER WITH.

THANK YOU

Raynard B Hill
H43428
7-14-02



STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date:     FEB 1 3 2002

In re:     Hill, H-43428
California Men's Colony
P.O. Box 8101
San Luis Obispo, CA 93409-8101

IAB CASE NUMBER:     0106104
LOCAL LOG NO.:       CMC 01-02647

This matter was reviewed on behalf of the Director of the California Department of Corrections (CDC) by Appeals Examiner K. Allen, Staff Services Manager I.

### ISSUE

Whether or not staff acted appropriately on the appellant's request.

### ARGUMENTS

I

It is the appellant's position that he was harassed by custody staff. The appellant contends that Correctional Officer (CO) Gavin physically assaulted him, and falsified departmental documentation. The appellant believes that the officer's actions were unprofessional and unlawful.

The appellant requests on appeal that an investigation takes place into the actions of CO Gavin.

II

It is staff's position that the appellant's allegations of staff misconduct are being investigated by the institution's Investigative Services Unit. Pending the completion of the staff complaint investigation, the appellant will receive written notification regarding the investigation's outcome. The appeal was granted in part at the Second Level of Review.

### FINDINGS

The rules governing this issue are:

0106104

HILL, H-43428
CASE NO. 0106104
PAGE 2

**California Penal Code Section (PC) 832.7.    Personnel records; confidentiality;    discovery;    exceptions;    complaint    disposition notification**

(a) Peace officer personnel records and records maintained by any state or local agency pursuant to Section 832.5, or information obtained from these records, are confidential and shall not be disclosed in any criminal or civil proceeding except by discovery pursuant to Sections 1043 and 1046 of the Evidence Code. This section shall not apply to investigations or proceedings concerning the conduct of police officers or a police agency conducted by a grand jury, a district attorney's office, or the Attorney General's office.

(e) The department or agency shall provide written notification to the complaining party of the disposition of the complaint within 30 days of the disposition.

**PC 832.8. Personnel records**

As used in Section 832.7, "personnel records" means any file maintained under that individual's name by his or her employing agency and containing records relating to any of the following:

(d) Employee advancement, appraisal, or discipline.

(e) Complaints, or investigations of complaints, concerning an event or transaction in which he or she participated, or which he or she perceived, and pertaining to the manner in which he or she performed his or her duties.

**California Code of Regulations, Title 15, Section (CCR) 3004.    Rights and Respect of Others.**

(a) Inmates and parolees have the right to be treated respectfully, impartially, and fairly by all employees. Inmates and parolees have the responsibility to treat others in the same manner. Employees and inmates may use first names in conversation with each other when it is mutually acceptable to both parties.

(b) Inmates, parolees and employees will not openly display disrespect or contempt for others in any manner intended to or reasonably likely to disrupt orderly operations within the institutions or to incite or provoke violence.

(c) Inmates, parolees and employees will not subject other persons to any form of discrimination because of race, religion, nationality, sex, political belief, age, or physical or mental handicap.

**CCR 3391. Employee Conduct.**

(a) Employees shall be alert, courteous, and professional in their dealings with inmates, parolees, fellow employees, visitors and members of the public. Inmates and parolees shall be addressed by their proper names, and never by derogatory or slang reference. Prison numbers shall be used only with names to summon inmates via public address systems. Employees shall not use indecent, abusive, profane, or otherwise improper language while on duty. Irresponsible or unethical conduct or conduct reflecting discredit on themselves or the department, either on or off duty, shall be avoided by all employees.

All submitted documentation and supporting arguments of the parties have been considered. The documentation and arguments presented are persuasive that the appellant has failed to support his appeal issue with sufficient evidence.

HILL, H-43428
CASE NO. 0106104
PAGE 3

Upon review of the documentation submitted, it is determined that the appellant's allegations are being reviewed and evaluated by the institution's investigative staff.

In the event that staff misconduct is substantiated, the institution will take the appropriate course of action. All staff personnel matters are confidential in nature and not privy to the inquiries of other staff, the general public, or the inmate population and would not be released to the appellant. However, upon completion of final review, or culmination of an investigation, the appellant is to be notified by the respective investigative body that an inquiry has been completed and whether the complaint was sustained or not sustained.

Although the appellant has the right to submit an appeal as a staff complaint, the request for administrative action against staff or the placement of disciplinary documentation in a staff member's personnel file is beyond the scope of the appeals process.

The appellant indicated that the appeal was to be considered as an emergency. Following review of the issues, it was found not to have met the emergency criteria as described in CCR 3084.7(a).

The appellant has failed to provide any new or compelling information that would warrant a modification of the decision reached by the institution.

DECISION

The appellant's request was appropriately granted in part.

The appeal is denied.

ORDER

No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDC.

LINDA L. RIANDA, Chief
Inmate Appeals Branch

cc:     Warden, CMC
        Appeals Coordinator, CMC

00782

# Memorandum

**Date**    :   January, 08, 2002

**To**      :   **AWBS(TRUST)**

**From** .....:   California Men's Colony, San Luis Obispo, CA  93409
                  APPEALS COORDINATOR

**Subject** :   **APPEAL ACTION REQUIRED**
                In re:   CMC Log #01-02619
                         HILL, RAYNARD    H-43428

## ATTENTION!  COMPLETE ACTION REQUIRED

### Reverse Co-pay Charge resulting from 11/15/01 Medical Visit.

As a result of the resolution of an Inmate Appeal, CDC Form 602 (attached), a specific action has been ordered to be taken.  Please complete the ordered action as soon as possible and *RETURN COMPLETED ACTION TO THE CMC APPEALS OFFICE WITH THIS MEMO DATED AND SIGNED AS PROOF OF COMPLETION.*

(Please provide this office with a copy of all completed paperwork).

## Date Due: FEBRUARY 22, 2002

| ACTION COMPLETED |
| --- |
| DATE ACTION COMPLETED:  1-25-02 |
| NAME OF PERSON COMPLETING ACTION:  Susan Callanco |
| SIGNATURE: |
| (Please provide a copy of completed action paperwork) |

D. ENGLER- CC-II
Appeals Coordinator
California Men's Colony

Phone: (805) 547-7991

00783

CALIFORNIA DEPART MT OF CORRECTIONS
CALIFORNIA MENS COLONY
INMATE TRUST ACCOUNTING SYSTEM
INMATE TRUST ACCOUNT STATEMENT

FOR THE PERIOD: OCT. 01, 2001 THRU JAN. 25, 2002

ACCOUNT NUMBER : H43428                  BED/CELL NUMBER: EFIS005080900205L
ACCOUNT NAME   : HILL, RAYNARD BYRON       ACCOUNT TYPE: I
PRIVILEGE GROUP: D

TRUST ACCOUNT ACTIVITY

| DATE | TRAN CODE | DESCRIPTION | COMMENT | CHECK NUM | DEPOSITS | WITHDRAWALS | BALANCE |
|------|------|-------------|---------|-----------|----------|-------------|---------|
| 10/01/2001 | | BEGINNING BALANCE | | | | | 103.36 |
| 10/03 | FC01 | DRAW-FAC 1 | CE1 | | | 80.00 | 23.36 |
| 10/12 | D300 | CASH DEPOSIT | 2866/3 | | 100.00 | | 123.36 |
| 11/01 | FC01 | DRAW-FAC 1 | CE1 | | | 70.00 | 53.36 |
| 11/26 | D300 | CASH DEPOSIT | 3098/5 | | 100.00 | | 153.36 |
| 11/27 | W536 | COPAY CHARGE | 2337 | | | 5.00 | 148.36 |
| 12/05 | FC01 | DRAW-FAC 1 | CE1 | | | 22.00 | 126.36 |
| 12/10 | W512 | LEGAL POSTAGE | 2544 | | | 1.03 | 125.33 |
| 12/26 | D300 | CASH DEPOSIT | 3265/7 | | 10.00 | | 135.33 |
| 12/27 | D300 | CASH DEPOSIT | 3275/2 | | 20.00 | | 155.33 |
| | | ACTIVITY FOR 2002 | | | | | |
| 01/02 | W512 | LEGAL POSTAGE | 2843 | | | 0.34 | 154.99 |
| 01/04 | D300 | CASH DEPOSIT | 3331/2 | | 40.00 | | 194.99 |
| 01/08 | W515 | COPY CHARGE | 2924 | | | 1.80 | 193.19 |
| 01/08 | FR01 | CANTEEN RETUR | 102929 | | | 0.10- | 193.29 |
| 01/09 | FC01 | DRAW-FAC 1 | CE1 | | | 44.00 | 149.29 |
| 01/25 | W835 | REVERSE COPAY | 3222/2337 | | | 5.00- | 154.29 |

TRUST ACCOUNT SUMMARY

| BEGINNING BALANCE | TOTAL DEPOSITS | TOTAL WITHDRAWALS | CURRENT BALANCE | HOLDS BALANCE | TRANSACTIONS TO BE POSTED |
|-------------------|----------------|-------------------|-----------------|---------------|---------------------------|
| 103.36 | 270.00 | 219.07 | 154.29 | 0.00 | 0.00 |

|  |
|--|
| CURRENT AVAILABLE BALANCE |
| 154.29 |

00784

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

Institution/Parole Region: 1. CMC-E   Log No.: 1. 01-02619   Category: 16A
2.   2.

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME: Hill, R.B.   NUMBER: H43428   ASSIGNMENT:   UNIT/ROOM NUMBER: ASU-C-205

A. Describe Problem: On Nov 17TH, I was brought into THE CLINIC TO CHECK My Condition AFTER Altercation with C/O Gavin on A Quad Yard. MEDICAL STAFF FILLED OUT MED. REPORT THAT THERES NO INJURIES. I Complained of PAIN in FINGER & SHOULDER AREA, WAS IGNORED, AND Signed up to Come BACK THE NEXT DAY DUE TO THE PAIN. AFTER OBSERVATION BY DR. MALEK IT SHOWED CHIPPED BONE in LT. LITTLE FINGER AND REFERRED TO ORTHO for my SHOULDER. I SHOULDN'T HAVE TO PAY for MEDICAL CARE CAUSED BY STAFF, OR BE REFUSED MEDICAL CARE.

If you need more space, attach one additional sheet.

B. Action Requested: THAT COPAYMENT NOT BE CHARGED DUE TO EMERGENCY TREATMENT WAS WARRANTED DUE TO INCIDENT ON THE 17TH. RECIEVING SPLINT for FINGER & MEDICATION, WHEN TREATMENT WAS DENIED/NOT GIVEN BY MEDICAL STAFF on DUTY. PLEASE RETURN $5.00 CHARGE BACK TO MY TRUST ACCOUNT. THANKS.

Inmate/Parolee Signature: Raymond B Rice H43428   Date Submitted: 11-23-01

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response:

BYPASS

Staff Signature: _____   Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BYPASS

Signature: _____   Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim   CDC Appeal Number: _____

NOV 28 2001
CMC APPEALS OFFICE

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

BYPASS

_____

Staff Signature: _____    Title: _____    Date Completed: _____
Division Head Approved:    Returned
Signature: _____    Title: _____    Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

BYPASS

_____

Signature: _____    Date Submitted: _____

Second Level    ☒ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: **NOV 2 8 2001**    Due Date: **JAN 1 1 2002**
☐ See Attached Letter

Signature: _____    Date Completed: 1/9/02
Warden/Superintendent Signature: _____ R. MEYERS, MD, HCM    Date Returned to **JAN 15 2002**

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____    Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter
CDC 602 (12/87)    Date: _____

00786

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

*California Men's Colony*

# *MEMORANDUM*



APPEAL RESPONSE LEVEL:          SECOND

DATE:                           Tuesday, January 08, 2002

TO:                             HILL, RAYNARD

CDC #:                          H43428

APPEAL LOG #:                   CMC-E-01-02619

ISSUE APPEALED:                 CoPay

INMATE INTERVIEW:

B. Verducci, Health Care Appeals Analyst, interviewed you on 12/14/01, regarding the issue of this appeal.

PROBLEM DESCRIPTION / ACTION REQUESTED:

Hill, Raymond H-43428:  In your written appeal, signed 11/23/01, you request copayment exemption for visit of 11/20/01, as treatment was received for injuries incurred during incident with custody officers on 11/17/01.

APPEAL RESPONSE:

Your medical record was reviewed.  Although the medical report of injury (CDC 7219) for incident of 11/17/01 indicates that no injuries were noted prior to placement in Administrative Segregation, you initiated a physician visit on 11/20/01 and reported complaints of injury to right shoulder and left 5th finger.

The physician ordered x-rays of finger and shoulder.  You subsequently had surgical repair of finger fracture and were seen by the orthopedic specialist for your shoulder complaints.

Decision is made to grant copayment refund for visit of 11/15/01, as medical evaluations following incidents are exempt from the copayment charge.

APPEAL DECISION: Granted

_____                          _____
R. MEYERS, M.D.                                     1/9/02
Health Care Manager                                 Date

RM:bv

cc:   Inmate Trust Office

00787

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

## HEALTH CARE SERVICES REQUEST
CDC 7362 (New 10/94)

*You may be charged $5.00 for each health care visit*

| NAME: Last | First | MI | CDC NUMBER: |
|---|---|---|---|
| HILL | RAYNARD | B | H43928 |

| YARD/BUILDING/BUNK: | ESTIMATED PAROLE DATE: | JOB CODE NUMBER: |
|---|---|---|
| ASU-104 | | |

| WORK/OTHER ASSIGNMENT: | WORK HOURS FROM : TO: | DAYS OFF: |
|---|---|---|

Check the box or boxes below to tell us why you want to see health care staff. In the lined area below, write down anything else you want health care staff to know.

- [ ] Stomach Ache
- [ ] Headache
- [ ] Indigestion
- [ ] Vomiting
- [ ] Diarrhea
- [ ] Dizziness
- [ ] Seizure
- [ ] Coughing
- [ ] Fever/Chills
- [x] Chest Pain
- [ ] Urinary Problems
- [ ] Medication Refill   What medicine?
- [ ] Feeling Depressed
- [ ] Hearing Voices
- [ ] Can't Sleep
- [ ] Want to Hurt Myself/Others
- [ ] Rash? Where
- [x] Pain? Where RT Shoulder LT Little Finger
- [ ] Diabetic
- [ ] Asthma
- [ ] TB Care
- [ ] OB/GYN
- [ ] Toothache
- [ ] Other Dental Problems

How long have you been feeling this way?  [x] 1-2 days   [ ] 3-4 days   [ ] 5+ days

Other problems not listed above: _____

Signature of Inmate Patient                           Date of Signature  11-18-07

Take this form to the clinic window or any other location designated for health care.
You will be notified of the date and time of your appointment.
A copy of this form will be sent to you after your appointment.
If you do not complete all of the above information, your appointment may be delayed.

CO-PAYMENT INFORMATION — YOU WILL NOT BE CHARGED IF THE FOLLOWING APPLY:

Signature of Treating Clinician        Printed Name         Date of Signature  1/20/07

ORIGINAL-Health Services File
YELLOW-Pharmacy

**DISTRIBUTION:**

PINK-Inmate Trust
GOLDENROD-Inmate/Patient

**INMATE/PAROLEE**  **Institution/Parole Region**  CMC-E    **Log No.** 1. 02-00514    **Category** 8 b
**APPEAL FORM**
CDC 602 (12/87)

2. _____    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Hill, R.B. | P43428 | | PSU 4320 |

A. Describe Problem: ON 11-17-01 STAFF REINJURED MY RT SHOULDER WHICH I HAD A SURGICAL PROCEDURE HERE AT CMC. ON 11-29-02 DR HANSRY KNOWING MY COMPLAINT, STATED MRI MAY BE NEEDED SINCE THEN NOTHING HAS BEEN DONE, PAIN HAS INCREASED, AND FINGER PAIN FROM POSSIBLE NERVE DAMAGE IS PRESENT. SO DUE TO THE PAIN, AND LACK OF THE FOLLOW-UP WHICH IS STATED IN FILE, I HAD TO FILL OUT THE SICK-CALL SLIP AS A REMINDER OF PROBLEM, BUT ONLY RECEIVED MOTRIN, WHICH DOES ELEVIATE THE PAIN OR PROBLEM.

If you need more space, attach one additional sheet.

B. Action Requested: THAT THESE INJURIES ARE SERIOUSLY LOOKED INTO, THAT MRI IS SCHEDULED TO FIND THE PROBLEM WITH SHOULDER & FINGER, AND THAT I NOT BE CHARGED, OR REFUNDED CO-PAYMENT DUE TO PROCEDURES THAT SHOULD'VE BEEN DONE LONG AGO

Inmate/Parolee Signature: Raymond B Hill    Date Submitted: 2-19-02

C. INFORMAL LEVEL (Date Received: _____)

Staff Response: _____

BYPASS

_____

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BYPASS

_____

Signature: _____    Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed    CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

FEB 25 2002

CMC APPEALS OFFICE

00789

**First Level**   ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____

E.  REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

BYPASS

_____

_____

_____

_____

Staff Signature: _____ Title: _____ Date Completed: _____
Division Head Approved:                                           Returned
Signature: _____ Title: _____ Date to Inmate: _____

F.  If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_____

BYPASS

_____

_____

Signature: _____ Date Submitted: _____

**Second Level**   ☐ Granted   ☑ P. Granted   ☐ Denied   ☐ Other _____

G.  REVIEWER'S ACTION (Complete within 10 working days): Date assigned: FEB 2 5 2002 _____ Due Date: APR 0 8 2002
☐ See Attached Letter                                                                                APR 0 8 2002

Signature: _____ Date Completed: 4/25/02
Warden/Superintendent Signature _____ R. MEYERS, MD, HCM   Date Returned to Inmate: MAY 0 1 2002

H.  If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____

_____

_____

_____

_____

Signature: _____ Date Submitted: _____

For the Director's Review, submit all documents to:  Director of Corrections
                                                     P.O. Box 942883
                                                     Sacramento, CA 94283-0001
                                                     Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:  ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____
☐ See Attached Letter
                                                                    Date: _____

CDC 602 (12/87)

STATE OF CALIFORNIA                                                      DEPARTMENT OF CORRECTIONS

*California Men's Colony*

# *MEMORANDUM*



APPEAL RESPONSE LEVEL:        SECOND

DATE:                        Monday, April 22, 2002

TO:                          HILL, RAYNARD

CDC #:                       H43428

APPEAL LOG #:                CMC-E-02-00514

ISSUE APPEALED:              Surgical Issues

INMATE INTERVIEW:

Dr. Perrin, orthopedic specialist, interviewed you on 3/26/02, regarding the issue of this appeal.

PROBLEM DESCRIPTION / ACTION REQUESTED:

Hill, Raymond H-43428: In your written appeal, signed 2/19/02, you ask that your shoulder and little finger injuries be "seriously looked into," that you have an MRI to find problems with your shoulder and finger, that you not be charged a copayment fee, and that you receive a refund of the copayment already charged for the 2/14/02 clinic visit.

APPEAL RESPONSE:

You were evaluated by Dr. Perrin in CMC's orthopedic clinic on 3/26/02, regarding your shoulder and finger complaints. Dr. Perrin ordered new x-rays of your shoulder and a follow-up visit is scheduled for 5-6 weeks after the 3/26/02 visit. An MRI is not indicated at this time and will not be obtained. You have been informed that no treatment is indicated for your left 5th finger, but that the finger problem is likely to improve over time, probably over the next 6 months.

This appeal is partially granted in that you have received requested follow-up evaluation regarding your shoulder and finger complaints. A decision has been made to administratively waive copayment for the clinic visit of 2/14/02.

APPEAL DECISION: Partially Granted

_____                                    _____
R. MEYERS, M.D.                                             Date
Health Care Manager

RM:EG:bv

Page 1 of 1

00791

STATE OF CALIFORNIA                                    DEPARTMENT OF CORRECTIONS

HEALTH CARE SERVICES REQUEST
CDC 7362 (New 10/94)

*You may be charged $5.00 for each health care visit*

| NAME: Last *Hill* | First *Raymond* | MI *B* | CDC NUMBER: *H43428* |
|---|---|---|---|

| YARD/BUILDING/BUNK: *A54-C-105* | ESTIMATED PAROLE DATE: | JOB CODE NUMBER: |
|---|---|---|

| WORK/OTHER ASSIGNMENT: *4320* | WORK HOURS FROM:        TO: | DAYS OFF: |
|---|---|---|

**Check the box or boxes below to tell us why you want to see health care staff. In the lined area below, write down anything else you want health care staff to know.**

| ☐ Stomach Ache | ☐ Seizure | ☐ Feeling Depressed | ☐ Diabetic |
|---|---|---|---|
| ☐ Headache | ☐ Coughing | ☐ Hearing Voices | ☐ Asthma |
| ☐ Indigestion | ☐ Fever/Chills | ☐ Can't Sleep | ☐ TB Care |
| ☐ Vomiting | ☐ Chest Pain | ☐ Want to Hurt Myself/Others | ☐ OB/GYN |
| ☐ Diarrhea | ☐ Urinary Problems | ☐ Rash? Where | ☐ Toothache |
| ☐ Dizziness | ☐ Medication Refill What medicine? | ☒ Pain? Where *Shoulder / Finger* | ☐ Other Dental Problems |

How long have you been feeling this way?   ☐ 1-2 days   ☐ 3-4 days   ☒ 5+ days

Other problems not listed above: *11-17-01 Injuries; Shoulder pain*
*Increasing daily. Waiting on MRI to determine, if*
*Hand (S) Little finger pain from possible nerve damage.*

*Raymond B Hill H43428*
_____                          *2-8-02*
Signature of Inmate Patient                              Date of Signature

Take this form to the clinic window or any other location designated for health care.
You will be notified of the date and time of your appointment.
A copy of this form will be sent to you after your appointment.
If you do not complete all of the above information, your appointment may be delayed.

**COPAYMENT INFORMATION - TO BE FILLED OUT BY DEPARTMENTAL STAFF**

| 1 | ☐ Visit was for an emergency. |
|---|---|
| 2 | ☐ Visit was for diagnosis or treatment of a communicable disease condition. (See Title 17, Chapt. 4, Subchapt. 1, Sect. 2500 CCR) |
| 3 | ☐ Visit was for mental health services. |
| 4 | ☐ Visit was a follow-up requested by the clinician. |
| 5 | ☐ Visit was for state mandated evaluation or treatment (e.g., Annual TB tests). |
| 6 | ☐ Visit was for reception screening and evaluation only. |
| 7 | ☒ Visit is NOT exempt from copayment. Send PINK copy to Inmate Trust Office. |

_____     _____     _____
Signature of Treating Clinician   Printed Name              Date of Signature

**DISTRIBUTION:**

ORIGINAL-Health Services File                    PINK-Inmate Trust
YELLOW-Pharmacy                                  GOLDENROD-Inmate/Patient

00792

INMATE/PAROLEE
APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region _CMC-E_    Log No. 1 _01-0d647_    Category _7c_

2. _____    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME _HILL, RAYNARD B._    NUMBER _H73428_    ASSIGNMENT _____    UNIT/ROOM NUMBER _ASU-Cr-205_

A. Describe Problem: _A CITIZEN'S COMPLAINT PURSUANT TO PC. SECTION 832.5, TO WHERE C/O W.M. GAVIN POST #6341 IS IN VIOLATION OF THE FOLLOWING CODE OF REGULATIONS & PENAL CODES OF THE STATE OF CALIFORNIA. TITLE 15. ART 2, SEC. 3391(a) CONDUCT, P.C. 132 FALSIFYING STATE DOCUMENT, PC 245 ASSAULT CAUSING SERIOUS INJURY WHILE IN A OFFICIAL CAPACITY OF THE STATE, UNDER THE COLOR OF LAW, AND UNDER DIRECT SUPERVISION OF L.T. C.W. BAKER WHO IS NOW INVOLVED DIRECTLY OR INDIRECTLY IN THE SECOND CASE OF ASSAULT BY STAFF ON ME, WHERE REPRISAL COULD BE A FACTOR._

If you need more space, attach one additional sheet.    SEE ADDITIONAL PG #1

B. Action Requested: _A CATAGORY II CRIMINAL INVESTIGATION PER DOM. ART. 14. 31140.3, ALLEGATIONS OF ASSAULT ON STAFF RECINDED & EXTRACT-ED FROM This CENTRAL FILE, ALL CREDITS / LOST CREDITS BE RESTORED, AND RETURNED TO GENERAL PRODUCTION._

Inmate/Parolee Signature: _Raynard B. Hill H73428_    Date Submitted: _11-28-01_

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response:

BYPASS

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BYPASS

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed    CDC Appeal Number: _____
Board of Control form BC-1E, Inmate Claim

DEC 03 2001

First Level   ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: **DEC 03 2001** _____ Due Date: **DEC 10 2001**

Interviewed by: _____

BYPASS

Staff Signature: _____ Title: _____ Date Completed: _____
Division Head Approved:                                        Returned
Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

BYPASS

Signature: _____ Date Submitted: _____

Second Level   ☐ Granted   ☒ P. Granted   ☐ Denied   ☐ Other

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____
☐ See Attached Letter

Signature: _____ Date Completed: 12-14-01
Warden/Superintendent Signature: _____ Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Signature: _____ Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____
☐ See Attached Letter
Date: _____
CDC 602 (12/87)

00794

**ı e m o r a n d u m**

**Date**　　: December 12, 2001

**To**　　: HILL, RAYNARD
　　　　　H-43428
　　　　　CALIFORNIA MEN'S COLONY-EAST, ROOM 205

**From**　　: Appeals Office
　　　　　California Men's Colony (CMC), San Luis Obispo, CA 93409

**Subject**　: CMC APPEAL LOG #E-01-02647
　　　　　**SECOND LEVEL REVIEW**

ACTION REQUESTED:　1.　A CATAGORY II INVESTIGATION.

　　　　　　　　　2.　ALLEGATION OF ASSAULT ON STAFF RESCINDED
　　　　　　　　　　AND EXTRACTED FROM YOUR CENTRAL FILE.

　　　　　　　　　3.　ALL CREDIT LOSS RESTORED.

　　　　　　　　　4.　RETURNED TO GENERAL POPULATION.

You allege that on November 17, 2001, most of the inmate population was waiting in line to pick up orders from a food sale. After waiting approximately three hours two Correctional Officers (C/O) started collecting ID cards from the front of the line. You contend that the area got out of control and the inmates surrounded C/O W. M. Gavin pushing and shoving to get their ID cards into his hands. You noticed the cards taken from the front of the line were mixed up with the cards from the back. You feel that since you questioned C/O Gavin about the way he collected the ID cards, he felt disrespected and subsequently pushed you in the chest with his hands and took you to the ground. You contend you did not resist. While in the A Quad Sergeant's Office, in restraints, you were pushed to the floor, picked up and placed in a chair. You were taken to the clinic for a CDC 7219 evaluation. You informed the nurse of the pain in your fingers and shoulder but were refused treatment, and the 7219 reflected no injuries. You signed up for sick call to receive medical attention for a chipped bone, torn tendons and your shoulder will need an MRI to conform the injury that occurred. You request a Category II criminal investigation, allegation of assault on staff rescinded and extracted from your central file, all credit lost rescinded and you be returned to general population.

In accordance with the law, you have a right to make a complaint against a police officer (to include a Departmental peace officer) for improper police conduct and to have your complaint investigated. In submitting your complaint against the employee, a California Department of Corrections (CDC) peace officer, you signed an advisory (Rights and Responsibility Statement) acknowledging that knowingly filing a false complaint against a peace officer is a misdemeanor.

Based upon your allegation, CMC's Investigative Services Unit (ISU) has been ordered to initiate a Category I Investigation. You will be provided written notification by ISU at the conclusion of the investigation. In the event your allegations are sustained, the appropriate administrative action will be initiated. As the personnel records of peace officers remain confidential by law, you will not be made privy to any action that may be taken.

SECOND LEVEL REV    W
CMC Log #01-02647
Page Two

Your appeal is considered partially granted in that an internal affairs investigation of your complaint has been initiated; however, your requests that the allegations of assault on staff be removed from your central file, all credit loss be restored and you be returned to the General Population will not be addressed in this appeal and is therefore denied.   Administrative Bulletin (AB) 98/10 states:

> *When an appeal alleges staff misconduct and other issue(s); e.g., dismissal*
> *of a Rules Violation Report or property loss, the inmate/parolee shall be*
> *notified that the staff complaint is being handled and that the other issues(s)*
> *must be appealed separately.*

Upon receipt of the notification regarding the investigation, you may, if dissatisfied, request a Director's Level Review by following the instructions listed on your Inmate Appeal Form (CDC 602).

APPEAL PARTIALLY GRANTED                    REVIEWED AND APPROVED

D. E. FREEHAUF                               W. A. DUNCAN
ASSOCIATE WARDEN                            WARDEN
INMATE SERVICES

DEF:DE
cc: C-File, Appeals File

On 11-17-01, at approx 3:00 pm, A-Quad was conducting the (P.A.C.A.) food sale. Most of the Flm population was in line to go pick up their orders. After about 3 hrs. of waiting, C/o Benda & C/o Gavin started collecting I.D cards. Both started from the front, I was approx. the 9th or 10th person to give up my I.D card with everyone else that was up from with me. C/o Gavin continued to collect I.D's while walking towards the back of the line. All of a sudden, the area got out of control. This was coming from all directions, surrounding C/o Gavin, pushing & shoving to get their card in his hand. What I noticed was that the cards that he took from up front, was all mixed with the cards from the back, because C/o Gavin was collecting them in no type of orderly fashion. So being that I knew C/o Gavin from working on the tier I lived on in the #2 Bld, and never had a problem with him or any other C/o while on A-Quad since "98"

So while C/o Gavin was still in the middle of all these Flm's, from about 10 to 15 feet away, I called out his name to get his attention & eye contact, over the loudness of the crowd, I say "Gavin! Why are you collecting the I.D's like that?" I guess because I questioned him in front of all these Flm's, he felt disrespected. He yelled back and said "I'll do it any fuckin way I want to do it." Then I said "Man, that ain't right. People been waiting out here over 3 hrs, and you just mixing them up." He started pushing his way out from the crowd, yelling "What the fuck are you going to do about it?" As he get closer to me I say "What you mean, what am I going to do about it", and at that time C/o Gavin double thrusted me in my chest with both hands, and proceed to take me to the ground, by grabbing my left hand, by the finger,

Twisting them behind my back, causing injury to little finger on left hand (chipped bone & torn tendons). At no time did I use profanity, clench my fist, raise my hands, approached C/o Carvin or pushed and disrespected any inmate in any way. I went down to the ground in a prone position, surrendered my RT hand behind my back, there was no struggle, no resisting, and was immediately pick up off the ground, and walked to the A-Quad office, while in restraints I'm pushed to the floor in the SGTs office, picked up, placed in a chair, then LT. C.W. Baker says " Get him out of here " I was took to the clinic for a CDC 7219 evaluation to where I informed the nurse of the pain in my finger & shoulder. I was refused treatment, and was said to have no injuries on the 7219 eval sheet, and placed in AD-SEG.

I had to sign up for sick call to get medical attention and charged $5.00, where x-rays confirmed chipped bone on LF hand little finger & torn tendons, the shoulder will need MRI to confirm injury that occurred on 1-17-01 by C/o Carvin

00798

## Staff Complaint
## Separation of Issues Notice

**To:** Hill                          **CDC #:** H-43428          **Housing:**

**Date:** ~~9/18/01~~  12·6·01

Your appeal dated 11·28·01    alleging staff misconduct has been received by the Appeals Office
and will be responded to. Any other issues in the appeal, other than staff misconduct, must be submitted
on separate appeals forms (CDC 602). This would include appeals of property, CDC 115's, medical, etc.

*Engler*

Engler, CCII
Appeals Coordinators

COPY

Submit a seperate appeal + include
your completed 115 documentation

Ask for the 3 things ce con't
address on the staff complaint

1. Allegation of staff assault removed
   from C File.
2. Credit Restored
3. Return to General Population

This cannot be addressed in a
staff complaint per AB 98/10.

Also I need you to sign this
Rights + Responsibility form and
return it to me.

*Engler*

## Staff Complaint

STATE OF CALIFORNIA                                    DEPARTMENT OF CORRECTIONS

CDC 1858 (2/97)                    *Log # CMC-E-01-02647*

# RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

**Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign, and submit the following statement:**

YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER [this includes a departmental peace officer]  FOR ANY IMPROPER POLICE [or peace] OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS' [or inmates'/parolees'] COMPLAINTS.  YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE.  THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY.  CITIZEN [or inmate/parolee] COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.

IT IS AGAINST THE LAW TO MAKE A COMPLAINT THAT YOU KNOW TO BE FALSE.  IF YOU MAKE A COMPLAINT AGAINST AN OFFICER KNOWING IT IS FALSE, YOU CAN BE PROSECUTED ON A MISDEMEANOR CHARGE.  [An inmate/parolee who makes a complaint against a departmental peace officer, knowing it is false, may be issued a serious disiplinary rule violation, in addition to being prosecuted on a misdemeanor charge.]

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED | |
|---|---|---|---|
| INMATE/PAROLEE PRINTED NAME *RAYNARD B. HILL* | INMATE/PAROLEE'S SIGNATURE *Raynard B Hill* | CDC NUMBER *H43428* | DATE SIGNED *12-7-01* |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED | |

DISTRIBUTION:
ORIGINAL –
Public - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant

00800

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA  94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date:    **NOV 0 5 2001**

In re:    Hill, H-43428                              **C-FILE**
          California Men's Colony
          P.O. Box 8101
          San Luis Obispo, CA  93409-8101

          IAB CASE NUMBER:        0007237
          LOCAL LOG NO.:          CMC 00-1205

This matter was reviewed on behalf of the Director of the California Department of
Corrections (CDC) by Appeals Examiner D. L. Porter, Facility Captain.

### ISSUE

Whether or not staff acted appropriately on the appellant's request.

### ARGUMENTS

I

It is the appellant's position that Correctional Lieutenant (Lt.) Baker falsified the findings
of his investigation into the appellant's complaint against Correctional Officer
(CO) Furster.   The appellant alleges that Lt. Baker "intentionally misconstrued"
statements made by a witness in order to make the appellant's complaint appear to be
unfounded.

The appellant requests on appeal that Lt. Baker be reprimanded and counseled.   The
appellant also requests that a new investigation regarding allegations of staff misconduct
in appeal Log #CMC-E-00-0564 be conducted.

II

It is staff's position that a fact-finding inquiry was conducted.   It was concluded that the
appellant's allegations are unfounded.   The appeal was granted in part at the Second Level
of Review, as an investigation was conducted into the appellant's complaint.

### FINDINGS

The rules governing this issue are:

0007237

HILL, H-43428
CASE NO. 0007237
PAGE 3

### CDC Operations Manual Section 13030.10.    VALIDITY OF INFORMATION

Every employee who collects, maintains, or receives personal information shall make reasonable efforts to ensure that the information is accurate, timely, relevant, and complete.

All submitted documentation and supporting arguments of the parties have been considered. The documentation and arguments presented are persuasive that the appellant has failed to support his appeal issue with sufficient evidence or facts to warrant a modification of the Second Level response.

Upon review of the documentation submitted, it is determined that the appellant's allegations have been reviewed and evaluated by administrative staff and a fact-finding investigation has been completed at the Second Level of Review.

In the event that staff misconduct was substantiated, the institution would have taken the appropriate course of action. All staff personnel matters are confidential in nature and not privy to the inquiries of other staff, the general public or the inmate population, and would not be released to the appellant. However, upon completion of final review, or culmination of an investigation, the appellant is to be notified by the respective investigative body that an inquiry has been completed and whether the complaint was unsubstantiated or substantiated. In this case, the institution has reported the disposition to the appellant.

Although the appellant has the right to submit an appeal as a staff complaint, the request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the appeals process.

### DECISION

The appellant's request was appropriately granted in part.

The appeal is denied.

### ORDER

No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDC.

LINDA L. RIANDA, Chief
Inmate Appeals Branch

cc:    Warden, CMC
       Appeals Coordinator, CMC

00803

**G-FILE**

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

| | Location: Institution/Parole Region | Log No. | Category |
|---|---|---|---|
| 1. | CMC-E | 01-0408 | #7 |
| 2. | | | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

1302X

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| HILL, R.B. | H43478 | JACKET FACTORY | AR 337X |

A. Describe Problem: THIS IS A CITIZENS COMPLAINT PURSUANT TO P.C. 832.5 AGAINST A CDC EMPLOYEE, C. LOPEZ (SUPV) & F. VILLARREAL (SUPT II). APPEALANT HEREBY GIVES NOTICE TO DIRECTOR OF CORRECTIONS (TERHUNE), WARDEN: W. DUNCAN, AT CMC-EAST, PAUL KELLY (PIA MGR.), L. SARGENT (PIA ADMIN). TO WIT: P.C. 132 C. LOPEZ AIDED & ASSISTED BY F. VILLARREAL DID DELIBERATELY & INTENTIONALLY WROTE & SUBMITTED A FALSIFIED CDC FORM# 101, I/M WORK REPORT IN RE: TO APPELLANTS "SKILL & KNOWLEDGE" AND ABILITY WITH "TOOLS & EQUIPMENT" TO JUSTIFY & AUTHORIZE A REDUCTION IN APPELLANTS PAY RATE. PER (D.O.M.) 51121.12. (SEE CONT) PG1

If you need more space, attach one additional sheet.

B. Action Requested: (1) THAT AN INVESTIGATION BE CONDUCTED PER (D.O.M.) 31140 (2) THAT C. LOPEZ & F. VILLARREAL BE REPRIMANDED FOR THEIR ACTIONS & MISCONDUCT, ADEQUATELY SUPERVISED, TRAINED, & CONTROLLED IN RIGHTS AND RESPECT OF OTHERS & DISCIPLINARY METHODS. (3) THAT SAID FALSE CDC 101 WORK REPORT BE EXPUNGED FROM ANY & ALL APPELLANTS C/F FILES (SEE CON

Inmate/Parolee Signature: Raymond B. Hill H43478    Date Submitted: 2-23-01

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

**BYPASS**

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

**BYPASS**

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

APR 23 2001

FEB 26 2001
CMC APPEALS OFFICE

**G-FILE**

00804

First Level    ☐ Granted    ☐ P. Granted    ☒ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 30 working days): Date assigned: __MAR 05 2001__ Due Date: __APR 16 2001__

Interviewed by: I interviewed Inmate Hill, H-43428 on 4/9/01.  DENIED, I/M Hill's claims were
not supported.  Staff took appropriate action when I/M Hill was found in possession of
contraband, with the intent of removing the stolen material from the work site  Staff
followed the correct disciplinary process in issuing a CDC-128-B chrono to I/M Hill for his
actions.

Staff Signature: Paul E. Kelly    Title: P. I. Manager    Date Completed: 4/11/01

Division Head Approved:
Signature: Larry S. Sargent    Title: P.I. Administrator    Date to Inmate: 4/11/01    Returned 4/18/01

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

RESPONDANTS FAILED TO ADDRESS THE FACT THAT C. LOPEZ FALSIFIED A CDC 101 WORK
REPORT, WHICH ACCORDING TO D.O.M. 51121.12 WAS NEEDED TO WITHDRAWL MY PAY
RAISE TO 70¢ PER HOUR WHICH WAS RECOMMENDED & APPROVED BY C. LOPEZ & F. VILLA-
RREAL. DISCIPLINARY METHOD WERE NOT FOLLOWED DUE TO NO PREVIOUS INCIDENTS.

Signature: Raymond B. Hill H43428    Date Submitted: 4-22-01

Second Level    ☐ Granted    ☒ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: __MAY 30 2001__ Due Date: __JUN 27 2001__
☐ See Attached Letter

Signature: D. E. Freelauf    D. E. FREEHAUF, AWIS    Date Completed: 7-02-01

Warden/Superintendent Signature:    W. A. DUNCAN, WARDEN    Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Signature: _____    Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter
Date: _____

CDC 602 (12/87)

00805

State of California

# Memorandum

**Date**   : July 2, 2001

**To**     : HILL, RAYNARD
            H-43428
            CALIFORNIA MEN'S COLONY - EAST, ROOM 1302X

**From**   : Second Level Appeals Office
            California Men's Colony (CMC), San Luis Obispo, CA 93409

**Subject** : CMC APPEAL LOG #E-01-0408
             **SECOND LEVEL REVIEW**

ACTION REQUESTED:  I REQUEST THAT C. LOPEZ AND F. VILLARREAL BE
                   REPRIMANDED FOR FALSIFYING DOCUMENTS

A review of your appeal, first level review, and attachments has been completed.  Your complaint, including requested remedial action, has received careful consideration.  You have filed a staff complaint against C. Lopez, your work supervisor, and F. Villarreal, her supervisor.  You allege they falsified the CDC-101, Work Supervisor's Report, dated December 18, 2000, which resulted in you receiving a reduction in pay.  You request the following actions:  that both C. Lopez and F. Villarreal be reprimanded, that a copy of this appeal be placed in their personnel files for five years, that the CDC-101 be removed from your Central File, reinstate your pay rate, receive a copy of the rescinded recommendation for pay increase to 70 cents, and that no reprisals be taken as a result of this appeal.

California Code of Regulation, Title 15, Sections 3000, 3004, 3270, 3391, state in part:

### 3004. Rights and Respect of Others.

*(a) Inmates and parolees have the right to be treated respectfully, impartially, and fairly by all employees. Inmates and parolees have the responsibility to treat others in the same manner. Employees and inmates may use first names in conversation with each other when it is mutually acceptable to both parties.*

*(b) Inmates, parolees and employees will not openly display disrespect or contempt for others in any manner intended to or reasonably likely to disrupt orderly operations within the institutions or to incite or provoke violence.*

*(c) Inmates, parolees and employees will not subject other persons to any form of discrimination because of race, religion, nationality, sex, political belief, age, or physical or mental handicap.*

### 3391. Employee Conduct

*(a) Employees shall be alert, courteous, and professional in their dealings with inmates, parolees, fellow employees, visitors and members of the public. Inmates and parolees shall be addressed by their proper names, and never by derogatory or slang reference. Prison numbers shall be used only with names to summon inmates via public address systems. Employees shall not use indecent, abusive, profane, or otherwise improper language while on duty. Irresponsible or unethical conduct or conduct reflecting discredit on themselves or the department, either on or off duty, shall be avoided by all employees.*

00806

SECOND LEVEL REVIEW RESPONSE
CMC Log #01-0408
Page Two

### 3270. General Policy.

*The primary objectives of the correctional institutions are to protect the public by safely keeping person committed to the custody of the Director of Corrections, and to afford such persons with every reasonable opportunity and encouragement to participate in rehabilitative activities. Consistent effort will be made to insure the security of the institution and the effectiveness of the treatment programs within the framework of security and safety. Each employee must be trained to understand how physical facilities, degree of custody classification, personnel, and operative procedure affect the maintenance of inmate custody and security. The requirement of custodial security and of staff, inmate and public safety must take precedence over all other considerations in the operation of all the programs and activities of the institutions of the department.*

### 3000. Definitions

*Contraband means anything which is not permitted, in excess of the maximum quantity permitted, or received or obtained from an unauthorized source.*

Department Operations Manual, Section 51121.12, states in part:

*Receiving an unsatisfactory CDC Form 101 and a CDC Form 128-B-1 shall be authorization for downgrade in pay scale and/or position, demotion, or termination by referral to the facility classification committee for program change.*

Department Operations Manual, Section 51121.10, states in part:

*An inmate's pay rate shall not be reduced nor will the inmate be removed from pay status except for cause, which shall be documented by a CDC Form 101 approved by the factory Superintendent and Prison Industries Administrator/Manager. When the cause is for misbehavior, including willful refusal or failure to work as directed, the matter will be reported as a disciplinary offense on a CDC Form 115, Rules Violation Report, or a CDC Form 128-B, General Chrono.*

Review of this matter reflects that your appeal was reviewed at the first level of review by P. Kelley, PIA Manager, who after thorough review found no merit in your allegations that C. Lopez or F. Villarreal falsified any document. In accordance with the above rules you received a CDC-128B, documenting your attempt to smuggle contraband from the PIA area. Accordingly, your work supervisor, C. Lopez, documented that information on the CDC-101, Work Supervisor's Report, dated 12/18/00. You were also rated below average in two areas of work. This judgement can only be made by your work supervisor and given your desire to smuggle contraband in or out of PIA it would appear an appropriate conclusion. The

**SECOND LEVEL REVIEW RESPONSE**
CMC Log #01-0408
Page Three

recommendation to reduce your pay was appropriate.  C. Lopez has indicated that the reduction in pay request was inadvertently not processed, therefore you retained your pay status.  C. Lopez also indicated that your current pay rate is 70 cents.  You have provided no additional evidence that C. Lopez or F. Villarreal have falsified any document.  Your request to have both C. Lopez and F. Villerreal be reprimanded and that a copy of this appeal placed in their personnel files for five years is denied.  Your request to have your pay reinstated cannot be addressed as you never received a reduction in pay.

Your appeal is partially granted in that no reprisals will be taken of you for filing this appeal. Upon receipt of this response, you may, if dissatisfied, request a Director's Level Review by following the instructions listed on your Inmate Appeal Form (CDC 602).

APPEAL PARTIALLY GRANTED                    REVIEWED AND APPROVED


D. E. FREEHAUF                              W. A. DUNCAN
ASSOCIATE WARDEN                           WARDEN
INMATE SERVICES

DEF:TCK:dd


cc: C-File, Appeals File

00808

(VERIFICATION - 446, 2015.5 C.C.P.)

STATE OF CALIFORNIA
COUNTY OF SAN LUIS OBISPO

I am the party of the above entitled actions; a citizen of the United States and over the age of eighteen years;
and a resident of San Luis Obispo County. My current address is:

_KAYNARD B. HILL  H43428_

California Men's Colony - East
P.O. Box 8101 Room _2347X_
San Luis Obispo, CA 93409-8101

I CERTIFY (OR DECLARE), UNDER PENALTY OF PERJURY, THAT THE FOREGOING IS TRUE AND CORRECT.
EXECUTED ON_ _FEB 23, 2001_ _____ AT SAN LUIS OBISPO, CALIFORNIA, 93409-8101.

_Raynard B. Hill_
PETITIONER/

**************************************************************

PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA
COUNTY OF SAN LUIS OBISPO

I AM A RESIDENT OF SAID COUNTY, I AM OVER THE AGE OF EIGHTEEN YEARS AND NOT A PARTY TO THE ABOVE
ENTITLED ACTION. MY BUSINESS ADDRESS IS:

_KAYNARD B. HILL  H43428_

CALIFORNIA MEN'S COLONY - EAST
P.O. BOX 8101 / ROOM _2347X_
SAN LUIS OBISPO, CALIFORNIA 93409-8101

ON _FEB. 23RD,_ 20 _01_, I SERVED THE WITHIN _CDC 602, CDC 101 WORK REPORTS,_
_CDC 128 B-1, RIGHTS & RESPONSIBILITY CDC 1858, LIST OF INCIDENTS 2PGS, 1 CONT. PG._
ON THE _STAFF COMPLAINT_
IN SAID ACTION, BY PLACING A TRUE COPY THEREOF IN A SEALED ENVELOPE WITH POSTAGE THEREON
PREPAID, IN THE UNITED STATES MAIL, AT CALIFORNIA MEN'S COLONY, SAN LUIS OBISPO, CALIFORNIA,
93409-8101, ADDRESSED AS FOLLOWS:

I DECLARE, UNDER PENALTY OF PERJURY, THAT THE FOREGOING IS TRUE AND CORRECT.
EXECUTED ON _FEB 23, 2001_ _____ AT SAN LUIS OBISPO COUNTY.

_Raynard B. Hill_
SIGNATURE OF DECLARANT

CMC-AS-007 (REV. 12/99)

HILL H43428

3. R. Johnson: Paul Randy K55555 (WHT) was caught with a piece of leather material and a piece of the same black elastic in questioned. Disposition: Taken, No write up or reduction of pay

*approx
*3 wks ago

4. C. Lopez: Angel Ochoa D04172 (mex) was caught with leather material, making a CD player case. Disposition: Nothing

12-13-00

5. C. Lopez: Jonas Ukstin K31969 (mex) 3190X, asked Ms. Lopez how to shorten sleeves on a state issued 4864 CDC jacket (altering state property) During work hrs, he cut sleeves and put 4885 knit cuffs in sleeve. No Disposition

---

\* Since fire in Boot Factory & Health & Safety concerns Top management demanded strict enforcement & severe penalties if caught smoking or smoking items in PIA

1. R. Johnson: Richard Wolff J79777 (WHT) caught smoking in bathroom of shop. Disposition: Write up, No reduction of Pay

6 mos ago

2. C. Lopez: Damion Meraz P72117 (mex) & Raymundo Gill, caught smoking in bathroom of shop, setting off smoke alarm. Disposition: Nothing (Don't do it again)

3 wks ago (mex)

3. R. Johnson: James Smith J29904 (WHT) was caught with cigarrett. Disposition: 128A Warning

12-14-00

---

\* In all of these instances where contraband, shop material used, & smoking, no one else received a reduction of pay. C. Lopez gave me an ultimadum or a reduction of pay for a job change. I worked hard and a long time to reach this level of pay, and will do whatever to keep it.

00810

ADDITIONAL pg 2          HILL #43428

On 12-11-00, APPROX 3:30 pm, I was OBSERVED LEAVING Shop WITH CONTRABAND By C. LOPEZ. A FRIEND ASKED me 3 PUT (4) SNAPS ON A PIECE of BLACK ELASTIC, TO BE USED AS A BACK BRACE. IN my 3yrs. WORKING in JACKET LINE, NEVER HAVE SEEN THIS TYPE of MATERIAL, AND NEVER HAVE HAD ANY ACCESS TO SUCH MATERIAL. IF I'D KNOWN OR THOUGHT THIS TYPE of MATERIAL COULD'VE CAME FROM THE SHOP, WOULDN'T HAVE BROUGHT IT IN, LEAVE, AND CAME BACK SECOND TIME WITH IT, TO RETRIEVE A LUNCH SACK THAT ASKED Me. JOHNSON IF I COULD GET. I KNOW I AM COUNTY & NOT ASKING PERMISSION TO BRING SOMETHING IN, AND THE SNAPS. IN my 3yrs, I'VE HAD NO TYPE of DISCIPLINARY ACTIONS AGAINST me, my WORK PERFORMANCE SPEAKS for ITSELF (SEE WORK PERFORMANCE REPORTS). RECOMENDATION & PAPERWORK WAS PUT in for me A RAISE TO 70¢ (A) SLOT. AFTER OVER A YEAR of WAITING AND BEING SKIPPED OVER. DO TO my SKILL LEVEL & my QUALITY OF WORK, I'VE WORKED HARD & DESERVE my PAY. ACCORDING TO DISCIPLINARY METHODS, AND ACTIONS TAKEN By STAFF IN JACKET FACTORY, A WARNING OR 128A WAS APPROPRIATE DUE TO THE LENIENCY TAKEN ON MORE SEVERE, AND SIMILAR INCIDENTS. TO DEDUCT my PAY, AND NOT NONE OF THE following INMATES CAUGHT WITH CONTRABAND, MATERIAL OUT OF THE SHOP; & SMOKING in THE SHOP, IS A CLEAR SIGN of DISCRIMINATORY & DIFFERENTIAL TREATMENT By STAFF MEMBERS TOWARDS me AND OTHER INMATES.


   * LIST OF INCIDENTS OF INMATES USE of SHOP MATERIAL AS CONTRABAND:

   1.   F. VILLEREAL: DANNY WOLFE C4428 (WHT) TOOK GRAY QUILT MATERIAL
APPROX 1YR AGO   OUT OF SHOP CONCEALED & WITHOUT PERMISSION. WAS CAUGHT BY
             PLATA STAFF AND RETURNED TO SHOP. DISPOSITION: NOTHING!
   2.   R. JOHNSON: DON McCUTCHEON C46898 (WHT) & ALEN LAWTON K20459
APPROX 2mos AGO   (WHT) WAS CAUGHT MAKING SHOWER SHOES OUT OF BLUE QUILT
             MATERIAL. WAS TAKEN By JOHNSON. DISPOSITION: NOTHING!

at approximately 1525 hours,  12/11/00, while performing th  routine shake down for work
release of the PIA Jacket Factory. Inmate Hill came back to the Factory and stated, " I forgot
something ", he then headed towards his designated work area. As Hill was leaving the Factory
for the second time, I noticed that his jacket was suspiciously rolled up in his hand.  I asked
Hill what was in the jacket, and he stated, " nothing ".  I then searched the jacket and
discovered hidden contraband rolled up inside his jacket.  I recognized the contraband as being
PIA Jacket Factory material (Black Elastic approx. 8" x 30"  and approx. 5 jacket snaps).
Inmate Hill was counseled the next morning by myself and F. Villarreal, Superintendent II. He
was informed that he would be receiving a pay reduction as this is PIA policy.  Inmate Hill
appeared not to be receptive to counseling.

Orig:  C File
       PIA File
       Jacket Factory
       Inmate

C. LOPEZ
Supervisor
Jacket Factory

F. VILLARREAL
Superintendent II
Jacket Factory

DATE 12/13/00          **** PAY REDUCTION ****      CMC-E        GENERAL CHRONO

STATE OF CALIFORNIA
CDC 101 (Rev 4-82)

## WORK SUPERVISOR'S REPORT                    DEPARTMENT OF CORRECTIONS

| GRADES | GRADE | | GRADE | |
|---|---|---|---|---|
| 1 = Exceptional | 4 | A. Demonstrated Skill and Knowledge | 2 | F. Teamwork and Participation |
| 2 = Above Average | 2 | B. Attitude Toward Fellow Inmates and Workers | 3 | G. Learning Ability |
| 3 = Satisfactory | 3 | C. Attitude To Supervisors and Staff | 4 | H. Use of Tools and Equipment |
| 4 = Below Average | 3 | D. Interest in Assigned Work | 3 | I. Quality of Work |
| 5 = Unsatisfactory | 3 | E. Effort Displayed in Assigned Work | 3 | J. Quantity of Work |

| PAY STATUS: From $ .65 | To $ .55 | From Job No. 3A | To Job No. 3C |
|---|---|---|---|
| Total No. Hours Assigned  7 | | Total No. Hours Worked   7 | |

| SUBJECT ASSIGNED TO | DATE ASSIGNED | ACTUAL WORK CONSISTS OF: | | LENGTH OF SUPERVISION |
|---|---|---|---|---|
| Jacket Factory | 8-20-98 | Sewing Machine Operator | | PERIOD COVERED BY REPORT |

| RECOMMEND FOR: ☐ REASSIGNMENT | ☐ RETAIN | ☐ PAY INCREASE | ☒ PAY DECREASE | INMATE'S INITIALS |
|---|---|---|---|---|

COMMENTS (IF MORE SPACE REQUIRED, USE REVERSE SIDE)
Received a CDC-128 on 12-13-00 for possession of contraband and attempting to remove items from factory...

| SUPERVISOR  C. Lopez | | WORK DETAIL  Jacket Ln. | ETHNICITY  Blk |
|---|---|---|---|
| INMATE'S NAME  HILL, RAYNARD | NUMBER  H-43428 | INSTITUTION  CMC-EAST | DATE  12-18-00 |

STATE OF CALIFORNIA
CDC-101 (1/92)

## WORK SUPERVISOR'S REPORT                    DEPARTMENT OF CORRECTIONS

| GRADES | GRADE | | GRADE | |
|---|---|---|---|---|
| 1 = EXCEPTIONAL | 3 | A. DEMONSTRATED SKILL AND KNOWLEDGE | 3 | F. TEAMWORK AND PARTICIPATION |
| 2 = ABOVE AVERAGE | 2 | B. ATTITUDE TOWARD FELLOW INMATES AND WORKERS | 3 | G. LEARNING ABILITY |
| 3 = SATISFACTORY | 3 | C. ATTITUDE TOWARD SUPERVISORS AND STAFF | 3 | H. USE OF TOOLS AND EQUIPMENT |
| 4 = BELOW AVERAGE | 2 | D. INTEREST IN ASSIGNED WORK | 3 | I. QUALITY OF WORK |
| 5 = UNSATISFACTORY | 3 | E. EFFORT DISPLAYED IN ASSIGNED WORK | 3 | J. QUANTITY OF WORK |

| PAY STATUS:  FROM:$ | TO:$ | FROM: JOB NO. | TO: JOB NO. |
|---|---|---|---|
| TOTAL # Hours Assigned:  7 | | TOTAL # Hours Worked   7 | |

| INMATE ASSIGNED TO  FAB-L.011  (H3) | DATE ASSIGNED  04-19-2000 | ACTUAL WORK CONSISTS OF  Sewing Machine Operator | | PERIOD COVERED BY REPORT  QUARTERLY |
|---|---|---|---|---|

| RECOMMENDED FOR:  ☐ REASSIGNMENT | ☒ RETAIN | ☐ PAY INCREASE | ☐ PAY DECREASE | INMATE'S INITIALS |
|---|---|---|---|---|

COMMENTS (IF MORE SPACE IS NEEDED, USE REVERSE SIDE)        CODE OF SAFE PRACTICES REVIEWED
Gets along well with others.  Conscientious and steady worker.          SUPV'S INITIALS:        INMATE'S INITIALS:

| SUPERVISOR  C. Lopez | LENGTH OF SUPERVISION  29 Months | WORK DETAIL  JACKET FACT | ETHNICITY  BLA |
|---|---|---|---|
| INMATE'S NAME  HILL, RAYNARD | Cell: 2347 | CDC NUMBER  H-43428 | INSTITUTION  CMC-East | DATE  02-01-2001 |

STATE OF CALIFORNIA
CDC 101 (Rev. 4/82)
**WORK SUPERVISOR'S REPORT**
DEPARTMENT OF CORRECTIONS

| GRADES | GRADE | | GRADE | |
|---|---|---|---|---|
| 1 = Exceptional | 3 | A. Demonstrated Skill and Knowledge | 2 | F. Teamwork and Participation |
| 2 = Above Average | 2 | B. Attitude Toward Fellow Inmates and Workers | 3 | G. Learning Ability |
| 3 = Satisfactory | 2 | C. Attitude To Supervisors and Staff | 3 | H. Use of Tools and Equipment |
| 4 = Below Average | 3 | D. Interest in Assigned Work | 3 | I. Quality of Work |
| 5 = Unsatisfactory | 3 | E. Effort Displayed in Assigned Work | 3 | J. Quantity of Work |

PAY STATUS: From $ 5C.30   To $ 5A.40   From Job No. .029   To Job No. same

| | | | |
|---|---|---|---|
| Total No. Hours Assigned | 7 | Total No. Hours Worked | 7 | LENGTH OF SUPERVISION 2 months |

| SUBJECT ASSIGNED TO | DATE ASSIGNED | ACTUAL WORK CONSISTS OF | PERIOD COVERED BY REPORT |
|---|---|---|---|
| FAB-I.029 | 8/21/98 | Sewing Machine Operator | Monthly |

RECOMMEND FOR: ☐ REASSIGNMENT ☒ RETAIN ☐ PAY INCREASE ☐ PAY DECREASE   INMATE'S INITIALS

COMMENTS (IF MORE SPACE REQUIRED, USE REVERSE SIDE)
Demonstrates teamwork and willingness, outstanding learning ability.

| SUPERVISOR | | WORK DETAIL | ETHNICITY |
|---|---|---|---|
| R. Johnson, Supvr | | PIA | Black |

| INMATE'S NAME | NUMBER | INSTITUTION | DATE |
|---|---|---|---|
| Hill, Raynard | H-43428 | CMC-East | 10/98 |

---

STATE OF CALIFORNIA
CDC 101 (Rev. 4/82)
**WORK SUPERVISOR'S REPORT**
DEPARTMENT OF CORRECTIONS

| GRADES | GRADE | | GRADE | |
|---|---|---|---|---|
| 1 = Exceptional | 3 | A. Demonstrated Skill and Knowledge | 3 | F. Teamwork and Participation |
| 2 = Above Average | 3 | B. Attitude Toward Fellow Inmates and Worker | 3 | G. Learning Ability |
| 3 = Satisfactory | 2 | C. Attitude To Supervisors and Staff | 3 | H. Use of Tools and Equipment |
| 4 = Below Average | 2 | D. Interest in Assigned Work | 3 | I. Quality of Work |
| 5 = Unsatisfactory | 2 | E. Effort Displayed in Assigned Work | 3 | J. Quantity of Work |

PAY STATUS: From $0.60   To $ $0.60   From Job No.   To Job No.

| | | | |
|---|---|---|---|
| Total No. Hours Assigned | | Total No. Hours worked | | LENGTH OF SUPERVISION 24 MONTHS |

| SUBJECT ASSIGNED TO | DATE ASSIGNED | ACTUAL WORK CONSISTS OF | PERIOD COVERED BY REPORT |
|---|---|---|---|
| FAB-I.007 | 7/16/99 | CUTTER, MACHINE (any industry) | QUARTERLY |

RECOMMENDED FOR: ☐ REASSIGNMENT ☒ RETAIN ☐ PAY INCREASE ☐ PAY DECREASE   INMATES INITIALS

COMMENTS (IF MORE SPACE REQUIRED, USE REVERSE SIDE)
DILIGENT WORKER; OUTPUT VERY GOOD. NEEDS VERY LITTLE SUPERVISION. FRIENDLY AND HELPFUL.

| SUPERVISOR | | WORK DETAIL | ETHNICITY |
|---|---|---|---|
| R. Johnson, Industrial Supervisor | | P.I.A. | BLACK |

| INMATES NAME | NUMBER | INSTITUTION | DATE |
|---|---|---|---|
| HILL, RAYNARD | H-43428 | CMC-E | 8/25/99 |

---

STATE OF CALIFORNIA
CDC-101 (1/92)
**WORK SUPERVISOR'S REPORT**
DEPARTMENT OF CORRECTIONS

| GRADES | GRADE | | GRADE | |
|---|---|---|---|---|
| 1 = EXCEPTIONAL | 3 | A. DEMONSTRATED SKILL AND KNOWLEDGE | 2 | F. TEAMWORK AND PARTICIPATION |
| 2 = ABOVE AVERAGE | 2 | B. ATTITUDE TOWARD FELLOW INMATES AND WORKERS | 3 | G. LEARNING ABILITY |
| 3 = SATISFACTORY | 3 | C. ATTITUDE TOWARD SUPERVISORS AND STAFF | 3 | H. USE OF TOOLS AND EQUIPMENT |
| 4 = BELOW AVERAGE | 2 | D. INTEREST IN ASSIGNED WORK | 2 | I. QUALITY OF WORK |
| 5 = UNSATISFACTORY | 3 | E. EFFORT DISPLAYED IN ASSIGNED WORK | 3 | J. QUANTITY OF WORK |

PAY STATUS: FROM $ .65   TO $ .65   FROM: JOB NO.   TO; JOB NO.

| | | | |
|---|---|---|---|
| TOTAL # Hours Assigned: | 7 | TOTAL # Hours Worked: | 7 |

| INMATE ASSIGNED TO | DATE ASSIGNED | ACTUAL WORK CONSISTS OF | PERIOD COVERED BY REPORT |
|---|---|---|---|
| FAB-I.011 (I13) | 04-19-2000 | Sewing Machine Operator | QUARTERLY |

RECOMMENDED FOR: ☐ REASSIGNMENT ☒ RETAIN ☐ PAY INCREASE ☐ PAY DECREASE   INMATES INITIALS

COMMENTS (IF MORE SPACE IS NEEDED, USE REVERSE SIDE) Doing good job, has good
quality and gets along well with other workers.

CODE OF SAFE PRACTICES REVIEWED
SUPV'S INITIALS:   INMATES INITIALS:

| SUPERVISOR | LENGTH OF SUPERVISION | WORK DETAIL | ETHNICITY |
|---|---|---|---|
| C. Lopez | 26 Months | JACKET FACT | BLA |

| INMATES NAME | | CDC NUMBER | INSTITUTION | DATE |
|---|---|---|---|---|
| HILL, RAYNARD | Cell: 2347 | H-43428 | CMC-East | 10-31-2000 |

*ISSUED 12-6-00*

00813

PG 1

HILL H43428

A.  DESCRIBE PROBLEM CONT.

This falsified CDC 101 Work Report was placed in Appellants C-File, T/m Work History file & T/m Employability web-site etc. and will effect Appellant in the future if taken as true.

"Issues"

- 1. Appellant had recenty recieved a CDC 128B-1 (recommending an adverse action) which is presently on Appeal Log# CMC-E-01-0031

- 2. Prior to said 128-B, Appellant has an excellent work history, and no prior disciplinary actions or counseling, and was recomended for a pay increase to 90¢ (Pay grade 2-B)

- 3. Said CDC 101 Work Report C. Lopez falsified, giving Appellant a unsatisfactory T/m Work Report was to justify & authorize a reduction in Appellants pay increase & an additional 10¢ of Appellant's present pay scale, and is a punishment without Due Process per (DOM) 51121.12.

- 4. Appellants skill & knowledge as well as abilities to operate & use tools & equipment has not diminished at all, if anything they have increased. So those statements / remarks, as well as being supervised by C. Lopez for my 29 months of assignment, is false.

    C. Lopez & F. Villarreal abused their authority & dereliction of their assigned duties & responsibilities, and is not adequately trained, supervised or controled in Rules, Regulations, & Policies. And is in violation of PC 132, CCR. Title 15. 3391, 3004 codes, CDOM 51121.12, These actions are prohibited and brings disrespect on the Dept. of Corrections.

OVER

00814

STATE OF CALIFORNIA                                            DEPARTMENT OF CORRECTIONS

CDC 1858 (2/97)

# RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

**Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:**

YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER [this includes a departmental peace officer] FOR ANY IMPROPER POLICE [or peace] OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS' [or inmates'/parolees'] COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. CITIZEN [or inmate/parolee] COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.

IT IS AGAINST THE LAW TO MAKE A COMPLAINT THAT YOU KNOW TO BE FALSE. IF YOU MAKE A COMPLAINT AGAINST AN OFFICER KNOWING IT IS FALSE, YOU CAN BE PROSECUTED ON A MISDEMEANOR CHARGE. [An inmate/parolee who makes a complaint against a departmental peace officer, knowing it is false, may be issued a serious disiplinary rule violation, in addition to being prosecuted on a misdemeanor charge.]

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED | |
|---|---|---|---|
| INMATE/PAROLEE PRINTED NAME<br>KAYNARD B HILL | INMATE/PAROLEE'S SIGNATURE<br>*Raynard B Hill* | CDC NUMBER<br>H43428 | DATE SIGNED |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED | |

DISTRIBUTION:
ORIGINAL -
Public - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant

00815

**ATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Institution/Parole Region: CMC-E    Log No. 01-0031    Category: H116

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME: HILL, R.B.    NUMBER: H43428    ASSIGNMENT: JACKET FACTORY    UNIT/ROOM NUMBER: H/234PX

A. Describe Problem: STAFF COMPLAINT PER PC 148.6, F. VILLAREAL, C. LOPEZ, & R. JOHNSON IS IN VIOLATION OF THE FOLLOWING RULES & REGULATIONS LISTED IN THE TITLE-15, SECTIONS 3312. DISCIPLINARY METHODS, SEC 3391(a) CONDUCT, SEC 3400 FAMILIARITY, SEC 3004(a)(C) RIGHTS & RESPECT OF OTHERS, 3188(a)(1)(4X,b)(C) TOBACCO SMOKING POLICY.

If you need more space, attach one additional sheet.

B. Action Requested: AN INVESTIGATION PER (D.O.M) 31140.7 STAFF MISCONDUCT, TREATED IN LINE WITH PROGRESSIVE DISCIPLINARY METHODS, NOT BE GIVEN DIFFERENTIAL TREATMENT, RETAIN 70¢ PAY RATE THAT WAS JUST SUBMITTED TO ENFORCE RULES EQUALLY TO ALL I/m's, NO REPRISAL PER SEC. 3084.1(d) (SEE ADDITIONAL PG 1)

Inmate/Parolee Signature: Raymond B Hill H43428    Date Submitted: 12/18/00

C. INFORMAL LEVEL (Date Received):

Staff Response: SEE ATTACHMENT

Copies of Original single Page Attachment provided to I/m Hill R.B.

Staff Signature: [signature]    Date Returned to Inmate: 12/27/00

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

STAFF FAILED TO APPLY DISCIPLINARY METHODS EQUALLY TO ALL INMATES, FAILED TO RESPOND TO THE DIFFERENTIAL TREATMENT WHERE I/m's WITH SAME OR WORSE OFFENSES, RECIEVED MINOR DOCUMENTATION, NO ACTION, OR JUST COUNSELED WITH "NO REDUCTION OF PAY", & USED CHARACTER ASSASSINATION & FALSE STATEMENTS IN 128A'S WORK SUPV REPORT, TO JUSTIFY ACTIONS REGISTERED AGAINST I/m (SEE ADDITIONAL PG 1)

Signature: Raymond B Hill H43428    Date Submitted: 1-24-01    CDC Appeal Number:

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim.

FEB 2 6 2001

JAN 5 2001

CMC APPEALS OFFICE

00816

HILL, H-43428
CASE NO. 0007237
PAGE 2

**California Penal Code Section (PC) 832.7.    Personnel records; confidentiality;    discovery;    exceptions;    complaint    disposition notification.**

(a) Peace officer personnel records and records maintained by any state or local agency pursuant to Section 832.5, or information obtained from these records, are confidential and shall not be disclosed in any criminal or civil proceeding except by discovery pursuant to Sections 1043 and 1046 of the Evidence Code. This section shall not apply to investigations or proceedings concerning the conduct of police officers or a police agency conducted by a grand jury, a district attorney's office, or the Attorney General's office.

(e) The department or agency shall provide written notification to the complaining party of the disposition of the complaint within 30 days of the disposition.

**PC 832.8.  Personnel records.**

As used in Section 832.7, "personnel records" means any file maintained under that individual's name by his or her employing agency and containing records relating to any of the following:

(d) Employee advancement, appraisal, or discipline.

(e) Complaints, or investigations of complaints, concerning an event or transaction in which he or she participated, or which he or she perceived, and pertaining to the manner in which he or she performed his or her duties.

**California Code of Regulations, Title 15, Section (CCR) 3004. Rights and Respect of Others.**

(a) Inmates and parolees have the right to be treated respectfully, impartially, and fairly by all employees. Inmates and parolees have the responsibility to treat others in the same manner. Employees and inmates may use first names in conversation with each other when it is mutually acceptable to both parties.

(b) Inmates, parolees and employees will not openly display disrespect or contempt for others in any manner intended to or reasonably likely to disrupt orderly operations within the institutions or to incite or provoke violence.

(c) Inmates, parolees and employees will not subject other persons to any form of discrimination because of race, religion, nationality, sex, political belief, age, or physical or mental handicap.

**CCR 3391.  Employee Conduct.**

(a) Employees shall be alert, courteous, and professional in their dealings with inmates, parolees, fellow employees, visitors and members of the public. Inmates and parolees shall be addressed by their proper names, and never by derogatory or slang reference. Prison numbers shall be used only with names to summon inmates via public address systems. Employees shall not use indecent, abusive, profane, or otherwise improper language while on duty. Irresponsible or unethical conduct or conduct reflecting discredit on themselves or the department, either on or off duty, shall be avoided by all employees.

State of California

# M e m o r a n d u m

**Date**     : May 25, 2001

**To**       : HILL, RAYNARD
            H-43428
            CALIFORNIA MEN'S COLONY - EAST, ROOM 1302X

**From**     : Second Level Appeals Office
            California Men's Colony (CMC), San Luis Obispo, CA 93409

**Subject**  : CMC APPEAL LOG #E-01-0031
            **SECOND LEVEL REVIEW**

ACTION REQUESTED:    PROGRESSIVE DISCIPLINE BE ADMINISTERED AND
                     $.70 PER HOUR PAY RATE BE REINSTATED.

A review of your appeal has been completed. Your complaint, including requested remedial action, has received careful consideration. You claim that progressive disciplinary methods were not followed when you were caught attempting to leave the Prison Industry Authority (PIA) Jacket Factory with contraband. You contend that instead of being given a California Department of Corrections (CDC) 128-A, Custodial Counseling Chrono, and having a reduction in your pay, you should have merely been given a verbal warning as are other inmates in PIA who are guilty of similar misbehavior.

Review shows that on 12/11/00, you were discovered attempting to smuggle contraband, specifically elastic material on which you had sewn jacket snaps, out of the Jacket Factory. You were verbally counseled by your supervisor regarding your misconduct and you were informed that you would be receiving a reduction in your pay rate. These actions were then documented on a CDC 128-B, General Chrono, dated 12/13/00.

A CDC 101, Work Supervisor's Report, dated 12/18/00 and signed by C. Lopez, Supervisor of the Jacket Factory, reflects that your work performance as a sewing machine operator had declined and as a result, your pay rate would be reduced from $.65 to $.55 per hour.

The rules of the Department governing inmate pay rates and disciplinary methods are contained in the California Code of Regulations (CCR), Title 15, Division 3, Sections 3041.2 and 3312. Applicable portions of these Sections are cited herein:

> **3041.2. Inmate Pay Rates.**
> *(a) Pay rates established at each facility for paid inmate assignments shall be commensurate with the level of skill and productivity required of each assignment at such facility.*
> *(b) Pay increases shall not be automatic or based on the inmate's longevity in an assignment. Raises or reductions in an inmate's pay rate shall be based on the work/training supervisor's recommendation and the inmate's work/training performance reports.*
> *(d) The reason for any reduction in the rate of pay provided an inmate, including either removing the pay status from their assignment or reassigning*

00817

**SECOND LEVEL REVIEW**
CMC Log #E-01-0031
Page Three

APPEAL PARTIALLY GRANTED                REVIEWED AND APPROVED


D. E. FREEHAUF                          W. A. DUNCAN
ASSOCIATE WARDEN                        WARDEN
INMATE SERVICES

DEF:DEW:rw

cc: C-File, Appeals File

ADDITIONAL pg 1          HILL H43428

On 12-11-00, approx 3:30 pm, I was observed leaving shop with contraband by C. Lopez. A friend asked me to put (4) snaps on a piece of black elastic, to be used for a back brace. In my 2 yrs working in Jacket Line, I never have seen this type of material, and never have or had any access to such material. If I'd known or thought this type of material could've came from the shop, I wouldn't have brought it in, leave, and came back a second time with it, to retrieve a lunch sack that I asked Mr. Johnson if I could get. I know I am guilty of not asking permission to bring something in, and the (4) snaps. In my 2 yrs, I've had no type of disciplinary action against me, my work performance speaks for itself (see work performance reports). Recommendation & paperwork was put in for me a raise to 70¢ (B) slot, after over a year of waiting and being skipped over. Do to my skill level & my quality of work, I've worked hard & deserve my pay. According to disciplinary methods, and actions taken by staff in Jacket Factory, a warning or 128A was appropriate. Due to the lenientcy taken on more severe, and similar incidents. To deduct my pay, and not none of the following inmates caught with contraband, material out of the shop, & smoking in the shop, is a clear sign of discriminatory & differenial treatment by staff members towards me and other inmates.

**\* List of incidents of inmates use of shop material as contraband:**

1. F. Villereal: Danny Wolff C4428 (wht) took gray quilt material approx 11 mo out of shop concelled & without permission. Was caught by Plaza staff and returned to shop. Disposition: Nothing!

2. R. Johnson: Don McCutcheon C46888 (wht) & Alen Lawton K20489 approx 3 mo (wht) was caught making shower bags out of blue quilt material. Was taken by Johnson. Disposition: Nothing!

HILL H43428

3. R. Johnson: PAUL RUNDY K55555 (WHT) WAS CAUGHT WITH
approx. PIECE OF LEATHER MATERIAL AND A PIECE OF THE SAME
$2.10^{00} BLACK ELASTIC IN QUESTIONED. DISPOSITION: TAKEN, NO WRITE
UP OR REDUCTION OF PAY

4. C. LOPEZ: ANGEL OCHOA D04172 (MEX) WAS CAUGHT WITH
$12.13^{00} LEATHER MATERIAL, MAKING A CD PLAYER CASE
DISPOSITION: NOTHING

5. C. LOPEZ: JONAS UKSTIN K31969 (MEX) 3190X, ASKED MS
LOPEZ HOW TO SHORTEN SLEEVES ON A STATE ISSUED 4864
CDC JACKET (ALTERING STATE PROPERTY) DURING WORK HRS, HE
CUT SLEEVES AND PUT 4865 KNIT CUFF IN SLEEVE.
NO DISPOSITION

* SINCE FIRE IN BOOT FACTORY & HEALTH & SAFTY CONCERNS.
TOP MANAGEMENT DEMANDED STRICT ENFORCEMENT & SEVER
PENELTIES IF CAUGHT SMOKING OR SMOKING ITEMS IN PIA

1. R. JOHNSON: RICHARD WOLFF J79777 (WHT) CAUGHT
$6.00^{00} SMOKING IN BATHROOM OF SHOP
DISPOSITION: WRITE UP, NO REDUCTION OF PAY

2. C. LOPEZ: DAMION MERRZ P72117 (MEX) & RAYMUNDO
$30.00^{00} GILL (MEX) CAUGHT SMOKING IN BATHROOM OF SHOP, SETTING
OFF SMOKE ALARM
DISPOSITION: NOTHING (DON'T DO IT AGAIN)

3. R. JOHNSON: JAMES SMITH J29904 (WHT) WAS CAUGHT
$17.00^{00} WITH CIGARRETT
DISPOSITION: 128A WARNING

* IN ALL OF THESE INSTANCES WHERE CONTRABAND, SHOP
MATERIAL USED, & SMOKING, NO ONE ELSE RECIEVED
A REDUCTION OF PAY. C. LOPEZ GAVE ME AN ULTA-
MADUM OF A REDUCTION OF PAY FOR A JOB CHANGE.
I WORKED HARD AND A LONG TIME TO REACH THIS
LEVEL OF PAY, AND WILL DO WHATEVER TO KEEP IT.

INFORMAL    HILL H43428

STAFF RESPONSE:

Partially granted, no reprisal per title 15, sec. 3084.1(d). Denied, staff
misconduct, disciplinary methods, differential treatment, .70 pay raise and
enforcement of rules equally.

In an attempt to resolve the above issues on 12/27/00, it was pointed out why
you received a CDC 128A on 12/11/00 and the withdrawal of recommendation
for a pay raise.

Noted in the CDC 128A, you left the factory after the shake down and reentered
the factory for something you claimed you forgot. Upon leaving again, your sack
lunch was inspected. However, Supervisor Lopez observed something that you
were trying to conceal in your jacket. When asked by Supervisor Lopez what was
in your jacket, you stated "nothing". When your jacket was searched by
Supervisor Lopez, a piece of elastic and PIA materials (jacket snaps) was
discovered in your jacket. At that point it was necessary to document what
transpired since you reentered the factory after the shake down and tried to leave
again with contraband.

In Title 15, section 3312. Disciplinary Methods.

(a) Inmate misconduct shall be handled by:

1. Verbal counseling. Staff may respond to minor misconduct by verbal
   counseling. When verbal counseling achieves corrective action, a written
   report of the misconduct or counseling is unnecessary.

Section 2 reads in part and applies to your CDC 128A.

Custodial Counseling Chrono. When similar misconduct recurs after verbal
counseling or if documentation of minor misconduct is needed, a description of
the misconduct and a counseling provided shall be documented on a CDC 128A.
During your counseling, you were informed that your recommendation for a pay
raise was withdrawn because of the CDC 128A and a reduction from your current
pay rate of 3A .65 to 3C .55 with an attached CDC 101 and a copy of the CDC
128A to support the reduction.

Through your own admission, you brought in contraband, used PIA materials
(jacket snaps) and misused PIA equipment to sew and attach snaps and tried to
remove the contraband from the factory. All of this justifies the CDC 128A.
During the next payroll period, your performance will be evaluated and you could
receive recommendation for a pay raise.

Frank Villarreal
Superintendent II
PIA Fabric Products

some form of fairness & equality in treatment in respect to other I/m workers in Jacket Factory, who has been in the same or worst situations as I, but reached no solution. I made it very clear to Mr. F. Villarreal that I hold no animosity, resentment, or ill feelings toward any staff or inmate, as a result to the 128A. But when disciplinary policy include "Warning", "Counseling", "128A and/or Documentation", "115'ec in progressive disciplinary terms. When I have 2 yrs of service, good work history, no prior misconduct, why was a "reduction of pay warranted in my case, and with other I/ms stayed at same pay or recieved a raise." Allen Lawton contraband shop material .55¢ to .60¢, Damion Meraz smoking in shop .30¢ to .35¢

On or approx. 12-6-00 the entire shop recieved work supv. reports. Some were dated in October, and other in November. Report states "good job, good quality, & #2 &#3 grades in all catogories. Two weeks later, due to incident, another work supv. report was done, and 2 catogories was switched to below average #4. I asked Mr. F. Villarreal why this was done?, for my skill or knowlege has not diminished, or the use of tools & equipment. F.V. told me that Mr. Paul Kelly would not accept a reduction in pay without some form of justification. So the below average grades in work supv. report was done to convince Paul Kelly that a reduction of pay is justified, which is slander and a false report. (See Work supv. reports). I was given an ultimadium, either a reduction in pay or a job change. I asked to think about it, and next thing I see on a 128A is that I was "not receptive to counseling" another justifacation for action requested.

I explained to F.V. on how disciplinary methods were not applied properly, and actions taken was overly excessive and differential treatment

00822

\* FIRST LEVEL

F. CONT.

1) APPELLANT CONTINUES TO EXHIBIT THE SAME QUALITY, SKILL, & KNOWLEDGE SINCE ARRIVING IN JACKET FACTORY IN 1998. MY ABILITY TO PERFORM MY ASSIGNED DUTIES HAS NOT DIMINISHED IN ANY FASHION, AND HAVE REMAINED AT THE SAME HIGHLY-SKILLED SEWING OPERATION (OVERLOCK) IN THE SHOP.

2) WHERE DOES THE LEVEL OF PROGRESSIVE DISCIPLINARY BEGINS FOR A FIRST-TIME OFFENDER WITH 2YRS OF ASSIGNMENT, WITH AN EXCELLENT WORK HISTORY WITH GRADING OF AVERAGE TO ABOVE AVERAGE PERFORMER (SEE WORK REPORTS), WHO HAS NO PRIOR DISCIPLINARY ACTION TAKEN OR COUNSELING.

3) TO REDUCE MY PAY-RATE TOTALLING 15¢, PLACING ME BEHIND APPROX. 15 OTHER Tm's OF LESSER SKILLS, KNOWLEDGE, OR ABILITY, IS EXCESSIVE, DISCRIMINATORY, BIAS, AND AN ABUSE OF AUTHORITY TOWARDS APPELLANT.

4) ON 2-15-01, I RECIEVED ANOTHER CDC 101 WORK REPORT THAT STATES A CONSCIENTIOUS & STEADY WORKER. ALL CATEGORY GRADING WERE 2 & 3's (AVERAGE & ABOVE AVERAGE) WHICH SHOWS A MOTIVE BEHIND FALSIFIED CDC 101 WORK REPORT WRITTEN BY C. LOPEZ AND APPROVED by F. VILLAREAL WHICH IS A VIOLATION OF PC 132 A Felony.

*[signature]*

F-43498

2-23-01

STATE OF CALIFORNIA
CDC 101 (Rev. 4/82)

## WORK SUPERVISOR'S REPORT

DEPARTMENT OF CORRECTIONS

| GRADES | GRADE | | GRADE | |
|---|---|---|---|---|
| 1 = Exceptional | 3 | A. Demonstrated Skill and Knowledge | 2 | F. Teamwork and Participation |
| 2 = Above Average | 2 | B. Attitude Toward Fellow Inmates and Workers | 3 | G. Learning Ability |
| 3 = Satisfactory | 2 | C. Attitude To Supervisors and Staff | 3 | H. Use of Tools and Equipment |
| 4 = Below Average | 3 | D. Interest in Assigned Work | 3 | I. Quality of Work |
| 5 = Unsatisfactory | 3 | E. Effort Displayed in Assigned Work | 3 | J. Quantity of Work |

| PAY STATUS: From $ 5C.30 | To $ 5A.40 | From Job No. .029 | To Job No. same |
|---|---|---|---|

| Total No. Hours Assigned 7 | Total No. Hours Worked 7 | | LENGTH OF SUPERVISION 2 months |
|---|---|---|---|

| SUBJECT ASSIGNED TO FAB-I.029 | DATE ASSIGNED 8/21/98 | ACTUAL WORK CONSISTS OF: Sewing Machine Operator | PERIOD COVERED BY REPORT Monthly |
|---|---|---|---|

RECOMMEND FOR: ☐ REASSIGNMENT   ☒ RETAIN   ☐ PAY INCREASE   ☐ PAY DECREASE   INMATE'S INITIALS

COMMENTS (IF MORE SPACE REQUIRED, USE REVERSE SIDE)
Demonstrates teamwork and willingness, outstanding learning ability.

| SUPERVISOR R. Johnson, Supvr | WORK DETAIL PIA | ETHNICITY Black |
|---|---|---|
| INMATE'S NAME Hill, Raynard | NUMBER H-43428 | INSTITUTION CMC-East | DATE 10/98 |

---

STATE OF CALIFORNIA
CDC 101 (Rev. 4/82)

## WORK SUPERVISOR'S REPORT

DEPARTMENT OF CORRECTIONS

| GRADES | GRADE | | GRADE | |
|---|---|---|---|---|
| 1 = Exceptional | 3 | A. Demonstrated Skill and Knowledge | 3 | F. Teamwork and Participation |
| 2 = Above Average | 3 | B. Attitude Toward Fellow Inmates and Worker | 3 | G. Learning Ability |
| 3 = Satisfactory | 2 | C. Attitude To Supervisors and Staff | 3 | H. Use of Tools and Equipment |
| 4 = Below Average | 2 | D. Interest in Assigned Work | 3 | I. Quality of Work |
| 5 = Unsatisfactory | 2 | E. Effort Displayed in Assigned Work | 3 | J. Quantity of Work |

| PAY STATUS: From $0.60 | To $ $0.60 | From Job No. | To Job No. | LENGTH OF SUPERVISION |
|---|---|---|---|---|

| Total No. Hours Assigned | Total No. Hours worked | | | 24 MONTHS |
|---|---|---|---|---|

| SUBJECT ASSIGNED TO FAB-I.007 | DATE ASSIGNED 7/16/99 | ACTUAL WORK CONSISTS OF CUTTER, MACHINE (any industry) | PERIOD COVERED BY REPORT QUARTERLY |
|---|---|---|---|

RECOMMENDED FOR:   ☐ REASSIGNMENT   ☒ RETAIN   ☐ PAY INCREASE   ☐ PAY DECREASE   INMATE'S INITIALS

COMMENTS (IF MORE SPACE REQUIRED, USE REVERSE SIDE)
DILIGENT WORKER; OUTPUT VERY GOOD. NEEDS VERY LITTLE SUPERVISION. FRIENDLY AND HELPFUL.

| SUPERVISOR R. Johnson, Industrial Supervisor | WORK DETAIL P.I.A. | ETHNICITY BLACK |
|---|---|---|
| INMATE'S NAME HILL, RAYNARD | NUMBER H-43428 | INSTITUTION CMC-E | DATE 8/25/99 |

---

STATE OF CALIFORNIA
CDC-101 (1/92)

## WORK SUPERVISOR'S REPORT

DEPARTMENT OF CORRECTIONS

| GRADES | GRADE | | GRADE | |
|---|---|---|---|---|
| 1 = EXCEPTIONAL | 3 | A. DEMONSTRATED SKILL AND KNOWLEDGE | 2 | F. TEAMWORK AND PARTICIPATION |
| 2 = ABOVE AVERAGE | 2 | B. ATTITUDE TOWARD FELLOW INMATES AND WORKERS | 3 | G. LEARNING ABILITY |
| 3 = SATISFACTORY | 3 | C. ATTITUDE TOWARD SUPERVISORS AND STAFF | 3 | H. USE OF TOOLS AND EQUIPMENT |
| 4 = BELOW AVERAGE | 2 | D. INTEREST IN ASSIGNED WORK | 2 | I. QUALITY OF WORK |
| 5 = UNSATISFACTORY | 3 | E. EFFORT DISPLAYED IN ASSIGNED WORK | 3 | J. QUANTITY OF WORK |

| PAY STATUS: FROM $ .65 | TO $ .65 | FROM JOB NO. | TO: JOB NO. |
|---|---|---|---|

| TOTAL # Hours Assigned: 7 | TOTAL # Hours Worked: 7 | |
|---|---|---|

| INMATE ASSIGNED TO FAB-I.011  (I13) | DATE ASSIGNED 04-19-2000 | ACTUAL WORK CONSISTS OF Sewing Machine Operator | PERIOD COVERED BY REPORT QUARTERLY |
|---|---|---|---|

RECOMMENDED FOR:   ☐ REASSIGNMENT   ☒ RETAIN   ☐ PAY INCREASE   ☐ PAY DECREASE   INMATES INITIALS

| COMMENTS (IF MORE SPACE IS NEEDED, USE REVERSE SIDE) Doing good job, has good quality and gets along well with other workers. | CODE OF SAFE PRACTICES REVIEWED SUPV'S INITIALS: | INMATES INITIALS |
|---|---|---|

| SUPERVISOR C. Lopez | LENGTH OF SUPERVISION 26 Months | WORK DETAIL JACKET FACT | ETHNICITY BLA |
|---|---|---|---|
| INMATES NAME HILL, RAYNARD | Cell: 2347 | CDC NUMBER H-43428 | INSTITUTION CMC-East | DATE 10-31-2000 |

ISSUED 12-6-00

...at approximately 1525 hours, a 12/11/00, while performing the routine shake down for work release of the PIA Jacket Factory. Inmate Hill came back to the Factory and stated, " I forgot something ", he then headed towards his designated work area. As Hill was leaving the Factory for the second time, I noticed that his jacket was suspiciously rolled up in his hand. I asked Hill what was in the jacket, and he stated, " nothing ". I then searched the jacket and discovered hidden contraband rolled up inside his jacket. I recognized the contraband as being PIA Jacket Factory material (Black Elastic approx. 8" x 30" and approx. 5 jacket snaps). Inmate Hill was counseled the next morning by myself and F. Villarreal, Superintendent II. He was informed that he would be receiving a pay reduction as this is PIA policy. Inmate Hill appeared not to be receptive to counseling.

Orig:  C File
       PIA File
       Jacket Factory
       Inmate

C. LOPEZ
Supervisor
Jacket Factory

F. VILLARREAL
Superintendent II
Jacket Factory

DATE 12/13/00

**** PAY REDUCTION ****    CMC-E    GENERAL CHRONO

---

STATE OF CALIFORNIA
CDC 101 (Rev 1 82)

## WORK SUPERVISOR'S REPORT

DEPARTMENT OF CORRECTIONS

| GRADES | GRADE | | GRADE | |
|---|---|---|---|---|
| 1 = Exceptional | 4 | A. Demonstrated Skill and Knowledge | 2 | F. Teamwork and Participation |
| 2 = Above Average | 2 | B. Attitude Toward Fellow Inmates and Workers | 3 | G. Learning Ability |
| 3 = Satisfactory | 3 | C. Attitude To Supervisors and Staff | 4 | H. Use of Tools and Equipment |
| 4 = Below Average | 3 | D. Interest in Assigned Work | 3 | I. Quality of Work |
| 5 = Unsatisfactory | 3 | E. Effort Displayed in Assigned Work | 3 | J. Quantity of Work |

PAY STATUS: From $ .65    To $ .55    From Job No. 3A    To Job No. 3C
Total No. Hours Assigned 7    Total No. Hours Worked 7

SUBJECT ASSIGNED TO: Jacket Factory    DATE ASSIGNED 8-20-98    ACTUAL WORK CONSISTS OF: Sewing Machine Operator    LENGTH OF SUPERVISION / PERIOD COVERED BY REPORT

RECOMMEND FOR: ☐ REASSIGNMENT    ☐ RETAIN    ☐ PAY INCREASE    ☒ PAY DECREASE

COMMENTS: Received a CDC-128 on 12-13-00 for possession of contraband and attempting to remove items from factory...

SUPERVISOR C. Lopez

INMATE'S NAME: HILL, RAYNARD    NUMBER H-43428    WORK DETAIL Jacket Ln.    ETHNICITY Blk    INSTITUTION CMC-EAST    DATE 12-18-00

---

STATE OF CALIFORNIA
CDC-101 (1/92)

## WORK SUPERVISOR'S REPORT

DEPARTMENT OF CORRECTIONS

| GRADES | GRADE | | GRADE | |
|---|---|---|---|---|
| 1 = EXCEPTIONAL | 3 | A. DEMONSTRATED SKILL AND KNOWLEDGE | 3 | F. TEAMWORK AND PARTICIPATION |
| 2 = ABOVE AVERAGE | 2 | B. ATTITUDE TOWARD FELLOW INMATES AND WORKERS | 3 | G. LEARNING ABILITY |
| 3 = SATISFACTORY | 3 | C. ATTITUDE TOWARD SUPERVISORS AND STAFF | 3 | H. USE OF TOOLS AND EQUIPMENT |
| 4 = BELOW AVERAGE | 2 | D. INTEREST IN ASSIGNED WORK | 3 | I. QUALITY OF WORK |
| 5 = UNSATISFACTORY | 3 | E. EFFORT DISPLAYED IN ASSIGNED WORK | 3 | J. QUANTITY OF WORK |

PAY STATUS: FROM $    TO $    FROM JOB NO.    TO JOB NO.
TOTAL # Hours Assigned: 7    TOTAL # Hours Worked: 7

INMATE ASSIGNED TO: FAB-I.011  (113)    DATE ASSIGNED 04-19-2000    ACTUAL WORK CONSISTS OF: Sewing Machine Operator    PERIOD COVERED BY REPORT QUARTERLY

RECOMMENDED FOR: ☐ REASSIGNMENT    ☒ RETAIN    ☐ PAY INCREASE    ☐ PAY DECREASE

COMMENTS: ...ets along well with others. Conscientious and steady worker.    CODE OF SAFE PRACTICES REVIEWED SUPVS INITIALS

SUPERVISOR C. Lopez    LENGTH OF SUPERVISION 29 Months    WORK DETAIL JACKET FACT    ETHNICITY BLA
INMATES NAME HILL, RAYNARD    Cell: 2347    CDC NUMBER H-43428    INSTITUTION CMC-East    DATE 02-01-2001

00825

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date: MAY - 4 2001

In re:    Hill, H-43428
          California Men's Colony
          P.O. Box 8101
          San Luis Obispo, CA 93409-8101

          IAB CASE NUMBER:      0003285
          LOCAL LOG NO.:        CMC 00-1174

This matter was reviewed on behalf of the Director of the California Department of Corrections (CDC) by Appeals Examiner T. Surges, Staff Services Manager I.

### ISSUE

Whether or not staff acted appropriately on the appellant's request.

### ARGUMENTS

#### I

It is the appellant's position that he was inappropriately charged for a doctor's visit. The appellant claims that he should not have to pay the $5.00 inmate copayment for medical services since the visit was a follow-up to a prior visit. The appellant states that he only sought a refill for medications that had already been prescribed. He states the fee should be waived in accordance with the departmental regulations.

The appellant requests on appeal that the $5.00 copayment be returned.

#### II

It is staff's position that the appellant requested a medical evaluation on June 15, 2000. At the visit, he requested Tylenol for shoulder pain. The appellant's health care record shows that he had received prescriptions for ibuprofen on June 9, 2000 and on June 12, 2000. Staff state that the inmate initiated the medical visit in question; therefore, departmental regulations require that an inmate copayment for medical services be collected. The appeal was denied at the Second Level of Review.

### FINDINGS

The rules governing this issue are:

0003285

HILL, H-43428
CASE NO. 0003285
PAGE 2

**California Code of Regulations, Title 15, Section (CCR) 3350. Provision of Medical Care and Definitions.**

(a) The department shall only provide medical services for inmates which are based on medical necessity and supported by outcome data as effective medical care. In the absence of available outcome data for a specific case, treatment will be based on the judgment of the physician that the treatment is considered effective for the purpose intended and is supported by diagnostic information and consultations with appropriate specialists. Treatments for conditions which might otherwise be excluded may be allowed pursuant to section 3350.1(d).

(b) For the purposes of this article, the following definitions apply:

(1) Medically Necessary means health care services that are determined by the attending physician to be reasonable and necessary to protect life, prevent significant illness or disability, or alleviate severe pain, and are supported by health outcome data as being effective medical care.

(2) Outcome Study means the definition, collection and analysis of comparable data, based on variations in treatment, concerning patient health assessment for purposes of improving outcomes and identifying cost-effective alternatives.

(3) Outcome Data mean statistics such as diagnoses, procedures, discharge status, length of hospital stay, morbidity and mortality of patients, that are collected and evaluated using science-based methodologies and expert clinical judgment for purposes of outcome studies.

(4) Severe pain means a degree of discomfort that significantly disables the patient from reasonable independent function.

(5) Significant illness and disability means any medical condition that causes or may cause if left untreated a severe limitation of function or ability to perform the daily activities of life or that may cause premature death.

**CCR 3354.2. Inmate Copayment for Health Care Services.**

(a) The terms below are defined for the purposes of this section:

(1) Inmate-initiated means that the inmate sought health care service through Department staff, or reported to health care staff for consultation and/or treatment without having first been contacted or scheduled by health care staff.

(2) Health care services means medical, mental health, dental, pharmaceutical, diagnostic and ancillary services to identify, diagnose, evaluate, and treat a medical, psychiatric, or dental condition.

(3) Health care staff means those persons licensed by the state to provide health care services, who are either employed by the Department or are under contract with the Department to provide health care services.

(b) Inmates shall be provided an opportunity to report an illness or any other health problem and receive an evaluation of the condition and medically necessary treatment and follow-up by health care staff.

(c) Inmates shall be charged and inmates shall pay a fee of five dollars ($5.00) for each inmate-initiated health care visit. The fee for this visit shall:

(1) Cover the evaluation, assessment, and medically necessary treatment, including follow-up services that relate to the initial condition and which are determined by health care staff to be necessary.

(2) Be charged to the trust account of the inmate. When the inmate is without sufficient funds at the time of the charge, and remains without

00827

HILL, H-43428
CASE NO. 0003285
PAGE 3

sufficient funds for 30 days after this time, the inmate shall not be charged for any remaining balance of the fee.

(3) Be waived for the following:

(A) Emergencies: any medical or dental condition for which evaluation and therapy, as determined by health care staff, are immediately necessary to prevent death, severe or permanent disability, or to alleviate or lessen objectively apparent and disabling pain. Signs of objectively apparent and disabling pain may include, but are not limited to, visible injuries, high blood pressure, rapid heart rate, sweating, pallor, involuntary muscle spasms, nausea and vomiting, high fever, and facial swelling. Emergency also includes, as determined by health care staff, necessary crisis intervention for inmates suffering from situational crises or acute episodes of mental illness.

(B) Diagnosis and treatment of communicable disease conditions as outlined in Title 17, Chapter 4, Subchapter 1, Section 2500 of the California Code of Regulations, including human immunodeficiency virus and Acquired Immunodeficiency Syndrome.

(C) Diagnosis and necessary mental health treatment for which there is a clinical determination of mental illness.

(D) Follow-up health care services defined as any request or recommendation by a member of the health care staff to provide subsequent health care services.

(E) Health care services necessary to comply with state law and/or regulations that shall include, but not be limited to, annual testing for tuberculosis.

(F) Reception center health screening and evaluation.

(G) Inpatient services, extended care, or skilled nursing services.

All submitted documentation and supporting arguments of the parties have been considered. The documentation and arguments presented are persuasive that the appellant has failed to support his appeal issue with sufficient evidence or facts to warrant a modification of the Second Level response.

The CCR 3354.2(c) specifies when an inmate shall and shall not be charged a copayment for health care services. A copayment will be collected when the inmate initiates a request for services. The institution was correct in charging a medical copayment for the medical evaluation he received on June 15, 2000. The appellant has presented an unconvincing argument in support of his requested actions.

## DECISION

The appellant's request was appropriately denied.

The appeal is denied.

## ORDER

No changes or modifications are required by the institution.

00828