RAYNARD B. HILL H43428

USATF, F3-285LOW
PO BOX 7100
CORCORAN, CA 93212

FILED

C3 JUL 25 PM 1:08

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| HILL, RAYNARD B.<br>PLAINTIFF, | CASE No. C07-3165 CRB (PR) |
|---|---|
| ✓ | PLAINTIFF'S MOTION FOR ORDER<br>TO COMPEL DISCOVERY TO DEFEND |
| CHUDY, JOSEPH ET.AL.<br>DEFENDANT. | ANT J. CHUDY M.D. |

(1) HERE COMES RAYNARD B. HILL, PLAINTIFF IN THE ABOVE

ENTITLED ACTION, BRING FORTH THIS MOTION FOR ORDER TO

COMPEL DISCOVERY UPON DEFENDANT JOSEPH CHUDY M.D.

PURSUANT TO RULE 37(a)(3) OF THE F.C.P.R.

(2) DEFENDANT FAILED TO ANSWER THE FIRST SET OF INTER

ROGATORIES PROPOUNDED UPON THE DEFENDANT, BY GIVING EVASIVE

OR INCOMPLETE ANSWERS, WHICH IS TO BE TREATED AS A FAILURE

TO ANSWER. (EX #1)

(3) IN PLAINTIFF'S ATTEMPT TO SAVE TIME & EXPENSE, ON MAY

15TH, 2008, SERVED EACH DEFENDANT A FIRST SET OF INTER-

ROGATORIES PROPOUND UPON THE DEFENDANTS. (EX#2) IN THE

CAPTION IT IDENTIFIES THE DEFENDANTS AS CHUDY, JOSEPH

ET.AL., WHERE IN ORIGINAL COMPLAINT & 1ST AMENDED

1

1. COMPLAINT LIST OTHER DEFENDANTS AS CESAR SINNACO M.D.,
2. I. GREWAL M.D.; D. POMPAN M.D. ALL ARE LICENSED
3. MEDICAL Doctors, ALL employed AT THE CALIFORNIA TRAINING
4. FACILITY in SOLEDAD, CA., AND ALL HAD DIRECT DEALINGS
5. WITH PLAINTIFF'S MEDICAL CARE AND MEDICAL FILE INTO ONE
6. EXTENT OR ANOTHER.
7. (4) INTERROGATORIES ARE BASED ON FACTS THAT ARE LOCATED
8. in PLAINTIFF'S CDC MEDICAL FILE, Documents SUBMITTED AS
9. EXHIBITS in Complaint, AND Common MEDICAL KnowLEGE
10. AND PRACTICES THAT FOUR MEDICAL PROFESSIONALS SHOULD
11. BE ABLE TO ASCERTAIN.
12. (5) DEFENDANTS Counsel ON JUNE 2ND, 2008, SUBPOENA
13. CSATF's LITIGATIONS Coordinator FOR MEDICAL & Central
14. File RECORDS OF PLAINTIFF'S MOVEMENT, AND ANY AND
15. ALL RECORDS PERTAINING TO RT. SHOULDER PAIN, X-RAYS,
16. MRI'S etc FROM JULY 1, 1992 TO PRESENT DAY RE-
17. GARDING RIGHT SHOULDER. (EX #3)
18. (6) DEFENDANTS Counsel IN RESPONSE TO INTERROGATORIES,
19. IS ATTEMPTING TO HINDER PLAINTIFF'S DISCOVERY PROCESS By
20. MAKING UNTRUE RESPONSES CAUSING UNNECESSARY DELAYS.
21. (7) DEFENDANT CESAR SINNACO WAS NOT LISTED AS A
22. RESPONDING DEFENDANT IN RESPONSE TO PLAINTIFF'S FIRST
23. SET OF INTERROGATORIES
24. (8) ON JULY 8TH, 2008 in DEFENDANTS RESPONSE TO THE
25. PLAINTIFF'S INTERROGATORIES, (EX #1) DEFENDANTS Counsel
26. ON ALL OF THE INTERROGATORIES, EXCLUDED ALL DEFENDANTS
27. FROM RESPONDING EXCEPT J. CHUDY. By STATING "OBJECTION,
28. THIS INTERROGATORY IS VAGUE AND AMBIGUOUS IN THAT ITS STATES

2

1. AN INCOMPLETE HYPOTHETICAL, IT IS INDEFINITE AS TO TIME,
2. AND NO SPECIFICALLY DIRECTED TO ANY DEFENDANT. SUBJECT TO
3. AND WITHOUT WAIVING THESE OBJECTIONS, AND TO THE EXTENT
4. IT CAN BE ANSWERED BY J. CHUDY MD, DIAGNOSIS & EVALUATION
5. OF ANY MEDICAL ISSUE IS SPECIFIC TO EACH INDIVIDUAL CASE,
6. OR UNKNOWN TO THIS ANSWERING DEFENDANT "
7. ⑨ PLAINTIFF'S INTERROGATORIES REQUESTING ANSWERS
8. PERTAINING TO PLAINTIFF'S MEDICAL FILE & CONDITION WHILE
9. AT C.T.F., MEDICAL PROCEDURES AT C.T.F., AND PERSONAL
10. KNOWLEGE AS A MEDICAL PROFESSIONAL
11. ⑩ DUE TO DEFENDANTS COUNSEL'S ACTIONS, ON July
12. 16, 2008, PLAINTIFF SERVED EACH OF THE OTHER DEFENDANTS,
13. NAMING THEM PERSONALLY ON THEIR OWN INDIVIDUAL FIRST
14. SET OF INTERROGATORIES TO THEIR COUNSEL.
15. ⑪ AN INTERROGATORY OTHERWISE PROPER IS NOT NECESSAR-
16. ILY OBJECTIONABLE MERELY BECAUSE AN ANSWER TO THE
17. INTERROGATORY INVOLVES AN OPINION OR CONTENTION THAT
18. RELATES TO FACT OR THE APPLICATION OF LAW TO FACT.
19.
20. PLAINTIFF ASK THE COURT TO GRANT PLAINTIFF'S MOTION
21. TO COMPEL DISCOVERY UPON DEFENDANT J. CHUDY MD, TO
22. ANSWER INTERROGATORIES FOR USE AT TRIAL.
23.
24. I DECLARE UNDER THE PENALTY OF PERJURY THAT THE
25. FOREMENTIONED IS TRUE & CORRECT, AND NOT INTER-
26. POSED FOR ANY IMPROPER PURPOSE, AS TO HARASS,
27. CAUSE UNNECESSARY DELAYS, OR INCREASE COST TO LIT-
28. IGATION

1. DATE July 22nd, 2008

2.

3.

4.

5. RAYNARD B. HILL, PLAINTIFF IN PRO SE

6.

7.

8.

9.

10.

11.

12.

13.

14.

15.

16.

17.

18.

19.

20.

21.

22.

23.

24.

25.

26.

27.

28.

EXHIBIT 1

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  PAUL T. HAMMERNESS
   Supervising Deputy Attorney General
3  JENNIFER C. ADDAMS
   Deputy Attorney General, State Bar No. 209355
4  455 Golden Gate Avenue, Suite 11000
   San Francisco, CA 94102-7004
5  Telephone: (415) 703-5382
   Facsimile: (415) 703-5480
6
   Attorneys for Defendants J. Chudy, M.D.; I. Grewal,
7  M.D.; D. Pompan, M.D.

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10

11  **RAYNARD B. HILL, JR.,**                Case No.  C 07-3165-CRB (PR)

12                              Plaintiff,   **Defendants Response to Plaintiff's
                                             Interrogatories (Set One)**
13            v.

14  **JOSEPH CHUDY, ET AL.,**

15                              Defendants.

16

17  PROPOUNDING PARTY:    Plaintiff Raynard B. Hill

18  RESPONDING PARTY:    Defendants J. Chudy, M.D.; I. Grewal, M.D.; D. Pompan, M.D.

19  SET NO.:             1

20                    **PRELIMINARY STATEMENT**

21

22        Defendants have not yet fully completed the investigation of the facts relating to this case

23  and have not yet fully completed discovery in this action. All of the responses contained herein

24  are based solely upon information and documents which are presently available to, and

25  specifically known by Defendants and disclose only those contentions which presently occur to

26  Defendants. It is anticipated that further discovery, independent investigation, legal research and

27  analysis will supply additional facts and lead to additions, changes, and variations from the

28  answers herein.

                                        1

1   The following responses are given without prejudice to the right to produce evidence or
2   witnesses which Defendants may later discover.  Defendants accordingly reserve the right to
3   change any and all responses herein as additional facts are ascertained, witnesses identified and
4   legal research is completed.  The responses contained herein are made in good faith in an attempt
5   to supply as much factual information and as much specification of legal contention as is
6   presently known and should in no way prejudice Defendants in relation to further discovery and
7   proceedings.

8   INTERROGATORY NO. 1 & 2:

9   When a inmate brings an shoulder injury to your attention, what are your procedures in
10  evaluating and diagnosing the inmates problem?

11  RESPONSE TO INTERROGATORY NO. 1:

12  Objection, this interrogatory is vague and ambiguous in that it states an incomplete
13  hypothetical, it is indefinite as to time, compound and not specifically directed to any defendant.
14  Subject to and without waiving these objections, and to the extent it can be answered by J.
15  Chudy, M.D., diagnosis of any medical issue is specific to each individual case.

16  RESPONSE TO INTERROGATORY NO. 2:

17  Objection, this interrogatory is vague and ambiguous in that it states an incomplete
18  hypothetical, it is indefinite as to time, compound and not specifically directed to any defendant.
19  Subject to and without waiving these objections, and to the extent it can be answered by J.
20  Chudy, M.D., evaluation of any medical issue is specific to each individual case.

21

22  INTERROGATORY NO. 3 (erroneously referred to as Interrogatory no. 2):

23  Once an x-ray is taken of shoulder area with a negative results, but patient is in severe
24  pain, what would be your next step or series of steps to evaluate the injury?

25  RESPONSE TO INTERROGATORY NO. 3:

26  Objection, this interrogatory is vague and ambiguous in that it states an incomplete
27  hypothetical, it is indefinite as to time and not specifically directed to any defendant. Subject to
28  and without waiving these objections, and to the extent it can be answered by J. Chudy, M.D.,

2

Defendants Response to Plaintiff's Interrogatories (Set One)

1  diagnosis and evaluation of any medical issue is specific to each individual case.

2

3  INTERROGATORY NO. 4 (erroneously referred to as Interrogatory no. 3):

4       Due to CDC lack of funding & overcrowding, what is the policy or procedures

5  concerning reducing medical cost, and elliminating [sic] unnecessary medical procedures on

6  inmates?

7  RESPONSE TO INTERROGATORY NO. 4:

8       Objection, this interrogatory is vague and ambiguous in that it states an incomplete

9  hypothetical, it is indefinite as to time, compound and not specifically directed to any defendant.

10 Subject to and without waiving these objections, and to the extent it can be answered by J.

11 Chudy, M.D., unknown to this answering defendant.

12

13 INTERROGATORY NO. 5 (erroneously referred to as Interrogatory no. 4):

14      According to CDC or medical care standards, is there any reason other than medical

15 grounds that would prevent, delay, or deny medical treatment of an inmate?

16 RESPONSE TO INTERROGATORY NO. 5:

17      Objection, this interrogatory is vague and ambiguous in that it states an incomplete

18 hypothetical, it is vague and ambiguous as to the terms "prevent," "delay" and "deny," it is

19 indefinite as to time, compound and not specifically directed to any defendant. Subject to and

20 without waiving these objections, and to the extent it can be answered by J. Chudy, M.D.,

21 unknown to this answering defendant.

22

23 INTERROGATORY NO. 6 (erroneously referred to as Interrogatory no. 5):

24      What are the determining factors in regard to rather an physician should act aggressively

25 in treatment of a patient?

26 RESPONSE TO INTERROGATORY NO. 6:

27      Objection, this interrogatory is vague and ambiguous in that it states an incomplete

28 hypothetical, it is indefinite as to time and not specifically directed to any defendant. Subject to

3

Defendants Response to Plaintiff's Interrogatories (Set One)

1 | and without waiving these objections, and to the extent it can be answered by J. Chudy, M.D.,

2 | diagnosis, evaluation and treatment of any medical issue is specific to each individual case.

3 |

4 | INTERROGATORY NO. 7 & 8 (erroneously referred to as Interrogatory no. 6):

5 | What would be your professional opinion when dealing with tendon and ligaments tears,

6 | the effect of long term delay of treatment & repair?

7 | RESPONSE TO INTERROGATORY NO. 7:

8 | Objection, this interrogatory is vague and ambiguous in that it states an incomplete

9 | hypothetical, it is indefinite as to time, compound and not specifically directed to any defendant.

10 | Subject to and without waiving these objections, and to the extent it can be answered by J.

11 | Chudy, M.D., treatment of any medical issue is specific to each individual case.

12 | RESPONSE TO INTERROGATORY NO. 8:

13 | Objection, this interrogatory is vague and ambiguous in that it states an incomplete

14 | hypothetical, it is indefinite as to time, compound and not specifically directed to any defendant.

15 | Subject to and without waiving these objections, and to the extent it can be answered by J.

16 | Chudy, M.D., repair of any patient's medical issue is specific to each individual case.

17 |

18 | INTERROGATORY NO. 9 (erroneously referred to as Interrogatory no. 7):

19 | Most institutions have a pain management program where patients with severe/cronic

20 | [sic] pain due to injury receive stronger medication controlled through med. clinic window.

21 | What are the factors in determining which patient will be placed in this program?

22 | RESPONSE TO INTERROGATORY NO. 9:

23 | Objection, this interrogatory is vague and ambiguous in that it states an incomplete

24 | hypothetical, it is indefinite as to time, assumes facts not in evidence and not specifically directed

25 | to any defendant.  Subject to and without waiving these objections, and to the extent it can be

26 | answered by J. Chudy, M.D., unknown to answering defendant.

27 | ///

28 | ///

4

1 | INTERROGATORY NO. 10 (erroneously referred to as Interrogatory no. 8):

2 | Its my understanding that physician orders for treatment of an inmate has to be approved

3 | or denied by a higher authority. Who is that higher authority?

4 | RESPONSE TO INTERROGATORY NO. 10:

5 | Objection, this interrogatory is vague and ambiguous in that it states an incomplete

6 | hypothetical, it is indefinite as to time and not specifically directed to any defendant. Subject to

7 | and without waiving these objections, and to the extent it can be answered by J. Chudy, M.D.,

8 | diagnosis and evaluation of any medical issue is specific to each individual case.

9 |

10 | INTERROGATORY NO. 11 (erroneously referred to as Interrogatory no. 9):

11 | When physician prescribed order for treatment or a procedure is given, who is responsible

12 | to assure the inmate receives that treatment or procedure?

13 | RESPONSE TO INTERROGATORY NO. 11:

14 | Objection, this interrogatory is vague and ambiguous in that it states an incomplete

15 | hypothetical, it is indefinite as to time and not specifically directed to any defendant. Subject to

16 | and without waiving these objections, and to the extent it can be answered by J. Chudy, M.D.,

17 | diagnosis and evaluation of any medical issue is specific to each individual case.

18 |

19 | INTERROGATORY NO. 12 (erroneously referred to as Interrogatory no. 10):

20 | CCI & CTF medical department contracts a M.R.I. trailer to come to the prison to

21 | perform M.R.I.'s. How often do this trailer come to the prison?

22 | RESPONSE TO INTERROGATORY NO. 12:

23 | Objection, this interrogatory is vague and ambiguous in that it states an incomplete

24 | hypothetical, it is indefinite as to time and not specifically directed to any defendant. Subject to

25 | and without waiving these objections, and to the extent it can be answered by J. Chudy, M.D.,

26 | diagnosis and evaluation of any medical issue is specific to each individual case.

27 | ///

28 | ///

5

1  INTERROGATORY NO. 13 (erroneously referred to as Interrogatory no. 11):

2       Do injured inmates who come to your prison from another prison receives procedures or

3  treatment that differentiate from those inmates who injuries occured [sic] at your prison?

4  RESPONSE TO INTERROGATORY NO. 13:

5       Objection, this interrogatory is vague and ambiguous in that it states an incomplete

6  hypothetical, it is indefinite as to time and not specifically directed to any defendant.  Subject to

7  and without waiving these objections, and to the extent it can be answered by J. Chudy, M.D.,

8  diagnosis and evaluation of any medical issue is specific to each individual case.

9

10  INTERROGATORY NO. 14 (erroneously referred to as Interrogatory no. 12):

11       Other than not having the equipment necessary, that has to be delivered periodically to

12  diagnose injuries & coarse [sic] of treatment, what are some of the other reasons why there

13  would be a delay in treatment?

14  RESPONSE TO INTERROGATORY NO. 14:

15       Objection, this interrogatory is vague and ambiguous in that it states an incomplete

16  hypothetical, it is indefinite as to time and not specifically directed to any defendant.  Subject to

17  and without waiving these objections, and to the extent it can be answered by J. Chudy, M.D.,

18  diagnosis, evaluation and treatment of any medical issue is specific to each individual case.

19

20  INTERROGATORY NO. 15 (erroneously referred to as Interrogatory no. 13):

21       When severe pain persist in rt. shoulder, and x-ray is complete with no findings.  As a

22  medical professional, when do you believe a M.R.I. is required?

23  RESPONSE TO INTERROGATORY NO. 15:

24       Objection, this interrogatory is vague and ambiguous in that it states an incomplete

25  hypothetical, it is indefinite as to time and not specifically directed to any defendant.  Subject to

26  and without waiving these objections, and to the extent it can be answered by J. Chudy, M.D.,

27  diagnosis, evaluation and treatment of any medical issue is specific to each individual case.

28

6

1 | INTERROGATORY NO. 16 (erroneously referred to as Interrogatory no. 14):

2 |     In your professional opinion, what is the maximum amount of time a patient in severe

3 | pain should be given ibuprofen on a coninueous [sic] basis?

4 | RESPONSE TO INTERROGATORY NO. 16:

5 |     Objection, this interrogatory is vague and ambiguous in that it states an incomplete

6 | hypothetical, it is indefinite as to time and not specifically directed to any defendant. Subject to

7 | and without waiving these objections, and to the extent it can be answered by J. Chudy, M.D.,

8 | diagnosis, evaluation and treatment of any medical issue is specific to each individual case.

9 |

10 | INTERROGATORY NO. 17 (erroneously referred to as Interrogatory no. 15):

11 |     Could you explain why its dangerous to the patient to receive massive amounts of

12 | ibuprofen?

13 | RESPONSE TO INTERROGATORY NO. 17:

14 |     Objection, this interrogatory is vague and ambiguous in that it states an incomplete

15 | hypothetical, is vague and ambiguous as to the term "massive amounts," it is indefinite as to

16 | time, assumes facts not in evidence and not specifically directed to any defendant. Subject to and

17 | without waiving these objections, and to the extent it can be answered by J. Chudy, M.D., and as

18 | it refers to a general, unnamed "patient" only, because the term "massive" is ambiguous, no.

19 |

20 | INTERROGATORY NO. 18 (erroneously referred to as Interrogatory no. 16):

21 |     After receiving numerous inmate request and CDC 7362 forms stating plaintiff's in

22 | extreme pain, and medication given (ibuprofen) is not effective. Why was these pleas

23 | disregarded and continued given ibuprofen?

24 | RESPONSE TO INTERROGATORY NO. 18:

25 |     Objection, this interrogatory is vague and ambiguous in that it states an incomplete

26 | hypothetical, it is indefinite as to time, assumes facts not in evidence and not specifically directed

27 | to any defendant. Subject to and without waiving these objections, and to the extent it can be

28 | answered by J. Chudy, M.D., because of the incomplete hypothetical and assumed facts this

7

1  interrogatory cannot be responded to by answering defendant other than that plaintiff was given
2  the proper diagnosis, evaluation and treatment of any medical issues that were brought to the
3  attention of the physicians at CDCR.

4

5  INTERROGATORY NO. 19 (erroneously referred to as Interrogatory no. 17):

6      Could you give me your professional opinion on why after 2 yrs of complaining of pain,
7  on 4-4-05 ibuprofen was increased from 600 mg to 800 mg. And on 8-26-05 it was reduced back
8  to 600 mg without any type of treatment being done to ellievate [sic] pain?

9  RESPONSE TO INTERROGATORY NO. 19:

10      Objection, this interrogatory is vague and ambiguous in that it states an incomplete
11  hypothetical, it is indefinite as to time, compound, states facts not in evidence and not
12  specifically directed to any defendant. Subject to and without waiving these objections, and to
13  the extent it can be answered by J. Chudy, M.D., subject to the incomplete hypothetical this
14  interrogatory cannot be responded to by answering defendant other than that plaintiff was given
15  the proper diagnosis, evaluation and treatment of any medical issues that were brought to the
16  attention of the physicians at CDCR.

17

18  INTERROGATORY NO. 20 (erroneously referred to as Interrogatory no. 18):

19      After 3 yrs of pain, on 6-21-05 Dr. Pompan examined, and Dr. Sinnaco ordered M.R.I.
20  respectively, but C.S.P. was unable to schedule M.R.I. due to large backlog of inmates. What are
21  your procedures to medical care of inmates when these kinds of situations occurs [sic]?

22  RESPONSE TO INTERROGATORY NO. 20:

23      Objection, this interrogatory is vague and ambiguous in that it states an incomplete
24  hypothetical, it is indefinite as to time, assumes facts not in evidence and not specifically directed
25  to any defendant. Subject to and without waiving these objections, and to the extent it can be
26  answered by J. Chudy, M.D., diagnosis, evaluation and treatment of any medical issue is specific
27  to each individual case.

28

8

1 | INTERROGATORY NO. 21 (erroneously referred to as Interrogatory no. 19):

2 | Plaintiff first x-ray was on 6-17-02, and second was was on 3-10-05 with the same
3 | results. So why after 3 yrs of pain & suffering, that procedures or level of care changed, received
4 | M.R.I. & order for arthoscopy [sic] surgery?

5 | RESPONSE TO INTERROGATORY NO. 21:

6 | Objection, this interrogatory is vague and ambiguous in that it states an incomplete
7 | hypothetical, it is indefinite as to time, compound, assumes facts not in evidence and not
8 | specifically directed to any defendant. Subject to and without waiving these objections, and to
9 | the extent it can be answered by J. Chudy, M.D., diagnosis, evaluation and treatment of any
10 | medical issue is specific to each individual case and plaintiff was given the proper diagnosis,
11 | evaluation and treatment of any medical issues that were brought to the attention of the
12 | physicians at CDCR.

13 |

14 | INTERROGATORY NO. 22 & 23 (erroneously referred to as Interrogatory no. 20):

15 | Could you explain why after order for arthoscopy [sic] on rt. shoulder was placed,
16 | procedure was delayed over 6 mos. and I was eventually transferred out of CTF on 9-8-06?
17 | RESPONSE TO INTERROGATORY NO. 22:

18 | Objection, this interrogatory is vague and ambiguous in that it states an incomplete
19 | hypothetical, it is indefinite as to time, compound, assumes facts not in evidence that any
20 | procedure was "delayed" and not specifically directed to any defendant. Subject to and without
21 | waiving these objections, and to the extent it can be answered by J. Chudy, M.D., yes.
22 | According to the medical records, surgery was not immediately performed because there were
23 | questions by physicians whether surgery was the correct treatment plan, and there was a missed
24 | pre-operative appointment. Subject to the incomplete hypothetical this interrogatory cannot be
25 | further responded to by answering defendant other than that plaintiff was given the proper
26 | diagnosis, evaluation and treatment of any medical issues that were brought to the attention of
27 | the physicians at CDCR.

28 | ///

9

1 | RESPONSE TO INTERROGATORY NO. 23:

2 | Objection, this interrogatory is vague and ambiguous in that it states an incomplete
3 | hypothetical, it is indefinite as to time, compound, assumes facts not in evidence that any
4 | procedure was "delayed" and not specifically directed to any defendant. Subject to and without
5 | waiving these objections, and to the extent it can be answered by J. Chudy, M.D., no. This
6 | information is unknown to answering defendant.

7 |

8 | INTERROGATORY NO. 24 (erroneously referred to as Interrogatory no. 21):

9 | Is there any medical or penalogical [sic] explanation of why between 6-17-02 - 3-10-05
10 | plaintiff was denied medical care and endured unnecessary pain & suffering?

11 | RESPONSE TO INTERROGATORY NO. 24:

12 | Objection, this interrogatory is vague and ambiguous in that it states an incomplete
13 | hypothetical, it is indefinite as to time, vague and ambiguous as to the term "penalogical," not
14 | specifically directed to any defendant, compound and assumes facts not in evidence. Subject to
15 | and without waiving these objections, and to the extent it can be answered by J. Chudy, M.D.,
16 | because this interrogatory assumes facts not in evidence, it is not answerable by answering
17 | defendant.

18 |

19 | INTERROGATORY NO. 25 (erroneously referred to as Interrogatory no. 22):

20 | When giving a patient massive amounts of ibuprofen, what is your procedures [sic] to
21 | prevent bleeding ulceration, or damage to organs?

22 | RESPONSE TO INTERROGATORY NO. 25:

23 | Objection, this interrogatory is vague and ambiguous in that it states an incomplete
24 | hypothetical, it is indefinite as to time, assumes facts not in evidence, vague and ambiguous as to
25 | the terms "massive amounts" and "damage to organs," and not specifically directed to any
26 | defendant. Subject to and without waiving these objections, and to the extent it can be answered
27 | by J. Chudy, M.D., due to the incomplete hypothetical and vague and ambiguous terms,
28 | answering defendant is not able to respond to this interrogatory.

10

1 | INTERROGATORY NO. 26 (erroneously referred to as Interrogatory no. 23):

2 | How long have you worked in the medical profession?

3 | RESPONSE TO INTERROGATORY NO. 26:

4 | Objection, this interrogatory exceeds the number of interrogatories allowed under the

5 | Federal Rules of Civil Procedure.

6 |

7 | INTERROGATORY NO. 27 (erroneously referred to as Interrogatory no. 24):

8 | How long have you been employed by the California Department of Corrections?

9 | RESPONSE TO INTERROGATORY NO. 27:

10 | Objection, this interrogatory exceeds the number of interrogatories allowed under the

11 | Federal Rules of Civil Procedure.

12 |

13 | INTERROGATORY NO. 28 (erroneously referred to as Interrogatory no. 25):

14 | While employed by CDC, have you ever been disciplined or had any legal action taken

15 | against you?

16 | RESPONSE TO INTERROGATORY NO. 28:

17 | Objection, this interrogatory exceeds the number of interrogatories allowed under the

18 | Federal Rules of Civil Procedure.

19 |

20 | INTERROGATORY NO. 29 (erroneously referred to as Interrogatory no. 26):

21 | During your former employment, did you have any legal action or disciplinary action

22 | placed upon you?

23 | RESPONSE TO INTERROGATORY NO. 29:

24 | Objection, this interrogatory exceeds the number of interrogatories allowed under the

25 | Federal Rules of Civil Procedure.

26 |

27 | INTERROGATORY NO. 30 (erroneously referred to as Interrogatory no. 27):

28 | Are you currently licensed by the state medical board?  And what year did you receive it?

11

1 | RESPONSE TO INTERROGATORY NO. 30:

2 |       Objection, this interrogatory exceeds the number of interrogatories allowed under the

3 | Federal Rules of Civil Procedure.

4 |

5 | INTERROGATORY NO. 31 (erroneously referred to as Interrogatory no. 28):

6 |       Have you license (medical) ever been revoked or suspended?

7 | RESPONSE TO INTERROGATORY NO. 31:

8 |       Objection, this interrogatory exceeds the number of interrogatories allowed under the

9 | Federal Rules of Civil Procedure.

10 |

11 | INTERROGATORY NO. 32 (erroneously referred to as Interrogatory no. 29):

12 |       As a licensed and primary care physician, is your prescribed treatment for inmates

13 | discretionary?  If so, who has final authority?

14 | RESPONSE TO INTERROGATORY NO. 32:

15 |       Objection, this interrogatory exceeds the number of interrogatories allowed under the

16 | Federal Rules of Civil Procedure.

17 |

18 | INTERROGATORY NO. 33 (erroneously referred to as Interrogatory no. 30):

19 |       What are the treatment protocal [sic] (medical) of this institution?

20 | RESPONSE TO INTERROGATORY NO. 33:

21 |       Objection, this interrogatory exceeds the number of interrogatories allowed under the

22 | Federal Rules of Civil Procedure.

23 |

24 | INTERROGATORY NO. 34 (erroneously referred to as Interrogatory no. 31):

25 |       What are some of the main reasons for the delay, and denial of medical treatment of

26 | inmates at C.T.F.?

27 | RESPONSE TO INTERROGATORY NO. 34:

28 |       Objection, this interrogatory exceeds the number of interrogatories allowed under the

12

Defendants Response to Plaintiff's Interrogatories (Set One)

1    Federal Rules of Civil Procedure.

2

3                    Dated:   July 8, 2008

                                            EDMUND G. BROWN JR., Attorney General
4                                           of the State of California
                                            PAUL T. HAMMERNESS
5                                           Supervising Deputy Attorney General

6
                                            By:
7                                                 JENNIFER C. ADDAMS
                                                  Deputy Attorney General
8                                           Attorneys for Defendants J. Chudy, M.D.; I.
                                            Grewal, M.D.; D. Pompan, M.D.
9
     SF2008401759
10   20120535.wpd

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                      13

**RAYNARD E. HILL, JR., v. JOSEPH CHUDY, ET AL.**
**U.S.D.C. CASE NO C 07-3165-CRB (PR)**

VERIFICATIONS WILL FOLLOW IN A SUBSEQUENT
MAILING.

## DECLARATION OF SERVICE BY OVERNIGHT COURIER

Case Name:  **HILL, Raynard B. v. Joseph Chudy, et al.**

No.:  **C 07-3165-CRB (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter; my business address is: 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004.

On July 14, 2008, I served the attached **Defendants Response to Plaintiff's Interrogatories (Set One)** by placing a true copy thereof enclosed in a sealed envelope via **Federal Express** , addressed as follows:

Raynard B. Hill, Jr.
H-43428
California Substance Abuse Treatment
Facility
F3-B-126 Low
P.O. Box 7100
Corcoran, CA 93212-7100

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on July 14, 2008, at San Francisco, California.

Louise Denish
Declarant

Signature

20122901.wpd

EXHIBIT __2__

PROOF OF SERVICE BY MAIL

1.   I, RAYNARDBHILL, am a resident of a California State Prison in

2.  Kern County, am over the age of eighteen (18), and am    a party to this

3.  legal action. My prison address is: California Correctional Institution, P.O.

4.  Box 1031, Tehachapi, CA 93581.

5.   On 15TH MAY 2008, I served the following documents:

6.  FIRST SET OF INTERROGATORIES PROPOUNDED

7.  UPON THE DEFENDANTS.

8.  upon the party(s) listed herein by placing a true copy(s), enclosed in a

9.  sealed envelope(s), with sufficient postage affixed, into the receptical

10. provided for the United States Mail Service, deposited in the manner prescribed

11. by the CDC, at the California Correctional Institution and addressed as follows

| JOSEPH CHUDY MD | I. GREWAL MD | U.S. DISTRICT COURT |
|---|---|---|
| C.T.F. HWY 101 NORTH | C.T.F. HWY 101 NORTH | NORTHERN DIST OF CALIFORNIA |
| PO BOX 686 | PO BOX 686 | 450 GOLDEN GATE AVE |
| SOLEDAD, CA. 93960-0686 | SOLEDAD, CA. 93960-0686 | SAN FRANCISCO, CA. 94102 |
| CESAR SINIACO MD | DR. ROMPAN MD (ORTHO) | |
| C.T.F. HWY 101 NORTH | C.T.F. HWY 101 NORTH | |
| PO BOX 686 | PO BOX 686 | |
| SOLEDAD, CA. 93960-0686 | SOLEDAD, CA. 93960-0686 | |

There is regular delivery service by the United States Postal Service

between the two locations.

I declare, under penalty of perjury, that the foregoing information is

true and correct.

Executed on 15TH MAY 2008

                                        Declarant / Server

# PROOF OF SERVICE

I, _RAYNARD B. HILL_ , CERTIFY AND DECLARE THAT I AM OVER THE

AGE OF (18) YEARS, A PARTY TO THE WITHIN ACTION AND A CITIZEN AND OR RESIDENT OF THE UNITED

STATES.

I SERVED THE FOLLOWING DOCUMENT(S), _Motion For Order To Compel_ ,

UPON THE PARTIES LISTED BELOW BY PLACING SEALED ENVELOPES IN THE UNITED STATES MAIL HERE

AT _CSATF, PO Box 7100, Corcoran_ , CALIFORNIA AS FOLLOWS:

Jennifer Addams
Department of Justice
455 Golden Gate Ave Ste 11000
San Francisco, CA 94102-7004

United States District Court
Northern District of California
450 Golden Gate Ave
San Francisco, CA. 94102
ATTN: District Court Clerk

I, _RAYNARD B. HILL_ , SWEAR UNDER THE PENALTY OF PERJURY THAT

THE FOREGOING IS TRUE AND CORRECT.

EXECUTED AND DATED THIS _22ND_ DAY OF _July_ , 20 _08_

_____
DECLARANT



02.1A
0004331204
MAILED FROM ZIP

United States District Court
Northern District of California
450 Golden Gate Ave.
San Francisco, CA. 94102
Attn's District Court Clerk

Raymond B. Ward H43428
C.S.A.T.F., F3-285(u)
PO Box 7100
Corcoran, CA. 93212

Confidential
Legal Mail

