RAYNARD B HILL H43428
FAC. 2-GYM-71 LOW
CALIFORNIA CORRECTIONAL INSTITUTION
PO BOX 608
TEHACHAPI, CA. 93581-0608

RECEIVED
08 JUL 25 PM 1:03
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

HILL, RAYNARD B.
    PLAINTIFF,

V.

CHUDY, JOSEPH et.al.
    DEFENDANTS.

CASE No. C07-3165 CRB (PR)

FIRST SET OF INTERROGATORIES
PROPOUNDED UPON THE DEFENDANTS.

HERE COMES RAYNARD B. HILL, PLAINTIFF IN THE ABOVE ENTITLE ACTION AGAINST THE DEFENDANTS AT CTF, REQUEST THAT THE DEFENDANTS ANSWER THE FOLLOWING ATTACHED INTERROGATORIES IN PURSUANT TO RULE 33 OF THE F.C.P.R.

INTERROGATORIES ARE WITHIN THE SCOPE OF ABOVE ENTITLED ACTION, AND FOR THE PURPOSE OF USE AT TRIAL, WHICH CAN BE INQUIRED INTO UNDER RULE 26(b)

//
//
//
//
//



COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 05 90192

1

INTERROGATORIES PROPOUNDED UPON THE DEFENDANTS:

1) WHEN A INMATE BRINGS AN SHOULDER INJURY TO YOUR ATTENTION, WHAT ARE YOUR PROCEDURES IN EVALUATING AND DIAGNOSING THE INMATES PROBLEM?

2) ONCE AN X-RAY IS TAKEN OF SHOULDER AREA WITH A NEGITIVE RESULTS, BUT PATIENT IS IN SEVERE PAIN, WHAT WOULD BE YOUR NEXT STEP OR SERIES OF STEPS TO EVALUATE THE INJURY?

3) DUE TO CDC LACK OF FUNDING & OVERCROWDING, WHAT IS THE POLICY OR PROCEDURES CONCERNING REDUCING MEDICAL COST, AND ELIMINATING UNNECESSARY MEDICAL PROCEDURES ON INMATES?

4) ACCORDING TO CDC OR MEDICAL CARE STANDARDS, IS THERE ANY REASON OTHER THAN MEDICAL GROUNDS, THAT WOULD PREVENT, DELAY, OR DENY MEDICAL TREATMENT OF AN IN-MATE?

5) WHAT ARE THE DETERMINING FACTORS IN REGARD TO RATHER AN PHYSICIAN SHOULD ACT AGGRESSIVELY IN TREATMENT OF A PATIENT?

6) WHAT WOULD BE YOUR PROFESSIONAL OPINION WHEN DEALING WITH TENDON AND LIGAMENTS TEARS, THE

EFFECT OF LONG TERM DELAY OF TREATMENT & REPAIR?

7) MOST INSTITUTIONS HAVE A PAIN MANAGEMENT PROGRAM WHERE PATIENTS WITH SEVERE/CRONIC PAIN DUE TO INJURY RECIEVE STRONGER MEDICATION. CONTROLED THROUGH MED. CLINIC WINDOW. WHAT ARE THE FACTORS IN DETERMINING WHICH PATIENT WILL BE PLACED IN THIS PROGRAM?

8) ITS MY UNDERSTANDING THAT PHYSICIAN ORDERS FOR TREATMENT OF AN INMATE HAS TO BE APPROVED OR DENIED BY A HIGHER AUTHORITY. WHO IS THAT HIGHER AUTHORITY?

9) WHEN PHYSICIAN PRESCRIBED ORDER FOR TREATMENT OR A PROCEDURE IS GIVEN, WHO IS RESPONSIBLE TO ASSURE THE INMATE RECIEVES THAT TREATMENT OR PROCEDURE?

10) CCI & CTF MEDICAL DEPARTMENT CONTRACTS A M.R.I. TRAILER TO COME TO THE PRISON TO PERFORM MRI'S. HOW OFTEN DO THIS TRAILER COME TO THE PRISON?

11) DO INJURED INMATES WHO COME TO YOUR PRISON FROM ANOTHER PRISON RECIEVES PROCEDURES OR TREATMENT THAT DIFFERENTIATE FROM THOSE INMATES WHO INJURIES OCCURED AT YOUR PRISON?

12) OTHER THAN NOT HAVING THE EQUIPMENT NECESSARY, THAT HAS TO BE DELIVERED PERIODICALLY TO DIAGNOSE INJURIES &

1  COARSE OF TREATMENT, WHAT ARE SOME OF THE OTHER REA-
2  SONS WHY THERE WOULD BE A DELAY IN TREATMENT?
3
4  13) WHEN SEVERE PAIN PERSIST IN RT. SHOULDER, AND X-
5  RAY IS COMPLETE WITH NO FINDINGS. AS A MEDICAL PRO-
6  FESSIONAL, WHEN DO YOU BELIEVE A M.R.I. IS REQUIRED?
7
8  14) IN YOUR PROFESSIONAL OPINION, WHAT IS THE MAXIMUM
9  AMOUNT OF TIME A PATIENT IN SEVERE PAIN, SHOULD BE
10 GIVEN IBUPROFEN ON A CONTINUOUS BASIS?
11
12 15) COULD YOU EXPLAIN WHY ITS DANGEROUS TO THE PATIENT
13 TO RECIEVE MASSIVE AMOUNTS OF IBUPROFEN?
14
15 16) AFTER RECIEVING NUMEROUS INMATE REQUEST AND CDC
16 7362 FORMS STATING PLAINTIFF'S IN EXTREME PAIN, AND
17 MEDICATION GIVEN (IBUPROFEN) IS NOT EFFECTIVE. WHY WAS
18 THESE PLEAS DISREGARDED, AND CONTINUED GIVEN IBUPROFEN?
19
20 17) COULD YOU GIVE ME YOUR PROFESSIONAL OPINION ON WHY
21 AFTER 2 YRS OF COMPLAINING OF PAIN, ON 4-4-05 IBUPRO-
22 FEN WAS INCREASED FROM 600 MG TO 800 MG. AND ON
23 8-26-05 IT WAS REDUCED BACK TO 600 MG WITHOUT ANY
24 TYPE OF TREATMENT BEING DONE TO ELLIEVATE PAIN?
25
26 18) AFTER 3 YRS OF PAIN, ON 6-21-05 DR POMPAN EXAMINED,
27 AND DR SINNACO ORDERED MRI RESPECTIVELY, BUT CSP. WAS

1. UNABLE TO SCHEDULE MRI DUE TO LARGE BACKLOG OF INMATES.
2. WHAT ARE YOUR PROCEDURES TO MEDICAL CARE OF INMATES.
3. WHEN THESE KINDS OF SITUATIONS OCCURS?
4. 
5. 19) PLAINTIFF FIRST X-RAY WAS ON 6-17-02, AND SECOND WAS
6. WAS ON 3-10-05 WITH THE SAME RESULTS. SO WHY AFTER
7. 3YRS OF PAIN & SUFFERING, THAT PROCEDURES OR LEVEL OF
8. CARE CHANGED, RECIEVED MRI & ORDER FOR ARTHOSCOPY SURGERY?
9. 
10. 20) COULD YOU EXPLAIN WHY AFTER ORDER FOR ARTHOSCOPY ON
11. RT. SHOULDER WAS PLACED, PROCEDURE WAS DELAYED OVER 6 MOS.
12. AND I WAS EVENTUALLY TRANSFERED OUT OF CTF ON 9-8-06.
13. 
14. 21) IS THERE ANY MEDICAL OR PENALOGICAL EXPLAINATION OF
15. WHY BETWEEN 6-17-02 - 3-10-05 PLAINTIFF WAS DENIED
16. MEDICAL CARE, AND ENDURED UNNECESSARY PAIN & SUFFERING?
17. 
18. 22) WHEN GIVING A PATIENT MASSIVE AMOUNTS OF IBUPROFEN.
19. WHAT IS YOUR PROCEDURES TO PREVENT BLEEDING, ULCERATION,
20. OR DAMAGE TO ORGANS?
21. 
22. 23) HOW LONG HAVE YOU WORKED IN THE MEDICAL PRO-
23. FESSION?
24. 
25. 24) HOW LONG HAVE YOU BEEN EMPLOYED BY THE CALIFOR-
26. NIA DEPARTMENT OF CORRECTIONS?
27.

25) While employed by CDC, have you ever been disciplined or had any legal action taken against you?

26) During your former employment, did you have any legal action or disciplinary action placed upon you?

27) Are you currently licensed by the State Medical Board?, and what year did you recieve it?

28) Have you license (medical) ever been revoked or suspended?

29) As a licensed and primary care physician, is your prescribed treatment for inmates discreationary? If so, who has final authority?

30) What are the treatment protocal (medical) of this institution?

31) What are some of the main reasons for the delay, and denials of medical treatment of inmates at C.T.F?

I declare under the penalty of persury that the interrogatories propounded upon the defendents were interposed for the purpose of trial preparation, and for no improper use.

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 05 90192

DATE: *May 15TH, 2008*

_____
RAYNARD B HILL, Plaintiff in ProSe.

# EXHIBIT 3

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYNARD B. HILL, Plaintiff<br><br>V.<br><br>J. CHUDY, M.D., et al., Defendants. | **SUBPOENA IN A CIVIL CASE**<br><br>Case Number:[1] C07 3165 CRB (PR) |

TO: Custodian of Records, Calif. Subs. Abuse
Treatment Fac. & State Prison
P.O. Box 7100, Corcoran CA 93212

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): certified copies of medical and central file records pertaining to Raynard Byron Hill, H 43428, of his movement history, appeals pertaining to right shoulder pain, general and medical chronos, physician's orders, progress notes, consultant's reports, X-ray and MRI reports, medication administration records, requests for health services, and physical therapy notes, from July 1, 1992 to the present date regarding right shoulder pain complaints.

| PLACE | DATE AND TIME |
|---|---|
| 455 Golden Gate Ave., Ste. 11000, San Francisco, CA 94102-7004 | July 7, 2008 10:30 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Jennifer C. Addams* / Deputy Attorney General, Attorney for Defendants | June 2, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Jennifer C. Addams, Dept. of Justice, 455 Golden Gate Ave., Ste. 11000, San Francisco, CA 94102-7004, 415-703-5500

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the patty or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | June 2, 2008 | SATF/SP P.O. Box 7100, Corcoran, CA 93212 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Vince Adams, Litigation Coordinator | U.S. Mail |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| F. Yen | Sr. Legal Analyst |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  June 2, 2008
DATE

SIGNATURE OF SERVER

455 Golden Gate Ave., Ste. 11000
ADDRESS OF SERVER

San Francisco, CA 94102-7004

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) if a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **HILL, Raynard B. v. Joseph Chudy, M.D. et al.**

No.:   **C 07-3165-CRB (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter; my business address is 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004.

On June 2, 2008, I served the attached **Subpoena in a Civil Case** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Mail at San Francisco, California, addressed as follows:

Raynard B. Hill, Jr.   H43428
SATF/SP
c/o Litigation Coordinator
P.O. Box 7100
Corcoran, CA 93212


Litigation Coordinator
California Substance Abuse Treatment
Facility & State Prison
P.O. Box 7100
Corcoran, CA 93212

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on June 2, 2008, at San Francisco, California.

|  F. Yen  |  *F. Yen*  |
|---|---|
| Declarant | Signature |

40260496.wpd