1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  PAUL T. HAMMERNESS
   Supervising Deputy Attorney General
3  JENNIFER C. ADDAMS, State Bar No. 209355
   Deputy Attorney General
4   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
5   Telephone:    (415) 703-5382
    Facsimile:    (415) 703-5480
6   Email:  Jennifer.Addams@doj.ca.gov

7  Attorneys for Defendants J. Chudy, M.D.;
   D. Pompan, M.D.; and I. Grewal, M.D.

8

9                     IN THE UNITED STATES DISTRICT COURT

10                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12  **RAYNARD B. HILL, JR.,**                    Case No. C 07-3165-CRB (PR)

13                                    Plaintiff,  **OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL RESPONSES TO REQUEST FOR ADMISSIONS**

14       v.

15  **JOSEPH CHUDY, et al.,**

16                                  Defendants.  Hearing:    None
                                                 The Honorable Charles R. Breyer

17

18

19       Defendant J. Chudy, M.D., hereby opposes plaintiff's motion to compel responses to

20  request for admissions.

21                                          **I.**

22                                  **INTRODUCTION**

23       Plaintiff has filed a motion to compel J. Chudy, M.D., to respond to his request for

24  admissions that have been fully responded to and served upon plaintiff.  There is simply no

25  justification for this motion to compel, and it should be denied in its entirety.

26  ///

27  ///

28  ///

Defendant Chudy's Opposition to Plaintiff's Motion to Compel Discovery    *HILL, Raynard B. v. Joseph Chudy, et al.*
                                                                          C 07-3165-CRB (PR)
1

## II.

## SUMMARY OF FACTS

On June 10, 2008, defendants received plaintiff's Request for Admissions To Defendants, Set One. The request for admissions was not specifically directed toward any individual defendant.

On June 16, 2008, defendants filed a motion for a protective order requesting that the Court order discovery to continue only after the motion for summary judgment had been heard and decided. On July 7, 2008, the Court denied defendants' motion. (Declaration of Jennifer Addams In Support of Opposition to Motion to Compel ("Addams Declaration"), ¶ 5.)

Defendants immediately prepared responses to plaintiff's discovery and on July 14, 2008, served complete responses to plaintiff's discovery. (Addams Declaration, ¶¶ 4, 5.) Plaintiff also propounded interrogatories upon defendants. Neither the interrogatories nor the request for admissions were specifically directed to any one defendant. As such, the most knowledgeable defendant responded to the interrogatories and to the request for admissions. (Addams Declaration, ¶ 5.) Although many of the requests for admission were compound, some nonsensical, none of the requests directed to one specific defendant, and all of the requests objectionable; instead of objecting to the entire set, defendant Dr. Chudy attempted to respond fully and in good faith, and pursuant to the Federal Rules of Civil Procedure. (Addams Declaration, ¶ 5.) A copy of Dr. Chudy's responses to Plaintiff's Request for Admissions is attached as Exhibit A to the Addams Declaration.

Defendant Dr. Chudy's attorney, Jennifer Addams, never received any attempt by plaintiff to meet and confer regarding the responses to interrogatories. (Addams Declaration, ¶ 7.)

## III.

## ARGUMENT

A motion to compel discovery is proper when no answers or objections of any kind have been served to discovery. If responses to discovery include evasive or incomplete answers, after a reasonable attempt to resolve or narrow any dispute, a motion to compel is also proper. Neither of these scenarios occurred in this case. As soon as defendants' motion for a protective

Defendant Chudy's Opposition to Plaintiff's Motion to Compel Discovery   *HILL, Raynard B. v. Joseph Chudy, et al.*
C 07-3165-CRB (PR)

Case 3:07-cv-03165-CRB    Document 24    Filed 08/12/2008    Page 3 of 6

order was denied, complete responses were immediately served upon plaintiff. Plaintiff's motion to compel is improper, premature, and must be denied.

**A.    There Was No Attempt To Meet And Confer Regarding Perceived Inadequacies**

Defendant Dr. Chudy received plaintiff's second motion to compel without any attempt, by letter or telephone, to discuss the perceived inadequacies of the responses served.[1] Counsel are required to "confer" in an effort to resolve disputes regarding discovery before bringing motions. In fact, the moving papers must include a certification that the movant has "in good faith conferred or attempted to confer" with the other party in an attempt to resolve the dispute without court action. FRCP 37(a)(1); *Soto v. City of Concord*, 162 FRD 603, 623 (ND CA 1995). Plaintiff did not comply with this rule because he has made no attempt to meet and confer. Defendant Dr. Chudy has attempted to respond completely to plaintiff's discovery and cannot understand what inadequacies plaintiff perceives in the responses. Even plaintiff's motion does not state how the responses to request for admissions are inadequate.

Moreover, the burden is on the moving party to demonstrate actual and substantial prejudice from the denial of discovery. *In re Sulfuric Acid Antitrust Litig.*, 231 FRD 331, 333 (ND IL 2005). A denial of a motion to compel is not an abuse of discretion absent a clear showing that the denial of discovery resulted in actual and substantial prejudice to the moving party. *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 647 (7th Cir. 2001). There is no showing that plaintiff suffered any prejudice in this case. In fact, because the request for admissions was fully and completely responded to, plaintiff is not able to show prejudice at all. His motion should be denied.

///

///

///

///

---

1. This is plaintiff's second motion to compel. On July 25, 2008, he filed a motion to compel responses to interrogatories which the Court denied on August 1, 2008, before defendants filed an opposition.

Defendant Chudy's Opposition to Plaintiff's Motion to Compel Discovery    *HILL, Raynard B. v. Joseph Chudy, et al.*
C 07-3165-CRB (PR)

3

    **C.    Defendant Responded To Plaintiff's Interrogatories To The Best Of His Ability, and Thus Plaintiff's Motion To Compel Fails**

Plaintiff's argument that, defendant "failed to answer the first set of requests for admissions propounded upon the defendant by giving evasive or incomplete answers...," fails. Exactly what plaintiff feels is evasive or incomplete is not clear.

In violation of the Federal Rules of Civil Procedure, Rule 36, plaintiff propounded requests that were compound and not separately set forth, and he did not specify to whom they were directed. Despite this, Defendant Dr. Chudy responded to each request. When he was not able to admit or deny, Dr. Chudy specifically stated why he was not able to admit or deny the matter. FRCP 36(a)(4); *Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 579-580 (9th Cir. 1992). When he was only able to admit or deny a portion of the request, his denials to all or a portion of the request was specific. FRCP 36(a)(4). Defendant Dr. Chudy "fairly responded to the substance of the matter" and not on technicalities. *Id.* He stated all grounds for objection "with specificity." FRCP 33(b)(4). The responding party answered these requests with good faith and reasonable effort to understand the requests.

Plaintiff's request for admissions was not directed at one defendant, and thus, the most knowledgeable of the defendants was chosen to respond to the best of his ability. Defendants did not fail to respond to this request, and plaintiff's motion must be denied.

Plaintiff also states, without any explanation, that Dr. Chudy's responses were "untrue." There is no explanation regarding what portion he alleges is untrue, nor is there any evidence that it is. Plaintiff's conclusory statements do not overcome defendant's objections. Despite the fact that the identity of the party to whom the requests were directed was absent, defendants attempted to completely respond. This conclusory statement by plaintiff is intended only to harass.

Finally, plaintiff seems to argue that because there was no response by Dr. Sinnaco, his motion is proper. It is not. Dr. Sinnaco was not served with this lawsuit. Plaintiff's motion should be denied.

///

Defendant Chudy's Opposition to Plaintiff's Motion to Compel Discovery    *HILL, Raynard B. v. Joseph Chudy, et al.*
C 07-3165-CRB (PR)

4

# IV.
# CONCLUSION

For the foregoing reasons, plaintiff's motion to compel discovery should be denied.

Dated:  August 12, 2008.

    Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

PAUL T. HAMMERNESS
Supervising Deputy Attorney General


JENNIFER C. ADDAMS
Deputy Attorney General

Attorneys for Defendants

40272408.wpd
SF2008401759

---

Defendant Chudy's Opposition to Plaintiff's Motion to Compel Discovery     *HILL, Raynard B. v. Joseph Chudy, et al.*
C 07-3165-CRB (PR)

# DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **HILL, Raynard B. v. Joseph Chudy, et al.**

No.    **C 07-3165-CRB (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On August 12, 2008, I served the attached **OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL RESPONSES TO REQUEST FOR ADMISSIONS** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

> Raynard B. Hill, Jr.
> H-43428
> California Substance Abuse Treatment Facility
> F3-B-126 Low
> P.O. Box 7100
> Corcoran, CA 93212-7100

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on August 12, 2008, at San Francisco, California.

| C. Deuel | /s/ C. Deuel |
|---|---|
| Declarant | Signature |

40272753.wpd