# EXHIBIT  A

## TO DECLARATION OF JENNIFER C. ADDAMS
## IN SUPPORT OF OPPOSITION TO PLAINTIFF'S
## MOTION TO COMPEL RESPONSES
## TO REQUEST FOR ADMISSIONS

*Hill v. Chudy, et al.*
United States District Court
Northern District of California
Case No. C 07-3165-CRB (PR)

EDMUND G. BROWN JR.
Attorney General of the State of California
PAUL T. HAMMERNESS
Supervising Deputy Attorney General
JENNIFER C. ADDAMS
Deputy Attorney General, State Bar No. 209355
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5382
Facsimile: (415) 703-5480

Attorneys for Defendants J. Chudy, M.D.; D. Pompan,
M.D.; I. Grewal, M.D.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RAYNARD B. HILL, JR.,** | Case No.  C 07-3165-CRB (PR) |
| Plaintiff, | **DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS (SET ONE)** |
| v. | |
| **JOSEPH CHUDY, ET AL.,** | |
| Defendants. | |

PROPOUNDING PARTY:    Plaintiff Raynard B. Hill

RESPONDING PARTY:    Defendants J. Chudy, M.D.; D. Pompan, M.D.; I. Grewal, M.D.

SET NO.:         1

## PRELIMINARY STATEMENT

Defendants have not yet fully completed the investigation of the facts relating to this case and have not yet fully completed discovery in this action.  All of the responses contained herein are based solely upon information and documents which are presently available to, and specifically known by Defendants and disclose only those contentions which presently occur to Defendants.  It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts and lead to additions, changes, and variations from the answers herein.

1

1    The following responses are given without prejudice to the right to produce evidence or

2  witnesses which Defendants may later discover.   Defendants accordingly reserve the right to

3  change any and all responses herein as additional facts are ascertained, witnesses identified and

4  legal research is completed.  The responses contained herein are made in good faith in an attempt

5  to supply as much factual information and as much specification of legal contention as is

6  presently known and should in no way prejudice Defendants in relation to further discovery and

7  proceedings.

8

9  <u>REQUEST FOR ADMISSION NO. 1:</u>

10    Is it true, CTF medical records show upon the plaintiff arrival in 2002, staff was aware of

11  plaintiff's re-injury and pain in Rt. shoulder?

12  <u>RESPONSE TO REQUEST FOR ADMISSION NO. 1:</u>

13    Objection, this request is not specifically addressed to any individual defendant.  Subject

14  to and without waiving this objection, and as it can be answered by J. Chudy, M.D., deny.

15

16  <u>REQUEST FOR ADMISSION NO. 2:</u>

17    Is it true, that the basic x-ray does not show damage to tendons, ligiments [sic], or tissue

18  damage?

19  <u>RESPONSE TO REQUEST FOR ADMISSION NO. 2:</u>

20    Objection, this request is not specifically addressed to any individual defendant and it is

21  vague and ambiguous as to the terms "basic x-ray."  Subject to and without waiving this

22  objection, and as it can be answered by J. Chudy, M.D., deny.

23

24  <u>REQUEST FOR ADMISSION NO. 3:</u>

25    Is it true, the responsibility of any physician administering medication or treatment to a

26  patient should thoroughly review patients medical file?

27  <u>RESPONSE TO REQUEST FOR ADMISSION NO. 3:</u>

28    Objection, this request is not specifically addressed to any individual defendant.  Subject

2

1  to and without waiving this objection, and as it can be answered by J. Chudy, M.D., deny.

2

3  REQUEST FOR ADMISSION NO. 4:

4      Is it true, that any patient who has been in pain from an injury continuously [sic] for

5  many years is to be considered a cronic [sic] care patient?

6  RESPONSE TO REQUEST FOR ADMISSION NO. 4:

7      Objection, this request is not specifically addressed to any individual defendant.  Subject

8  to and without waiving this objection, and as it can be answered by J. Chudy, M.D., deny.

9

10  REQUEST FOR ADMISSION NO. 5:

11      Is it true, that plaintiff's injury was mis-diagnosis [sic] causing delays in medical care and

12  treatment for numerous years?

13  RESPONSE TO REQUEST FOR ADMISSION NO. 5:

14      Objection, this request is not specifically addressed to any individual defendant, vague

15  and ambiguous as to the term "numerous years" and is indefinite as to time.  Subject to and

16  without waiving this objection, and as it can be answered by J. Chudy, M.D., deny.

17

18  REQUEST FOR ADMISSION NO. 6:

19      Is it true, after x-ray and no findings, plaintiff was still in cronic [sic] pain, isn't standard

20  procedure is to order an M.R.I.?

21  RESPONSE TO REQUEST FOR ADMISSION NO. 6:

22      Objection, this request is not specifically addressed to any individual defendant, indefinite

23  as to time and is vague and ambiguous as to prevent an intelligent response.  Subject to and

24  without waiving this objection, and as it can be answered by J. Chudy, M.D., unable to admit or

25  deny.

26

27  REQUEST FOR ADMISSION NO. 7:

28      Is it true, from 3-14-03 - 9-8-06 plaintiff was given massive amounts of motrin/ibuprofen

3

1  tabs by CTF medical staff?

2  RESPONSE TO REQUEST FOR ADMISSION NO. 7:

3        Objection, this request is not specifically addressed to any individual defendant and is

4  vague and ambiguous as to the term "massive amounts." Subject to and without waiving this

5  objection, and as it can be answered by J. Chudy, M.D., deny.

6

7  REQUEST FOR ADMISSION NO. 8:

8        Is it true, plaintiff sent numerous CDC 7362 medical request forms stating pain

9  medication given is not effective and in extreme pain?

10 RESPONSE TO REQUEST FOR ADMISSION NO. 8:

11       Objection, this request is not specifically addressed to any individual defendant, is

12 indefinite as to time and vague and ambiguous as to the term "numerous." Subject to and

13 without waiving this objection, and as it can be answered by J. Chudy, M.D., admit that plaintiff

14 submitted CDC 7362 forms.

15

16 REQUEST FOR ADMISSION NO. 9:

17       Is it true, that its common knowledge in the medical field, that excessive amounts of

18 ibuprofen/motrin given to a patient is potential to cause some to liver or organs of patient?

19 RESPONSE TO REQUEST FOR ADMISSION NO. 9:

20       Objection, this request is not specifically addressed to any individual defendant, indefinite

21 as to time and is unintelligible as to prevent an intelligent response. Subject to and without

22 waiving this objection, and as it can be answered by J. Chudy, M.D., unable to admit or deny.

23

24 REQUEST FOR ADMISSION NO. 10:

25       Is it true, that the delays, denials, picking and choosing which patient will see the doctor

26 is due to overcrowding the prison?

27 RESPONSE TO REQUEST FOR ADMISSION NO. 10:

28       Objection, this request is not specifically addressed to any individual defendant, indefinite

4

DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS (SET ONE)

1  as to time and vague and ambiguous as to the term "picking and choosing." Subject to and

2  without waiving this objection, and as it can be answered by J. Chudy, M.D., deny.

3

4  REQUEST FOR ADMISSION NO. 11:

5       Is it true, that those patients in cronic [sic] pain and need a stronger medication for injury

6  until procedure can be performed, are placed in a pain management program, where medication

7  is issued by the medical dept. daily?

8  RESPONSE TO REQUEST FOR ADMISSION NO. 11:

9       Objection, this request is not specifically addressed to any individual defendant, indefinite

10  as to time and vague and ambiguous as to the term "chronic." Subject to and without waiving

11  this objection, and as it can be answered by J. Chudy, M.D., deny.

12

13  REQUEST FOR ADMISSION NO. 12:

14       Is it true, due to the inadequate equipment and unavailability of the M.R.I. trailer at the

15  time, was a contributing factor in plaintiff's being denied or delayed medical treatment to his rt.

16  shoulder, after doctor's order on 4/17/05?

17  RESPONSE TO REQUEST FOR ADMISSION NO. 12:

18       Objection, this request is not specifically addressed to any individual defendant. Subject

19  to and without waiving this objection, and as it can be answered by J. Chudy, M.D., deny.

20

21  REQUEST FOR ADMISSION NO. 13:

22       Is it true, that upon a doctor placing an order of treatment for a patient, that it's his/her

23  duty and responsibility to assure that the patient receives that ordered treatment?

24  RESPONSE TO REQUEST FOR ADMISSION NO. 13:

25       Objection, this request is not specifically addressed to any individual defendant, is

26  indefinite as to time and is vague and ambiguous as to the term "duty and responsibility."

27  Subject to and without waiving this objection, and as it can be answered by J. Chudy, M.D.,

28  deny.

5

1 | REQUEST FOR ADMISSION NO. 14:

2 | Is it true, that the Chief Medical Officer oversees, supervise, approve, and denys [sic] all

3 | request of treatment of patients placed by doctor's that are under his/her control?

4 | RESPONSE TO REQUEST FOR ADMISSION NO. 14:

5 | Objection, this request is not specifically addressed to any individual defendant, is

6 | compound and is indefinite as to time. Subject to and without waiving this objection, and as it

7 | can be answered by J. Chudy, M.D., deny.

8 |

9 | REQUEST FOR ADMISSION NO. 15:

10 | Is it true, on 7-13-06 orthopedic Dr. Pompan was approved by U.R.C. to perform rotator

11 | cuff repair on plaintiff's rt shoulder?

12 | RESPONSE TO REQUEST FOR ADMISSION NO. 15:

13 | Objection, this request is not specifically addressed to any individual defendant. Subject

14 | to and without waiving this objection, and as it can be answered by J. Chudy, M.D., deny.

15 |

16 | REQUEST FOR ADMISSION NO. 16:

17 | Is it true that on 9-8-06 Plaintiff was transfered [sic] out of CTF in Soledad, CA., to CCI

18 | in Tehachapi, CA.?

19 | RESPONSE TO REQUEST FOR ADMISSION NO. 16:

20 | Objection, this request is not specifically addressed to any individual defendant. Subject

21 | to and without waiving this objection, and as it can be answered by J. Chudy, M.D., admit that

22 | plaintiff was transferred on September 8, 2006.

23 |

24 | REQUEST FOR ADMISSION NO. 17:

25 | Is it true, that after 2 yrs of complaining that medication was ineffective, on 4-4-05 meds

26 | dosage was increased to 800 mg, and then on 8-25-05 was reduced without any type of

27 | treatment?

28 | ///

DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS (SET ONE)

1  RESPONSE TO REQUEST FOR ADMISSION NO. 17:

2       Objection, this request is not specifically addressed to any individual defendant. Subject

3  to and without waiving this objection, and as it can be answered by J. Chudy, M.D., deny.

4

5  REQUEST FOR ADMISSION NO. 18:

6       Exhibit #1, CDC 602 Appeal 66# CTF-C-05-01422, filed 5-2-05.

7  RESPONSE TO REQUEST FOR ADMISSION NO. 18:

8       Objection, this request is not specifically addressed to any individual defendant and is

9  unintelligible as to prevent an intelligent response. Subject to and without waiving this

10 objection, because it is unintelligible, unable to admit or deny.

11

12 REQUEST FOR ADMISSION NO. 19:

13      Exhibit #2, CDC602 Appeal C06# CTF-N-06-02486, filed 6-26-6.

14 RESPONSE TO REQUEST FOR ADMISSION NO. 19:

15      Objection, this request is not specifically addressed to any individual defendant and is

16 unintelligible as to prevent an intelligent response. Subject to and without waiving this

17 objection, because it is unintelligible, unable to admit or deny.

18

19 REQUEST FOR ADMISSION NO. 20:

20      CDC 7221, Physician Orders, Medication Log & Mar sheet for self administered

21 medications Ex #3.

22 RESPONSE TO REQUEST FOR ADMISSION NO. 20:

23      Objection, this request is not specifically addressed to any individual defendant and is

24 unintelligible as to prevent an intelligent response. Subject to and without waiving this

25 objection, because it is unintelligible, unable to admit or deny.

26

27 REQUEST FOR ADMISSION NO. 21:

28      CDC 7362 Health Care Services Request dated 2/05, 3/05, 8/05, 11/05 Ex #4.

7

1  RESPONSE TO REQUEST FOR ADMISSION NO. 21:

2      Objection, this request is not specifically addressed to any individual defendant and is

3  unintelligible as to prevent an intelligent response.  Subject to and without waiving this

4  objection, because it is unintelligible, unable to admit or deny.

5

6  REQUEST FOR ADMISSION NO. 22:

7      Exhibit #5, CDC 7243 Heathcare Services Physician Request for Service dated 4/05,

8  6/05, 1/06, 7/06.

9  RESPONSE TO REQUEST FOR ADMISSION NO. 22:

10     Objection, this request is not specifically addressed to any individual defendant and is

11  unintelligible as to prevent an intelligent response.  Subject to and without waiving this

12  objection, because it is unintelligible, unable to admit or deny.

13

14  REQUEST FOR ADMISSION NO. 23:

15     Exhibit #6, x-rays performed on 6-17-02 & 3-10-05.

16  RESPONSE TO REQUEST FOR ADMISSION NO. 23:

17     Objection, this request is not specifically addressed to any individual defendant and is

18  unintelligible as to prevent an intelligent response.  Subject to and without waiving this

19  objection, because it is unintelligible, unable to admit or deny.

20

21  REQUEST FOR ADMISSION NO. 24:

22     Exhibit #&, Salinas Valley Radiologist M.R.I. on 11-21-05, Kern Radiology Medical

23  Group MRI on 9-12-07.

24  RESPONSE TO REQUEST FOR ADMISSION NO. 24:

25     Objection, this request is not specifically addressed to any individual defendant and is

26  unintelligible as to prevent an intelligent response.  Subject to and without waiving this

27  objection, because it is unintelligible, unable to admit or deny.

28

8

1    REQUEST FOR ADMISSION NO. 25:

2        Exhibit #8, U.C. Davis Health System Consultation by Dr. Jeffery L. Tanji:11-3-06.

3    RESPONSE TO REQUEST FOR ADMISSION NO. 25:

4        Objection, this request is not specifically addressed to any individual defendant and is

5    unintelligible as to prevent an intelligent response.  Subject to and without waiving this

6    objection, because it is unintelligible, unable to admit or deny.

7

8    REQUEST FOR ADMISSION NO. 26:

9        Exhibit #9, Dr. Marshall S. Lewis orthopedic surgeon consultation report 10-29-07.

10   RESPONSE TO REQUEST FOR ADMISSION NO. 26:

11       Objection, this request is not specifically addressed to any individual defendant and is

12   unintelligible as to prevent an intelligent response.  Subject to and without waiving this

13   objection, because it is unintelligible, unable to admit or deny.

14

15   REQUEST FOR ADMISSION NO. 27:

16       Exhibit #10, Watson Laboratories Inc., Manufacture of ibuprofen 3-6-07.

17   RESPONSE TO REQUEST FOR ADMISSION NO. 27:

18       Objection, this request is not specifically addressed to any individual defendant and is

19   unintelligible as to prevent an intelligent response.  Subject to and without waiving this

20   objection, because it is unintelligible, unable to admit or deny.

21

22   REQUEST FOR ADMISSION NO. 28:

23       Exhibit #11, Foundation Laboratory, Blood Test 6-27-07.

24   RESPONSE TO REQUEST FOR ADMISSION NO. 28:

25       Objection, this request is not specifically addressed to any individual defendant and is

26   unintelligible as to prevent an intelligent response.  Subject to and without waiving this

27   objection, because it is unintelligible, unable to admit or deny.

28

DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS (SET ONE)

1 | REQUEST FOR ADMISSION NO. 29:

2 |     Exhibit #12, Dr. Marshall S. Lewis. Ortho. Surgeon Re-evaluation & Recommendation 2-

3 | 8-08.

4 | RESPONSE TO REQUEST FOR ADMISSION NO. 29:

5 |     Objection, this request is not specifically addressed to any individual defendant and is

6 | unintelligible as to prevent an intelligent response.  Subject to and without waiving this

7 | objection, because it is unintelligible, unable to admit or deny.

8 |

9 |         Dated:   July 9, 2008

10 |                 EDMUND G. BROWN JR., Attorney General
                     of the State of California
11 |                 PAUL T. HAMMERNESS
                     Supervising Deputy Attorney General

12 |

13 |         By:
                   JENNIFER C. ADDAMS
14 |                 Deputy Attorney General
                   Attorneys for Defendants J. Chudy, M.D.; D.
                   Pompan, M.D.; I. Grewal, M.D.

15 | SF2008401759
16 | 20121512.wpd

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS (SET ONE)

**RAYNARD E. HILL, JR., v. JOSEPH CHUDY, ET AL.**
**U.S.D.C. CASE NO C 07-3165-CRB (PR)**

VERIFICATIONS WILL FOLLOW IN A SUBSEQUENT
MAILING.

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **HILL, Raynard B. v. Joseph Chudy, et al.**

No.:    **C 07-3165-CRB (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter; my business address is 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004.

On July 14, 2008, I served the attached **Defendant's Response to Plaintiff's Request for Admissions (Set One)** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Mail at San Francisco, California, addressed as follows:

Raynard B. Hill, Jr.
H-43428
California Substance Abuse Treatment
Facility
F3-B-126 Low
P.O. Box 7100
Corcoran, CA 93212-7100

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on July 14, 2008, at San Francisco, California.

_____
Louise Denish
Declarant

_____
Signature

20122989.wpd