RAYNARD B. HILL H43428
CSATF, F3-285 Low
PO BOX 7100
CORCORAN, CA. 93212

FILED
08 AUG 13 PM 3:03

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

HILL, RAYNARD B.
PLAINTIFF.

V.

CHUDY, JOSEPH ET.AL.
DEFENDANTS.

CASE NO C 07-3165 CRB (PR)

EXPARTE MOTION FOR JUDGEMENT ON THE PLEADING & DECLARATION OF THE PLAINTIFF.

(1) HERE COMES RAYNARD B. HILL, A PRISONER IN THE CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION, AND PLAINTIFF IN THE ABOVE ENTITLE 42 US 1983 CIVIL ACTION, DO BRING FORTH AN "EXPARTE MOTION FOR JUDGEMENT ON THE PLEADING" AGAINST DEFENDANT CESAR SINNACO PURSUANT TO WEST ANN CAL CCP § 438, AND RULE 56 OF THE FRCP.

(2) DEFENDANT CESAR SINNACO, OR HIS COUNSEL FAILED TO ANSWER THE ABOVE ENTITLED FIRST AMENDED COMPLAINT, OR PARTICIPATE IN THE DISCOVERY PROCESS WHICH SET FORTH GROUNDS IN THIS MOTION.

(3) AN EXPARTE MOTION IS TO BENEFIT OF ONE PERSON ONLY, AND WITHOUT NOTICE TO, OR CONTESTATION BY, ANY ADVERSLY

INTERESTED. CIVIL LOCAL RULE 7-11(a).

(4) PLAINTIFF'S REQUEST FOR JUDGEMENT ON THE PLEADING IS BASED ON PLAINTIFF'S F.A.C. STATES FACTS SUFFIENT TO CONSTITUTE A CAUSE, OR CAUSES OF ACTION AGAINST CESAR SINNACO (DEFENDANT).

(5) MOTION IS GRANTED IF COMPLAINT IS NOT ANSWERED, OR ANSWER DOES NOT STATE FACTS SUFFICIENT TO CONSTITUTE A DEFENSE TO THE COMPLAINT. WEST ANN CAL CCP § 438.

(6) ON 11-27-07 PLAINTIFF FILED A 42 US 1983 CIVIL COMPLAINT UPON DEFENDANTS J. CHUDY, I. GREWAL, D. POMPAN, & C. SINNACO, ALL ARE MEDICAL DOCTORS, ALL EMPLOYED BY THE CALIFORNIA DEPARTMENT OR CORRECTIONS & REHABILITATION AT THE CALIFORNIA TRAINING FACILITY IN SOLEDAD, CA.

(7) ON JULY 16, 2008 & JULY 24, 2008, IN INTERROGATORIES & REQUEST FOR ADMISSIONS RESPECTIVELY, PLAINTIFF DID SERVE ATTORNEY GENERAL JENNIFER ADDAMS WITH DOCUMENTS PROPOUNDED UPON DEFENDANT CESAR SINNACO. THE A.G. HAS MADE NO ATTEMPT TO INFORM THE PLAINTIFF, OR THE COURT THE DEFENDANT C. SINNACO IS NOT BEING REPRESENTED BY THE STATE ATTORNEY GENERAL'S OFFICE, EVEN THOUGH DEFENDANT IS OR WAS A STATE EMPLOYEE (EX A & B)

(8) ON APRIL 8TH, 2008, A COURT ORDER OF SERVICE WAS

WAS FILED STATING IN ITS CONCLUSION THAT THE CLERK SHALL ISSUE THE SUMMONS, AND THE UNITED STATES MARSHALL SHALL SERVE COPIES OF THE FIRST AMENDED COMPLAINT, ATTACHMENTS, AND COPY OF ORDER TO DEFENDANTS AT C.T.F. TO JOSEPH CHUDY, CESAR SINNACO, I. GREWAL, & D. POMPAN, AND DISCOVERY WAS OPENED. (EX C)

(9) THERE WAS NO NOTIFICATION FROM THE US MARSHALL THAT SERVICE WAS INCOMPLETE, OR DEFENDANT AND/OR IT'S COUNSEL WAS NOT LOCATED.

(10) ON JUNE 16TH, 2008 IN THE DEFENDANTS MOTION FOR A PROTECTIVE ORDER, WHICH WAS DENIED, BY THE COURT, LISTED JENNIFER ADDAMS AS ATTORNEY, REPRESENTING DEFENDANTS CHUDY, GREWAL, & POMPAN IN THAT ACTION. (EX D)

(11) DO TO THE INFORMATION & DOCUMENTATION BROUGHT FORTH, PLAINTIFF ASK THE COURT TO GRANT EXPARTE MOTION FOR JUDGEMENT ON THE PLEADING AGAINST DEFENDANT CESAR SINNACO DUE TO FAILURE TO ANSWER ON COMPLAINT, AND NOT COOPERATING IN DISCOVERY PURSUANT TO RULE 26 OF THE F.R.C.P.

## RELIEF SOUGHT

PLAINTIFF ASK THE COURT TO GRANT RELIEF IN THE ABOVE ENTITLE ACTION AGAINST DEFENDANT CESAR SINNACO AS FOLLOWS.

A. DECLARATORY JUDGEMENT STATING:

1) DEFENDANT CESAR SINNACO ACTED WITH DELIBERATE INDIFFERENCE TOWARDS PLAINTIFF'S MEDICAL CARE IN VIOLATION OF THE 8TH AMENDMENT.

B. COMPENSATORY DAMAGES IN THE AMOUNTS OF:

1) CLAIM #1

(A) $50,000.00

C. PUNITIVE DAMAGES IN THE AMOUNTS OF

1) CLAIM #1

(A) $100,000.00

D. PAIN & SUFFERING, MENTAL DISTRESS.

1) PLAINTIFF ASK THE COURT TO AWARD THE PLAINTIFF THE AMOUNT DEEMED APPROPRIATE.

DATE: Aug 10th, 2008

Raynard B Hill

RAYNARD B. HILL PLAINTIFF IN PRO SE.

# EXHIBIT A

# PROOF OF SERVICE BY MAIL

I, RAYNARD B HILL, AM A RESIDENT OF A CALIFORNIA STATE PRISON IN KINGS COUNTY, AM OVER THE AGE OF EIGHTEEN (18), AND A PARTY TO THIS LEGAL ACTION. MY PRISON ADDRESS IS: CALIFORNIA SUBSTANCE ABUSE TREATMENT FACILITY, PO BOX 7100, CORCORAN, CA. 93212-

ON 16 July 2008, I SERVED THE FOLLOWING DOCUMENTS:

FIRST SET OF INTERROGATORIES PROPOUNDED UPON DEFENDANTS ORTHO DE POMPAN, I. GREWAL, CESAR SINNACO MD'S

UPON THE PARTY(S) LISTED HEREIN BY PLACING A TRUE COPY(S), ENCLOSED IN A SEAL ENVELOPE(S), WITH SUFFICIENT POSTAGE AFFIXED, INTO THE RECEPICAL PROVIDED FOR THE UNITED STATES MAIL SERVICE; DEPOSITED IN THE MANNER PRESCRIBED BY THE CDC, AT C.S.A.T.F, AND ADDRESSED AS FOLLOWS.

JENNIFER ADDAMS (ATTY GEN)
Department of Justice
455 GOLDEN GATE AVE
SAN FRANCISCO, CA. 94102-7004

THERE IS REGULAR DELIVERY SERVICE BY THE UNITED STATES POSTAL SERVICE BETWEEN THE TWO LOCATION.

I DECLARE, UNDER PENALTY OF PERJURY, THAT THE FOREGOING INFORMATION IS TRUE AND CORRECT.

EXECUTED ON 16 July, 2008

Raynard B Hill
DECLARANT / SERVER

RAYNARD B. HILL H43428
CSATF., F3-285L
PO BOX 7100
CORCORAN, CA. 93212

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILL, RAYNARD B. PLAINTIFF. V. CHUDY, JOSEPH ET. AL DEFENDANT(S) | CASE NO C07-3165 CRB(PR) FIRST SET OF INTERROGATORIES PRO-POUNDED UPON DEFENDANT CESAR SINNACO M.D. |

HERE COMES RAYNARD B. HILL, PLAINTIFF IN THE ABOVE ENTITLED ACTION AGAINST THE DEFENDANTS EMPLOYED BY C.T.F., REQUEST DEFENDANT CESAR SINNACO ANSWER THE FOLLOWING ATTACHED INTERROGATORIES IN PURSUANT TO RULE 33 OF THE F.C.P.R.

INTERROGATORIES ARE WITHIN THE SCOPE OF THE ABOVE ENTITLED ACTION, AND FOR THE PURPOSE OF USE AT TRIAL, WHICH CAN BE INQUIRED INTO UNDER RULE 26(b).

"
"
"
"
"
"

INTERROGATORIES PROPOUNDED UPON THE DEFENDANTS:

1) WHEN A INMATE BRINGS AN SHOULDER INJURY TO YOUR ATTENTION, WHAT ARE YOUR PROCEDURES IN EVALUATING AND DIAGNOSING THE INMATES PROBLEM?

2) ONCE AN X-RAY IS TAKEN OF SHOULDER AREA WITH A NEGATIVE RESULTS, BUT PATIENT IS IN SEVERE PAIN, WHAT WOULD BE YOUR NEXT STEP OR SERIES OF STEPS TO EVALUATE THE INJURY?

3) DUE TO CDC LACK OF FUNDING & OVERCROWDING, WHAT IS THE POLICY OR PROCEDURES CONCERNING REDUCING MEDICAL COST, AND ELLIMINATING UNNECESSARY MEDICAL PROCEDURES ON INMATES?

4) ACCORDING TO CDC OR MEDICAL CARE STANDARDS, IS THERE ANY REASON OTHER THAN MEDICAL GROUNDS, THAT WOULD PREVENT, DELAY, OR DENY MEDICAL TREATMENT OF AN INMATE?

5) WHAT ARE THE DETERMINING FACTORS IN REGARD TO RATHER AN PHYSICIAN SHOULD ACT AGGRESSIVELY IN TREATMENT OF A PATIENT?

6) WHAT WOULD BE YOUR PROFESSIONAL OPINION WHEN DEALING WITH TENDON AND LIGAMENTS TEARS, THE

EFFECT OF LONG TERM DELAY OF TREATMENT & REPAIR?

7) MOST INSTITUTIONS HAVE A PAIN MANAGEMENT PROGRAM WHERE PATIENTS WITH SEVERE / CRONIC PAIN DUE TO INJURY RECIEVE STRONGER MEDICATION. CONTROLED THROUGH MED. CLINIC WINDOW. WHAT ARE THE FACTORS IN DETERMINING WHICH PATIENT WILL BE PLACED IN THIS PROGRAM?

8) ITS MY UNDERSTANDING THAT PHYSICIAN ORDERS FOR TREATMENT OF AN INMATE HAS TO BE APPROVED OR DENIED BY A HIGHER AUTHORITY. WHO IS THAT HIGHER AUTHORITY?

9) WHEN PHYSICIAN PRESCRIBED ORDER FOR TREATMENT OR A PROCEDURE IS GIVEN, WHO IS RESPONSIBLE TO ASSURE THE INMATE RECIEVES THAT TREATMENT OR PROCEDURE?

10) CCI & CTF MEDICAL DEPARTMENT CONTRACTS A M.R.I. TRAILER TO COME TO THE PRISON TO PERFORM MRI'S. HOW OFTEN DO THIS TRAILER COME TO THE PRISON?

11) DO INJURED INMATES WHO COME TO YOUR PRISON FROM ANOTHER PRISON RECIEVES PROCEDURES OR TREATMENT THAT DIFFERENTIATE FROM THOSE INMATES WHO INJURIES OCCURED AT YOUR PRISON?

12) OTHER THAN NOT HAVING THE EQUIPMENT NECESSARY, THAT HAS TO BE DELIVERED PEROIDICALLY TO DIAGNOSE INJURIES &

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 05 90192

COARSE OF TREATMENT, WHAT ARE SOME OF THE OTHER REASONS WHY THERE WOULD BE A DELAY IN TREATMENT?

13) WHEN SEVERE PAIN PERSIST IN RT. SHOULDER, AND X-RAY IS COMPLETE WITH NO FINDINGS. AS A MEDICAL PROFESSIONAL, WHEN DO YOU BELIEVE A M.R.I. IS REQUIRED?

14) IN YOUR PROFESSIONAL OPINION, WHAT IS THE MAXIMUM AMOUNT OF TIME A PATIENT IN SEVERE PAIN, SHOULD BE GIVEN IBUPROFEN ON A CONTINUEOUS BASIS?

15) COULD YOU EXPLAIN WHY ITS DANGEROUS TO THE PATIENT TO RECIEVE MASSIVE AMOUNTS OF IBUPROFEN?

16) AFTER RECIEVING NUMEROUS INMATE REQUEST AND CDC 7362 FORMS STATING PLAINTIFF'S IN EXTREME PAIN, AND MEDICATION GIVEN (IBUPROFEN) IS NOT EFFECTIVE. WHY WAS THESE PLEAS DISREGARDED, AND CONTINUED GIVEN IBUPROFEN?

17) COULD YOU GIVE ME YOUR PROFESSIONAL OPINION ON WHY AFTER 2YRS OF COMPLAINING OF PAIN, ON 4-4-05 IBUPROFEN WAS INCREASED FROM 600 MG TO 800 MG. AND ON 8-26-05 IT WAS REDUCED BACK TO 600 MG WITHOUT ANY TYPE OF TREATMENT BEING DONE TO ELLIEVATE PAIN?

18) AFTER 3YRS OF PAIN, ON 6-21-05 DR POMPAN EXAMINED, AND DR SINNACO ORDERED MRI RESPECTIVELY, BUT CSP WAS

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 05 90192

UNABLE TO SCHEDULE MRI DUE TO LARGE BACKLOG OF INMATES. WHAT ARE YOUR PROCEDURES TO MEDICAL CARE OF INMATES. WHEN THESE KINDS OF SITUATIONS OCCURS?

19) PLAINTIFF FIRST X-RAY WAS ON 6-17-02, AND SECOND WAS WAS ON 3-10-05 WITH THE SAME RESULTS. SO WHY AFTER 3YRS OF PAIN & SUFFERING, THAT PROCEDURES OR LEVEL OF CARE CHANGED, RECIEVED MRI & ORDER FOR ARTHOSCOPY SURGERY?

20) COULD YOU EXPLAIN WHY AFTER ORDER FOR ARTHOSCOPY ON RT. SHOULDER WAS PLACED, PROCEDURE WAS DELAYED OVER 6MOS. AND I WAS EVENTUALLY TRANSFERED OUT OF CTF ON 9-8-06.

21) IS THERE ANY MEDICAL OR PENOLOGICAL EXPLAINATION OF WHY BETWEEN 6-17-02 - 3-10-05 PLAINTIFF WAS DENIED MEDICAL CARE, AND ENDURED UNNECESSARY PAIN & SUFFERING?

22) WHEN GIVING A PATIENT MASSIVE AMOUNTS OF IBUPROFEN, WHAT IS YOUR PROCEDURES TO PREVENT BLEEDING, ULCERATION, OR DAMAGE TO ORGANS?

23) HOW LONG HAVE YOU WORKED IN THE MEDICAL PROFESSION?

24) HOW LONG HAVE YOU BEEN EMPLOYED BY THE CALIFORNIA DEPARTMENT OF CORRECTIONS?

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 05 90192

25) WHILE EMPLOYED BY CDC, HAVE YOU EVER BEEN DISCIPLINED OR HAD ANY LEGAL ACTION TAKEN AGAINST YOU?

26) DURING YOUR FORMER EMPLOYMENT, DID YOU HAVE ANY LEGAL ACTION OR DISCIPLINARY ACTION PLACED UPON YOU?

27) ARE YOU CURRENTLY LICENSED BY THE STATE MEDICAL BOARD?, AND WHAT YEAR DID YOU RECIEVE IT?

28) HAVE YOU LICENSE (MEDICAL) EVER BEEN REVOKED OR SUSPENDED?

29) AS A LICENSED AND PRIMARY CARE PHYSICIAN, IS YOUR PRESCRIBED TREATMENT FOR INMATES DISCRETIONARY? IF SO, WHO HAS FINAL AUTHORITY?

30) WHAT ARE THE TREATMENT PROTOCAL (MEDICAL) OF THIS INSTITUTION?

31) WHAT ARE SOME OF THE MAIN REASONS FOR THE DELAY, AND DENIALS OF MEDICAL TREATMENT OF INMATES AT C.T.F?

I DECLARE UNDER THE PENALTY OF PERJURY THAT THE INTERROGATORIES PROPOUNDED UPON THE DEFENDENTS WERE INTERPOSED FOR THE PURPOSE OF TRIAL PREPARATION, AND FOR NO IMPROPER USE.

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 05 90192

DATE: July 16TH, 2008

Raymond B Hill

RAYNARD B. HILL, PLAINTIFF IN PRO SE.

# EXHIBIT B

PROOF OF SERVICE BY MAIL

I, RAYNARD B HILL, AM A RESIDENT OF A CALIFORNIA STATE PRISON IN KINGS COUNTY, AM OVER THE AGE OF EIGHTEEN (18), AND A PARTY TO THIS LEGAL ACTION. MY PRISON ADDRESS IS: CALIFORNIA SUBSTANCE ABUSE TREATMENT FACILITY, PO BOX 7100, CORCORAN, CA. 93212.

ON 24TH July 2008, I SERVED THE FOLLOWING DOCUMENTS:

REQUEST FOR ADMISSIONS PROPOUNDED UPON DEFENDANTS (J. GREWAL, C. SINNACO, D. POMPAN).

UPON THE PARTY(S) LISTED HEREIN BY PLACING A TRUE COPY(S), ENCLOSED IN A SEAL ENVELOP(S), WITH SUFFICIENT POSTAGE AFFIXED, INTO THE RECEPICAL PROVIDED FOR THE UNITED STATES MAIL SERVICE; DEPOSITED IN THE MANNER PRESCRIBED BY THE CDC, AT C.S.A.T.F, AND ADDRESSED AS FOLLOWS.

JENNIFER ADDAMS
DEPARTMENT OF JUSTICE
455 GOLDEN GATE AVE STE 11000
SAN FRANCISCO, CA. 94102-7004

THERE IS REGULAR DELIVERY SERVICE BY THE UNITED STATES POSTAL SERVICE BETWEEN THE TWO LOCATION.

I DECLARE, UNDER PENALTY OF PERJURY, THAT THE FOREGOING INFORMATION IS TRUE AND CORRECT.

EXECUTED ON 24TH July, 2008

Raynard B Hill
DECLARANT / SERVER

RAYNARD B. HILL H43428
C.S.A.T.F., F3-285 LOW
PO BOX 7100
CORCORAN, CA. 93212

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

HILL, RAYNARD B.
PLAINTIFF,

V.

CHUDY, JOSEPH ET. AL.
DEFENDANT.

CASE NO C 07-3165 CRB (PR)

REQUEST FOR ADMISSIONS PROPOUNDED, UPON DEFENDANT CESAR SINNACO.

I RAYNARD B. HILL, PLAINTIFF IN THE ABOVE ENTITLED ACTION AGAINST THE DEFENDANTS AT C.T.F., REQUEST THE DEFENDANT CESAR SINNACO M.D. TO ANSWER THE FOLLOWING "REQUEST FOR ADMISSIONS" PURSUANT TO RULE 36(a) OF THE F.C.R.P., FOR THE PURPOSE OF ESTABLISHING TRUTH OF ANY MATTER, AND GENUINESS OF ANY DOCUMENTATION PERTAINING TO THIS ACTION, WHICH THE DEFENDANT MY "ADMIT" OR "DENY" AS REQUIRED BY LAW.

"

"

"

"

"

"

1) IS IT TRUE, CTF MEDICAL RECORDS SHOW UPON THE PLAINTIFF ARRIVAL IN 2002, STAFF WAS AWARE OF PLAINTIFFS RE-INJURY AND PAIN IN RT. SHOULDER?

2) IS IT TRUE, THAT THE BASIC X-RAY DOES NOT SHOW DAMAGE TO TENDONS, LIGIMENTS, OR TISSUE DAMAGE?

3) IS IT TRUE, THE RESPONSIBILITY OF ANY PHYSICIAN ADMINISTERING MEDICATION OR TREATMENT TO A PATIENT, SHOULD THOROUGHLY REVIEW PATIENTS MEDICAL FILE?

4) IS IT TRUE, THAT ANY PATIENT WHO HAS BEEN IN PAIN FROM AN INJURY CONTINUEOUSLY FOR MANY YEARS IS TO BE CONCIDERED A CRONIC CARE PATIENT?

5) IS IT TRUE, THAT PLAINTIFF'S INJURY WAS MIS-DIAGNOSIS, CAUSING DELAYS IN MEDICAL CARE AND TREATMENT FOR NUMEROUS YEARS?

6) IS IT TRUE, AFTER X-RAY AND NO FINDINGS, PLAINTIFF WAS STILL IN CRONIC PAIN, ISN'T STANDARD PROCEDURE IS TO ORDER AN M.R.I.?

7) IS IT TRUE, FROM 3-14-03 – 9-8-06 PLAINTIFF WAS GIVEN MASSIVE AMOUNTS OF MOTRIN/IBUPROFEN TABS. BY CTF MEDICAL STAFF?

8) IS IT TRUE, PLAINTIFF SENT NUMEROUS C.D.C. 7362 MEDICAL REQUEST FORMS STATING PAIN MEDICATION GIVEN IS NOT EFFECTIVE, AND IN EXTREME PAIN?

9) IS IT TRUE, THAT IT'S COMMON KNOWLEDGE IN THE MEDICAL FIELD, THAT EXCESSIVE AMOUNTS OF IBUPROFEN / MOTRIN GIVEN TO A PATIENT IS POTENTIAL TO CAUSE SOME TO LIVER OR ORGANS OF PATIENT?

10) IS IT TRUE, THAT THE DELAYS, DENIALS, PICKING AND CHOOSING WHICH PATIENT WILL SEE THE DOCTOR IS DUE TO OVERCROWDING OF THE PRISON?

11) IS IT TRUE, THAT THOSE PATIENTS IN CRONIC PAIN AND NEED A STRONGER MEDICATION FOR INJURY UNTIL PROCEDURE CAN BE PERFORMED, ARE PLACED IN A PAIN MANAGEMENT PROGRAM, WHERE MEDICATION IS ISSUED BY THE MEDICAL DEPT. DAILY?

12) IS IT TRUE, DUE TO THE INADEQUATE EQUIPMENT AND UNAVAILABILITY OF THE M.R.I. TRAILER AT THE TIME, WAS A CONTRIBUTING FACTOR IN PLAINTIFF'S BEING DENIED OR DELAYED MEDICAL TREATMENT TO HIS RT. SHOULDER, AFTER DOCTOR'S ORDER ON 4/17/05

13) IS IT TRUE, THAT UPON A DOCTOR PLACING AN ORDER OF TREATMENT FOR A PATIENT, THAT IT'S HIS /

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 98 10924

HER DUTY AND RESPONSIBILITY TO ASSURE THAT THE PATIENT RECIEVES THAT ORDERED TREATMENT?

14) IS IT TRUE, THAT THE CHIEF MEDICAL OFFICER OVER-SEES, SUPERVISE, APPRUVE, AND DENYS ALL REQUEST OF TREATMENT OF PATIENTS PLACED BY DOCTOR'S THAT ARE UNDER HIS/HER CONTROL?

15) IS IT TRUE, ON 7-13-06 ORTHOPEDIC DR POMPAN WAS APPROVED BY U.R.C. TO PERFORM ROTATOR CUFF RE-PAIR ON PLAINTIFF'S RT SHOULDER?

16) IS IT TRUE, THAT ON 9-8-06 PLAINTIFF WAS TRANSFERED OUT OF CTF IN SOLEDAD, CA., TO CCI IN TEHACHAPI, CA.?

17) IS IT TRUE, THAT AFTER 2 YRS OF COMPLAINING THAT MEDICATION WAS INEFFECTIVE, ON 4-4-05 MEDS DOSAGE WAS INCREASED TO 800 MG., AND THEN ON 8-26-05 WAS REDUCED WITHOUT ANY TYPE OF TREAT-MENT?

18) EXHIBIT #1, CDC 602 APPEAL LOG# CTF-C-05-01422, FILED 5-2-05.

19) EXHIBIT #2, CDC 602 APPEAL LOG# CTF-N-06-02486, FILED 6-26-6

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 98 10924

20) CDC 7221, PHYSICIAN ORDERS, MEDICATION LOG, & MAR SHEET FOR SELF ADMINISTERED MEDICATIONS EX#3

21) CDC 7362 HEALTH CARE SERVICES REQUEST DATED 2/05, 3/05, 8/05, 11/05 EX# 4

22) EXHIBIT #5, CDC 7243 HEALTH CARE SERVICES PHYSICIAN REQUEST FOR SERVICE DATED 4/05, 6/05, 1/06, 7/06.

23) EXHIBIT #6, X-RAYS PERFORMED ON 6-17-02 & 3-10-05

24) EXHIBIT #7, SALINAS VALLEY RADIOLOGIST MRI ON 11-21-05, KERN RADIOLOGY MEDICAL GROUP MRI ON 9-12-07

25) EXHIBIT #8, UC DAVIS HEALTH SYSTEM CONSULTATION BY DR JEFFERY L. TANJI, 11-3-06

26) EXHIBIT #9, DR MARSHALL S. LEWIS ORTHOPEDIC SURGEON CONSULTATION REPORT 10-29-07

27) EXHIBIT #10, WATSON LABORATORIES INC., MANUFACTURE OF IBUPROFEN 3-6-07

28) EXHIBIT #11, FOUNDATION LABORATORY, BLOOD TEST 6-27-07

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 98 10924

29) EXHIBIT # 12, DR. MARSHALL S. LEWIS. ORTHO. SURGEON RE-EVALUATION & RECOMENDATION 2-8-08.

I DECLARE UNDER THE PENALTY OF PERJURY THAT ALL OF THE ABOVE MENTIONED AND DOCUMENTS LISTED IS TRUE & CORRECT, AND BROUGHT FORTH PENDING THE ABOVE ENTITLED ACTION, AND NOT INTERPOSED FOR ANY IMPROPER PURPOSE.

DATE: May 6th, 2008

Raynard B Hill

RAYNARD B. HILL, PLAINTIFF PRO SE.

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 98 10924

29) EXHIBIT # 12 DR MARSHALL S. LEWIS, ORTHO SURGEON RE-EVALUATION & RECOMMENDATION ON 2-8-08

I DECLARE UNDER THE PENALTY OF PERJURY THAT ALL OF THE ABOVE MENTIONED, AND DOCUMENTS LISTED IS TRUE & CORRECT, AND BROUGHT FORTH PENDING THE ABOVE ENTITLED ACTION, AND NOT INTERPOSED FOR ANY IMPROPER PURPOSE.

DATE: July 24TH, 2008

Raynard B Hill

RAYNARD B. HILL, PLAINTIFF in PRO SE.

# EXHIBIT C

FILED

APR - 8 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RAYNARD B. HILL, JR., | ) | |
| Plaintiff(s), | ) | No. C 07-3165 CRB (PR) |
| v. | ) | ORDER OF SERVICE |
| JOSEPH CHUDY, et al., | ) | (Doc # 12) |
| Defendant(s). | ) | |

Plaintiff, a prisoner at the California Correctional Institution in Tehachapi ("CCC"), has filed a First Amended Complaint ("FAC") for damages under 42 U.S.C. § 1983 alleging deliberate indifference to his medical needs while he was incarcerated at the Correctional Training Facility in Soledad ("CTF") and denial of equal protection. Plaintiff specifically alleges that the named doctor defendants failed to treat his shoulder pain adequately for years, routinely prescribing him ineffective Motrin and denying/delaying him magnetic resonance imaging and surgery, and that the care other inmates received was much better.

**DISCUSSION**

A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable

claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B. Legal Claims

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). Liberally construed, plaintiff's allegations that the named doctor defendants failed to provide adequate medical care for his shoulder pain state a cognizable damages claim under § 1983 for deliberate indifference to serious medical needs.

Plaintiff's claim of denial of equal protection on the ground that the medical treatment he received was not as good as that received by other prisoners is dismissed, however. It is well-established that in order to state an equal protection claim based on the treatment a prisoner received in contrast to that received by other prisoners, the prisoner must allege that his treatment was invidiously dissimilar to that received by other inmates. See More v. Farrier, 984 F.2d 269, 271-72 (8th Cir. 1993) (absent evidence of invidious discrimination, federal courts should defer to judgment of prison officials); Timm v. Gunter, 917 F.2d 1093, 1099 (8th Cir. 1990) (same).

C. Motion for Clarification

Plaintiff has filed a "motion for clarification" seeking an advisory opinion as to whether he must file a "letter of intent" to exhaust available administrative remedies under 42 U.S.C. § 1997e(a). The motion (doc # 12) is GRANTED IN PART. Although courts should not give advisory opinions, it is well-established in this circuit that a prisoner need not go beyond the director's level denial of his prisoner appeal to satisfy the exhaustion requirement under § 1997e(a). See Rumbles v. Hill, 182 F.3d 1064, 1070 (9th Cir. 1999) (prisoner not required to comply with California Tort Claims Act and present his claims to State Board of Control in order to fulfill exhaustion requirement), overruled on other grounds by Booth v. Churner, 532 U.S. 731 (2001).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the FAC in this matter, all attachments thereto, and copies of this order on the following defendants at CTF: Dr. Joseph Chudy, Dr. Cesar Sinnaco, Dr. I. Grewal and Dr. Pompan. The clerk also shall serve a copy of this order on plaintiff.

2. In order to expedite the resolution of this case, the court orders as follows:

a. No later than 90 days from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion. A motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If defendants are of the opinion that this case cannot be resolved by

summary judgment or other dispositive motion, they shall so inform the court prior to the date their motion is due. All papers filed with the court shall be served promptly on plaintiff.

b. Plaintiff's opposition to the dispositive motion shall be filed with the court and served upon defendants no later than 30 days after defendants serve plaintiff with the motion.

c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App A).

Plaintiff is also advised that a motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in

your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

d. Defendants shall file a reply brief within 15 days of the date on which plaintiff serves them with the opposition.

e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

3. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

4. All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

5. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

SO ORDERED.

DATED: April 8, 2008

CHARLES R. BREYER
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

RAYNARD B. HILL,

Plaintiff,

v.

JOSEPH CHUDY et al,

Defendant.
_____________________________________/

Case Number: CV07-03165 CRB

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 8, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Raynard B. Hill H-43428
California Correctional Institution
Dorm 2, Bed 82Low
2490 Hwy202
P.O. Box 608
Tehachapi, CA 93581

Dated: April 8, 2008

Richard W. Wieking, Clerk
By: Barbara Espinoza, Deputy Clerk

# EXHIBIT D

EDMUND G. BROWN JR.
Attorney General of the State of California
PAUL T. HAMMERNESS
Supervising Deputy Attorney General
JENNIFER C. ADDAMS, State Bar No. 209355
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5382
Facsimile: (415) 703-5480
Email: Jennifer.Addams@doj.ca.gov

Attorneys for Defendants
J. Chudy, M.D.; D. Pompan, M.D.; and I. Grewal, M.D.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RAYNARD B. HILL, JR.,** Plaintiff, v. **JOSEPH CHUDY, et al.,** Defendants. | Case No. C 07-3165-CRB (PR) **NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER** The Honorable Charles R. Breyer |

**TO PLAINTIFF RAYNARD B. HILL, JR.:**

**NOTICE IS HEREBY GIVEN** that defendants J. Chudy, M.D.; D. Pompan, M.D.; and I. Grewal, M.D., will and do hereby move the above-entitled Court by and through their counsel, the Office of the Attorney General, to enter a protective order, pursuant to Federal Rules of Civil Procedure, Rule 26(c)(1), regarding plaintiff's "Request for Admission" to "all defendants" and plaintiff's First Set of Interrogatories Propounded Upon the Defendants." Defendants request that this Court limit all discovery until after a ruling on defendants' forthcoming Motion for Summary Judgment.

///

///

///

**MOTION FOR PROTECTIVE ORDER**

Defendants move the above-entitled Court to enter, pursuant to Rule 26(c)(1)(B), Federal Rules of Civil Procedure, for a protective order specifying terms, including time and place, for the disclosure of discovery. Defendants move the Court to limit all discovery in this action until after the Court rules on defendants' forthcoming Motion for Summary Judgment.

This motion is brought upon this notice of motion and motion; the memorandum of points and authorities and declarations in support hereof; the pleadings, files, and records on file in this action; such further written and oral documentation as may be requested; and matters of which the Court may take judicial notice.

WHEREFORE, defendants pray that the motion for a protective order be granted, and that defendants be awarded such other and further relief as the Court deems proper.

Dated: June 16, 2008.

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

PAUL T. HAMMERNESS
Supervising Deputy Attorney General

*/s/ Jennifer C. Addams*

JENNIFER C. ADDAMS
Deputy Attorney General

Attorneys for Defendants

///

///

///

///

///

///

**MEMORANDUM OF POINTS AND AUTHORITIES**

**A. FACTS**

Plaintiff, a prisoner at the California Correctional Institution in Tehachapi ("CCI"), filed a First Amended Complaint for damages under 42 U.S.C. § 1983 alleging deliberate indifference to his medical needs while he was incarcerated at the Correctional Training Facility in Soledad ("CTF") and denial of equal protection. On April 8, 2008, this Court filed an Order of Service ordering, in part, that defendants shall file a motion for summary judgment or other dispositive motion no later than 90 days from the date of the order. (Declaration of Jennifer C. Addams in Support of Motion for Protective Order (Addams Declaration), ¶ 2, Exhibit A.)

Plaintiff prepared and served 31 interrogatories and a request for admissions on each defendant.[1] (Addams Declaration, ¶ 4, Exhibit B.) Defendants are currently gathering medical records, and anticipate filing a motion for summary judgment as ordered by the Court. Defendants thus move this Court for a protective order delaying discovery until after the outcome of the motion. (Addams Declaration, ¶ 5.)

**B. ARGUMENT**

Upon motion by a person responding to a discovery request, the court "may for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense..." Federal Rules of Civil Procedure, rule 26(c)(1). Protective orders provide a safeguard for parties and other persons in light of the otherwise broad reach of discovery. Federal Rules of Civil Procedure, Rule 26(c), Advisory Comm. Notes (1970); *United States v. CBS, Inc.*, 666 F.2d 364, 368-369 (9th Cir. 1982). Specifying terms, including time and place for the discovery, is one of the categories of protection available by court order. Federal Rules of

1. This discovery is objectionable because there are interrogatories in excess of 25, the interrogatories and requests for admissions are compound, vague and ambiguous, overbroad and burdensome, and irrelevant to the case at hand; however, these issues are not the subject of this motion and could be addressed at a later time.

Civil Procedure, rule 26(c)(1). The trial court has wide discretion to impose limits on discovery. *United States v. CBS, Inc., supra,* 666 F.2d at 368-369.

To obtain a protective order, the party resisting discovery or seeking limitations thereon must show good cause for its issuance. Federal Rules of Civil Procedure, rule 26(c)(1). The moving party must make a clear showing of a particular and specific need for the order. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). Even if good cause for a protective order is shown, the court must still balance the interest in allowing discovery against the relative burdens to the parties. *Wood v. McEwen*, 644 F.2d 797, 801-802 (9th Cir. 1981).

In the present case, there is good cause for a protective order. In order to expedite the resolution of the case, this Court has ordered that defendants shall file a motion for summary judgment or other dispositive motion. Defendants were given 90 days to do so. Defendants anticipate filing a motion for summary judgment. In preparation of their motion for summary judgment, defendants are gathering medical records, and counsel for defendants is contacting the doctors who are named as defendants in this lawsuit in order for them to take part in their defense. In line with this Court's order to expedite the resolution of the case, defendants request that discovery be postponed until defendants' motion has been received by the Court and the Court has ruled on it. Proceeding with discovery at this time will only delay defendants in gathering the information needed to comply with the Court's April 8, 2008, Order of Service.

This will not prejudice plaintiff in that his rights to discovery are not being terminated, rather they are simply being postponed. If defendants' motion for summary judgment is not granted in full, discovery can commence according to whatever schedule the Court sees fit.

///

///

///

///

///

///

///

**C. CONCLUSION**

In order to expedite the resolution of this case, defendants J. Chudy, M.D.; D. Pompan, M.D.; and I. Grewal, M.D., request that the Court enter a protective order postponing all discovery until their motion for summary judgment has been ruled upon.

Dated: June 16, 2008.

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

*/s/ Jennifer C. Addams*

JENNIFER C. ADDAMS
Deputy Attorney General
Attorneys for Defendants

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

# ORDER

The Court having reviewed the Defendants' Motion for Protective Order, and good cause appearing therefor,

**IT IS HEREBY ORDERED** that all discovery shall be continued until after the Court has ruled on defendants' forthcoming motion for summary judgment and that defendants are not required to respond to plaintiff's interrogatories and request for admissions until then, if at all.

Dated: _________________, 2008.

___________________________________
Honorable Charles R. Breyer
United States District Judge

40264000.wpd
SF2008401759

**DECLARATION OF SERVICE BY U.S. MAIL**

Case Name: ***HILL, Raynard B. v. Joseph Chudy, et al.***

No. **C 07-3165-CRB (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On June 16, 2008, I served the attached **NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Raynard B. Hill, Jr.
H43428
California Correctional Institution
P.O. Box 608
Tehachapi, CA 93581

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on June 16, 2008, at San Francisco, California.

| | |
|---|---|
| C. Deuel | */s/ C. Deuel* |
| Declarant | Signature |

20116789.wpd

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 05 90192

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 05 90192

PROOF OF SERVICE BY MAIL

I, RAYNARD B HILL, am a resident of a California State Prison in Kings County, am over the age of eighteen (18), and a party to this legal action. My prison address is: California Substance Abuse Treatment Facility, PO Box 7100, Corcoran, CA. 93212.

On 10TH AUG 2008, I served the following documents:

EXPARTE MOTION FOR JUDGEMENT ON THE PLEADING, & DECLARATION OF THE PLAINTIFF.

upon the party(s) listed herein by placing a true copy(s), enclosed in a seal envelop(s), with sufficient postage affixed, into the receptical provided for the United States Mail Service; deposited in the manner prescribed by the CDC, at C.S.A.T.F, and addressed as follows.

Jennifer Addams
Department of Justice
455 Golden Gate Ave 11000
San Francisco, CA 94102-7004

United States District Court
Northern District of California
450 Golden Gate Ave
San Francisco, CA 94102

There is regular delivery service by the United States Postal Service between the two location.

I declare, under penalty of perjury, that the foregoing information is true and correct.

Executed on 10TH AUG, 2008

Raynard B Hill
Declarant / Server

Kaynard B. Hill H43428
CSATF, F3-285Low
PO Box 7100
Corcoran, CA. 93212

CLB
RECEIVED
AUG 18 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

United States Dist
Northern District of
450 Golden Gate
San Francisco, CA.

Confidential
Legal Mail

8/10/07

LEGAL MATERIALS
LEGAL MATERIALS
AL MATERIALS
L MATERIALS